IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

MARY JUERGENS                                    )
1230 23rd Street, N.W., Apt. 505                 )
Washington, DC  20037                            )
                                                 )
                            Plaintiff,           )
                                                 )
vs.                                              )
                                                 )
URBAN TITLE SERVICES, LLC                        )
2200 Defense Highway, Suite 300                  )
Crofton, Maryland  21114                         )
                                                 )
        Serve Registered Agent:                  )
                                                 )
            Corporation Service Company          )
            1090 Vermont Avenue, N.W.            )
            Washington, DC  20005                )
                                                 )
and                                              )        Civil Action Number:  _____
                                                 )
WILLIAM KENNEY                                   )
a/k/a "Bill Kenney"                              )
2200 Defense Highway, Suite 300                  )
Crofton, Maryland  21114                         )
                                                 )
and                                              )
                                                 )
ROBERT WILLIAM CARNEY                            )
2844 Powder Mill Road                            )
Adelphi, Maryland  20783                         )
                                                 )
and                                              )
                                                 )
PAUL ERB                                         )
address unknown                                  )
                                                 )
and                                              )
                                                 )
FIRST MOUNT VERNON INDUSTRIAL                    )
LOAN ASSOCIATION INCORPORATED                    )
6019 Tower Court                                 )
Alexandria, Virginia  22304                      )
                                                 )

Serve Registered Agent:                        )
                                               )
        Stanley Banks                          )
        1310 9th Street, N.W.                  )
        Washington, DC  20001                  )
                                               )
and                                            )
                                               )
FIRST MOUNT VERNON MORTGAGE, L.L.C.            )
6019 Tower Court                               )
Alexandria, Virginia  22304                    )
                                               )
        Serve Registered Agent:                )
                                               )
        Stanley Banks                          )
        1310 9th Street, N.W.                  )
        Washington, DC  20001                  )
                                               )
and                                            )
                                               )
DALE E. DUNCAN                                 )
6019 Tower Court                               )
Alexandria, Virginia  22304                    )
                        Defendants.            )


## COMPLAINT AND JURY DEMAND
## (ACTION INVOLVING REAL PROPERTY)

### 1230 23rd Street, N.W., Apt. 505, Washington, DC 20037
### District of Columbia Real Property SSL Number 0036 - 2004

Plaintiff Mary Juergens, by and through her attorneys, J.P. Szymkowicz, John T. Szymkowicz and the Law Firm of Szymkowicz & Szymkowicz, LLP, demands judgment in the amount of Five Million Dollars ($5,000,000.00) against Defendants Urban Title Services, LLC, William Kenney a/k/a "Bill Kenney," Robert William Carney, Paul Erb, First Mount Vernon Industrial Loan Association Incorporated, First Mount Vernon Mortgage, L.L.C. and Dale E. Duncan, jointly and severally, for the reasons stated in the instant Complaint.  In addition, Plaintiff Juergens respectfully requests that the loans and/or Deeds of Trusts regarding real

2

property located at 1230 23rd Street, N.W., Apt. 505, Washington, DC 20037 be voided and rescinded and a constructive trust and/or a resulting trust be created in Plaintiff Juergens' favor with regard to the property itself and all funds paid by Plaintiff Juergens to Defendants for the reasons set forth in the instant Complaint.

## Parties

1.      Plaintiff Mary Juergens [hereinafter "Plaintiff Juergens"] is an adult female resident of the District of Columbia.

2.      Defendant Urban Title Services, LLC is believed to be a Maryland corporation that is authorized to conduct business in the District of Columbia as a foreign limited liability company.

3.      Defendant William Kenney, a/k/a "Bill Kenney," is believed to be an adult male resident of the State of Maryland.

4.      Defendant Robert William Carney is believed to be an adult male resident of the State of Maryland.

5.      Defendant Paul Erb is believed to be an adult male, but whose state of residence is not known to Plaintiff Juergens.

6.      Defendant First Mount Vernon Industrial Loan Association Incorporated is believed to be a Virginia corporation that is authorized to conduct business in the District of Columbia as a foreign corporation.

7.      Defendant First Mount Vernon Mortgage, L.L.C. is believed to be a Virginia limited liability company that is authorized to conduct business in the District of Columbia as a foreign limited liability company.

8.    Defendant First Mount Vernon Industrial Loan Association Incorporated and Defendant First Mount Vernon Mortgage, L.L.C. are hereinafter referred to in this Complaint collectively as "the First Mount Vernon Defendants."

9.    Defendant Dale E. Duncan is believed to be an adult male, who works as an attorney in the Commonwealth of Virginia, but whose state of residence is not known to Plaintiff Juergens.

## Property at Issue

10.    This action concerns real property located at 1230 23rd Street, N.W., Apt. 505, Washington, DC  20037 for which the District of Columbia Recorder of Deeds has assigned SSL Number 0036 - 2004.

## Jurisdiction and Venue

11.    This Honorable Court possesses jurisdiction over the instant matter pursuant to 28 U.S.C. § 1332 as this civil action involves citizens of different states and where the matter in controversy exceeds the sum or value of $75,000.00.

12.    Venue is proper in this Honorable Court pursuant to 28 U.S.C. § 1391 (b) and (c) since this is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred and this is a judicial district where all Defendants are subject to personal jurisdiction.

## Background Facts – Urban Title Services, LLC Transaction

13.    At all relevant times, Plaintiff Juergens resided in and owned a condominium unit in the Foggy Bottom area of the District of Columbia known as "The Metropolitan."

14.    In or around October 2003, Plaintiff Juergens required a loan in the amount of $60,000.00 in order for Plaintiff Juergens to pay off a condominium fee assessment and to perform renovations on her condominium unit.

15.    Plaintiff Juergens spoke to Defendant Kenney, who presented himself as an agent, servant or employee of Defendant Urban Title Services, LLC, about securing such a loan.

16.    Defendant Kenney and Defendant Urban Title Services, LLC acted as a lender on a loan to be funded by the "George Owen Trust."

17.    Upon information and belief, the "George Owen Trust" did in fact, provide $60,000.00 to Defendant Kenney and Defendant Urban Title Services, LLC in order to fund the loan to Plaintiff Juergens in or around October 2003.

18.    Plaintiff Juergens never received the full use of the proceeds of this $60,000.00 loan.

19.    Plaintiff Juergens never received an accounting of the distributions concerning this $60,000.00 loan.

20.    This "George Owen Trust" loan in the amount of $60,000.00 was to be secured by a deed of trust on Plaintiff Juergens' condominium unit in "The Metropolitan."

21.    Prior to securing this $60,000.00 loan in or around October 2003, Plaintiff Juergens owned fee title to her condominium unit in "The Metropolitan" free and clear of any encumbrances or liens, with the exception of a condominium fee assessment in the amount of approximately $8,000.00.

22.    According to the terms of this $60,000.00 loan, the $8,000.00 condominium fee assessment would be paid off in full and Plaintiff Juergens would receive cash in the amount of approximately $52,000.00 at closing, less reasonable settlement costs.

23.    The terms of this $60,000.00 loan also provided that Plaintiff Juergens was responsible for paying off this $60,000.00 loan within one year of the date of the closing on the loan, in addition to paying the lender interest at the rate of 10% per annum.

24.     This $60,000.00 loan allegedly closed at the offices of Defendant Urban Title Services, LLC and Defendant Kenney on or about October 20, 2003.

25.     Defendant Carney was the settlement attorney with regard to the closing of this $60,000.00 loan.

26.     Plaintiff Juergens did not physically attend the closing on this $60,000.00 loan.

27.     Plaintiff Juergens did not sign any papers related to the closing of this loan before a Notary Public because Plaintiff Juergens was not present at the closing of this loan.

28.     Notwithstanding the fact that Plaintiff Juergens never signed any papers related to the closing of this loan before a Notary Public and was out of town at the time the loan closed, Defendant Erb, allegedly acting as a Notary Public, signed his name and placed his seal on various documents related to this $60,000.00 loan.

29.     At the closing on this loan, Defendant Urban Title Services, LLC, Defendant Kenney and Defendant Carney paid off the condominium fee assessment in the amount of approximately $8,000.00 and provided Plaintiff Juergens with an escrow check in the amount of approximately $24,597.06 but did not account for approximately $27,402.84.

30.     The check in the amount of approximately $24,597.06 that Defendant Urban Title Services, LLC wrote to pay Plaintiff Juergens as the proceeds of her loan was rejected by Defendant Urban Title Services, LLC's bank, SunTrust Bank, for "insufficient funds" when Plaintiff Juergens tried to cash this check in person at that bank.

31.     Plaintiff Juergens contacted Defendant Kenney about this "insufficient funds" issue and was told that he would make sure that there were sufficient funds in the account for this check to "clear."

32.    After speaking to Defendant Kenney, Plaintiff Juergens deposited the check in the amount of approximately $24,597.06 in her own bank account and, fortunately, this time, the check "cleared."

33.    Even though Defendant Urban Title Services, LLC's check in the amount of approximately $24,597.06 eventually cleared, there still was approximately $27,402.84 for which Defendant Urban Title Services, LLC, Defendant Kenney and Defendant Carney did not provide an accounting from the proceeds of Plaintiff Juergens' loan.

34.    Defendant Urban Title Services, LLC, Defendant Kenney and Defendant Carney have claimed that they paid off Plaintiff Juergens' U.S. Internal Revenue Service tax liens on the property in the amount of approximately $7,500.00 and Plaintiff Juergens' Fairfax County Department of Tax Administration tax liens in the amount of approximately $1,700.00.

35.    However, Plaintiff Juergens never gave Defendant Urban Title Services, LLC, Defendant Kenney or Defendant Carney any permission to pay off any U.S. Internal Revenue Service or Fairfax County Department of Tax Administration tax liens on the property.

36.    Moreover, the records of the U.S. Internal Revenue Service and the Fairfax County Department of Tax Administration do not reflect any payoff of any of Plaintiff Juergens' tax liens by Defendant Urban Title Services, LLC, Defendant Kenney or Defendant Carney.

