IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MARY JUERGENS, | * | |
| Plaintiff, | * | |
| v. | * | Case No.: 1:06CV01524 (CKK) |
| URBAN TITLE SERVICES, LLC, et al., | * | |
| Defendants. | * | |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF THE MOTION TO DISMISS OF
<u>DEFENDANT, FIRST MOUNT VERNON INDUSTRIAL LOAN ASSOCIATION, INC.</u>**

Defendant, First Mount Vernon Industrial Loan Association, Inc., by and through its undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6) and LCvR 7, hereby provides its Memorandum Of Points And Authorities in support of the Motion To Dismiss.

I. <u>STATEMENT OF THE CLAIMS</u>

On August 29, 2006, Mary Juergens filed the instant lawsuit against multiple Defendants alleging, in essence, that she had been injured in two (2) separate and distinct real estate financing transactions involving real property located at 1230 23rd Street, N.W., Apartment 505, Washington, D.C. 20037. Thereafter, Ms. Juergens filed an Amended Complaint on October 25, 2006.

The claims against First Mount Vernon Industrial Loan Association, Inc. ("FMVILA") are for breach of contract, conversion, fraud, conspiracy, violations of five (5) separate District of Columbia statutes, as well as *respondeat superior*. In addition,

Plaintiff seeks to set aside a deed and gain injunctive relief, including an accounting. See Amended Complaint at 33-50.[1]

In framing her laundry list of claims, Ms. Juergens purports to recite the facts which, in reality, are contradicted by the very documents which supported the August, 2005 transaction whereby she borrowed funds from FMVILA in a commercial loan transaction which was consistent with the governing legal principles.[2] Ms. Juergens alleges that she never intended for her loan to be a commercial loan made to a Limited Liability Corporation which was created to take title to her property. See First Amended Complaint, ¶¶ 37-49. She further alleges that she had no connection with the Commonwealth of Virginia and that having executed the loan documents on August 31, 2005, she then orally reneged on the entire transaction. See First Amended Complaint, ¶¶ 50, 53-55.[3]

---

[1] Plaintiff has, inexplicitly, sought to join purported claims against two entirely different sets of Defendants pertaining to two entirely different transactions, one in October, 2003 and the other in August, 2005. Pursuant to Fed. R. Civ. P. 21, if the claims against FMVILA are not dismissed, they must be severed from the claims arising out of the October, 2003 transaction which pertain to Defendants Urban Title Services, Inc., William Kenney, Robert William Carney and Paul Erb and this Defendant moves for that relief, in the alternative.

[2] In support of this Motion To Dismiss, FMVILA attaches copies of certain of the documents which the Plaintiff executed in connection with the underlying loan transaction. Since the loan transaction and certain of the documents are referenced in the First Amended Complaint, the exhibits attached to this Motion do not constitute matters outside the pleadings and are properly within the scope of a Rule 12(b)(6) motion to dismiss. See 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1327 at 762-63 (1990) ("When plaintiff fails to introduce a pertinent document as part of his pleading, defendant may introduce the exhibit as part of his motion attacking the pleading."); see also *Feinman v. Schulman Berlin & Davis*, 677 F.Supp. 168, 170 n. 3 (S.D.N.Y. 1998) (document referred to in pleadings but not attached thereto is properly considered in a motion to dismiss).

[3] The loan transaction documents also reflect that Defendant Duncan appears to have acted as the settlement agent and was not the individual with whom Ms. Juergens had her initial contact with respect to the commercial loan she obtained from FMVILA.

Ms. Juergens also asserts that even though she accepted the benefits of the loan transaction, including $95,000.00 in cash and the pay-off of her $60,000.00 first mortgage and took no action from September, 2005, she did not receive a written explanation as to the disposition of the remaining loan proceeds and that the loan transaction itself violated various District of Columbia statutes.  See First Amended Complaint, ¶¶ 57-64.

