# EXHIBIT 3



# BALLOON DEED OF TRUST NOTE

### First Trust
## Important Notice

THIS INSTRUMENT CONTAINS A CONFESSION OF JUDGMENT PROVISION THAT CONSTITUTES A WAIVER OF IMPORTANT RIGHTS YOU MAY HAVE AS A DEBTOR AND ALLOWS THE CREDITOR TO OBTAIN A JUDGMENT AGAINST YOU WITHOUT ANY FURTHER NOTICE.

THIS LOAN IS BEING MADE FOR COMMERCIAL OR INVESTMENT PURPOSES PURSUANT TO SECTION 28-3301 OF THE DISTRICT OF COLUMBIA CODE.

Given for money loaned and secured by a Balloon Deed of Trust on **SEE ATTACHED LEGAL DESCRIPTION.** The improvements thereon being known as **1230 23rd Street, Unit 505 and Parking Space 63, Washington, DC 20037.**

Ronald S. Deutsch, Edward S. Cohn, Steven Goldberg, Richard J. Rogers and Richard Solomon, Trustees

---

**$250,000.00**                                                                                      **August 31, 2005**

      FOR VALUE RECEIVED, I, **1230 23rd Street, LLC** (hereinafter known as "Borrower"), promise to pay to the order of FIRST MOUNT VERNON INDUSTRIAL LOAN ASSOCIATION, a Virginia corporation, 6019 Tower Court, Alexandria, Virginia 22304 (hereinafter known as "Noteholder") the sum of **Two Hundred Fifty Thousand Dollars and no/100ths ($250,000.00)**, with interest from the date hereof until paid at the rate of **Eighteen percent (18%) per annum** on the unpaid balance. **However, should this loan ever be in default the interest rate will be increased to Twenty-four percent (24%) per annum for the remainder of the time that this loan is outstanding.** Said principal and interest is payable as follows: Commencing on **October 1, 2005**, and continuing on the 1st day of each and every month thereafter **interest-only payments of $3,750.00, with the entire remaining unpaid balance of principal and interest, if not sooner paid, being due and payable in full on or before September 1, 2007.**

      Each installment when so paid to be applied first to the payment of late charges, second to the payment of interest on the amount of principal remaining unpaid, and the balance thereof to be credited to the principal.

      And it is expressly agreed that if default be made in the payment of any one of the aforesaid installments when and as the same shall become due and payable, then and in that event, the unpaid balance of the aforesaid principal sum and accrued interest shall at the option of the holder hereof at once become and be due and payable. Borrower shall be responsible for all costs of collections, including without limitation, court costs, attorney's fees of at least 20% of the outstanding indebtedness under this Note and all other costs of collection to the extent not prohibited by applicable law. Additionally, **in the event of Default and at the sole discretion**

of the Lender, if said note is modified, extended or default cured, there shall be an administrative / reinstatement fee equal to two and one-half percent (2.5%) of the principal balance and all outstanding interest and penalties. If the Noteholder has not received the full amount of any payment including the balloon payment by the end of five (5) calendar days after the date it is due, a late fee shall apply as follows: A **late fee of $650.00** shall become immediately due if payment is not received by the Noteholder by the 5th day of any month. **IN ADDITION, A TEN PERCENT (10%) LATE FEE SHALL BE PAYABLE ON THE PRINCIPAL BALLOON PAYMENT, SHOULD THE BORROWER NOT PAY SAID AMOUNT WITHIN FIVE (5) DAYS OF DUE DATE.** Borrower shall also be responsible for the payment of Twenty-Five Dollars ($25.00) for each check that, upon presentment, is returned unpaid from the Lender.

The Maker(s) agree, upon any default hereunder, to pay all costs of collection as set forth above, and severally waive the benefits of any exemption now or hereafter allowed it by law insofar as such exemption may lawfully be waived. In the event the Noteholder accepts a Deed in Lieu of Foreclosure, such acceptance shall only satisfy the amount of unpaid principal outstanding and Noteholder reserves the right to collect all interest, fees and other charges outstanding at the time of such acceptance. If permitted by law, and if, under its terms, this Note is in default, the Maker hereof constitutes and appoints the attorney of said **First Mount Vernon Industrial Loan Association** with power of substitution its duly constituted attorney-in-fact for the purpose of confessing judgment against Maker for any amounts required to be paid pursuant to the Note, including costs of collection as set forth above. Said attorney is hereby authorized to confess judgment on behalf of Maker for such amounts not paid in compliance with the terms of this Note. Further, Maker does hereby constitute and appoint said attorney to confess judgment on behalf of Maker for immediate possession of the premises in any Court of **The District of Columbia** having jurisdiction and hereby ratifies and confirms the acts of said attorney in fact as fully as if done in person.

