IN THE
## UNITED STATES DISTRICT COURT
FOR THE
## DISTRICT OF COLUMBIA
(Civil Division)

| | | |
|---|---|---|
| MARY JUERGENS | ) | |
|     Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| URBAN TITLE SERVICES, LLC | ) | CASE NUMBER: 1:06CV01524 |
| | ) | |
| and | ) | JUDGE: Colleen Kollar-Kotelly |
| | ) | |
| WILLIAM KENNEY | ) | DECK TYPE: General Civil |
| | ) | |
| and | ) | DATE STAMP: |
| | ) | |
| ROBERT WILLIAM CARNEY | ) | |
| | ) | |
| and | ) | |
| | ) | |
| PAUL ERB | ) | |
| | ) | |
| and | ) | |
| | ) | |
| FIRST MOUNT VERNON INDUSTRIAL LOAN | ) | |
| ASSOCIATION INCORPORATED [*sic*] | ) | |
| | ) | |
| and | ) | |
| | ) | |
| FIRST MOUNT VERNON MORTGAGE, L.L.C. | ) | |
| | ) | |
| and | ) | |
| | ) | |
| DALE E. DUNCAN | ) | |
| | ) | |
|     Defendants. | ) | |
| _____ | ) | |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OF CO-DEFENDANTS
FIRST MOUNT VERNON MORTGAGE, L.L.C., AND DALE DUNCAN**

Co-Defendant, First Mount Vernon, L.L.C., a Virginia limited liability company, ("FMVLLC"), and Dale Duncan, by and through undersigned counsel, file this Memorandum of Points and Authorities in support of its Motion to Dismiss the Complaint as to it as follows:

## **FACTS**

FMVLLC and Duncan adopt herein the Facts and references as set forth in their Motion. Salient facts alleged in the Complaint are "Defendant First Mount Vernon Industrial Loan Association Incorporated (sic) [("ILA") is believed to be a Virginia Corporation that is authorized to conduct business in the District of Columbia as a foreign corporation." *Complaint at Par. 6*. Further, Defendant [FMVLLC] is believed to be a Virginia limited liability company that is authorized to conduct business in the District of Columbia as a foreign limited liability company. *Complaint at Par. 7*. Summarily, Plaintiff then states that "Defendant [ILA] and Defendant [FMVLLC] are hereinafter referred to in this Complaint collectively as "the First Mount Vernon Defendants." *Complaint at Par. 8.* :

Prior to any contact with Duncan or "the First Mount Vernon Defendants," all of Plaintiff's activities with the UTS Defendants had already taken place. *Complaint, Par's. 13-44, passim.* Plaintiff alleges that "she went to Defendant Duncan and the First Mount Vernon Defendants" for a loan. *Complaint at Par. 44.* Plaintiff alleges that _she_[1] was urged to borrow a larger sum of money.[2]

---

[1]  Emphasis intended. As will be discussed *infra*, a reason Jurgens' claim cannot proceed as pled is that she was not the borrower under the loan that is the subject matter of the complaint.

[2]  Although it is illogical that a person would borrow approximately $190,000 more to pay off a loan of $60,000 simply upon the urging of a lender, under familiar principles, for purposes of this motion alone, we must accept all facts alleged in the Complaint as true (except where contradicted by Plaintiff's own documents). *In re United Mine Workers of Am. Employee Benefit Plans Litig.,* 854 F. Supp. 914, 915 (D.D.C. 1994); *see also Schuler v. United States,* 617 F.2d 605, 608 (D.C. Cir. 1979). However, the Court need not accept inferences drawn by Plaintiff if such inferences are unsupported by the facts set out in the complaint. Nor must the Court accept legal conclusions cast in the form of factual allegations. *Kowal, et al., v. MCI Communications Corporation, et al.,* 16 F.3d 1272, 1276, citing *Papasan v. Allain,* 478 U.S. 265, 286, 92 L. Ed. 2d 209, 106 S. Ct. 2932 (1986).

