UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| MARY JUERGENS, | ) |
|       Plaintiff, | ) |
| v. | ) |
| ROBERT WILLIAM CARNEY | ) CIVIL ACTION NO. 1:06-CV-1524 |
| 2844 Powder Mill Road | ) |
| Adelphi, Maryland 20783, | ) JUDGE: Colleen Kollar-Kotelly |
| URBAN TITLE SERVICES, LLC, WILLIAM KENNEY, PAUL ERB, FIRST MOUNT VERNON INDUSTRIAL LOAN ASSOCIATION INCORPORATED, FIRST MOUNT VERNON MORTGAGE, LLC, and DALE E. DUNCAN, | ) |
|       Defendants. | ) |

**ROBERT WILLIAM CARNEY'S ANSWER TO THE AMENDED COMPLAINT**

Defendant Robert William Carney (hereinafter, "Defendant Carney"), by and through counsel, hereby responds to the allegations of the Amended Complaint of Plaintiff Mary Juergens, paragraph by paragraph, as follows:

**Parties**

1. Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

2. Defendant Carney is without knowledge or information sufficient to form a belief as to what Plaintiff believes and, therefore, this allegation is denied.

3. Defendant Carney is without knowledge or information sufficient to form a belief as to what Plaintiff believes and, therefore, this allegation is denied.

4. Defendant Carney is without knowledge or information sufficient to form a belief as to what Plaintiff believes and, therefore, this allegation is denied.

5. Defendant Carney is without knowledge or information sufficient to form a belief as to what Plaintiff believes and, therefore, this allegation is denied.

6. Defendant Carney is without knowledge or information sufficient to form a belief as to what Plaintiff believes and, therefore, this allegation is denied.

7. Defendant Carney is without knowledge or information sufficient to form a belief as to what Plaintiff believes and, therefore, this allegation is denied.

8. No response required.

9. Defendant Carney is without knowledge or information sufficient to form a belief as to what Plaintiff believes and, therefore, this allegation is denied.

## Property at Issue

10. Admitted that Plaintiff's Amended Complaint alleges facts and asserts claims relating to the described property.

## Jurisdiction and Venue

11. Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

12. Defendant Carney admits that venue is proper in this Court, but notes that 28 U.S.C. § 1391(a) is technically the applicable provision. Otherwise, denied.

## Background Facts – Urban Title Services, Inc. Transaction

13. Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

-3-

14. Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

15. Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

16. Admitted that George Owen provided $60,000 to fund a loan to Plaintiff in or around October 2003. Defendant Carney otherwise denies this allegation.

17. Admitted that George Owen provided $60,000 to fund a loan to Plaintiff in or around October 2003. Defendant Carney otherwise denies this allegation.

18. Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

19. Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

20. Admitted that a loan to Plaintiff on or about October 2003 was secured by a deed of trust on Plaintiff's condominium unit. Defendant Carney otherwise denies this allegation.

21. Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

22. Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

23. Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

24. Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

25. Denied.

26. Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

27. Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

28. Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

29. Denied that Defendant Carney undertook any of the alleged actions. Otherwise, Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

30. Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

31. Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

32. Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

33. Denied to the extent Plaintiff alleges an act or omission on the part of Defendant Carney in breach of any duty. Otherwise, Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

34. Denied that Defendant Carney made any claim as alleged. As to the other parties named, Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

35. Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

36. Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

37. Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

38. Denied to the extent Plaintiff alleges an act or omission on the part of Defendant Carney in breach of any duty. Whether any such notice was required by D.C. Code § 26-1152.11 is a statement of law to which no response is required, but should a response be deemed necessary, the allegation is denied. Otherwise, Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

39. Denied to the extent Plaintiff alleges an act or omission on the part of Defendant Carney in breach of any duty. What is required by D.C. Code § 26-1152.19 and of whom is a statement of law to which no response is required, but should a response be deemed necessary, the allegation is denied. Otherwise, Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

40. Denied to the extent Plaintiff alleges an act or omission on the part of Defendant Carney in breach of any duty. What is required by D.C. Code § 26-905 and of whom is a statement of law to which no response is required, but should a response be deemed necessary, the allegation is denied. Otherwise, Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

