IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| MARY JUERGENS | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action Number: <u>06-CA-1524</u> |
| | ) |
| URBAN TITLE SERVICES, INC., <u>et al</u>. | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF JUERGENS' MOTION FOR PARTIAL SUMMARY JUDGMENT
ON ISSUE OF THE LACK OF PROPERLY EXECUTED DEED
TO 1230 23rd STREET, N.W., #505
BETWEEN MARY JUERGENS AND 1230 23rd STREET, LLC**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Plaintiff Mary Juergens, by and through her attorneys, J.P. Szymkowicz, John T. Szymkowicz and the Law Firm of Szymkowicz & Szymkowicz, LLP, respectfully requests that this Honorable Court grant partial summary judgment on the fact that Mary Juergens did not transfer legal ownership to 1230 23rd Street, N.W., Apt. 505 to 1230 23rd Street, LLC via a properly executed and acknowledged deed in accordance with D.C. Code §§ 42-141, 42-142, 42-143, 42-306 and 42-401.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**Background Facts**

1.      In 2001, Plaintiff Juergens purchased condominium unit # 505 in "The Metropolitan," located at 1230 23rd Street, N.W. and moved into this unit as her primary (and only) residence.

2.      In August 2005, Plaintiff Juergens went to the offices of Defendant First Mount Vernon Industrial Loan Association Incorporated and Defendant First Mount Vernon

Mortgage, L.L.C. seeking to refinance a mortgage loan under which she allegedly owed approximately $60,000.00 to the George Owen Trust.

3.        What happened next is the subject of a significant dispute between Plaintiff Juergens, on the one hand, and Defendant First Mount Vernon Industrial Loan Association Incorporated, Defendant First Mount Vernon Mortgage, L.L.C. and Defendant Dale Duncan [the "First Mount Vernon Defendants"] on the other:

       a.        The First Mount Vernon Defendants claim that Plaintiff Juergens "executed a deed of the subject real property of the Complaint (the "Property") to her newly-formed LLC" "that was executed and delivered by Plaintiff Juergens as part of the Loan transaction, and recorded among the land records of the District of Columbia."  Then, according to the First Mount Vernon Defendants, Plaintiff Juergens' "newly-formed LLC," known as 1230 23rd Street, LLC entered into a $250,000.00 **commercial** loan transaction with First Mount Vernon.[1]

       b.        Plaintiff Juergens claims that she never transferred legal ownership to 1230 23rd Street, N.W., Apt. 505 to 1230 23rd Street, LLC via a properly executed and acknowledged deed in accordance with D.C. Code §§ 42-141, 42-142, 42-143, 42-306 and 42-401 and that the proper party to the

---

[1]        See page 4 of Defendant First Mount Vernon Mortgage, L.L.C. and Defendant Dale Duncan's memorandum in support of their motion to dismiss Plaintiff Juergens' amended complaint.

      See also Page 3 of Defendant First Mount Vernon Industrial Loan Association Incorporated's memorandum in support of its motion to dismiss Plaintiff Juergens' amended complaint.

First Mount Vernon loan was Plaintiff Juergens in her personal capacity,

not 1230 23rd Street, LLC.

4.      Why is the issue of whether or not Plaintiff Juergens transferred legal ownership

to 1230 23rd Street, N.W., Apt. 505 to 1230 23rd Street, LLC via a properly executed and

acknowledged deed in accordance with D.C. Code §§ 42-141, 42-142, 42-143, 42-306

and 42-401 of critical importance in resolving Plaintiff Juergens' claims against the First

Mount Vernon Defendants?  -  Because without a valid transfer of the property from

Mary Juergens to 1230 23rd Street, LLC, it would not be possible for the First Mount

Vernon Defendants to lend 1230 23rd Street, LLC money using the condominium unit as

collateral since the 1230 23rd Street, LLC was not the owner of the property.  Thus, the

"Balloon Deed of Trust Note,"[2] the "Commercial Loan Balloon Deed of Trust"[3] and the

"Financing Agreement"[4] involving 1230 23rd Street, LLC are without legal effect.