37.    In fact, the U.S. Internal Revenue Service and the Fairfax County Department of Tax Administration discharged these liens against Plaintiff Juergens' property as time-barred rather than by payment from either Plaintiff Juergens, on the one hand, or by Defendant Urban Title Services, LLC, Defendant Kenney or Defendant Carney, on the other hand.

38.    Neither Defendant Urban Title Services, LLC, Defendant Kenney nor Defendant Carney sent Plaintiff Juergens a "Red Flag Warning Disclosure Notice" at least three business days prior to the closing of the loan in violation of D.C. Code §26-1152.11.

39.    Neither Defendant Urban Title Services, LLC, Defendant Kenney nor Defendant Carney advised Plaintiff Juergens of her right to obtain counseling in connection with the loan, in violation of D.C. Code §26-1152.19.

40.    Neither Defendant Kenney, Defendant Carney nor Defendant Urban Title Services, LLC furnished Plaintiff Juergens with a statement in conformity with D.C. Code §26-905 that showed "in clear and distinct terms, the amount of the loan, the date when loaned and when due, the person to whom the loan is made, the name of the lender, [or] the amount of interest charged."

41.    Neither Defendant Kenney, Defendant Carney nor Defendant Urban Title Services, LLC provided Plaintiff Juergens with a "plain and complete receipt" in conformity with D.C. Code §26-905 "for all payments made on account of the loan at the time such payments are made."

42.    At no time did Defendant Urban Title Services, LLC, Defendant Kenney or Defendant Carney provide Plaintiff Juergens any accounting with regard to this $60,000.00 loan.

43.    The actions of Defendant Kenney, Defendant Carney, Defendant Urb and Defendant Urban Title Services, LLC were taken with actual malice in the sense of conscious and deliberate wrongdoing, evil or wrongful motive, intent to injure, ill will or fraud, thus supporting Plaintiff Juergens' claim for punitive damages.

## **Background Facts – First Mount Vernon Transaction**

44.    In or around August 2005, Plaintiff Juergens went to Defendant Duncan and the First Mount Vernon Defendants in order to obtain a loan on her condominium unit in "The Metropolitan."

8

45.    This loan was to be used to pay off the $60,000.00 loan plus interest that was allegedly owed to the "George Owen Trust."

46.    The First Mount Vernon Defendants, acting through its agent, servant or employee, Defendant Duncan, encouraged Plaintiff Juergens to borrow, not just the $60,000.00 needed to pay off the alleged loan from the George Owen Trust, but to take out a loan in the amount of $250,000.00 as Defendant Duncan indicated that neither he, nor the First Mount Vernon Defendants, would extend a loan as small as $60,000.00.

47.    According to the First Mount Vernon Defendants' agent, officer and/or employees, Defendant Duncan, Plaintiff Juergens needed to establish a Limited Liability Corporation known as the "1230 23rd Street, LLC" and move out of the condominium unit in "The Metropolitan," transfer title to the "1230 23rd Street, LLC," and then have the "1230 23rd Street, LLC" rent out this condominium unit to a third party in order to obtain this $250,000.00 loan.

48.    At no time did Plaintiff Juergens indicate to the First Mount Vernon Defendants' agent, officer and/or employee, Defendant Duncan, that she wanted to establish a Limited Liability Corporation or that she wanted such a Limited Liability Corporation to take title to her home.

49.    Nevertheless, the First Mount Vernon Defendants' agent, officer and/or employee, Defendant Duncan, registered this the "1230 23rd Street, LLC" Limited Liability Corporation with the Virginia State Corporation Commission on Plaintiff Juergens' behalf.

50.    According to the Virginia State Corporation Commission's records, the registered agent for the "1230 23rd Street, LLC" Limited Liability Corporation is Plaintiff Juergens even though she neither resides nor works in the Commonwealth of Virginia or has any other contacts with the Commonwealth of Virginia that would permit her to serve as a registered agent under Virginia corporation law.

51.     Moreover, the Virginia State Corporation Commission's records reveal that the address for the "1230 23rd Street, LLC" Limited Liability Corporation is "6019 Tower Court, Alexandria, Virginia  22304," which is the address of the First Mount Vernon Defendants.

52.     According to the terms of this $250,000.00 loan, the First Mount Vernon Defendants and Defendant Duncan would pay off the $60,000.00 loan (plus accrued interest) from the George Owen Trust, provide Plaintiff Juergens with approximately $95,000.00 in cash.

53.     On or about August 30, 2005, Defendant Duncan, acting as the First Mount Vernon Defendants' agent, servant or employee, prepared the documents needed to close the $250,000.00 loan.

54.     Among the documents that Defendant Duncan prepared was a "Deed in Lieu of Foreclosure," which the First Mount Vernon Defendants and Defendant Duncan forced Plaintiff Juergens to sign.

55.     The same day that Plaintiff Juergens signed this document, she called Defendant Duncan and informed him that she did not want to proceed with this loan.

56.     At no time did the First Mount Vernon Defendants or Defendant Duncan provide Plaintiff Juergens any accounting with regard to the disbursal of the proceeds of this $250,000.00 loan.

57.     Plaintiff Juergens only received approximately $95,000.00 from the First Mount Vernon Defendants and/or Defendant Duncan as proceeds of this $250,000.00 loan.

58.     Upon information and belief, the First Mount Vernon Defendants and/or Defendant Duncan did, in fact, pay off at least part of the $60,000.00 loan (plus accrued interest) from the George Owen Trust.

10

59.    Upon information and belief, the actual amount of the George Owen Trust loan that the First Mount Vernon Defendants and/or Defendant Duncan paid off was less than $60,000.00 (plus accrued interest).

60.    Neither the First Mount Vernon Defendants nor Defendant Duncan ever provided any receipt for the remaining loan proceeds in the amount of approximately $95,000.00.

61.    Neither the First Mount Vernon Defendants nor Defendant Duncan sent Plaintiff Juergens a "Red Flag Warning Disclosure Notice" at least three business days prior to the closing of the loan in violation of D.C. Code §26-1152.11.

62.    Neither the First Mount Vernon Defendants nor Defendant Duncan advised Plaintiff Juergens of her right to obtain counseling in connection with the loan, in violation of D.C. Code §26-1152.19.

63.    Neither the First Mount Vernon Defendants nor Defendant Duncan furnished Plaintiff Juergens with a statement in conformity with D.C. Code §26-905 that showed "in clear and distinct terms, the amount of the loan, the date when loaned and when due, the person to whom the loan is made, the name of the lender, [or] the amount of interest charged."

64.    Neither the First Mount Vernon Defendants nor Defendant Duncan provided Plaintiff Juergens with a "plain and complete receipt" in conformity with D.C. Code §26-905 "for all payments made on account of the loan at the time such payments are made."

65.    The actions of the First Mount Vernon Defendants and Defendant Duncan were taken with actual malice in the sense of conscious and deliberate wrongdoing, evil or wrongful motive, intent to injure, ill will or fraud, thus supporting Plaintiff Juergens' claim for punitive damages.

## Count I – Breach of Contract
### (Defendant Urban Title Services, LLC and Defendant Kenney)

66.    The allegations contained in Paragraphs 1-43 of the instant Complaint are incorporated herein as if fully stated.

67.    Plaintiff Juergens contracted with Defendant Urban Title Services, LLC and Defendant Kenney whereby Defendant Urban Title Services, LLC and Defendant Kenney agreed to provide a $60,000.00 loan to Plaintiff Juergens to pay off a condominium fee assessment and to perform renovations on her condominium unit.

68.    According to the terms of this $60,000.00 loan, the $8,000.00 condominium fee assessment would be paid off in full and Plaintiff Juergens would receive cash in the amount of approximately $52,000.00 at closing, less reasonable settlement costs.

69.    Defendant Urban Title Services, LLC and Defendant Kenney breached this contract by not providing the full proceeds of this $60,000.00 loan to Plaintiff Juergens, but rather only paid off the condominium fee assessment in the amount of approximately $8,000.00 and provided Plaintiff Juergens with an escrow check in the amount of approximately $24,597.06, leaving approximately $27,402.84 still due Plaintiff Juergens from the proceeds of the loan.

70.    In addition, Defendant Urban Title Services, LLC and Defendant Kenney claim that they paid off Plaintiff Juergens' U.S. Internal Revenue Service tax liens on the property in the amount of approximately $7,500.00 and Plaintiff Juergens' Fairfax County Department of Tax Administration tax liens in the amount of approximately $1,700.00, but Plaintiff Juergens never authorized such payments.

71.    Moreover, the records of the U.S. Internal Revenue Service and the Fairfax County Department of Tax Administration do not reflect any payoff of any of Plaintiff Juergens' tax liens by Defendant Urban Title Services, LLC or Defendant Kenney.

72.    In fact, the U.S. Internal Revenue Service and the Fairfax County Department of Tax Administration discharged these liens against Plaintiff Juergens' property as time-barred rather than by payment from either Plaintiff Juergens, on the one hand, or by Defendant Urban Title Services, LLC or Defendant Kenney, on the other hand.

73.    Therefore, Defendant Urban Title Services, LLC and Defendant Kenney breached this contract by unlawfully withholding $7,500.00 (allegedly for a U.S. Internal Revenue Service tax lien) and approximately $1,700.00 (allegedly for a Fairfax County Department of Tax Administration tax lien) from the proceeds of Plaintiff Juergens' $60,000.00 loan.

WHEREFORE, Plaintiff Mary Juergens respectfully requests this Honorable Court to enter an Order awarding her $1,000,000.00 in compensatory damages, $10,000,000.00 in punitive damages, attorneys' fees, interest and court costs against Defendant Urban Title Services, LLC and Defendant William Kenney a/k/a "Bill Kenney," jointly and severally, as well as any other relief required in the interest of justice.