While it is accurate that Ms. Juergens made application for a loan, she did so claiming an address in Falls Church, Virginia and sought the loan for refinancing of a "business/investment".  See Uniform Residential Loan Application (8/30/05) (Exhibit 1; attached hereto).  The commercial loan transaction was memorialized by a HUD-1 and Ms. Juergens signed an Acknowledgment Of Receipt Of Settlement Statement, both individually and as a member of 1230 23rd Street, LLC.  See HUD-1 with Acknowledgment (Exhibit 2; attached hereto).  Ms. Juergens also signed a Balloon Deed Of Trust Note and a Commercial Loan Balloon Deed Of Trust, each of which specifically made reference to the fact that the transaction was pursuant to D.C. Code § 28-3301.  See Balloon Deed Of Trust Note (Exhibit 3; attached hereto), Commercial Loan Balloon Deed Of Trust (Exhibit 4; attached hereto).[4]

---

[4] The loan transaction of August 31, 2005 generated additional documents but there is no document reflecting Ms. Juergens' alleged cancellation. Moreover, at the time of the transaction, there is no dispute that FMVILA was licensed by the District of Columbia. *See* Government of the District of Columbia License No. MLP1552 (Exhibit 5; attached hereto).

II.  ARGUMENT

A.  Plaintiff's Statutory Claims Fail, As A Matter Of Law, Since She Knowingly Entered Into A Commercial Loan Transaction

Plaintiff has raised claims under various of the District of Columbia statutes governing lending in Counts XXIV-XXVIII.  Given the commercial nature of the loan transaction placed at issue, each of these claims fails.  See Exhibits 3-4.

In Count XXIV, Plaintiff argues violations of D.C. Code § 26-901.  This claim fails, as a matter of law, because the subject transaction was exempt pursuant to §§ 910 and 912.  Section 26-910(a) states "Nothing contained in this chapter shall be held to apply to the legitimate business of national banks, licensed bankers, licensed mortgage brokers, licensed mortgage lenders ... ."  FMVILA was a licensed District of Columbia mortgage lender.  See Exhibit 5.  In addition, pursuant to § 260912(a)(1), loans to a corporation are expressly excluded from coverage.  Here, the loan was made to a limited liability Virginia corporation.  See Exhibits 1-4.

The claim contained in Count XXV under D.C. Code § 26-1101 fails, as a matter of law, because that set of provisions applies to a "borrower" defined as "a person who submits an application for a loan secured by first or subordinate mortgage or deed of trust on a single to four family home to be occupied by the borrower as the borrower's primary residence".  See D.C. Code § 26-1101(1).  Here, the Plaintiff made a commercial loan on a property which was not her primary residence.  See Exhibit 1 (application referring to an "investment" property).

In Count XXVI, Plaintiff alleges a violation of D.C. Code § 26-1151.01 for failure to have a Red Flag Warning Disclosure Notice.  Once again, because the nature of the

loan transaction at issue was commercial, this provision cannot apply because it pertains to "mortgage loans" defined to encompass loans on a residential property to be used as the borrower's principal dwelling.  See D.C. Code § 26-1151.01(14)(A)(I)-(iii).

The unlawful trade practice claim under D.C. Code § 28-3904 in Count XXVII does not apply since these provisions apply to "consumer" transactions and the loan at issue was, demonstrably, a commercial loan.

Finally, in Count XXVIII, Plaintiff alleges a cause of action under D.C. Code § 28-4601.  This section sets forth prohibited actions involving consumer credit service organizations.  Pursuant to § 28-4601(2)(D)(I), a consumer credit service organization does not include "... [a]ny person authorized to make a loan or extension of credit under the laws of the District of Columbia ...".  FMVILA was so authorized and licensed under the laws of the District of Columbia.  See Exhibit 5.

Accordingly, none of the statutory claims relied on by the Plaintiff can succeed, as a matter of law, and should be dismissed, with prejudice.