Upon the nonpayment of this Note or any part thereof, at maturity, the Maker(s) hereby authorize and empower any Clerk of any Court of record in **The District of Columbia** or elsewhere, to enter judgment by confession, on or after maturity, against the undersigned, in favor of **First Mount Vernon Industrial Loan Association**, its successors and assigns or legal holder, for the full amount of the indebtedness then due hereon, interest and costs, as well as reasonable attorney's fees as set forth herein, expressly waiving summons and other process, and does hereby further consent to the immediate execution of said judgment.

**There shall be a 3% prepayment penalty during the first year of this loan. Should borrower prepay, or cause this loan to become due prior to maturity through default, interest may be recalculated using a method (the Rule of 78's) which could result in additional interest being due. There shall be an exit fee equal to one percent of the loan amount when this loan is paid in full and released.**

The Borrower and all endorsers and guarantors hereof waive notice of maturity, presentment, protest and notice of protest, notice of non-payment and dishonor.

In the event of any filing under any Chapter of the United States Bankruptcy Code ("bankruptcy proceeding") Noteholder shall be entitled to charge interest on all accrued interest, foreclosure costs, attorney fees (whether incurred as a result of the foreclosure or the bankruptcy proceeding) or other pre-petition arrearage payable pursuant to or through any plan in the

bankruptcy proceeding.  If any post-petition arrearage occurs and those amounts are payable pursuant to or through any plan, Noteholder shall be entitled to charge interest on those amounts the same as if they were pre-petition arrears.  Said interest shall be at the same rate charged under this Promissory Note.

This Note shall be the joint and several obligation of all Borrowers, sureties, guarantors and endorsers, and shall be binding upon them and their heirs, Personal Representatives, successors and assigns.

Any notice to Borrower shall be given by mailing such notice by Certified Mail, Return Receipt Requested, postage prepaid, to Borrower at Borrower's designated address.  Any notice to Noteholder shall be given by mailing such notice by Certified Mail, Return Receipt Requested, postage prepaid, to Noteholder at Noteholder's designated address.

In addition to the protections given to Noteholder under this Note, a Deed of Trust dated this same date, containing additional provisions which are incorporated by referenced herein, protects the Noteholder from possible losses which might result upon Borrower's default.

**IT IS FURTHER AGREED THAT IN THE EVENT THE TITLE OR ANY INTEREST TO THE PROPERTIES CONVEYED BY THE DEED OF TRUST SECURING THIS NOTE SHALL BECOME VESTED IN ANY ONE OTHER THAN THE MAKER(S) HEREOF, IF ADDITIONAL ENCUMBRANCES OR DEEDS OF TRUST ARE RECORDED, OR, IF ANY JUDGMENTS OR LIENS ARE RECORDED AGAINST ANY ONE MAKER, THEN THE ENTIRE BALANCE OF THIS NOTE SHALL IMMEDIATELY BECOME DUE AND PAYABLE.**

**BORROWER HEREBY WAIVES BORROWER'S RIGHT TO HAVE THE PAYMENTS THAT ARE TO BE MADE UNDER THIS AGREEMENT IN SUBSTANTIALLY EQUAL AMOUNTS.**

**BORROWER SPECIFICALLY STATES THAT HE WILL NOT OCCUPY THE PROPERTIES.**

If any provision of this Note is found to violate a particular statute, then only that provision will be appropriately modified and the remaining provisions will stand and are fully enforceable.

Borrower acknowledges that he may now, or in the future may have other loan(s) from Noteholder and that such loan(s) are or will be evidenced by Promissory Notes and that said Notes are or will be secured by Deeds of Trust.  That in consideration for Noteholder making this loan, Borrower understands and agrees that Noteholder may require repayment of sums due on said other loans in order to fully satisfy the within loan.

_____(SEAL)
**1230 23rd Street, LLC**

The person signing below does so for the purpose of acknowledging all terms and obligations of this Note and by so signing, personally guarantees the repayment of all obligations set forth herein as if he is the maker of the this Note.

3

_____ (SEAL)
Mary L. Juergens, Personally


This is to certify that this is the Note
described in a Deed of Trust to the
Trustees named hereon and bearing
even date herewith.  Said Deed of
Trust and Note having been executed
In my presence.


_____
Notary Public
My Commission Expires: 06/30/09

4