Reference is made to a Virginia limited liability company named "1230 23rd Street, LLC" (the "LLC"). Plaintiff alleges that the co-Defendant Duncan registered the LLC *(Complaint at Par. 49)* listing Plaintiff as the registered agent (*Complaint at Par.50).* However, attached hereto as Exhibit 1 is a true and correct copy of the registration mentioned in the Complaint at paragraphs 49 and 50, from the Virginia State Corporation Commission showing that the organizer of the LLC was Plaintiff Juergens herself, and the Certificate of Organization of the LLC.[3]

Plaintiff also states that co-Defendant Duncan "prepared the documents needed to close the $250,000.00 Loan." *Complaint at Par. 53*.[4] Therefore, all such documents prepared in connection with the loan extended to Plaintiff by co-defendant ILA (the "Loan"), may be considered by this honorable Court. *See* FN 3, *supra*. Reference is made hereto to Docket Entry #19, the Motion to Dismiss by co-defendant ILA (the "ILA Motion"), and the attached Memorandum of Law in support thereof (the "ILA Memorandum") and Exhibits of Loan documents thereto [the HUD-1 Settlement Statement, Loan Application, Note and Deed of Trust]. Rather than restate what is set forth therein, FMVLLC incorporates by reference the facts and arguments of the ILA Motion and ILA Memorandum and Exhibits thereto, to the extent that the same may apply to FMVLLC with regard to the various Counts of the Complaint.

---

[3]     Having referred to the document in her Complaint, all such documents may be considered by this honorable Court in evaluating and determining a Motion to Dismiss under Rule 12(b). See, e.g., *Washkoviak v. Student Loan Marketing Ass'n, 900 A.2d 168* (D.C. 2006), where the Court stated:

The trial court's consideration of appellants' promissory notes, which Sallie Mae [Defendant] attached to its motion to dismiss, was insufficient to convert Sallie Mae's 12(b)(6) motion into a motion for summary judgment, because appellants themselves referred to the promissory notes in their original complaint. Courts may consider documents "incorporated in the complaint" when considering a 12(b)(6) motion. *EEOC v. St. Francis Xavier Parochial Sch.,* 326 U.S.App. D.C. 67, 70, 117 F.3d 621,624 (1997).

See *Marshall County Health Care Auth. v. Shalala,* 988 F.2d 1221, 1226 n.6 (D.C. Cir. 1993).

[4]     Plaintiff knew that Duncan was acting solely as the agent of the ILA. *Complaint at Par. 47.*

Therefore, it is undisputed for purposes of this instant Motion that the Loan was made by <u>First Mount Vernon Industrial Loan Association</u> *alone* to <u>1230 23rd Street, LLC</u> *alone*,[5] and not by Plaintiff Juergens individually, or from the co-defendants, FMVLLC or Duncan.  Further, it is undisputed that Plaintiff Juergens and the LLC willingly entered into the transaction.  *See Pars. 57 and 58 of the Complaint*, and that Plaintiff accepted the proceeds of such Loan after allegedly orally attempting to cancel the same.[6]  Attached hereto as Exhibit 2 is a true and correct copy of the advance disbursement check as part of the Loan transaction dated August 31, 2005, which check was deposited by Plaintiff on September 1, 2005, the day *after* the Loan closing.   See and compare *Complaint at Par. 55,* as well as FN6, *supra.*

In addition to the aforementioned Exhibits, Plaintiff Juergens executed a deed of the subject real property of the Complaint (the "Property") to her newly-formed LLC.  Attached hereto as Exhibit 3 is a true and correct copy of the draft deed to Plaintiff's LLC, that was executed and delivered by Plaintiff as part of the Loan transaction, and recorded among the land records of the District of Columbia.  Accordingly, the owner of the Property and the Borrower under the Loan is the LLC, not the Plaintiff Juergens.  The lien of the DOT is a lien encumbering the Property of the LLC, not the Plaintiff Juergens.

Plaintiff Juergens alleges she contracted with all of FMVLLC, ILA and co-Defendant Duncan with respect to the Loan transaction.  *Complaint at Par. 175.*  Such allegation confirms she executed the Loan documents, and that she alleges there is "$95,000.00 ***still*** due Plaintiff Juergens from the proceeds of the [L]oan."  *Complaint at Par. 176.*  Accordingly, Plaintiff

---

[5]   Plaintiff Juergens signed as an individual guarantor of the instrument.
[6]   *Complaint, Par. 55.*  Compare the allegations of paragraph 60 of the Complaint with the HUD-1 settlement statement of the Loan signed by both Plaintiff and the LLC, itemizing the source and application of all Loan Proceeds.