41. Denied to the extent Plaintiff alleges an act or omission on the part of Defendant Carney in breach of any duty. What is required by D.C. Code § 26-905 and of whom is a statement of law to which no response is required, but should a response be deemed necessary,

the allegation is denied. Otherwise, Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

42. Denied to the extent Plaintiff alleges an act or omission on the part of Defendant Carney in breach of any duty. Otherwise, Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

43. Denied that Defendant Carney took the actions or had the intent or malice alleged. Otherwise, Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

## Background Facts – First Mount Vernon Transaction

44. Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

45. Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

46. Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

47. Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

48. Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

49. Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

50. Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

51.     Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

52.     Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

53.     Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

54.     Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

55.     Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

56.     Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

57.     Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

58.     Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

59.     Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

60.     Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

61.     Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

62. Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

63. Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

64. Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

65. Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

### Count I – Breach of Contract
### (Defendant Urban Title Services, Inc. and Defendant Kenney)

66-73. Paragraphs 66 through 73 do not allege any cause of action against Defendant Carney and, therefore, Defendant Carney need not respond. To the extent that a response is deemed necessary, Defendant Carney denies each and every allegation and averment set forth in paragraphs 66 through 73.

### Count II – Conversion
### (Defendant Kenney and Defendant Carney)

74. Defendant Carney incorporates by reference all answers contained in paragraphs 1-43 and makes them a part hereof.

75. Denied.

76. Denied.

### Count III – Fraud
### (Defendant Kenney)

77-83. Paragraphs 77 through 83 do not allege any cause of action against Defendant Carney and Defendant Carney therefore need not respond. To the extent that a

-8-

response is deemed necessary, Defendant Carney denies each and every allegation and averment set forth in paragraphs 77 through 83.

### Count IV – Breach of Fiduciary Duty
### (Defendant Erb)

84-88. Paragraphs 84 through 88 do not allege any cause of action against Defendant Carney and, therefore, Defendant Carney need not respond. To the extent that a response is deemed necessary, Defendant Carney denies each and every allegation and averment set forth in paragraphs 84 through 88.

### Count V – Negligence
### (Defendant Erb)

89-93. Paragraphs 89 through 93 do not allege any cause of action against Defendant Carney and, therefore, Defendant Carney need not respond. To the extent that a response is deemed necessary, Defendant Carney denies each and every allegation and averment set forth in paragraphs 89 through 93.

### Count VI – Breach of Fiduciary Duty
### (Defendant Carney)

94. Defendant Carney incorporates by reference all answers contained in paragraphs 1-43 and makes them a part hereof.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

### Count VII – Negligence
### (Defendant Carney)

WO 660530.1

100. Defendant Carney incorporates by reference all answers contained in paragraphs 1-43 and makes them a part hereof.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

### Count VIII – Civil Conspiracy
### (Defendant Kenney, Defendant Carney and Defendant Erb)

105. Defendant Carney incorporates by reference all answers contained in paragraphs 1-43 and makes them a part hereof.

106. Denied.

107. Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

108. Denied.

109. Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

110. Denied that Defendant Carney possessed the knowledge alleged. Otherwise, Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied..

111. Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

112. Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

113. Denied.

114.    Denied.

### Count IX – Violation D.C. Code § 26-901, et seq.
### (Loan Shark Act)
### (Defendant Urban Title Services, Inc. and Defendant Kenney)

115-124.    Paragraphs 115 through 124 do not allege any cause of action against Defendant Carney and, therefore, Defendant Carney need not respond.  To the extent that a response is deemed necessary, Defendant Carney denies each and every allegation and averment set forth in paragraphs 115 through 124.

### Count X – Violation D.C. Code § 26-1101, et seq.
### (Mortgage Lender and Broker Act)
### (Defendant Urban Title Services, Inc. and Defendant Kenney)

125-130.    Paragraphs 125 through 130 do not allege any cause of action against Defendant Carney and, therefore, Defendant Carney need not respond.  To the extent that a response is deemed necessary, Defendant Carney denies each and every allegation and averment set forth in paragraphs 125 through 130.