---

[2]      See Exhibit 3 of Defendant First Mount Vernon Industrial Loan Association, Inc.'s memorandum of points and authorities in support of its motion to dismiss Plaintiff Juergens' amended complaint.

[3]      See Exhibit 4 of Defendant First Mount Vernon Industrial Loan Association, Inc.'s memorandum of points and authorities in support of its motion to dismiss Plaintiff Juergens' amended complaint.

[4]      See Exhibit 5 of Defendant First Mount Vernon Mortgage, L.L.C. and Defendant Dale Duncan's memorandum of points and authorities in support of its motion to dismiss Plaintiff Juergens' amended complaint.

**Plaintiff Juergens' Affidavit**
**in Support of the Instant Motion for Partial Summary Judgment[5]**

5.       In her affidavit in support of the instant motion for partial summary judgment,

Plaintiff Juergens states that

>  Paragraph 5:      I never transferred title (or any other interest) to my condominium unit in The Metropolitan (1230 23rd Street, N.W., Unit #505) to a Limited Liability Corporation known as "1230 23rd Street, LLC."

>  Paragraph 6:    I never signed or sealed a deed to my condominium unit in The Metropolitan (1230 23rd Street, N.W., Unit #505) to a Limited Liability Corporation known as "1230 23rd Street, LLC" pursuant to D.C. Code § 42-306.

>  Paragraph 7:      I never delivered a "signed or sealed" deed to my condominium unit in The Metropolitan (1230 23rd Street, N.W., Unit #505) to a Limited Liability Corporation known as "1230 23rd Street, LLC" pursuant to D.C. Code § 42-401.

>  Paragraph 8:    I never signed or sealed, in the presence of a notary public, a deed to my condominium unit in The Metropolitan (1230 23rd Street, N.W., Unit #505) to a Limited Liability Corporation known as "1230 23rd Street, LLC."

>  Paragraph 9:      I never acknowledged my signature or seal on a deed in the presence of a notary public to my condominium unit in The Metropolitan (1230 23rd Street, N.W., Unit #505) to a Limited Liability Corporation known as "1230 23rd Street, LLC" pursuant to D.C. Code §§ 42-141 and 42-142.

>  Paragraph 10:      Prior to receiving Defendant First Mount Vernon Mortgage, L.L.C. and Defendant Dale Duncan's motion to dismiss my amended complaint, I have never seen the alleged "Deed" attached as Exhibit 3 to Defendant First Mount Vernon Mortgage, L.L.C. and Defendant Dale Duncan's memorandum of points and authorities in support of its motion to dismiss my amended complaint.

>  Paragraph 11:      I have never received any funds (including the $200,000.00 referenced in Exhibit 5 of Defendant First Mount Vernon Mortgage, L.L.C. and Defendant Dale Duncan's memorandum of points and authorities in support of its motion to dismiss) related to any alleged

---

[5]      Plaintiff Juergens' affidavit is attached to the instant motion as Exhibit 1.

transfer of title of my condominium unit in The Metropolitan (1230 23rd Street, N.W., Unit #505) to 1230 23rd Street, LLC (or any other entity).

Paragraph 12:    I never paid any transfer or recordation taxes or fees to the District of Columbia Recorder of Deeds that pertain to my condominium unit in The Metropolitan (1230 23rd Street, N.W., Unit #505) with respect to the alleged transfer of title from myself to the 1230 23rd Street, LLC.

Paragraph 13:    I have reviewed the records of the District of Columbia Recorder of Deeds that pertain to my condominium unit in The Metropolitan (1230 23rd Street, N.W., Unit #505) and these records do not contain any deed transferring ownership of this condominium unit from me to the 1230 23rd Street, LLC.

## ARGUMENT

**I.    THERE IS NO VALID DEED TRANSFERRING PLAINTIFF JUERGENS' INTEREST IN HER CONDOMINIUM UNIT FROM HERSELF TO 1230 23RD STREET, LLC.    THEREFORE, PLAINTIFF JUERGENS' MOTION FOR PARTIAL SUMMARY JUDGMENT SHOULD BE GRANTED.**

There is no valid deed transferring Plaintiff Juergens' interest in her condominium unit from herself to 1230 23rd Street, LLC.  Therefore, Plaintiff Juergens' motion for partial summary judgment should be granted.