### Count II – Conversion
### (Defendant Kenney and Defendant Carney)

74.    The allegations contained in Paragraphs 1-43 of the instant Complaint are incorporated herein as if fully stated.

75.    Defendant Kenney and Defendant Carney's refusal to provide the full proceeds of the $60,000.00 loan (after subtracting legitimate and authorized charges and payments) was an unlawful exercise of ownership, dominion and control over Plaintiff Juergens' personalty in denial or repudiation of Plaintiff Juergens' right to such property.

76.    As a direct and proximate result of this conversion, Plaintiff Juergens' suffered damages, including, but not limited to, the loss of the use of the funds unlawfully converted by Defendant Kenney and Defendant Carney.

WHEREFORE, Plaintiff Mary Juergens respectfully requests this Honorable Court to enter an Order awarding her $1,000,000.00 in compensatory damages, $10,000,000.00 in punitive damages, attorneys' fees, interest and court costs against Defendant William Kenney a/k/a "Bill Kenney" and Defendant Robert William Carney, jointly and severally, as well as any other relief required in the interest of justice.

### Count III – Fraud
### (Defendant Kenney)

77.    The allegations contained in Paragraphs 1-43 of the instant Complaint are incorporated herein as if fully stated.

78.    In his dealings with Plaintiff Juergens, Defendant Kenney made numerous false representations to Plaintiff Juergens, included, but not limited to statements that the $8,000.00 condominium fee assessment would be paid off in full from the proceeds of the $60,000.00 loan and Plaintiff Juergens would receive cash in the amount of approximately $52,000.00 at closing, less reasonable settlement costs.

79.    These false representations concerned a material fact, specifically, the true nature of the $60,000.00 loan to Plaintiff Juergens.

80.    Defendant Kenney made these false representations with knowledge that they were false.

81.    Defendant Kenney made these false representations with the intent to deceive Plaintiff Juergens into entering into the $60,000.00 loan transaction.

82.    Plaintiff Juergens relied on Defendant Kenney's false representations when she entered into the $60,000.00 loan transaction.

83.    As a direct and proximate result of Defendant Kenney's fraud, Plaintiff Juergens suffered damages, including, but not limited to, the loss of the use of the funds unlawfully converted by Defendant Kenney and Defendant Carney.

14

WHEREFORE, Plaintiff Mary Juergens respectfully requests this Honorable Court to enter an Order awarding her $1,000,000.00 in compensatory damages, $10,000,000.00 in punitive damages, attorneys' fees, interest and court costs against Defendant William Kenney a/k/a "Bill Kenney" as well as any other relief required in the interest of justice.

### Count IV – Breach of Fiduciary Duty
### (Defendant Erb)

84.    The allegations contained in Paragraphs 1-43 of the instant Complaint are incorporated herein as if fully stated.

85.    Defendant Erb, as the notary public used by Defendant Kenney and Defendant Carney on Plaintiff Juergens' loan, owed a duty to Plaintiff Juergens to ensure that the loan documents complied with all legal formalities regarding the notarization of documents.

86.    Defendant Erb breached this duty owed to Plaintiff Juergens by failing to ensure that the loan documents complied with all legal formalities regarding the notarization of documents.

87.    As a direct and proximate result of Defendant Erb's breach of the fiduciary duty owed to Plaintiff Juergens, Plaintiff Juergens' suffered damages, including, but not limited to, the loss of the use of the funds unlawfully converted by Defendant Kenney and Defendant Carney.

88.    Defendant Erb's breach of the fiduciary duty owed to Plaintiff Juergens was intentional, willful and wanton, and justify the imposition of punitive damages.

WHEREFORE, Plaintiff Mary Juergens respectfully requests this Honorable Court to enter an Order awarding her $1,000,000.00 in compensatory damages, $10,000,000.00 in punitive damages, attorneys' fees, interest and court costs against Defendant Paul Erb, as well as any other relief required in the interest of justice.

## Count V – Negligence
## (Defendant Erb)

89.     The allegations contained in Paragraphs 1-43 of the instant Complaint are incorporated herein as if fully stated.

90.     Defendant Erb, as the notary public used by Defendant Kenney and Defendant Carney on Plaintiff Juergens' loan, owed a duty to Plaintiff Juergens to ensure that the loan documents complied with all legal formalities regarding the notarization of documents.

91.     Defendant Erb breached this duty owed to Plaintiff Juergens by negligently failing to ensure that the loan documents complied with all legal formalities regarding the notarization of documents.

92.     As a direct and proximate result of Defendant Erb's breach of the fiduciary duty owed to Plaintiff Juergens, Plaintiff Juergens' suffered damages, including, but not limited to, the loss of the use of the funds unlawfully converted by Defendant Kenney and Defendant Carney.

93.     Defendant Erb's breach of the fiduciary duty owed to Plaintiff Juergens was intentional, willful and wanton, and justify the imposition of punitive damages.

        WHEREFORE, Plaintiff Mary Juergens respectfully requests this Honorable Court to enter an Order awarding her $1,000,000.00 in compensatory damages, $10,000,000.00 in punitive damages, attorneys' fees, interest and court costs against Defendant Paul Erb, as well as any other relief required in the interest of justice.

## Count VI – Breach of Fiduciary Duty
## (Defendant Carney)

94.     The allegations contained in Paragraphs 1-43 of the instant Complaint are incorporated herein as if fully stated.

16

95.    Defendant Carney, as the settlement attorney on Plaintiff Juergens' loan, owed a duty to Plaintiff Juergens to ensure the loan documents complied with all legal formalities, the HUD-1 Settlement Statement accurately reflected the receipts and disbursements and the loan proceeds were properly disbursed.

96.    Defendant Carney breached this duty owed to Plaintiff Juergens by failing to ensure the loan documents complied with all legal formalities, the HUD-1 Settlement Statement accurately reflected the receipts and disbursements and the loan proceeds were properly disbursed.

97.    In addition, Defendant Carney breached this duty of care by failing to pay Plaintiff Juergens' tax liens to the U.S. Internal Revenue Service and the Fairfax County Department of Tax Administration.

98.    As a direct and proximate result of Defendant Carney's breach of the fiduciary duty owed to Plaintiff Juergens, Plaintiff Juergens' suffered damages, including, but not limited to, the loss of the use of the funds unlawfully converted by Defendant Kenney and Defendant Carney.

99.    Defendant Carney's breach of the fiduciary duty owed to Plaintiff Juergens was intentional, willful and wanton, and justify the imposition of punitive damages.

WHEREFORE, Plaintiff Mary Juergens respectfully requests this Honorable Court to enter an Order awarding her $1,000,000.00 in compensatory damages, $10,000,000.00 in punitive damages, attorneys' fees, interest and court costs against Defendant Robert William Carney, as well as any other relief required in the interest of justice.

### Count VII – Negligence
### (Defendant Carney)

100.    The allegations contained in Paragraphs 1-43 of the instant Complaint are incorporated herein as if fully stated.

101.    Defendant Carney, as the settlement attorney on Plaintiff Juergens' loan, owed a duty to Plaintiff Juergens to ensure that the loan documents complied with all legal formalities and that the loan proceeds were properly disbursed.

102.    Defendant Carney breached this duty owed to Plaintiff Juergens by negligently failing to ensure that the loan documents complied with all legal formalities and that the loan proceeds were properly disbursed.

103.    As a direct and proximate result of Defendant Carney's breach of the fiduciary duty owed to Plaintiff Juergens, Plaintiff Juergens' suffered damages, including, but not limited to, the loss of the use of the funds unlawfully converted by Defendant Kenney and Defendant Carney.

104.    Defendant Carney's breach of the fiduciary duty owed to Plaintiff Juergens was intentional, willful and wanton, and justify the imposition of punitive damages.

WHEREFORE, Plaintiff Mary Juergens respectfully requests this Honorable Court to enter an Order awarding her $1,000,000.00 in compensatory damages, $10,000,000.00 in punitive damages, attorneys' fees, interest and court costs against Defendant Robert William Carney, as well as any other relief required in the interest of justice.

### Count VIII – Civil Conspiracy
### (Defendant Kenney, Defendant Carney and Defendant Erb)

105.    The allegations contained in Paragraphs 1-43 of the instant Complaint are incorporated herein as if fully stated.

106.    Defendant Kenney, Defendant Carney and Defendant Erb formed a conspiracy whereby Defendant Kenney would personally entice Plaintiff Juergens into entering into a $60,000.00 loan.

107.    Defendant Kenney advised Plaintiff Juergens that she would receive a certain amount of funds as proceeds of the loan (after subtracting legitimate and authorized charges and payments).

108.    Defendant Carney's role in the conspiracy was as the settlement attorney who owed a duty to Plaintiff Juergens to ensure the loan documents complied with all legal formalities, the HUD-1 Settlement Statement accurately reflected the receipts and disbursements and the loan proceeds were properly disbursed.

109.    Defendant Erb's role in the conspiracy was as the notary public who owed a duty to ensure that the loan documents were properly notarized and authenticated.

110.    At all relevant times, Defendant Kenney and Defendant Carney knew that Plaintiff Juergens would not receive what Defendant Kenney told Plaintiff Juergens would be the proceeds of the loan and which she reasonably relied upon in deciding whether to accept the loan.

111.    Defendant Erb's notarization and authentication of documents related to Plaintiff Juergens' loan was false and unlawful since Defendant Erb and Plaintiff Juergens were not physically present together at the closing of this loan.

112.    Defendant Erb's false notarization and authentication of the documents related to Plaintiff Juergens' loan gave an air of credibility to the documents that Defendant Kenney and Defendant Carney signed in extending the loan to Plaintiff Juergens.

113.    The fraudulent and wrongful acts committed by Defendant Kenney, Defendant Carney and Defendant Erb in extending the loan to Plaintiff Juergens were undertaken in furtherance of the conspirators' common scheme.

114.    As a direct and proximate result of Defendant Kenney, Defendant Carney and Defendant Erb's conspiracy, Plaintiff Juergens suffered damages, including, but not limited to, the loss of the use of the funds unlawfully converted by Defendant Kenney and Defendant Carney.