B.   The Breach Of Contract And Conversion Claims Fail As A Matter Of Law

In ¶¶ 174-176 of the Amended Complaint, Plaintiff alleges a breach of contract because she claims that she did not receive the full proceeds of the $250,000.00 loan.  However, the HUD-1 Settlement Statement, Line 1303, provided a sum of $67,526.31 as the "Escrow for interest Reserve to First Mount Vernon ILA."  See Exhibit 2.  By virtue of this agreed-upon procedure, Ms. Juergens escrowed the sums necessary to make the monthly payments on her $250,000.00 loan.  Having agreed to set up this escrow and having permitted the payment of her monthly note obligations from that escrow for many months, Plaintiff has no basis for a claim that any agreement was

breached. Plaintiff clearly accepted the benefits of the transaction. These facts also demonstrate that the claims for conversion (Count XXI) fail as a matter of law. Therefore, Counts XX and XXI should be dismissed, with prejudice.

  C. The Claim For Fraud In Count XXII Fails, As A Matter Of Law

In Count XXII, Ms. Juergens purports to allege a claim of fraud, claiming that the amount she would receive at settlement was misrepresented and that she had been directed to move out of the property and to state that she lived in Virginia. See Amended Complaint, ¶¶ 181-183.

Nowhere in her Amended Complaint does the Plaintiff allege that she was operating under a disability or otherwise was coerced into signing the various loan documents which supported the transaction of August 31, 2005. The signature of a person on a contract with the opportunity to read the document binds that person to the obligations created therein. See Paterson v. Reeves, 113 U.S. App. D.C. 74, 304 F.2d 950 (D.C. 1962).

By virtue of the documentation underlying the subject loan transaction, Ms. Juergens agreed to escrow the net amount of the loan for her future monthly payments and, therefore, knew or should have known that the amount of cash she would receive at closing would not include that escrowed sum. Thus, there was no concealment and, therefore, no misrepresentation with regard to the "cash" she was to receive at the time of closing.

The allegations concerning the "direction" given to the Plaintiff do not state a viable cause of action in fraud in the absence of any viable claim of duress. The nature of the loan transaction was expressly set out in documents signed by the Plaintiff.

- 6 -

Accordingly, Count XXII should be dismissed, with prejudice.[5]

D.    The Equitable Relief Claims Fail, As A Matter Of Law

Plaintiff's claims for equitable relief as set forth in Counts XXX-XXXII are each dependent upon the claims of wrongdoing purportedly set forth in the preceding claims. Given the Plaintiff's failure to plead any viable claims of wrongdoing, the dependent equitable requests also fail.

Moreover, the request to set aside the note, deed of trust and to quiet title cannot be granted in the absence of the property owner and borrower 1230 23rd Street, LLC, which is not presently a party to this action.  See Clackamus County v. McKay, 94 U.S. App. D.C. 108, 219 F.2d 479, 491 (1954).

## CONCLUSION

For all of the foregoing reasons, Defendant, First Mount Vernon Industrial Loan Association, Inc., respectfully prays that each of the claims asserted against it be dismissed, with prejudice.

---

[5] The lack of merit to the claims of fraud and conversion require that the civil conspiracy claims (Count XXIII) also be dismissed, as a matter of law. Under the law of the District of Columbia, there is no separate tort of civil conspiracy. *See Waldon v. Covington*, 415 A.2d 1070, 1074 n. 14 (D.C. 1980). Therefore, without an underlying tort, there can be no conspiracy claim. Similarly, Count XXIX for *"respondeat superior"* fails given the lack of merit to the allegations of any wrongdoing as against Defendant Duncan.

- 7 -

Respectfully submitted,

JORDAN COYNE & SAVITS, L.L.P.

By: /s/ David P. Durbin
David P. Durbin  #928655
1100 Connecticut Avenue, NW
Suite 600
Washington, DC  20036
(202) 496-2804
Fax:  (202) 496-2800
E-mail:  d.durbin@jocs-law.com

Counsel for Defendant, First Mount Vernon
Industrial Loan Association, Inc.