Juergens ratifies that she willingly entered into the Loan transaction, and executed the Loan documents she alleges were drafted by Duncan (the "Documents").

From those Documents, attached hereto is: (i) a "Notice to Applicant for a Mortgage Loan Commercial Loan Disclosure" as Exhibit 4; (ii) a "Financing Agreement" as Exhibit 5; (iii) a Closing Agent Acknowledgement as Exhibit 6; (iv) a "Borrower Affidavit" as Exhibit 7; and (v) a copy of Plaintiff Juergens' passport to prove her presence at closing as Exhibit 8.  The Loan closing took place in the Commonwealth of Virginia.

## DISCUSSION

When one views the comparatively massive Complaint, one may characterize this as a "case in search of a cause of action."  In simplest terms, Ms. Juergens arranges a financing transaction, makes written representations of facts to the lender on which the lender relies, cashes the disbursements check[7] of $95,000, and when the money is gone, claims that she should not have made the representations she made and that the loan should be forgiven because she alleges she was unaware of the content of the documents she admittedly signed.

It is undisputed from the facts of the Complaint on its face that the borrower in this transaction is the **LLC**, not Ms. Juergens.  Ms. Juergens admits the LLC was formed (although she seems to have forgotten executing the Articles of Organization), and that she executed the Loan Documents.  By definition, a loan to a limited liability company cannot be a personal loan, and an LLC does not meet the definition of a consumer or a borrower to which the various Acts cited by Plaintiff in the Complaint apply.

---

[7]  An additional disbursement amount of $5,447.90 was made with the consent of the LLC and Ms. Juergens.  See line 1303

Indeed, even if the LLC were not the Borrower, it is clear from the Loan Documents that this is a commercial loan transaction. The second full paragraph of the NOTE has in BOLD 12pt type letters:

**THIS LOAN IS BEING MADE FOR COMMERCIAL OR INVESTMENT PURPOSES PURSUANT TO SECTION 28-3301 OF THE DISTRICT OF COLUMBIA CODE.**

The first top paragraph of the Deed of Trust after the title of the document states, in 14pt bold type:

**THE LOAN SECURED BY THIS DEED OF TRUST HAS BEEN MADE FOR COMMERCIAL OR INVESTMENT PURPOSES PURSUANT TO SECTION 28-3301 OF THE DISTRICT OF COLUMBIA CODE**

Exhibit 4's title itself is notification to the Borrower:

**NOTICE TO APPLICANT FOR A
MORTGAGE LOAN
COMMERCIAL LOAN DISCLOSURE**

DO NOT SIGN THIS FORM UNTIL YOU HAVE CAREFULLY READ IT AND UNDERSTAND ITS CONTENTS[8]

Similarly, in the Borrower Affidavit (Exhibit 7), the Borrower states "I have previously informed [ILA] . . . that the funds from this loan will be used entirely for commercial, business and/or investment purposes and I understand that the document for this loan have been prepared based upon those representations."

As cited in the ILA Memorandum, the law of the District of Columbia is that a party not otherwise under an impairment, is responsible for a document he, she, or it signs if provided opportunity to have read it. *Patterson v. Reeves,* 113 U.S. App. D.C. 74, 304 F.2d 950 (D.C. 1962).

Curiously in the Complaint, the Plaintiff Juergens does not argue that any of the terms of the Loan as set forth in the Documents is incorrect.[9] Other than the alleged violations of the

---

[8] The first paragraph of Exhibit 4 states "The purpose of this Disclosure is to inform you that by making an application for a mortgage loan which is a commercial loan, you are forfeiting certain rights as a Borrower."
[9] Other than the fact that she executed the Articles of Organization of the LLC.

required disclosures and procedures of the various D.C. Statutory Acts, Counts XX and XXI allege that Ms. Juergens was entitled to more proceeds than she actually received (see *Complaint at Par.'s 17, 178, 56, 67 and 65).* However, it is for Plaintiff to state facts to establish a *prima facie* case that she did not receive that which she was entitled to.