### Count XI – Violation D.C. Code § 26-1151.01, et seq.
### (Mortgage Loan Protection Act)
### (Defendant Urban Title Services, Inc. and Defendant Kenney)

131-136.    Paragraphs 131 through 136 do not allege any cause of action against Defendant Carney and, therefore, Defendant Carney need not respond.  To the extent that a response is deemed necessary, Defendant Carney denies each and every allegation and averment set forth in paragraphs 131 through 136.

### Count XII – Violation of D.C. Code § 28-3904 (e, f, q and r)
### (Unlawful Trade Practice Act)
### (Defendant Urban Title Services, Inc. and Defendant Kenney)

137-150.    Paragraphs 137 through 150 do not allege any cause of action against Defendant Carney and, therefore, Defendant Carney need not respond.  To the extent that a

response is deemed necessary, Defendant Carney denies each and every allegation and averment set forth in paragraphs 137 through 150.

### Count XIII – Violation D.C. Code § 28-4601, et seq.
### (Consumer Credit Service Organization Act)
### (Defendant Urban Title Services, Inc. and Defendant Kenney)

151-156.   Paragraphs 151 through 156 do not allege any cause of action against Defendant Carney and, therefore, Defendant Carney need not respond.  To the extent that a response is deemed necessary, Defendant Carney denies each and every allegation and averment set forth in paragraphs 151 through 156.

### Count XIV – Respondeat Superior
### (Defendant Carney)

157.   Defendant Carney incorporates by reference all answers contained in paragraphs 1-43 and 66-156 and makes them a part hereof.

158.   Denied.

159.   Denied.

### Count XV – Respondeat Superior
### (Defendant Kenney)

160-162.   Paragraphs 160 through 162 do not allege any cause of action against Defendant Carney and, therefore, Defendant Carney need not respond.  To the extent that a response is deemed necessary, Defendant Carney denies each and every allegation and averment set forth in paragraphs 160 through 162.

### Count XVI – Respondeat Superior
### (Defendant Urban Title Services, Inc.)

163-165.   Paragraphs 163 through 165 do not allege any cause of action against Defendant Carney and, therefore, Defendant Carney need not respond.  To the extent that a

response is deemed necessary, Defendant Carney denies each and every allegation and averment set forth in paragraphs 163 through 165.

### Count XVII – Set Aside Deeds and Deed of Trust, Quiet Title and Declaratory Relief
### (Defendant Urban Title Services, Inc., Defendant Kenney and Defendant Carney)

166.    Defendant Carney incorporates by reference all answers contained in paragraphs 1-43 and 66-165 and makes them a part hereof.

167.    Denied.

### Count XVIII – Injunctive Relief
### (Defendant Urban title Services, Inc., Defendant Kenney and Defendant Carney)

168.    Defendant Carney incorporates by reference all answers contained in paragraphs 1-43 and 66-167 and makes them a part hereof.

169.    Denied.

170.    Denied.

### Count XIX – Demand for an Accounting
### (Defendant Urban Title Services, Inc., Defendant Kenney and Defendant Carney)

171.    Defendant Carney incorporates by reference all answers contained in paragraphs 1-43 and 66-170 and makes them a part hereof.

172.    Denied.

173.    Denied.

### Count XX – Breach of Contract
### (First Mount Vernon Defendants and Defendant Duncan)

174-176.    Paragraphs 174 through 176 do not allege any cause of action against Defendant Carney and, therefore, Defendant Carney need not respond. To the extent that a response is deemed necessary, Defendant Carney denies each and every allegation and averment set forth in paragraphs 174 through 176.

WO 660530.1

### Count XXI – Conversion
### (First Mount Vernon Defendants and Defendant Duncan)

177-179.   Paragraphs 177 through 179 do not allege any cause of action against Defendant Carney and, therefore, Defendant Carney need not respond.  To the extent that a response is deemed necessary, Defendant Carney denies each and every allegation and averment set forth in paragraphs 177 through 179.