**A.    There is no genuine issue of material fact with regard to an alleged deed transferring Plaintiff Juergens' interest in her condominium unit from herself to 1230 23rd Street, LLC.**

Plaintiff Juergens is clearly entitled to partial summary judgment on the fact that she did not transfer legal ownership to 1230 23rd Street, N.W., Apt. 505 to 1230 23rd Street, LLC via a properly executed and acknowledged deed in accordance with D.C. Code §§ 42-141, 42-142, 42-143, 42-306 and 42-401 as there is no genuine issue of material fact present.  FED. R. CIV. P. 56 (c) provides that summary judgment shall be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any

material fact and that the moving party is entitled to a judgment as a matter of law."

When, as in the instant case, there is no material factual dispute as to certain issues,

summary judgment promotes judicial efficiency and "avoids the needless expenditure,

both by the courts and the parties, of valuable resources in unnecessary trials." Nader v.

Toledano, 408 A.2d 31, 42-43 (D.C. Cir. 1979).  Summary judgment is essential to the

"fair and efficient functioning of the justice system." Dancy v. American Red Cross, 972

F. Supp. 1, 2 (D.D.C. 1997).  In Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986), the

court observed that "[s]ummary judgment is properly regarded not as a disfavored

procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which

are designed to secure the just, speedy and inexpensive determination of every action."

In addition, the court in Celotex observed that "Rule 56 must be construed with due

regard not only for the rights of persons asserting claims and defenses that are adequately

based in fact to have those claims and defenses tried to a jury, but also for the rights of

persons opposing such claims and defenses to demonstrate in the manner provided by the

Rule, prior to trial, that the claims and defenses have no factual basis."  Id.

The moving party is entitled to a judgment as a matter of law where the non-

moving party fails to make a sufficient showing on an essential element of their case with

respect to which they have the burden of proof.  Celotex, 477 U.S. at 323.  "Any factual

assertions contained in affidavits and other evidence in support of the moving party's

motion for summary judgment shall be accepted as true unless the facts are controverted

by the non-moving party through affidavits or other documentary evidence." Dancy, 972

F. Supp. at 3.

When opposing a motion for summary judgment, the non-moving party is required to provide evidence that would permit a reasonable jury to find in [their] favor. Laningham v. U.S. Navy, 813 F.2d 1236, 1242 (D.C. Cir. 1987). In resolving a summary judgment motion, all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The inferences, however, must be reasonable, and the non-moving party can only defeat a motion for summary judgment by responding with some factual showing to create a genuine issue of material fact. Harding v. Gray, 9 F.3d 150, 154 (D.C. Cir. 1993). Mere unsubstantiated allegations do not create genuine issues of fact and will not defeat a motion for summary judgment. Id. Moreover, "mere conclusory allegations by the non-moving party are legally insufficient to avoid the entry of summary judgment." Joeckel v. Disabled American Veterans, 793 A.2d 1279, 1281 (D.C. 2002). Thus, "a party opposing a motion for summary judgment must produce at least enough evidence to make out a prima facie case in support of [their] position." Id.

The facts of the instant case are simple, clear and uncontroverted. Plaintiff Juergens did not transfer legal ownership to 1230 23rd Street, N.W., Apt. 505 to 1230 23rd Street, LLC via a properly executed and acknowledged deed in accordance with D.C. Code §§ 42-141, 42-142, 42-143, 42-306 and 42-401. Therefore, partial summary judgment is proper with regard to the fact that Plaintiff Juergens did not transfer legal ownership to 1230 23rd Street, N.W., Apt. 505 to 1230 23rd Street, LLC via a properly executed and acknowledged deed in accordance with D.C. Code §§ 42-141, 42-142, 42-143, 42-306 and 42-401.