WHEREFORE, Plaintiff Mary Juergens respectfully requests this Honorable Court to enter an Order awarding her $1,000,000.00 in compensatory damages, $10,000,000.00 in punitive damages, attorneys' fees, interest and court costs against Defendant William Kenney a/k/a "Bill Kenney," Defendant Robert William Carney and Defendant Paul Erb, jointly and severally, as well as any other relief required in the interest of justice.

### Count IX – Violation D.C. Code §26-901, et seq.
### (Loan Shark Act)
### (Defendant Urban Title Services, LLC and Defendant Kenney)

115.    The allegations contained in Paragraphs 1-43 of the instant Complaint are incorporated herein as if fully stated.

116.    D.C. Code §26-901, et seq., sets forth that it is "unlawful and illegal to engage in the business of loaning money in the District of Columbia upon which a rate of interest greater than 6% per annum is charged on any security of any kind, direct or collateral, tangible or intangible, without procuring license."  See D.C. Code §26-901.

117.    In addition, D.C. Code §26-905 states that every lender must "furnish the borrower a written, typewritten, or printed statement at the time the loan is made, showing, in English, in clear and distinct terms, the amount of the loan, the date when loaned and when due, the person to whom the loan is made, the name of the lender, [and] amount of interest charged [and] shall give the borrower a plain and complete receipt for all payments made on account of the loan at the time such payments are made."

118.    D.C. Code §26-905 also states that "any person contracting, directly or indirectly, for, or receiving a greater rate of interest than that fixed in this chapter [D.C. Code §26-901, et seq.], shall forfeit all interest so contracted for or received; and in addition thereto shall forfeit to the

borrower a sum of money, to be deducted from the amount due for principal, equal to one-fourth of the principal sum."

119. D.C. Code §26-909 further states that it is "unlawful to incorporate any provision for liquidated or other damages as a penalty for any default or forfeiture thereunder."

120. Neither Defendant Kenney, Defendant Carney nor Defendant Urban Title Services, LLC furnished Plaintiff Juergens with a statement in conformity with D.C. Code §26-905 that showed "in clear and distinct terms, the amount of the loan, the date when loaned and when due, the person to whom the loan is made, the name of the lender, [or] the amount of interest charged."

121. Neither Defendant Kenney, Defendant Carney nor Defendant Urban Title Services, LLC provided Plaintiff Juergens with a "plain and complete receipt" in conformity with D.C. Code §26-905 "for all payments made on account of the loan at the time such payments are made."

122. As a direct and proximate result of Defendant Kenney, Defendant Carney and Defendant Urban Title Services, LLC's violations of D.C. Code §26-905, Plaintiff Juergens suffered damages, including, but not limited to, the loss of the use of the funds unlawfully converted by Defendant Kenney and Defendant Carney.

123. Pursuant to D.C. Code §26-905. Plaintiff Juergens is entitled to a return of all interest contracted for or received and one fourth of the principal of the loan.

124. D.C. Code §26-907 provides a civil remedy for violation of D.C. Code §26-901, et seq.

WHEREFORE, Plaintiff Mary Juergens respectfully requests this Honorable Court to enter an Order awarding her $1,000,000.00 in compensatory damages, $10,000,000.00 in punitive damages, attorneys' fees, interest and court costs against Defendant Urban Title Services, LLC and Defendant William Kenney a/k/a "Bill Kenney," jointly and severally, as well as any other relief required in the interest of justice.

**Count X – Violation D.C. Code §26-1101, et seq.**
**(Mortgage Lender and Broker Act)**
**(Defendant Urban Title Services and LLC Defendant Kenney)**

125.    The allegations contained in Paragraphs 1-43 of the instant Complaint are incorporated herein as if fully stated.

126.    At all relevant times, Defendant Urban Title Services, LLC and Defendant Kenney were "mortgage lenders" as defined by D.C. Code §26-1101 (11) since they "made mortgage loans" and were engaged "in the business of servicing mortgage loans for others or collecting or otherwise receiving mortgage loan payments directly from borrowers for distribution to any other person."

127.    At all relevant times, Defendant Urban Title Services, LLC and Defendant Kenney were also "mortgage brokers" as defined by D.C. Code §26-1101 (10) since they "for compensation or gain, or in the expectation of compensation or gain, either directly or indirectly accept[ed] or offer[ed] to accept an application for a mortgage loan, solicit[ed] or offer[ed] to solicit a mortgage loan on behalf of a borrower, or negotiat[ed] or offer[ed] to negotiate the terms and conditions of a mortgage loan on behalf of a lender.

128.    D.C. Code §26-1103 requires that "mortgage lenders" and "mortgage brokers" obtain a license prior to engaging in business as a "mortgage lender" or "mortgage broker."

129.    Defendant Urban Title Services, LLC, Defendant Kenney and Defendant Carney violated D.C. Code §26-1101, et seq., with regard to the loan to Plaintiff Juergens by failing to require that the person closing the mortgage loan provide Plaintiff Juergens prior to the closing of the mortgage loan a settlement statement as required pursuant to the Real Estate Settlement Procedures Act, 12 U.S.C. §2601, et seq., and any disclosure required by the Truth in Lending Act, 15 U.S.C. §1601, et seq., in violation of D.C. Code §26-1114 (a) (7).

130.    As a direct and proximate result of Defendant Urban Title Services, LLC, Defendant Kenney and Defendant Carney's violations of D.C. Code §26-1151.01, et seq., Plaintiff Juergens suffered damages, including, but not limited to, the loss of the use of the funds unlawfully converted by Defendant Kenney and Defendant Carney.

WHEREFORE, Plaintiff Mary Juergens respectfully requests this Honorable Court to enter an Order awarding her $1,000,000.00 in compensatory damages, $10,000,000.00 in punitive damages, attorneys' fees, interest and court costs against Defendant Urban Title Services, LLC and Defendant William Kenney a/k/a "Bill Kenney," jointly and severally, as well as any other relief required in the interest of justice.

### Count XI – Violation D.C. Code §26-1151.01, et seq.
### (Mortgage Loan Protection Act)
### (Defendant Urban Title Services, LLC and Defendant Kenney)

131.    The allegations contained in Paragraphs 1-43 of the instant Complaint are incorporated herein as if fully stated.

132.    D.C. Code §26-1151.01 (7) (A) defines the term "covered loan" as

> a mortgage loan, secured by property located in the District (including an open-end line of credit, but not including a mortgage loan insured or guaranteed by a state or local authority, the District of Columbia Housing Finance Agency, the Federal Housing Administration, or the Department of Veteran Affairs, or a reverse mortgage transaction), in which the terms of the mortgage loan exceed one or more of the following thresholds:

> (i)     The loan is secured by a first mortgage on the borrower's principal dwelling and the annual percentage rate at closing will exceed by more than 6 percentage points the yield on United States Treasury securities having comparable periods of maturity to the loan maturity measured as of the 15th day of the month immediately preceding the month in which the application for the residential mortgage loan is received by the creditor;

> (ii)    The loan is secured by a junior mortgage on the borrower's principal dwelling and the annual percentage rate at closing will exceed by more than 7 percentage points the yield on United States Treasury securities having comparable periods of maturity to the loan maturity measured as of the 15th day of

the month immediately preceding the month in which the application for the residential mortgage loan is received by the creditor; or

(iii)    The origination/discount points and fees payable by the borrower at or before loan closing exceed 5% of the total loan amount.

133.    At all relevant times, Defendant Urban Title Services, LLC and Defendant Kenney were "lenders," as defined in D.C. Code §26-1151.01 (11), who entered into a conspiracy in which they extended a "covered loan" to Plaintiff Juergens that violated D.C. Code §26-1151.01, et seq by

A.    failing to send Plaintiff Juergens a "Red Flag Warning Disclosure Notice" at least three business days prior to the closing of the loan in violation of D.C. Code §26-1152.11; and

B.    failing to advise Plaintiff Juergens of her right to obtain counseling in connection with the loan, in violation of D.C. Code §26-1152.19.

134.    As a direct and proximate result of Defendant Urban Title Services, LLC, Defendant Kenney and Defendant Carney's violations of D.C. Code §26-1151.01, et seq., Plaintiff Juergens suffered damages, including, but not limited to, the loss of the use of the funds unlawfully converted by Defendant Kenney and Defendant Carney.

135.    D.C. Code §26-1153.01 provides a civil remedy for violation of D.C. Code §26-1151.01, et seq. including

a.    Reformation of the "covered loan" to correct or remove an unfair term or a term obtained in violation of D.C. Code §26-1151.02;

b.    Actual damages;

c.    Injunctive relief;

d.    Reasonable attorneys' fees and costs; and

e.    Statutory damages.

24

136.    Since Defendant Urban Title Services, LLC, Defendant Kenney and Defendant Carney

engaged in a "systematic pattern of practices" and acted in violation of D.C. Code §26-1151.02

and subchapter II of D.C. Code §26-1152.01, et seq., Plaintiff Juergens is entitled to statutory

damages pursuant to D.C. Code §26-1153.01 (c) (5).

    WHEREFORE, Plaintiff Mary Juergens respectfully requests this Honorable Court to

enter an Order awarding her $1,000,000.00 in compensatory damages, $10,000,000.00 in

punitive damages, attorneys' fees, interest and court costs against Defendant Urban Title

Services, LLC and Defendant William Kenney a/k/a "Bill Kenney," jointly and severally, as well

as any other relief required in the interest of justice.

### Count XII – Violation of D.C. Code §28-3904 (e, f, q and r)
### (Unlawful Trade Practice Act)
### (Defendant Urban Title Services, LLC and Defendant Kenney)

137.    The allegations contained in Paragraphs 1-43 of the instant Complaint are incorporated

herein as if fully stated.

138.    Pursuant to D.C. Code §28-3901 (2), Plaintiff Juergens was a "consumer" at all relevant

times.

139.    Pursuant to D.C. Code §28-3901 (3), Defendant Urban Title Services, LLC and

Defendant Kenney were "merchants" at all relevant times.