Unfortunately for Plaintiff, any attempt to do so contradicts the terms of the Loan Documents that Plaintiff admits were executed by her individually and on behalf of the LLC. Plaintiff just simply says she thought, on the basis if the representations of co-Defendants, she was going to have a different deal. Such allegations cannot be the basis of a cause of action, because they would require the use of parol evidence to contradict the clear and unambiguous terms of the contract. That is impermissible.

The District of Columbia[10] follows the general rule that the court interprets unambiguous contractual provisions, and "does not consider extrinsic evidence, but finds the intention of the parties in the language used to express their agreement." *E. P. Hinkel & Co. v. Manhattan Co.*, 506 F.2d 201, 204 (D.C. Cir. 1974). See *Indemnity Ins. Co. v. Du Pont,* 292 F.2d 569, 594 (6th Cir. 1961) [unless there is ambiguity in the contract terms, extrinsic evidence is inadmissible]; and *Simmons Refining Co. v. Royal-Globe Ins. Co*, 543 f.2d 1195, 1197 (7th Cir. 1976) [a court may not create ambiguity where none exists].

Not only do the Loan Documents not have any ambiguity, but the Plaintiff's sworn Borrower Affidavit, Exhibit 7 hereto, states in pertinent part:

**_____During the closing process, I will not sign any documents which I do not understand. I further understand that if during the settlement I do not understand any portion of any document I have been asked to sign, First Mount Vernon Industrial Loan Association will permit me to delay settlement for up to two (2) days in order to provide time for me to obtain the services of any of any attorney to answer my questions.**

---

[10]    As to FMVLLC and Duncan, they did not enter into the District of Columbia or engage in any practices therein. All activities with regard to Plaintiff were in the Commonwealth of Virginia. Because the Loan Documents are not those of FMVLLC or Duncan, the applicable law is that of Virginia.

**I[sic] any of the above statements are not correct, I will not sign this document and will so inform the closing agent so that the loan documents can be modified to conform with appropriate Federal and/or State requirements.**

It is hard to imagine what more a lender can do to make sure that a borrower understands the terms of the transaction it is entering into.[11]

The most basic reason that the Complaint should be dismissed for failure to state a claim upon which relief may be granted as to Duncan and FMVLLC is that NEITHER WERE A PARTY TO THE LOAN AGREEMENT. Nowhere in the Loan Documents admittedly executed by Borrower, and for which Plaintiff Juergens accepted the benefits, are FMVLLC or Duncan mentioned. Plaintiff simply did not perform its due diligence, and included FMVLLC and Duncan without any specificity. Addressing the Counts *seriatim*:

<u>Count XX</u>

It is axiomatic that a party cannot be liable on a contract unless it is a party to that contract. Plaintiff refers to the Loan Documents, which clearly exclude FMVLLC and Duncan from liability thereon.[12] Accordingly, as FMVLLC and Duncan did not make the loan or contract with Plaintiff, there is no liability thereon.

Also, the contracting party is the LLC, not the Plaintiff. Plaintiff does not bring this case in the proper person. Rule 17(a) provides that "Every action shall be prosecuted in the name of the real party in interest." No claim of the Borrower or owner of the Property under the Loan Documents can be maintained by Plaintiff Juergens individually unless the LLC is included as a party plaintiff.[13] Indeed, all prayers for compensatory damages on the basis of Counts XX-

---

[11] Indeed, all of the material terms of the Loan are set forth in the one-page Financing Statement attached hereto as Exhibit 5.

[12] Although Plaintiff alleges liability on Duncan as agent for ILA, it is clear that where a disclosed principal exists, the agent is not liable on a contract unless he expressly agrees to such liability.

[13] Although it may be interpreted by some that Juergens wishes to disregard the LLC's entity and the loan documents, in no instance is that pled.

XXXII of the Complaint must be dismissed in that no damages inure to Plaintiff Juergens individually as pled.

In that same vein, the LLC must be added to the Action as needed for a just adjudication. The LLC is the owner of the Property. In the prayer(s) for relief, the Plaintiff asks the Court to void the lien of the deed of trust, and return the Property to Juergen's name. None of the actions complained of by Juergens as pertaining to her can result in the disregard of the LLC and the transfer of the Property. In short, the LLC must be present in the Action for any such relief to be granted. To not have such requirement violates Rule 17.