### Count XXII – Fraud
### (First Mount Vernon Defendants and Defendant Duncan)

180-188.   Paragraphs 180 through 188 do not allege any cause of action against Defendant Carney and, therefore, Defendant Carney need not respond.  To the extent that a response is deemed necessary, Defendant Carney denies each and every allegation and averment set forth in paragraphs 180 through 188.

### Count XXIII – Civil Conspiracy
### (First Mount Vernon Defendants and Defendant Duncan)

189-196.   Paragraphs 189 through 196 do not allege any cause of action against Defendant Carney and, therefore, Defendant Carney need not respond.  To the extent that a response is deemed necessary, Defendant Carney denies each and every allegation and averment set forth in paragraphs 189 through 196.

### Count XXIV – Violation D.C. Code § 26-901, et seq.
### (Loan Shark Act)
### (First Mount Vernon Defendants and Defendant Duncan)

197-206.   Paragraphs 197 through 206 do not allege any cause of action against Defendant Carney and, therefore, Defendant Carney need not respond.  To the extent that a response is deemed necessary, Defendant Carney denies each and every allegation and averment set forth in paragraphs 197 through 206.

### Count XXV – Violation D.C. code § 26-1101, et seq.

**(Mortgage Lender and Broker Act)**
**(First Mount Vernon Defendants and Defendant Duncan)**

207-212.   Paragraphs 207 through 212 do not allege any cause of action against Defendant Carney and, therefore, Defendant Carney need not respond. To the extent that a response is deemed necessary, Defendant Carney denies each and every allegation and averment set forth in paragraphs 207 through 212.

**Count XXVI – Violation D.C. Code § 26-1151.01, et seq.**
**(Mortgage Loan Protection Act)**
**(First Mount Vernon Defendants and Defendant Duncan)**

213-218.   Paragraphs 213 through 218 do not allege any cause of action against Defendant Carney and, therefore, Defendant Carney need not respond. To the extent that a response is deemed necessary, Defendant Carney denies each and every allegation and averment set forth in paragraphs 213 through 218.

**Count XXVII – Violation of D.C. Code § 28-3904 (e, f, q and r)**
**(Unlawful Trade Practice Act)**
**(First Mount Vernon Defendants and Defendant Duncan)**

219-233.   Paragraphs 219 through 233 do not allege any cause of action against Defendant Carney and, therefore, Defendant Carney need not respond. To the extent that a response is deemed necessary, Defendant Carney denies each and every allegation and averment set forth in paragraphs 219 through 233.

**Count XXVIII – Violation D.C. Code § 28-4601, et seq.**
**(Consumer Credit Service Organization Act)**
**(First Mount Vernon Defendants and Defendant Duncan)**

234-239.   Paragraphs 234 through 239 do not allege any cause of action against Defendant Carney and, therefore, Defendant Carney need not respond. To the extent that a response is deemed necessary, Defendant Carney denies each and every allegation and averment set forth in paragraphs 234 through 239.

### Count XXIX – Respondeat Superior
### (First Mount Vernon Defendants)

240-242.  Paragraphs 240 through 242 do not allege any cause of action against Defendant Carney and, therefore, Defendant Carney need not respond. To the extent that a response is deemed necessary, Defendant Carney denies each and every allegation and averment set forth in paragraphs 240 through 242.

### Count XXX – Set Aside Deeds and Deed of Trust, Quiet Title and Declaratory Relief
### (First Mount Vernon Defendants and Defendant Duncan)

243-244.  Paragraphs 243 through 244 do not allege any cause of action against Defendant Carney and, therefore, Defendant Carney need not respond. To the extent that a response is deemed necessary, Defendant Carney denies each and every allegation and averment set forth in paragraphs 243 through 244.

### Count XXXI – Injunctive Relief
### (First Mount Vernon Defendants and Defendant Duncan)

245-247.  Paragraphs 245 through 247 do not allege any cause of action against Defendant Carney and, therefore, Defendant Carney need not respond. To the extent that a response is deemed necessary, Defendant Carney denies each and every allegation and averment set forth in paragraphs 245 through 247.