**B.    Plaintiff Juergens never "signed or sealed" any deed transferring her ownership interest in her condominium unit in The Metropolitan (1230 23rd Street, N.W., Unit #505) before a notary public or acknowledged her signature or seal before a notary public.**

Plaintiff Juergens never "signed or sealed" any deed transferring her ownership interest in her condominium unit in The Metropolitan (1230 23rd Street, N.W., Unit #505) before a notary public or acknowledged her signature or seal before a notary public.

**1.    In Order to be Valid, a Deed for the Sale of Real Property Must Be Properly Executed, Acknowledged and Certified by a Notary Public.**

In order to be valid, a deed for the sale of real property must be properly executed, acknowledged and certified by a notary public.  D.C. Code § 42-306 requires that a deed is necessary to convey a real property interest that is granted for more than one year.  In other words, D.C. Code § 42-306 requires that a deed is necessary to convey a sale of a property in fee simple as presented in the instant case.  D.C. Code §§ 42-141. 42-142, 42-143 and 42-401 provide that a deed will only effectuate a conveyance if it is (1) executed, (2) acknowledged, and (3) certified.  Notaries are integral to this process as they perform the functions of "witnessing a signature," "taking and acknowledgement" and certifying the occurrence of these acts.[6]  Therefore, in order for Plaintiff Juergens to have validly transferred ownership of her condominium unit to the 1230 23rd Street, LLC, it was necessary for a properly notarized and acknowledged deed to be filed with the Recorder of Deeds.

---

[6]    See D.C. Code §§ 42-141, 42-142 and 42-143.

**2.     Because no notary public ever witnessed Plaintiff Juergens sign a deed to her condominium unit to the 1230 23rd Street, LLC, or take Plaintiff Juergens' acknowledgement that she was executing the deed for the purpose of transferring title to her home, any alleged deed introduced by Defendants is defective.**

Because no notary public ever witnessed Plaintiff Juergens sign a deed to her condominium unit to the 1230 23rd Street, LLC, or take Plaintiff Juergens' acknowledgement that she was executing the deed for the purpose of transferring title to her home, any alleged deed introduced by Defendants is defective.

D.C. Code § 42-141 defines certain terms that are relevant to the discussion of whether the deed at issue was properly notarized and acknowledged:

> Acknowledgement - a declaration by a person that states [that] the person has executed an instrument for the purposes stated in the instrument." D.C. Code § 42-141 (1) (A);

> Notarial Act – taking an acknowledgement, administering an oath or affirmation, taking a verification upon oath or affirmation, witnessing or attesting a signature, noting a protest of a negotiable instrument, or any other similar act authorized by law. D.C. Code § 42-141 (4);

> Notarial Officer – a notary public or other officer authorized to perform a notarial act.  D.C. Code § 42-141 (5); and

> Verification upon Oath or Affirmation – a declaration that a statement made by a person upon oath or affirmation is a true statement. D.C. Code § 42-141 (6).

D.C. Code § 42-142 sets forth requirements for taking "Notarial Acts:"

> (a)     In taking an acknowledgment, the notarial officer shall determine from personal knowledge or satisfactory evidence that the person who appears before the officer and makes the acknowledgment is the person whose true signature is on the instrument.

> (b)     In taking a verification upon oath or affirmation, the notarial officer shall determine from personal knowledge or satisfactory evidence that the person who appears before the officer and makes the verification is the person whose true signature is on the statement verified.

(c)    In witnessing or attesting a signature, the notarial officer shall determine from personal knowledge or satisfactory evidence that the signature is the signature of the person who appears before the officer and is named in the instrument.

(d)    A notarial officer shall have satisfactory evidence that a person is the person whose true signature is on a document if the person is:

(1)    Personally known to the notarial officer;

(2)    Identified upon the oath or affirmation of a credible witness personally known to the notarial officer; or

(3)    Identified on the basis of identification documents.