140.    Pursuant to D.C. Code §28-3901 (7), the loan that Defendant Urban Title Services, LLC,

and Defendant Kenney extended to Plaintiff Juergens was a "good" or a "service."

141.    Defendant Urban Title Services, LLC and Defendant Kenney violated D.C. Code §28-

3904 (e) by misrepresenting a material fact that had a tendency to mislead Plaintiff Juergens,

specifically, that Plaintiff Juergens would receive, as proceeds of the loan, approximately

$52,000.00 at closing, less reasonable settlement costs.

25

142.     Defendant Urban Title Services, LLC and Defendant Kenney violated D.C. Code §28-3904 (f) by failing to state a material fact if such failure tends to mislead, specifically that Plaintiff Juergens would not receive, as proceeds of the loan, all that Defendant Urban Title Services, LLC and Defendant Kenney promised Plaintiff Juergens that she would receive.

143.     Defendant Urban Title Services, LLC and Defendant Kenney violated D.C. Code §28-3904 (q) by failing to supply Plaintiff Juergens with a copy of her alleged indebtedness.

144.     Defendant Urban Title Services, LLC and Defendant Kenney's misrepresentations of material facts, or alternatively, their failure to state material facts, were made with knowledge that they were false, or alternatively, that the omission would create a false understanding in Plaintiff Juergens' mind.

145.     Plaintiff Juergens justifiably relied on Defendant Urban Title Services, LLC and Defendant Kenney's misrepresentations and/or failures to state material facts when she entered into the $60,000.00 loan.

146.     Defendant Urban Title Services, LLC and Defendant Kenney's conduct and actions with regard to Plaintiff Juergens' loan constitutes "unfair and deceptive practices" within the meaning set forth in D.C. Code §28-3901, et seq.

147.     Defendant Urban Title Services, LLC, Defendant Kenney and Defendant Carney each agreed, explicitly or tacitly, to participate with other Defendants in the acts alleged above, and their acts were in furtherance of a common scheme to wrongfully divest Plaintiff Juergens of the use of the expected proceeds from her $60,000.00 loan for Defendants' financial gain.

148.     Each of the Defendants' acts alleged above aided the other Defendants, and was in furtherance of a common scheme to wrongfully divest Plaintiff Juergens of the use of the expected proceeds from her $60,000.00 loan for Defendants' financial gain.

149.    As a direct and proximate result of Defendant Urban Title Services, LLC and Defendant Kenney's violations of D.C. Code §28-3901, et seq., Plaintiff Juergens suffered damages, including, but not limited to, the loss of the use of the funds unlawfully converted by Defendant Kenney and Defendant Carney.

150.    Defendant Urban Title Services, LLC and Defendant Kenney's violations of D.C. Code §28-3901, et seq. were intentional, willful and wanton, and justify the imposition of treble and punitive damages.

WHEREFORE, Plaintiff Mary Juergens respectfully requests this Honorable Court to enter an Order awarding her $1,000,000.00 in compensatory damages, $10,000,000.00 in punitive damages, attorneys' fees, interest and court costs against Defendant Urban Title Services, LLC and Defendant William Kenney a/k/a "Bill Kenney," jointly and severally, as well as any other relief required in the interest of justice.

### Count XIII – Violation D.C. Code §28-4601, et seq.
### (Consumer Credit Service Organization Act)
### (Defendant Urban Title Services and LLC Defendant Kenney)

151.    The allegations contained in Paragraphs 1-43 of the instant Complaint are incorporated herein as if fully stated.

152.    Pursuant to D.C. Code §28-4601 (1), Plaintiff Juergens was a "consumer" at all relevant times since she was solicited to purchased or actually purchased the services of a consumer credit service organization.

153.    Pursuant to D.C. Code §28-4601 (2), Defendant Urban Title Services, LLC and Defendant Kenney were both a "consumer credit service organization" at all relevant times since they sold, provided, performed or represented that they sold, provided or performed, in return for the payment of money or other valuable consideration,

    A.    an extension of credit for Plaintiff Juergens and

    B.    advice or assistance to Plaintiff Juergens regarding any matter related to her personal, household or family credit.

154.    Defendant Urban Title Services, LLC and Defendant Kenney both violated D.C. Code §28-4601, et seq. by making and using false and misleading representations, failing to disclose material facts, and directly or indirectly engaging in acts and in a course of business to defraud or deceive Plaintiff Juergens in violation of D.C. Code §28-4603 (4), with respect to the $60,000.00 loan.

155.    As a direct and proximate result of Defendant Urban Title Services, LLC and Defendant Kenney's violations of D.C. Code §28-4601, et seq., Plaintiff Juergens suffered damages, including, but not limited to, the loss of the use of the funds unlawfully converted by Defendant Kenney and Defendant Carney.

156.    Defendant Urban Title Services, LLC and Defendant Kenney's violations of D.C. Code §28-4601, et seq. were intentional, willful and wanton, and justify the imposition of treble and punitive damages and an award of attorneys' fees pursuant to D.C. Code §28-4607 (c).

    WHEREFORE, Plaintiff Mary Juergens respectfully requests this Honorable Court to enter an Order awarding her $1,000,000.00 in compensatory damages, $10,000,000.00 in punitive damages, attorneys' fees, interest and court costs against Defendant Urban Title Services, LLC and Defendant William Kenney a/k/a "Bill Kenney," jointly and severally, as well as any other relief required in the interest of justice.

### Count XIV – Respondeat Superior
### (Defendant Carney)

157.    The allegations contained in Paragraphs 1-43 and 66-156 of the instant Complaint are incorporated herein as if fully stated.

158.    At all relevant times, Defendant Erb was the agent, servant or employee of Defendant Carney who was acting within the scope of his employment.

159.    Therefore, under the doctrine of respondeat superior, Defendant Carney is responsible for Defendant Erb's tortuous conduct.

WHEREFORE, Plaintiff Mary Juergens respectfully requests this Honorable Court to enter an Order awarding her $1,000,000.00 in compensatory damages, $10,000,000.00 in punitive damages, attorneys' fees, interest and court costs against Robert William Carney as well as any other relief required in the interest of justice.

## Count XV – Respondeat Superior
### (Defendant Kenney)

160.    The allegations contained in Paragraphs 1-43 and 66-159 of the instant Complaint are incorporated herein as if fully stated.

161.    At all relevant times, Defendant Carney and Defendant Erb were the agents, servants or employees of Defendant Kenney who was acting within the scope of their employment.

162.    Therefore, under the doctrine of respondeat superior, Defendant Kenney is responsible for Defendant Carney and Defendant Erb's tortuous conduct.

WHEREFORE, Plaintiff Mary Juergens respectfully requests this Honorable Court to enter an Order awarding her $1,000,000.00 in compensatory damages, $10,000,000.00 in punitive damages, attorneys' fees, interest and court costs against William Kenney a/k/a "Bill Kenney" as well as any other relief required in the interest of justice.

## Count XVI – Respondeat Superior
### (Defendant Urban Title Services, LLC)

163.    The allegations contained in Paragraphs 1-43 and 66-162 of the instant Complaint are incorporated herein as if fully stated.

164.    At all relevant times, Defendant Kenney, Defendant Carney and Defendant Erb were the agents, servants or employees of Defendant Urban Title Services, LLC who was acting within the scope of their employment.

165.    Therefore, under the doctrine of respondeat superior, Defendant Urban Title Services, LLC is responsible for Defendant Kenney, Defendant Carney and Defendant Erb's tortuous conduct.

WHEREFORE, Plaintiff Mary Juergens respectfully requests this Honorable Court to enter an Order awarding her $1,000,000.00 in compensatory damages, $10,000,000.00 in punitive damages, attorneys' fees, interest and court costs against Defendant Urban Title Services, LLC as well as any other relief required in the interest of justice.

## Count XVII – Set Aside Deeds and Deed of Trust, Quiet Title and Declaratory Relief
### (Defendant Urban Title Services, LLC, Defendant Kenney and Defendant Carney)

166.    The allegations contained in Paragraphs 1-43 and 66-165 of the instant Complaint are incorporated herein as if fully stated.

167.    Defendant Urban Title Services, LLC, Defendant Kenney and Defendant Carney extended a loan to Plaintiff Juergens through fraud and without the formalities required for a lawful deed transfer or loan document.

WHEREFORE, Plaintiff Mary Juergens respectfully requests this Honorable Court to enter an Order declaring the loan documents associated with the $60,000.00 loan referenced in the instant Complaint *void ab initio*, and declaring that Plaintiff Juergens' 1230 23rd Street, N.W., Apt. 505 property is free and clear of any mortgage or other encumbrance on her property and quieting title to the 1230 23rd Street, N.W., Apt. 505 property in Plaintiff Juergens' name.

**Count XVIII – Injunctive Relief**
**(Defendant Urban Title Services, LLC, Defendant Kenney and Defendant Carney)**

168.    The allegations contained in Paragraphs 1-43 and 66-167 of the instant Complaint are incorporated herein as if fully stated.

169.    As previously described, Defendant Urban Title Services, LLC, Defendant Kenney and Defendant Carney have conspired and perpetrated a scheme through which they have extended a loan to Plaintiff Juergens through fraud and without the formalities required for a lawful deed transfer or loan document.