Count XXI

This count does not apply to FMVLLC or Duncan in that they did not make the Loan, and therefore did not have the capacity to withhold funds from Plaintiff Juergens (assuming solely *arguendo* that she has the ability to bring such action for the true-borrower LLC). They simply did not have the funds in their possession to convert from Plaintiff.

Count XXII

This is a count based on fraud. Again, Plaintiff does not differentiate between ILA and FMVLLC and Duncan, and accordingly, such count must be dismissed as to them. The count must be dismissed, as well, for failure to plead with particularity in accordance with Rule 9.

Plaintiff asserts (*Complaint at Par. 181*) that "the First Mount Vernon Defendants and Defendant Duncan made numerous false representations." But that is too vague to sustain a claim for fraud. Who in particular made the alleged representations. For whom? When?

The one statement alleged is that "Plaintiff Juergens would receive cash in the amount of of approximately $190,000.00 at closing, less reasonable settlement costs." This also is insufficient to sustain a count of fraud.

In the District of Columbia,[14] to sustain a count of fraud, there must be an intentional or reckless, misrepresentation of a material fact, reasonably relied upon by the Plaintiff, resulting in an injury.  In the District of Columbia, to prove a claim for negligent misrepresentation, the plaintiff must demonstrate that Defendants "made a false statement or omitted a fact that they had a duty to disclose; (2) that it involved a material issue; and (3) that Plaintiff reasonably relied upon the false statement or omission to his detriment for the period of time at issue in the case." *Redmond v. State Farm Insurance Company*, 728 A.2d 1202 (D.C. 1999); *Hall v. Ford Enter. Ltd.,* 445 A.2d 610, 612 (D.C. 1982).

None of that is alleged in the Complaint.  In paragraph 181 of the Complaint, the alleged statement is not one of present fact, but of a future expectation.  It could not have been reasonably relied upon by Plaintiff to her detriment, as the Loan Documents correctly disclosed all of the sums she would receive, and she executed the same willingly.

In paragraph 182, those facts do not set out a case for fraud.  There was no specific duty owed by FMVLLC or Duncan to Plaintiff.  In addition, there could not be any reasonable reliance by Plaintiff on the same, as she is the one making the representation to the lender, not the other way around.  Indeed, under the tests enumerated here, it would appear that ILA has a claim of fraud against Plaintiff.  Finally, Plaintiff is equitably estopped from denying her sworn affidavit and Loan Documents.  To not so hold would allow any person making a loan and swearing as to facts to simply lie, keep the proceeds, and say the lender made her do it.

The allegations contained in paragraph 183 of the Complaint do not support a claim for fraud, as whether or not Ms. Juergens is the registered agent of her newly-formed LLC is irrelevant to facts of this case.

---

[14]    Again, as FMVLLC and Duncan did not engage in any activities with regard to the District of Columbia, the law of the Commonwealth of Virginia should apply, not the District of Columbia as to them.

The allegations contained in paragraph 184, 185, and 186 of the Complaint are conclusory in nature and not sufficient particularized to support an action for fraud. That the "true nature" of the loan was not disclosed is too nebulous for FMVLLC or Duncan to respond to. In addition, there could not be any reasonable reliance, as Plaintiff admits receiving and executing the Loan Documents willingly, and does not dispute that the terms of the Loan *from ILA* are correctly reflected therein. As to the latter paragraphs, "these false representations" are not identified. Those that are (i.e., registered agent and amount of cash to be received) could not be reasonably relied upon by the Plaintiff with the full disclosures of the Loan Documents.

Damages Claim Unfounded

Plaintiff does not state a claim upon which relief may be granted in all counts in asking for compensatory damages of $1,000,000.00. Under Rule 11, there is an objective test to every assertion of the pleading. No facts or set of facts have been set out in the counts that, under any conceivable interpretation, could substantiate losses to this Plaintiff of $1,000,000.00 on a $250,000 loan.

Counts XXIV-XXVIII

FMVLLC and Duncan re-assert by reference their adoption of the arguments set forth in the ILA Motion and ILA Memo that relief cannot be granted on these counts as pled. In addition, in paragraph 210 of the Complaint, Plaintiff alleges that a license is needed to be a mortgage broker or mortgage lender under that Act. Such reference does not deny FMVLLC's holding such a license, and accordingly, the same may be considered by the Court. See Exhibit 9 hereto.