### Count XXXII – Demand for an Accounting
### (First Mount Vernon Defendants and Defendant Duncan)

248-250.  Paragraphs 248 through 250 do not allege any cause of action against Defendant Carney and, therefore, Defendant Carney need not respond. To the extent that a response is deemed necessary, Defendant Carney denies each and every allegation and averment set forth in paragraphs 248 through 250.

251.    Unless expressly admitted above, Defendant Carney hereby denies any other implied or express averment or allegation contained within Plaintiff's Amended Complaint.

## FIRST AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over the claims asserted against Defendant Carney in the Amended Complaint.

## SECOND AFFIRMATIVE DEFENSE

The claims asserted against Defendant Carney in the Amended Complaint fail to state a claim upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

The claims asserted against Defendant Carney in the Amended Complaint are barred by the statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE

The Amended Complaint fails to plead fraud with the specificity required by Fed. R. Civ. P. 9(b).

## FIFTH AFFIRMATIVE DEFENSE

The claims asserted against Defendant Carney in the Amended Complaint are barred by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

The claims asserted against Defendant Carney in the Amended Complaint are barred by the doctrines of waiver, estoppel and laches.

## SEVENTH AFFIRMATIVE DEFENSE

WO 660530.1

The damages claimed by Plaintiff are the result, in whole or in part, of Plaintiff's own contributory negligence and Plaintiff's claims are, therefore, either barred or diminished by the principles of contributory negligence.

### EIGHTH AFFIRMATIVE DEFENSE

The acts or omissions of individuals or entities other than Defendant Carney constituted intervening, superseding causes of Plaintiff's alleged damages.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her damages, if any.

WHEREFORE, Defendant Carney prays that the relief sought by Plaintiff be denied, that judgment be entered in Defendant Carney's favor and against Plaintiff, and that Defendant Carney be awarded costs, fees and all further relief as this Court deems just.

Dated:  November 8, 2006               Respectfully submitted,

                                       _____/s/_____
                                       Daniel Marino (DC Bar # 416711)
                                       Tillman J. Finley (DC Bar # 477737)
                                       Sutherland Asbill & Brennan LLP
                                       1275 Pennsylvania Ave., NW
                                       Washington, DC  20004
                                        (202) 383-0100 Phone
                                        (202) 637-3593 Fax

                                       *Counsel for Defendant Robert William Carney*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Answer to Plaintiffs' Amended Complaint were sent via the Court's electronic filing service and facsimile this 8th day of November, 2006 to:

| | |
|---|---|
| J.P. Szymkowicz<br>John T. Szymkowicz<br>Szymkowicz & Szymkowicz, LLP<br>1220 19th Street, NW, Suite 400<br>Washington, DC  20036-2438<br>(202) 862-8500 (telephone)<br>(202) 862-9825 (facsimile)<br>*Attorneys for Plaintiff Mary Juergens* | James M. Towarnicky<br>3977 Chain Bridge Road<br>Suite #1<br>Fairfax, VA  22030<br>(703) 352-0022 (telephone)<br>(703) 352-1516 (facsimile)<br>*Attorney for Defendants First Mount Vernon Mortgage, LLC and Dale E. Duncan*<br><br>David P. Durbin<br>Jordan Coyne & Savits, LLP<br>1100 Connecticut Avenue, NW<br>Suite 600<br>Washington, DC  20036<br>(202) 496-2804 (telephone)<br>(202) 496-2800 (facsimile)<br>*Attorney for Defendant First Mount Vernon Indus. Loan Assoc., Inc.* |

                                                                            _____/s/_____
                                          Daniel Marino (DC Bar # 416711)
                                          Tillman J. Finley (DC Bar # 477737)
                                          Sutherland Asbill & Brennan LLP
                                          1275 Pennsylvania Ave., NW
                                          Washington, DC  20004
                                          (202) 383-0100 Phone
                                          (202) 637-3593 Fax
                                          *Counsel for Defendant Robert William Carney*