### a.    Purposes of Notary Publics and Acknowledgements

In Cloverfields Improvement Assoc. v. Seabreeze Properties, Inc., 362 A.2d 675, 682 n.7 (Md. App. 1976), the court noted that "[s]ome of the legislative reasons for requiring an acknowledgement are to protect the property owner from coerced deeds, sham conveyances which would cloud titles, and to assure, insofar as possible, the validity of the land records." In addition, the court in Cloverfields defined the term "attest" as "to bear witness to; to affirm to be true or genuine; to witness the execution of a written instrument at the request of him who makes it and subscribe the same as a witness. Id. at 682. In Poole v. Hyatt, 689 A.2d 82, 86 (Md. 1997), the court observed that the "fundamental purpose" of acknowledgements are "of preventing fraud by providing some evidence of identity and volition - - that the person stated in the deed as grantor has, in fact, signed the deed and understands that what he or she has signed is a deed conveying property." The court in Poole held that under Maryland law, an oral declaration acknowledging a deed is not necessarily required, but may "arise from circumstances and conduct." Id. at 90. Specifically, the Poole court held that

although a clear oral expression is preferable because it provides direct evidence of the signatory's knowledge and intent, when a signatory (1) appears personally before a notary for the purpose of having the notary witness and attest to his or her signature, (2) the signatory appears to be alert and is under no apparent duress or undue emotional or intoxicating influence, (3) it is clear from the overall circumstances that the signatory understands the nature of the instrument he or she is about to sign, and (4) he or she signs the instrument in the presence of the notary with the apparent intent of making the instrument effective, the signatory is effectively acknowledging to the notary that the instrument is being signed voluntarily and for the purpose contained therein. Id.

In United States Automobile Association v. Ratterree, 512 S.W. 2nd 30, 32, (Tex. App. 1974), the court noted that "[a] notary can no more perform by telephone those notarial acts which require a personal appearance than a dentist can pull a tooth by telephone. If a telephone conversation is a personal appearance, we may suppose that a letter or a telegram to the notary would be as good or maybe even better."

No notary public ever saw Plaintiff Juergens sign a deed transferring an ownership interest from Plaintiff Juergens to the 1230 23rd Street, LLC. No notary public ever, at any time, spoke to Plaintiff Juergens in order to ascertain that Plaintiff Juergens was signing a deed for the purpose of transferring her home to the 1230 23rd Street, LLC. Therefore, Defendants cannot claim that any deed is effective to transfer ownership from Plaintiff Juergens to the 1230 23rd Street, LLC. Thus, Plaintiff Juergens is clearly entitled to partial summary judgment on the fact that she did not transfer legal ownership to 1230 23rd Street, N.W., Apt. 505 to 1230 23rd Street, LLC via a properly executed and acknowledged deed in accordance with D.C. Code §§ 42-141, 42-142, 42-143, 42-306 and 42-401 as there is no genuine issue of material fact present.

Respectfully submitted,

J.P. Szymkowicz (#462146)
John T. Szymkowicz (#946079)
SZYMKOWICZ & SZYMKOWICZ, LLP
1220 19th Street, N.W., Suite 400
Washington, DC  20036-2438
(202) 862-8500

Attorney for Plaintiff Mary Juergens

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| MARY JUERGENS | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action Number: <u>06-CA-1524</u> |
| | ) |
| URBAN TITLE SERVICES, INC., <u>et al</u>. | ) |
| | ) |
| Defendants. | ) |

## <u>PLAINTIFF JUERGENS' AFFIDAVIT IN SUPPORT OF HER MOTION FOR PARTIAL SUMMARY JUDGMENT ON ISSUE OF THE LACK OF PROPERLY EXECUTED DEED TO 1230 23rd STREET, N.W., #505 BETWEEN MARY JUERGENS AND 1230 23rd STREET, LLC</u>

I, Mary Juergens, being duly sworn state the following under oath and under the penalties

of perjury that:

1.  The statements contained in this Affidavit are made upon personal knowledge of the facts contained in each statement.