170.    Because Defendants' actions involve Plaintiff Juergens' home, there may not be any adequate remedy at law.

WHEREFORE, Plaintiff Mary Juergens respectfully requests this Honorable Court to enter an Order permanently enjoining

A.    Defendant Urban Title Services, LLC, Defendant Kenney and Defendant Carney from conveying, borrowing against, or otherwise encumbering Plaintiff Juergens' property located at 1230 23rd Street, N.W., Apt. 505 in order to prevent a further cloud on the title to this property;

B.    enjoining Defendant Urban Title Services, LLC, Defendant Kenney and Defendant Carney from instituting any foreclosure or eviction proceedings with respect to Plaintiff Juergens' property located at 1230 23rd Street, N.W., Apt. 505; and

C.    enjoining anyone who received any legal or equitable interest in Plaintiff Juergens' property located at 1230 23rd Street, N.W., Apt. 505 from Defendant Urban Title Services, LLC, Defendant Kenney or Defendant Carney from further

31

conveyance, encumbrance or similar transaction involving this property, including

any foreclosure or eviction proceedings;

and also enter an Order

A.     enforcing Plaintiff Juergens' rescission rights with respect to the loan

concerning the property located at 1230 23rd Street, N.W., Apt. 505;

B.     voiding the loan concerning the property located at 1230 23rd Street, N.W.,

Apt. 505; and

C.     granting any further relief as the Court deems just and proper.

### Count XIX – Demand for an Accounting
### (Defendant Urban Title Services, LLC, Defendant Kenney and Defendant Carney)

171.     The allegations contained in Paragraphs 1-43 and 66-170 of the instant Complaint are

incorporated herein as if fully stated.

172.     As previously described, Defendant Urban Title Services, LLC, Defendant Kenney and

Defendant Carney have conspired and perpetrated a scheme through which they have extended a

loan to Plaintiff Juergens through fraud and without the formalities required for a lawful deed

transfer or loan document.

173.     Because Defendants' have converted funds belonging to Plaintiff Juergens with respect to

her loan, Plaintiff Juergens does not have any way to account for the payments and/or disbursals

made with respect to this loan.

WHEREFORE, Plaintiff Mary Juergens respectfully requests this Honorable Court to

enter an Order requiring Defendant Urban Title Services, LLC, Defendant Kenney and

Defendant Carney to provide an accounting of all funds disbursed or received with regard to the

loan to Plaintiff Juergens and granting any further relief as the Court deems just and proper.

**Count XX – Breach of Contract**
**(First Mount Vernon Defendants and Defendant Duncan)**

174.    The allegations contained in Paragraphs 1-12 and 44-65 of the instant Complaint are incorporated herein as if fully stated.

175.    Plaintiff Juergens contracted with the First Mount Vernon Defendants and Defendant Duncan whereby the First Mount Vernon Defendants and Defendant Duncan agreed to provide a $250,000.00 loan to Plaintiff Juergens in order for her to pay off her loan to the George Owen Trust in the amount of approximately $60,000.00 (plus accrued interest) and for her to take the remainder of the loan proceeds (less reasonable settlement charges) as cash.

176.    The First Mount Vernon Defendants and Defendant Duncan breached this contract by not providing the full proceeds of this $250,000.00 loan to Plaintiff Juergens, but rather only paid off some of the $60,000.00 George Owen Trust loan and provided Plaintiff Juergens with a check in the amount of approximately $95,000.00, leaving approximately $95,000.00 still due Plaintiff Juergens from the proceeds of the loan.

WHEREFORE, Plaintiff Mary Juergens respectfully requests this Honorable Court to enter an Order awarding her $1,000,000.00 in compensatory damages, $10,000,000.00 in punitive damages, attorneys' fees, interest and court costs against Defendant First Mount Vernon Industrial Loan Association Incorporated, Defendant First Mount Vernon Mortgage, L.L.C. and Defendant Dale E. Duncan, jointly and severally, as well as any other relief required in the interest of justice.

**Count XXI – Conversion**
**(First Mount Vernon Defendants and Defendant Duncan)**

177.    The allegations contained in Paragraphs 1-12 and 44-65 of the instant Complaint are incorporated herein as if fully stated.

178.    The First Mount Vernon Defendants and Defendant Duncan's refusal to provide the full proceeds of the $250,000.00 loan (after subtracting legitimate and authorized charges and payments) was an unlawful exercise of ownership, dominion and control over Plaintiff Juergens' personalty in denial or repudiation of Plaintiff Juergens' right to such property.

179.    As a direct and proximate result of this conversion, Plaintiff Juergens' suffered damages, including, but not limited to, the loss of the use of the funds unlawfully converted by the First Mount Vernon Defendants and Defendant Duncan.

WHEREFORE, Plaintiff Mary Juergens respectfully requests this Honorable Court to enter an Order awarding her $1,000,000.00 in compensatory damages, $10,000,000.00 in punitive damages, attorneys' fees, interest and court costs against Defendant First Mount Vernon Industrial Loan Association Incorporated, Defendant First Mount Vernon Mortgage, L.L.C. and Defendant Dale E. Duncan, jointly and severally, as well as any other relief required in the interest of justice.

### Count XXII – Fraud
### (First Mount Vernon Defendants and Defendant Duncan)

180.    The allegations contained in Paragraphs 1-12 and 44-65 of the instant Complaint are incorporated herein as if fully stated.

181.    In their dealings with Plaintiff Juergens, the First Mount Vernon Defendants and Defendant Duncan made numerous false representations to Plaintiff Juergens, included, but not limited to statements that Plaintiff Juergens would receive cash in the amount of approximately $190,000.00 at closing, less reasonable settlement costs.

182.    In addition, the First Mount Vernon Defendants and Defendant Duncan directed Plaintiff Juergens to falsely state that she would move out of the 1230 23rd Street property and rent the

property to a third party when the First Mount Vernon Defendants and Defendant Duncan knew that Plaintiff Juergens would not move out of the property or rent the property to a third party.

183.    The First Mount Vernon Defendants and Defendant Duncan further directed Plaintiff Juergens to falsely state that she lived or worked in the Commonwealth of Virginia so that she could serve as the registered agent of "1230 23rd Street, LLC."

184.    These false representations concerned a material fact, specifically, the true nature of the $250,000.00 loan to Plaintiff Juergens.

185.    The First Mount Vernon Defendants and Defendant Duncan made these false representations with knowledge that they were false.

186.    The First Mount Vernon Defendants and Defendant Duncan made these false representations with the intent to deceive Plaintiff Juergens into entering into the $250,000.00 loan transaction.

187.    Plaintiff Juergens relied on the First Mount Vernon Defendants and Defendant Duncan's false representations when she entered into the $250,000.00 loan transaction.

188.    As a direct and proximate result of the First Mount Vernon Defendants and Defendant Duncan's fraud, Plaintiff Juergens suffered damages, including, but not limited to, the loss of the use of the funds unlawfully converted by the First Mount Vernon Defendants and Defendant Duncan.

WHEREFORE, Plaintiff Mary Juergens respectfully requests this Honorable Court to enter an Order awarding her $1,000,000.00 in compensatory damages, $10,000,000.00 in punitive damages, attorneys' fees, interest and court costs against Defendant First Mount Vernon Industrial Loan Association Incorporated, Defendant First Mount Vernon Mortgage, L.L.C. and

Defendant Dale E. Duncan, jointly and severally, as well as any other relief required in the interest of justice.

### Count XXIII – Civil Conspiracy
### (First Mount Vernon Defendants and Defendant Duncan)

189.    The allegations contained in Paragraphs 1-12 and 44-65 of the instant Complaint are incorporated herein as if fully stated.

190.    The First Mount Vernon Defendants and Defendant Duncan formed a conspiracy whereby Defendant Duncan would personally entice Plaintiff Juergens into entering into a $250,000.00 loan.

191.    Defendant Duncan advised Plaintiff Juergens that she would receive a certain amount of funds as proceeds of the loan (after subtracting legitimate and authorized charges and payments).

192.    At all relevant times, the First Mount Vernon Defendants and Defendant Duncan knew that Plaintiff Juergens would not received what she thought would be the proceeds of the loan based on the statements that Defendant Duncan made to Plaintiff Juergens that she relied upon in deciding whether to accept the loan or not.

193.    The registration of the "1230 23rd Street, LLC" by the First Mount Vernon Defendants and Defendant Duncan was false and unlawful since the First Mount Vernon Defendants and Defendant Duncan knew or should have known that Plaintiff Juergens was not a Virginia resident or employed in Virginia.

194.    Moreover, the registration of the "1230 23rd Street, LLC" by the First Mount Vernon Defendants and Defendant Duncan was false and unlawful since the First Mount Vernon Defendants and Defendant Duncan knew or should have known that Plaintiff Juergens intended to remain in her home after the closing on the $250,000.00 loan.

195.    The fraudulent and wrongful acts committed by the First Mount Vernon Defendants and Defendant Duncan in extending the loan to Plaintiff Juergens were undertaken in furtherance of the conspirators' common scheme to defraud Plaintiff Juergens.

196.    As a direct and proximate result of the First Mount Vernon Defendants and Defendant Duncan's conspiracy, Plaintiff Juergens suffered damages, including, but not limited to, the loss of the use of the funds unlawfully converted by the First Mount Vernon Defendants and Defendant Duncan.

WHEREFORE, Plaintiff Mary Juergens respectfully requests this Honorable Court to enter an Order awarding her $1,000,000.00 in compensatory damages, $10,000,000.00 in punitive damages, attorneys' fees, interest and court costs against Defendant First Mount Vernon Industrial Loan Association Incorporated, Defendant First Mount Vernon Mortgage, L.L.C. and Defendant Dale E. Duncan, jointly and severally, as well as any other relief required in the interest of justice.

**Count XXIV – Violation D.C. Code §26-901, et seq.**
**(Loan Shark Act)**
**(First Mount Vernon Defendants and Defendant Duncan)**

197.    The allegations contained in Paragraphs 1-12 and 44-65 of the instant Complaint are incorporated herein as if fully stated.

198.    D.C. Code §26-901, et seq., makes it "unlawful and illegal to engage in the business of loaning money in the District of Columbia upon which a rate of interest greater than 6% per annum is charged on any security of any kind, direct or collateral, tangible or intangible, without procuring license."  See D.C. Code §26-901.

199.    In addition, D.C. Code §26-905 states that every lender must "furnish the borrower a written, typewritten, or printed statement at the time the loan is made, showing, in English, in

clear and distinct terms, the amount of the loan, the date when loaned and when due, the person to whom the loan is made, the name of the lender, [and] the amount of interest charged [and] shall give the borrower a plain and complete receipt for all payments made on account of the loan at the time such payments are made."