More importantly, despite the fact that the various Acts cited by Plaintiff do not apply due a commercial loan, in the instant case, they do not apply to Duncan or FMVLLC, as it is

uncontroverted that both of those parties are not a "lender" or thereunder.  They did not extend credit or take a security interest in the Plaintiff's property, as evidenced by the Loan Documents.  Therefore, they are strangers to the transaction, as currently pled by the Plaintiff Juergens.  Plaintiff simply lumped all parties in together with a view toward sorting it out later.  The same is not permissible or proper.

Count XXIX

This count attempts to hold FMVLLC (along with ILA) responsible for all of the actions of co-defendant Duncan, including those for fraud and breach of contract.  This count must be dismissed for failure to state a claim as too nebulous, as the specific acts supposedly attributable to FMVLLC (as opposed to ILA, the party that made the Loan) are not identified.  As a result, Plaintiff's count appears to hold FMVLLC responsible for all actions of Duncan solely as a result of his being the alleged agent of FMVLLC.  Defendant is at a loss as to how to respond to the same, as no facts are alleged to have been made by Duncan on behalf of FMVLLC to establish whether the same was in his alleged position as agent of FMVLLC, or whether those actions were within the scope of that agency.

Count XXX

As set forth above, these claims cannot be sustained against FMVLLC or Duncan because they were not party to the Loan Transaction, are not in the documents, therefore have no standing to impose or grant a lien or deed, and – most importantly – the owner of the Property, the LLC, is not a party to this action.  The Count fails to state a claim upon which relief can be granted.

Counts XXXI and XXXII

As with Count XXX, FMVLLC and Duncan are not in the Loan Documents, and so do not have any capacity to do any of the actions sought to be enjoined in these Counts, or the capacity to provide an accounting on a Loan they did not make. Also as in Count XXX, Plaintiff lacks proper standing to seek the relief prayed for, as she is not the owner of the Property. Because FMVLLC and Duncan have no relationship to the Loan, these counts enjoining enforcement of the Loan are otherwise inapplicable to them.

Count XXIII

As to the civil conspiracy count, FMVLLC and Duncan adopt the statements of ILA in its Motion and Memorandum.

CONCLUSION

It is clear that, instead of doing proper due diligence, Plaintiff simply included all FMVLLC due to its proximity to ILA, and not on the basis of any actual dealings with the same. Also, the statutory relief prayed-for does not pertain to co-defendant Duncan, as he was merely the settlement agent for the Loan. On close examination, however, it is clear that, as pled, the Complaint fails to state facts or grounds upon which relief can be granted. Accordingly, the Complaint should be dismissed as to them.

Respectfully submitted,

Dated: November 7, 2006

/s/ James M. Towarnicky    .
James M. Towarnicky, #370931
James M. Towarnicky, P.L.L.C.
3977 Chain Bridge Road, Suite #1
Fairfax, VA 22030
Tel. (703) 352-0022
Fax (703) 352-1516
Counsel for Co-Defendants First Mount
Vernon Mortgage, LLC and Dale Duncan

CERTIFICATE OF SERVICE

       I hereby certify that I served a true and correct copy of the foregoing Memorandum in support of Motion on the counsel for the Plaintiff and all other parties having appeared by placing the same in the United States Mail, first class postage prepaid, this 7th day of November, 2006, addressed as follows:

Daniel J. Marino, Esq.  
Sutherland, Asbill & Brennan, LLP  
1275 Pennsylvania Avenue, N.W.  
Washington, D.C. 20004  
Counsel for Defendant Robert William Carney

David P. Durbin, Esq.  
Jordan Coyne & Savits, L.L.P.  
1100 Connecticut Avenue, N.W., #600  
Washington, D.C. 20036  
Counsel for Co-Defendant First Mount Vernon Industrial Loan Association, Inc.

J.P. Szymkowicz, Esq.  
John T. Szymkowicz, Esq.  
Szymkowicz & Szymkowicz, LLP  
1220 19th Street, N.W., Suite #400  
Washington, D.C. 20036-2438  
Counsel for Plaintiff Mary Juergens

                                                      _/s/ James M. Towarnicky_  
                                                      James M. Towarnicky