2.  The statements contained in this Affidavit are true and correct to the best of my knowledge, information and belief.

3.  The statements contained in this Affidavit set forth such facts as would be admissible in evidence.

4.  I am over the age of eighteen and am competent to testify to the matters stated in this Affidavit.

5.  I never transferred title (or any other interest) to my condominium unit in The Metropolitan (1230 23rd Street, N.W., Unit #505) to a Limited Liability Corporation known as "1230 23rd Street, LLC."

6.  I never signed or sealed a deed to my condominium unit in The Metropolitan (1230 23rd Street, N.W., Unit #505) to a Limited Liability Corporation known as "1230 23rd Street, LLC" pursuant to D.C. Code § 42-306.

7.  I never delivered a "signed or sealed" deed to my condominium unit in The Metropolitan (1230 23rd Street, N.W., Unit #505) to a Limited Liability Corporation known as "1230 23rd Street, LLC" pursuant to D.C. Code § 42-401.

*mg* 8.    I never signed or sealed, in the presence of a notary public, a deed to my

condominium unit in The Metropolitan (1230 23rd Street, N.W., Unit #505) to a Limited Liability Corporation known as "1230 23rd Street, LLC."

*mg* 9.    I never acknowledged my signature or seal on a deed in the presence of a notary public to my condominium unit in The Metropolitan (1230 23rd Street, N.W., Unit #505) to a Limited Liability Corporation known as "1230 23rd Street, LLC" pursuant to D.C. Code §§ 42-141 and 42-142.

*mg* 10.    Prior to receiving Defendant First Mount Vernon Mortgage, L.L.C. and Defendant Dale Duncan's motion to dismiss my amended complaint, I have never seen the alleged "Deed" attached as Exhibit 3 to Defendant First Mount Vernon Mortgage, L.L.C. and Defendant Dale Duncan's memorandum of points and authorities in support of its motion to dismiss my amended complaint.

*mg* 11.    I have never received any funds (including the $200,000.00 referenced in Exhibit 5 of Defendant First Mount Vernon Mortgage, L.L.C. and Defendant Dale Duncan's memorandum of points and authorities in support of its motion to dismiss) related to any alleged transfer of title of my condominium unit in The Metropolitan (1230 23rd Street, N.W., Unit #505) to 1230 23rd Street, LLC (or any other entity).

*mg* 12.    I never paid any transfer or recordation taxes or fees to the District of Columbia Recorder of Deeds that pertain to my condominium unit in The Metropolitan (1230 23rd Street, N.W., Unit #505) with respect to the alleged transfer of title from myself to the 1230 23rd Street, LLC.

*mg* 13.    I have reviewed the records of the District of Columbia Recorder of Deeds that pertain to my condominium unit in The Metropolitan (1230 23rd Street, N.W., Unit #505) and these records do not contain any deed transferring ownership of this condominium unit from me to the 1230 23rd Street, LLC.

11-17-06
Date

Mary Juergens

2

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

MARY JUERGENS                          )
                                       )
                        Plaintiff,     )
                                       )
vs.                                    ) Civil Action Number: <u>06-CA-1524</u>
                                       )
URBAN TITLE SERVICES, INC., <u>et</u> <u>al</u>.  )
                                       )
                        Defendants.    )

**<u>STATEMENT OF MATERIAL FACTS</u>**
**<u>AS TO WHICH PLAINTIFF CONTENDS THERE IS NO GENUINE ISSUE</u>**
**<u>IN SUPPORT OF</u>**
**<u>MOTION FOR PARTIAL SUMMARY JUDGMENT</u>**
**<u>ON ISSUE OF THE LACK OF PROPERLY EXECUTED DEED</u>**
**<u>TO 1230 23rd STREET, N.W., #505</u>**
**<u>BETWEEN MARY JUERGENS AND 1230 23rd STREET, LLC</u>**

Pursuant to Local Civil Rule 7 (h) and Rule 56 of the Federal Rules of Civil Procedure, Plaintiff Mary Juergens, by and through her attorneys, J.P. Szymkowicz, John T. Szymkowicz and the Law Firm of Szymkowicz & Szymkowicz, LLP, respectfully submits the following statement of material facts as to which Plaintiff Juergens contends there is no genuine issue in support of her motion for partial summary judgment on the fact that Mary Juergens did not transfer legal ownership to 1230 23rd Street, N.W., Apt. 505 to 1230 23rd Street, LLC:

1.      Plaintiff Juergens never transferred title (or any other interest) to her condominium unit in The Metropolitan (1230 23rd Street, N.W., Unit #505) to a Limited Liability Corporation known as "1230 23rd Street, LLC."