200.    D.C. Code §26-905 also states that "any person contracting, directly or indirectly, for, or receiving a greater rate of interest than that fixed in this chapter [D.C. Code §26-901, et seq.], shall forfeit all interest so contracted for or received; and in addition thereto shall forfeit to the borrower a sum of money, to be deducted from the amount due for principal, equal to one-fourth of the principal sum."

201.    D.C. Code §26-909 further states that it is "unlawful to incorporate any provision for liquidated or other damages as a penalty for any default or forfeiture thereunder."

202.    Neither the First Mount Vernon Defendants nor Defendant Duncan furnished Plaintiff Juergens with a statement in conformity with D.C. Code §26-905 that showed "in clear and distinct terms, the amount of the loan, the date when loaned and when due, the person to whom the loan is made, the name of the lender, [or] the amount of interest charged."

203.    Neither the First Mount Vernon Defendants nor Defendant Duncan provided Plaintiff Juergens with a "plain and complete receipt" in conformity with D.C. Code §26-905 "for all payments made on account of the loan at the time such payments are made."

204.    As a direct and proximate result of the First Mount Vernon Defendants and Defendant Duncan's violations of D.C. Code §26-905, Plaintiff Juergens suffered damages, including, but not limited to, the loss of the use of the funds unlawfully converted by the First Mount Vernon Defendants and Defendant Duncan.

205.    Pursuant to D.C. Code §26-905. Plaintiff Juergens is entitled to a return of all interest contracted for or received and one fourth of the principal of the loan.

206.    D.C. Code §26-907 provides a civil remedy for violation of D.C. Code §26-901, et seq.

WHEREFORE, Plaintiff Mary Juergens respectfully requests this Honorable Court to enter an Order awarding her $1,000,000.00 in compensatory damages, $10,000,000.00 in punitive damages, attorneys' fees, interest and court costs against Defendant First Mount Vernon Industrial Loan Association Incorporated, Defendant First Mount Vernon Mortgage, L.L.C. and Defendant Dale E. Duncan, jointly and severally, as well as any other relief required in the interest of justice.

### Count XXV – Violation D.C. Code §26-1101, et seq. (Mortgage Lender and Broker Act) (First Mount Vernon Defendants and Defendant Duncan)

207.    The allegations contained in Paragraphs 1-12 and 44-65 of the instant Complaint are incorporated herein as if fully stated.

208.    At all relevant times, the First Mount Vernon Defendants and Defendant Duncan were "mortgage lenders" as defined by D.C. Code §26-1101 (11) since they "made mortgage loans" and were engaged "in the business of servicing mortgage loans for others or collecting or otherwise receiving mortgage loan payments directly from borrowers for distribution to any other person."

209.    At all relevant times, the First Mount Vernon Defendants and Defendant Duncan were also "mortgage brokers" as defined by D.C. Code §26-1101 (10) since they "for compensation or gain, or in the expectation of compensation or gain, either directly or indirectly accept[ed] or offer[ed] to accept an application for a mortgage loan, solicit[ed] or offer[ed] to solicit a

mortgage loan on behalf of a borrower, or negotiat[ed] or offer[ed] to negotiate the terms and conditions of a mortgage loan on behalf of a lender.

210.    D.C. Code §26-1103 requires that "mortgage lenders" and "mortgage brokers" obtain a license prior to engaging in business as a "mortgage lender" or "mortgage broker."

211.    The First Mount Vernon Defendants and Defendant Duncan violated D.C. Code §26-1101, et seq., with regard to the loan to Plaintiff Juergens by failing to require that the person closing the mortgage loan to provide Plaintiff Juergens prior to the closing of the mortgage loan a settlement statement as required pursuant to the Real Estate Settlement Procedures Act, 12 U.S.C. §2601, et seq., and any disclosure required by the Truth in Lending Act, 15 U.S.C. §1601, et seq., in violation of D.C. Code §26-1114 (a) (7).

212.    As a direct and proximate result of the First Mount Vernon Defendants and Defendant Duncan's violations of D.C. Code §26-1151.01, et seq., Plaintiff Juergens suffered damages, including, but not limited to, the loss of the use of the funds unlawfully converted by the First Mount Vernon Defendants and Defendant Duncan.

WHEREFORE, Plaintiff Mary Juergens respectfully requests this Honorable Court to enter an Order awarding her $1,000,000.00 in compensatory damages, $10,000,000.00 in punitive damages, attorneys' fees, interest and court costs against Defendant First Mount Vernon Industrial Loan Association Incorporated, Defendant First Mount Vernon Mortgage, L.L.C. and Defendant Dale E. Duncan, jointly and severally, as well as any other relief required in the interest of justice.

**Count XXVI – Violation D.C. Code §26-1151.01, et seq.**
**(Mortgage Loan Protection Act)**
**(First Mount Vernon Defendants and Defendant Duncan)**

213.    The allegations contained in Paragraphs 1-12 and 44-65 of the instant Complaint are

incorporated herein as if fully stated.

214.    D.C. Code §26-1151.01 (7) (A) defines the term "covered loan" as

> a mortgage loan, secured by property located in the District (including an open-end line of credit, but not including a mortgage loan insured or guaranteed by a state or local authority, the District of Columbia Housing Finance Agency, the Federal Housing Administration, or the Department of Veteran Affairs, or a reverse mortgage transaction), in which the terms of the mortgage loan exceed one or more of the following thresholds:

> (i)    The loan is secured by a first mortgage on the borrower's principal dwelling and the annual percentage rate at closing will exceed by more than 6 percentage points the yield on United States Treasury securities having comparable periods of maturity to the loan maturity measured as of the 15th day of the month immediately preceding the month in which the application for the residential mortgage loan is received by the creditor;

> (ii)    The loan is secured by a junior mortgage on the borrower's principal dwelling and the annual percentage rate at closing will exceed by more than 7 percentage points the yield on United States Treasury securities having comparable periods of maturity to the loan maturity measured as of the 15th day of the month immediately preceding the month in which the application for the residential mortgage loan is received by the creditor; or

> (iii)    The origination/discount points and fees payable by the borrower at or before loan closing exceed 5% of the total loan amount.

215.    At all relevant times, the First Mount Vernon Defendants and Defendant Duncan were

"lenders," as defined in D.C. Code §26-1151.01 (11), who entered into a conspiracy in which

they extended a "covered loan" to Plaintiff Juergens that violated D.C. Code §26-1151.01, et seq

by

A.      failing to send Plaintiff Juergens a "Red Flag Warning Disclosure Notice" at least three business days prior to the closing of the loan in violation of D.C. Code §26-1152.11; and

B.      failing to advise Plaintiff Juergens of her right to obtain counseling in connection with the loan, in violation of D.C. Code §26-1152.19.

216.    As a direct and proximate result of the First Mount Vernon Defendants and Defendant Duncan's violations of D.C. Code §26-1151.01, et seq., Plaintiff Juergens suffered damages, including, but not limited to, the loss of the use of the funds unlawfully converted by the First Mount Vernon Defendants and Defendant Duncan.

217.    D.C. Code §26-1153.01 provides a civil remedy for violation of D.C. Code §26-1151.01, et seq. including

a.      Reformation of the "covered loan" to correct or remove an unfair term or a term obtained in violation of D.C. Code §26-1151.02;

b.      Actual damages;

c.      Injunctive relief;

d.      Reasonable attorneys' fees and costs; and

e.      Statutory damages.

218.    Because the First Mount Vernon Defendants and Defendant Duncan engaged in a "systematic pattern of practices" and acted in violation of D.C. Code §26-1151.02 and subchapter II of D.C. Code §26-1152.01, et seq., Plaintiff Juergens is entitled to statutory damages pursuant to D.C. Code §26-1153.01 (c) (5).

WHEREFORE, Plaintiff Mary Juergens respectfully requests this Honorable Court to enter an Order awarding her $1,000,000.00 in compensatory damages, $10,000,000.00 in punitive damages, attorneys' fees, interest and court costs against Defendant First Mount Vernon

Industrial Loan Association Incorporated, Defendant First Mount Vernon Mortgage, L.L.C. and Defendant Dale E. Duncan, jointly and severally, as well as any other relief required in the interest of justice.

**Count XXVII – Violation of D.C. Code §28-3904 (e, f, q and r)**
**(Unlawful Trade Practice Act)**
**(First Mount Vernon Defendants and Defendant Duncan)**

219.    The allegations contained in Paragraphs 1-12 and 44-65 of the instant Complaint are incorporated herein as if fully stated.

220.    Pursuant to D.C. Code §28-3901 (2), Plaintiff Juergens was a "consumer" at all relevant times.

221.    Pursuant to D.C. Code §28-3901 (3), the First Mount Vernon Defendants and Defendant Duncan were "merchants" at all relevant times.

222.    Pursuant to D.C. Code §28-3901 (7), the loan that the First Mount Vernon Defendants and Defendant Duncan extended to Plaintiff Juergens was a "good" or a "service."

223.    The First Mount Vernon Defendants and Defendant Duncan violated D.C. Code §28-3904 (e) by misrepresenting a material fact that had a tendency to mislead Plaintiff Juergens, specifically, that Plaintiff Juergens would receive, as proceeds of the loan, approximately $190,000.00 at closing, less reasonable settlement costs.

224.    The First Mount Vernon Defendants and Defendant Duncan violated D.C. Code §28-3904 (f) by failing to state a material fact if such failure tends to mislead, specifically that Plaintiff Juergens would not receive, as proceeds of the loan, all that the First Mount Vernon Defendants and Defendant Duncan promised Plaintiff Juergens that she would receive.

225.    The First Mount Vernon Defendants and Defendant Duncan violated D.C. Code §28-3904 (q) by failing to supply Plaintiff Juergens with a copy of her alleged indebtedness.

226.    The First Mount Vernon Defendants and Defendant Duncan's misrepresentations of material facts, or alternatively, their failure to state material facts, were made with knowledge that they were false, or alternatively, that the omission would create a false understanding in Plaintiff Juergens' mind.