2.      Plaintiff Juergens never signed or sealed a deed to her condominium unit in The Metropolitan (1230 23rd Street, N.W., Unit #505) to a Limited Liability Corporation known as "1230 23rd Street, LLC" pursuant to D.C. Code § 42-306.

3.     Plaintiff Juergens never delivered a "signed or sealed" deed to her condominium unit in The Metropolitan (1230 23rd Street, N.W., Unit #505) to a Limited Liability Corporation known as "1230 23rd Street, LLC" pursuant to D.C. Code § 42-401.

4.     Plaintiff Juergens never signed or sealed, in the presence of a notary public, a deed to her condominium unit in The Metropolitan (1230 23rd Street, N.W., Unit #505) to a Limited Liability Corporation known as "1230 23rd Street, LLC."

5.     Plaintiff Juergens never acknowledged her signature or seal on a deed in the presence of a notary public to her condominium unit in The Metropolitan (1230 23rd Street, N.W., Unit #505) to a Limited Liability Corporation known as "1230 23rd Street, LLC" pursuant to D.C. Code §§ 42-141 and 42-142.

6.     Plaintiff Juergens never received any funds (including the $200,000.00 referenced in Exhibit 5 of Defendant First Mount Vernon Mortgage, L.L.C. and Defendant Dale Duncan's memorandum of points and authorities in support of its motion to dismiss) related to any alleged transfer of title of her condominium unit in The Metropolitan (1230 23rd Street, N.W., Unit #505) to 1230 23rd Street, LLC (or any other entity).

7.     Plaintiff Juergens never paid any transfer or recordation taxes or fees to the District of Columbia Recorder of Deeds that pertain to her condominium unit in The Metropolitan (1230 23rd Street, N.W., Unit #505) with respect to the alleged transfer of title from myself to the 1230 23rd Street, LLC.

8.     The District of Columbia Recorder of Deeds records that pertain to Plaintiff Juergens' condominium unit in The Metropolitan (1230 23rd Street, N.W., Unit #505) do not contain any deed transferring ownership of this condominium unit from Plaintiff Juergens to the 1230 23rd Street, LLC.

Respectfully submitted,

_____
J.P. Szymkowicz (#462146)
John T. Szymkowicz (#946079)
SZYMKOWICZ & SZYMKOWICZ, LLP
1220 19th Street, N.W., Suite 400
Washington, DC  20036-2438
(202) 862-8500

Attorney for Plaintiff Mary Juergens

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| MARY JUERGENS | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action Number: 06-CA-1524 |
| | ) |
| URBAN TITLE SERVICES, INC., et al. | ) |
| | ) |
| Defendants. | ) |

**ORDER GRANTING PLAINTIFF JUERGENS'
MOTION FOR PARTIAL SUMMARY JUDGMENT
ON ISSUE OF THE LACK OF PROPERLY EXECUTED DEED
TO 1230 23rd STREET, N.W., #505
BETWEEN MARY JUERGENS AND 1230 23rd STREET, LLC**

Upon consideration of Plaintiff Mary Juergens' motion for partial summary judgment on the issue of the lack of properly executed deed to 1230 23rd Street, N.W., Apt. 505 between Mary Juergens and 1230 23rd Street, LLC and any response thereto, it is hereby ordered that the motion for partial summary judgment is GRANTED.

It is further ordered that the court has decided as a matter of fact and law that there was no properly executed deed to 1230 23rd Street, N.W., Apt. 505 between Mary Juergens and 1230 23rd Street, LLC.

_____           _____
Date                                             Colleen Kollar-Kotelly
                                                    United States District Judge