227.    Plaintiff Juergens justifiably relied on the First Mount Vernon Defendants and Defendant Duncan's misrepresentations and/or failures to state material facts when she entered into the $250,000.00 loan.

228.    The First Mount Vernon Defendants and Defendant Duncan's conduct and actions with regard to Plaintiff Juergens' loan constitutes "unfair and deceptive practices" within the meaning set forth in D.C. Code §28-3901, et seq.

229.    The First Mount Vernon Defendants and Defendant Duncan each agreed, explicitly or tacitly, to participate with other Defendants in the acts alleged above, and their acts were in furtherance of a common scheme to wrongfully divest Plaintiff Juergens of the use of the expected proceeds from her $250,000.00 loan for Defendants' financial gain.

230.    Each of the Defendants' acts alleged above aided the other Defendants, and was in furtherance of a common scheme to wrongfully divest Plaintiff Juergens of the use of the expected proceeds from her $250,000.00 loan for Defendants' financial gain.

231.    As a direct and proximate result of Plaintiff Juergens of the use of the expected proceeds from her $250,000.00 loan for Defendants' financial gain.

232.    As a direct and proximate result of the First Mount Vernon Defendants and Defendant Duncan's violations of D.C. Code §28-3901, et seq., Plaintiff Juergens suffered damages, including, but not limited to, the loss of the use of the funds unlawfully converted by the First Mount Vernon Defendants and Defendant Duncan.

233.    The First Mount Vernon Defendants and Defendant Duncan's violations of D.C. Code §28-3901, et seq. were intentional, willful and wanton, and justify the imposition of treble and punitive damages.

WHEREFORE, Plaintiff Mary Juergens respectfully requests this Honorable Court to enter an Order awarding her $1,000,000.00 in compensatory damages, $10,000,000.00 in punitive damages, attorneys' fees, interest and court costs against Defendant First Mount Vernon Industrial Loan Association Incorporated, Defendant First Mount Vernon Mortgage, L.L.C. and Defendant Dale E. Duncan, jointly and severally, as well as any other relief required in the interest of justice.

### Count XXVIII – Violation D.C. Code §28-4601, et seq.
### (Consumer Credit Service Organization Act)
### (First Mount Vernon Defendants and Defendant Duncan)

234.    The allegations contained in Paragraphs 1-12 and 44-65 of the instant Complaint are incorporated herein as if fully stated.

235.    Pursuant to D.C. Code §28-4601 (1), Plaintiff Juergens was a "consumer" at all relevant times since she was solicited to purchased or actually purchased the services of a consumer credit service organization.

236.    Pursuant to D.C. Code §28-4601 (2), the First Mount Vernon Defendants and Defendant Duncan were all a "consumer credit service organization" at all relevant times since they sold, provided, performed or represented that they sold, provided or performed, in return for the payment of money or other valuable consideration,

A.    an extension of credit for Plaintiff Juergens and

B.    advice or assistance to Plaintiff Juergens regarding any matter related to her personal, household or family credit.

45

237.    The First Mount Vernon Defendants and Defendant Duncan all violated D.C. Code §28-4601, et seq. by making and using false and misleading representations, failing to disclose material facts, and directly or indirectly engaging in acts and in a course of business to defraud or deceive Plaintiff Juergens in violation of D.C. Code §28-4603 (4), with respect to the $250,000.00 loan.

238.    As a direct and proximate result of the First Mount Vernon Defendants and Defendant Duncan's violations of D.C. Code §28-4601, et seq., Plaintiff Juergens suffered damages, including, but not limited to, the loss of the use of the funds unlawfully converted by the First Mount Vernon Defendants and Defendant Duncan.

239.    The First Mount Vernon Defendants and Defendant Duncan's violations of D.C. Code §28-4601, et seq. were intentional, willful and wanton, and justify the imposition of treble and punitive damages and an award of attorneys' fees pursuant to D.C. Code §28-4607 (c).

WHEREFORE, Plaintiff Mary Juergens respectfully requests this Honorable Court to enter an Order awarding her $1,000,000.00 in compensatory damages, $10,000,000.00 in punitive damages, attorneys' fees, interest and court costs against Defendant First Mount Vernon Industrial Loan Association Incorporated, Defendant First Mount Vernon Mortgage, L.L.C. and Defendant Dale E. Duncan, jointly and severally, as well as any other relief required in the interest of justice.

### Count XXIX – Respondeat Superior
### (First Mount Vernon Defendants)

240.    The allegations contained in Paragraphs 1-12, 44-65 and 174-239 of the instant Complaint are incorporated herein as if fully stated.

241.    At all relevant times, Defendant Duncan was the agent, servant or employee of the First Mount Vernon Defendants and Defendant Duncan who was acting within the scope of his employment.

242.    Therefore, under the doctrine of respondeat superior, the First Mount Vernon Defendants are responsible for Defendant Duncan's tortuous conduct.

WHEREFORE, Plaintiff Mary Juergens respectfully requests this Honorable Court to enter an Order awarding her $1,000,000.00 in compensatory damages, $10,000,000.00 in punitive damages, attorneys' fees, interest and court costs against Defendant First Mount Vernon Industrial Loan Association Incorporated and Defendant First Mount Vernon Mortgage, L.L.C., jointly and severally, as well as any other relief required in the interest of justice.

### Count XXX – Set Aside Deeds and Deed of Trust, Quiet Title and Declaratory Relief (First Mount Vernon Defendants and Defendant Duncan)

243.    The allegations contained in Paragraphs 1-12, 44-65 and 174-242 of the instant Complaint are incorporated herein as if fully stated.

244.    The First Mount Vernon Defendants and Defendant Duncan extended a loan to Plaintiff Juergens through fraud and without the formalities required for a lawful deed transfer or loan document.

WHEREFORE, Plaintiff Mary Juergens respectfully requests this Honorable Court to enter an Order declaring the loan documents associated with the $250,000.00 loan referenced in the instant Complaint *void ab initio*, and declaring that Plaintiff Juergens' 1230 23rd Street, N.W., Apt. 505 property is free and clear of any mortgage or other encumbrance on her property and quieting title to the 1230 23rd Street, N.W., Apt. 505 property in Plaintiff Juergens' name.

## Count XXXI – Injunctive Relief
### (First Mount Vernon Defendants and Defendant Duncan)

245.    The allegations contained in Paragraphs 1-12, 44-65 and 174-244 of the instant Complaint are incorporated herein as if fully stated.

246.    As previously described, the First Mount Vernon Defendants and Defendant Duncan have conspired and perpetrated a scheme through which they have extended a loan to Plaintiff Juergens through fraud and without the formalities required for a lawful deed transfer or loan document.

247.    Since Defendants' actions involve Plaintiff Juergens' home, there may not be any adequate remedy at law.

WHEREFORE, Plaintiff Mary Juergens respectfully requests this Honorable Court to enter an Order permanently enjoining

A.    Defendant First Mount Vernon Industrial Loan Association Incorporated, Defendant First Mount Vernon Mortgage, L.L.C. and Defendant Dale E. Duncan from conveying, borrowing against, or otherwise encumbering Plaintiff Juergens' property located at 1230 23rd Street, N.W., Apt. 505 in order to prevent a further cloud on the title to this property;

B.    enjoining Defendant First Mount Vernon Industrial Loan Association Incorporated, Defendant First Mount Vernon Mortgage, L.L.C. and Defendant Dale E. Duncan from instituting any foreclosure or eviction proceedings with respect to Plaintiff Juergens' property located at 1230 23rd Street, N.W., Apt. 505; and

C.    enjoining anyone who received any legal or equitable interest in Plaintiff Juergens' property located at 1230 23rd Street, N.W., Apt. 505 from Defendant

First Mount Vernon Industrial Loan Association Incorporated, Defendant First Mount Vernon Mortgage, L.L.C. and Defendant Dale E. Duncan from further conveyance, encumbrance or similar transaction involving this property, including any foreclosure or eviction proceedings;

and also enter an Order

A.      enforcing Plaintiff Juergens' rescission rights with respect to the loan concerning the property located at 1230 23rd Street, N.W., Apt. 505;

B.      voiding the loan concerning the property located at 1230 23rd Street, N.W., Apt. 505; and

C.      granting any further relief as the Court deems just and proper.

### Count XXXII – Demand for an Accounting
### (First Mount Vernon Defendants and Defendant Duncan)

248.    The allegations contained in Paragraphs 1-12, 44-65 and 174-247 of the instant Complaint are incorporated herein as if fully stated.

249.    As previously described, Defendant First Mount Vernon Industrial Loan Association Incorporated, Defendant First Mount Vernon Mortgage, L.L.C. and Defendant Dale E. Duncan have conspired and perpetrated a scheme through which they have extended a loan to Plaintiff Juergens through fraud and without the formalities required for a lawful deed transfer or loan document.

250.    Since Defendants' have converted funds belonging to Plaintiff Juergens with respect to her loan, Plaintiff Juergens does not have any way to account for the payments and/or disbursals made with respect to this loan.

WHEREFORE, Plaintiff Mary Juergens respectfully requests this Honorable Court to enter an Order requiring Defendant First Mount Vernon Industrial Loan Association

49

Incorporated, Defendant First Mount Vernon Mortgage, L.L.C. and Defendant Dale E. Duncan

to provide an accounting of all funds disbursed or received with regard to the loan to Plaintiff

Juergens and granting any further relief as the Court deems just and proper.

Respectfully submitted,

J.P. Szymkowicz (#462146)
John T. Szymkowicz (#946079)
SZYMKOWICZ & SZYMKOWICZ, LLP
1220 19th Street, N.W., Suite 400
Washington, DC 20036-2438
(202) 862-8500

Attorney for Plaintiff Mary Juergens

## JURY DEMAND

Plaintiff Mary Juergens demands trial by jury as to all issues so triable.

J.P. Szymkowicz (#462146)