IN THE
UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| MARY JUERGENS ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | |
| URBAN TITLE SERVICES, LLC ) | CASE NUMBER: 1:06CV01524 |
| ) | |
| and ) | JUDGE: Colleen Kollar-Kotelly |
| ) | |
| WILLIAM KENNEY ) | DECK TYPE: General Civil |
| ) | |
| and ) | DATE STAMP: |
| ) | |
| ROBERT WILLIAM CARNEY ) | |
| ) | |
| and ) | |
| ) | |
| PAUL ERB ) | |
| ) | |
| and ) | |
| ) | |
| FIRST MOUNT VERNON INDUSTRIAL LOAN ) | |
| ASSOCIATION INCORPORATED [*sic*] ) | |
| ) | |
| and ) | |
| ) | |
| FIRST MOUNT VERNON MORTGAGE, L.L.C. ) | |
| ) | |
| and ) | |
| ) | |
| DALE E. DUNCAN, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**REPLY OF CO-DEFENDANTS FIRST MOUNT VERNON MORTGAGE, L.L.C. AND
DALE DUNCAN TO PLAINTIFF'S COMBINED OPPOSITION THEIR MOTION TO
DISMISS**

COME NOW Co-Defendants, First Mount Vernon, L.L.C. ("FMVLLC") and Dale Duncan ("Duncan") by and through undersigned counsel, and file this reply memorandum to the Combined Opposition of Plaintiff (the "Opposition") to FMVLLC's and Duncan's Motion to Dismiss as follows.

## INTRODUCTION

In Plaintiff's talking Opposition, each numbered paragraph asserts certain facts and analyses based on such alleged facts so as to attempt to justify Plaintiff's assertion that the Motion to Dismiss ("MTD") should be denied. Irrespective of the fact that such facts (and, in turn, the conclusions based on them) are incorrect, Plaintiff appears to miss the point that the same does not apply to THESE two co-defendants in any event, because they are not *the lender* under the various statutes or causes of action cited, or prayers for relief made. They did not advance funds, hold no lien on the LLC's property, and Plaintiff is not obligated to either of them. Accordingly, the prayer for relief on the Counts asserted against them is properly to be dismissed.

Attached to Plaintiff's Opposition is a "Statement of Material Facts as to Which Plaintiff Contends There is No Genuine Issue in Support of Plaintiff Juergens' Response to the First Mount Vernon Defendants' Motion to Dismiss" (the "Motion Statement"). As facts asserted therein were extraneous from the Complaint, or documents referenced in the Complaint, such Motion Statement is not to be considered on the Motion to Dismiss.

Addressing the allegations of the Opposition *seriatim:*

2. Plaintiff appears to be asserting an alleged fact that she "was never provided with any documents or information to differentiate the two companies. . . ." Such statement is irrelevant and insufficient to support a count. The documents referenced by Plaintiff clearly show that the

lender thereunder is First Mount Vernon Industrial Loan Association (the "ILA" or "FMVILA"), a licensed Virginia Industrial Loan Association. It is insufficient grounds and improper to bring an action against a party with no demonstrable evidence of any involvement in the action. It is uncontroverted by the writings admittedly signed by the Plaintiff and listed in the Complaint as the basis for her cause of action that FMVLLC and Duncan are not parties to the transaction with her with regard to the loan. If discovery or other evidence later demonstrates that to be incorrect, Plaintiff can seek leave to add those co-defendants. But it is improper and inequitable to allow Plaintiff to "sue first and sort out things later."[1]

3.  As demonstrated in the response to Motion for Partial Summary Judgment, and attached hereto as Exhibit 1, is a certified copy of a properly-executed and recorded deed ("Deed") of the Property to 1230 23rd Street, LLC (the "LLC"). The same is properly to be considered by this honorable Court as a document referenced in the Complaint. Accordingly, Plaintiff's arguments of her paragraph 3 fail.

4.  Plaintiff admits that "whether or not Plaintiff Juergens transferred legal ownership [of the Property to the LLC] via a properly executed and acknowledged deed . . . is of critical importance." More importantly, for purposes of this present proceeding, the cause of action cannot continue in its present form, as the owner of the Property is the LLC, NOT Ms. Juergens. The present counts cannot be sustained due that that issue not being resolved, the LLC not being a party, and the Complaint not containing a prayer for relief affecting such title.[2]

5.  As stated in the MTD, the issue of the Owen Trust loan is wholly separate and apart from claims against the First Mount Vernon Defendants. Consequently, combining all

---

[1] Because they are not parties to the transaction, are not mentioned in the documentation, were not present in the District of Columbia for any portion of the transaction, District of Columbia law does not apply to those two co-defendants FMVLLC and Duncan.

[2] See discussion in paragraph 19, *infra*, that the case cannot go forward without the LLC as a proper party plaintiff.

Defendants in one action is inappropriate, and in the alternative, the actions should be severed. To not do so inappropriately subjects the parties to lengthened proceedings and complication or compounding of issues or facts that are prejudicial to these co-defendants.[3]

6.  Overlooked by Plaintiff in her Complaint is that, as far as the FMVILA loan, she has suffered no damages to date. On information and belief, she is current on that indebtedness, and is not even in default. The only *potential* damage is the lien of the Property owned by the LLC. At best, therefore, is a declaratory judgment action by Juergens as to her co-signing the loan, and the LLC as to the lien on *its* Property.[4]

7.  The only basis for joining both sets of defendants in one Complaint is admitted by Plaintiff to be that Plaintiff claims it has no documentation that the first loan was ever paid off by the second loan. Such attenuated connection is insufficient to support the same. Even if it were, the failure to provide documentation is not the basis for a cause of action as pled in the Complaint. Responding further, the HUD-1 provided to the Plaintiff shows that the first loan was to be satisfied. *That is not an action against these co-defendants* or FMVILA. The latter provided funds to the settlement agent, who prepared a disbursement sheet and it was executed by Plaintiff. If there were any failure to comply with the sheet, that is an action properly against the settlement agent (also not a party), not these co-defendants. That same loan document irrefutably demonstrates that FMVILA provided all funds as called for under the loan.

12.  Plaintiff is incorrect in her assertion that both motions to dismiss are based upon the allegation the loan in question was a commercial loan. Fundamentally, FMVLLC and

---

[3]  See, e.g., footnote 1 above that the applicable law for these two co-defendants is that of the Commonwealth of Virginia. See also, paragraph 7, *infra*.

[4]  By way of illustration, if FMVILA were not to take action on its note, Juergens would not suffer any damages whatsoever. Therefore, a claim of $1,000,000 in compensatory damages on a loan where the only party having lost money to date is the lender is incorrect, not based in fact, and therefore frivolous. See also discussion pertaining to paragraph 19, *infra*.

Duncan base their motion to dismiss in that they are not PARTIES to the loan. Plaintiff executed no documentation with them, and they hold no lien or claim against the Plaintiff. Consequently, there can be no claim for damages against these co-defendants, because *ipso facto*, they could not have caused any damage to the Plaintiff on the basis of the face of her Complaint, and documents referenced therein.

No facts are asserted anywhere to support a claim that FMVLLC was a part of this transaction. Even if Plaintiff could not differentiate between the two, the uncontroverted loan documents show that it did not make the loan, and is not a payee or claimant thereunder. As to Duncan, he also is not a party to the transaction. As to his involvement, the Plaintiff at numerous times and places in her complaint admits that the loan is from FMVILA. The Loan documents clearly only have FMVILA as the lender. The lien on the Property and payee under the guarantee is only FMVILA. Duncan is connected solely as agent for a fully-disclosed principal. In such situations, there is no liability to the Agent:

> The law is too well settled to admit of any debate, that when an agent acts in good faith in behalf of a disclosed principal he is not liable for the principal's default. Moses v. Boss, 63 App.D.C. 381, 72 F.2d 1005. The rule is aptly summarized in the Restatement, Agency, at section 320, as follows: '* * * only where he so manifests does the agent become a party to the transaction which he makes. In the absence of other facts, the inference is that the parties have agreed that the principal is and the agent is not a party.'

*Ezersky v. Survis*, 43 A.2d 294, 295 (1945).

*Accord, Henderson v. Phillips*, 195 A.2d 400 (1963). *See Rittenberg v. Donohoe Construction Co., Inc.*, 426 A.2d 338 (1981):

> Nor does liability attach to an agent of a disclosed principal for his act within the scope of the agency unless he binds himself by definite words or stipulation. See Walford v. McNeill, 69 App.D.C. 247, 250, 100 F.2d 112, 115 (1938). The complaint does not allege that J.F.D. bound itself in any way to be responsible for performance of any lease covenants. It appears beyond doubt that no basis exists for appellant's claim for damages against J.F.D. as rental agent for Donohoe for breaches of the covenants in the sublease and for constructive eviction as sought in its complaint. *Therefore, dismissal as to J.F.D. was proper* .(Emphasis supplied).

It is uncontroverted that the lender under the documents is FMVILA. Accordingly, the principal has been fully disclosed. Duncan cannot be held liable thereunder.

13.  Under the parol evidence rule, Juergens cannot now claim to disregard the writings whereby, under oath, she stated that the loan transaction was a commercial transaction. In the Complaint, the Plaintiff does not state that she did not knowingly sign these documents. In the documents is a passage stating that the lender (FMVILA) is relying upon those representations, and therefore she is to inform it if those facts are incorrect. That the property may have previously been Ms. Juergen's residence as alleged in the Complaint, she informed lender that such character had changed. She is estopped from denying her previous sworn statements now that she simply does not want to repay her loan.[5]

15.  The Opposition here makes additional assertions of fact outside the Complaint or the loan documents referenced in the Complaint. This honorable Court should not consider the same on a motion to dismiss because those asserted additional facts are not true in this instance. Plaintiff asserts that "[FMVILA] disguised the true nature of the refinance loan from a residential loan to a commercial loan in order to qualify Plaintiff Juergens for the loan since Plaintiff Juergens could not qualify for a residential loan in her personal capacity." That is an allegation in addition to that set forth in the Complaint.

More importantly, it is patently wrong. FMVILA holds a license in the District of Columbia to make residential loans. The terms of the loan were within the residential lending act, or could have been modified to so qualify, if Plaintiff had not lied. FMVILA was the lender, and COULD HAVE MADE the loan as a residential loan. That is why it stressed in its documents (see attachments to the Duncan MTD) to correctly reflect the property as that would affect how the loan was documented. In short, FMVILA could have made the loan as a residential loan.

---

[5]  Again, the same is irrelevant to these co-defendants, as they are not party to the loan transaction.

16.     It is not FMVLLC's or Duncan's duty to provide documents of a loan between Plaintiff and FMVILA to Plaintiff.[6]

19.     Plaintiff incorporates by reference her motion for partial summary judgment that she "never transferred ownership of [the Property] to the . . . LLC." But the attached Exhibit1 demonstrates that is not the case, and the land records of the District of Columbia reflect such ownership in the LLC. Therefore, the cause of action cannot proceed against these co-defendants:

> Defendant contends that he cannot be held liable as he was acting as an agent for a disclosed principal. It is not necessary for us to decide the question of defendant's liability, inasmuch as the absence of McCauley as a party to this suit necessitates a reversal.
> T     he general rule governing cases of this type is that where rights sued upon arise from a contract, all parties to it must be joined in the suit. *fn1 According to the factual pattern of each case, a party may be deemed either indispensable to the suit or only 'conditionally necessary.' *fn2 Indispensable parties are described as those who 'not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such condition that its final termination may be wholly inconsistent with equity and good conscience.' *fn3
> The recent ruling in Ward v. Deavers, 92 U.S.App.D.C. 167, 203 F.2d 72, is decisive of the present case. In that case the plaintiff contracted to buy a rooming house business through a business chance brokerage firm. The deal was consummated, a part payment made, and notes for the balance of the purchase price given to the owner. When plaintiff was ousted from the premises ten months later, she sued for a rescission of the contract and cancellation of the notes. Her suit was based on fraud and concealment. The business chance brokers were named as defendants and served with process, as was one of the note holders. The owner of the business was named as a defendant, but was never served with process and therefore was not a party to the suit. On appeal a judgment for plaintiff was reversed on the ground that the owner of the business was an indispensable party, because a final decree rescinding the agreement could not be made without affecting his interest. The court held that as the transaction could not be rescinded as to the owner, it could not be rescinded at all.

*Young v. Swafford*, 102 A.2d 312 (1954) (footnotes omitted).

As against these co-defendants, there is no action, as these defendants have done nothing to damage Plaintiff as alleged in the Complaint. These co-defendants have no claim to the l Property against the LLC, or to the loan guaranteed by Plaintiff. Therefore, there are no grounds for relief against FMVLLC or Duncan.

---

[6]     As for the Lender, it is the settlement agent's responsibility to provide such loan documents. Plaintiff never asserts a demand for those documents if in fact she was not provided copies.

22-24. The deed was in fact recorded. Accordingly, Transfer taxes and recording taxes were paid. Again, if the settlement agent erred, that does not translate to a claim against these co-defendants.

25-34. The allegations concerning the LLC's formation are in fact a red herring, meant to deflect this honorable Court's attention away from the issue of fact. That is, that Plaintiff does not deny signing the loan documents. Those loan documents reflect a deed recorded (see Exhibit 1), and an LLC borrowing money secured by a lien against the LLC's property, for which Plaintiff is going to benefit from the proceeds. The circumstances surrounding the formation of the LLC do not alter those facts. The LLC exists, and Plaintiff executed documents confirming it is the owner of the Property, and a borrower of the loan. All claims against these co-defendants are alleged by Plaintiff to arise from the loan, to which they are not a party.[7] Therefore, there is no basis for liability as to these co-defendants under these paragraphs, as pled in the Complaint.

35.   Again, Plaintiff continues to feel entitled to lump all defendants under the moniker of "1st Mount Vernon Defendants" when the writings evidencing the loan and the lien of the deed of trust securing same, and note evidencing the same, are with FMVILA *alone*. Therefore, all statements in paragraphs 35-36 are inapplicable to FMVLLC and Duncan.

In passing, however, Plaintiff asks, somewhat rhetorically, "where is [the LLC's] commercial loan application." Information regarding the LLC was already available as it was a new entity. As for Juergens filling out a "residential loan application," the same does not mean that it could not be used for a commercial loan. As stated *supra*, FMVILA had a license to issue a residential loan if those were the applicable facts, but the parties chose not to do so. In all

---

[7] The passport page was not submitted with the Opposition, although referenced as an attachment. Even if attached, the same would not demonstrate anything more than the date on the Organization document is incorrect.

events, the loan documents themselves supersede any prior documentation associated with the loan.

37-38. As with the previous section, the allegations in these paragraphs do not apply to these co-defendants, because they are not parties to the Note or the Loan. However, if applicable, Plaintiff misconstrues the difference between a "personal" and "commercial loan." Persons can sign on an obligation personally, and have that loan be a "commercial loan," i.e., one issued for commercial purposes.[8] If the undersigned ran a grocery store and needed a loan for inventory, the same would be a commercial loan, although the signor would be the undersigned personally. Therefore, Plaintiff's arguments in these paragraphs are *non-sequiturs*.

39-40. As with the previous sections, the allegations in these paragraphs do not apply to these co-defendants, because they are non-parties to the Note or the Loan. However, if applicable, these co-defendants incorporate by reference the previous paragraph. Making a loan to an individual would not make the loan illegal, or a "noncommercial" loan.

41-42. As with the previous sections, the allegations in these paragraphs do not apply to these co-defendants, because they are non-parties to the Note or the Loan. However, if applicable, with respect, it is clear that Plaintiff's counsel either misconstrues, or intentionally misrepresents the HUD-1 provided, or who is responsible for the same. The advance disbursement of $95,000 was made as part of the Page 2 charges (see line 811), as was the escrow interest reserve of $67,526.31 on line 1303. The payoff of the then first mortgage is listed on line 504 of $61,195.11. Adding those items alone, approximately $224,000 of the $250,000 loan (for which Plaintiff alleges she received no benefit above the said $95,000.00) is accounted for.

---

[8] See, e.g., Code of Virginia of 1950, as amended, Sec. 6.1-330.75.

Argument I.

As set forth in the Motion to Dismiss, no documents are referenced in the MTD other than as alleged *in the Complaint*. That being the case, for the cases cited therein, this is not a motion for summary judgment, and this honorable Court can consider the same at this stage of the proceedings.

When closely examined, all claims of alleged liability arise from two alleged facts that: (i) Ms. Juergens has signed a Note as part of a loan transaction for $250,000, and (ii) the LLC has signed a Deed of Trust encumbering the Property. Those loan documents are referenced in the Complaint. Accordingly, it is proper to consider those documents. *Washkoviak v. Student Loan Marketing Ass'n, 900 A.2d 168* (D.C. 2006). There, the Court stated:

> The trial court's consideration of appellants' promissory notes, which Sallie Mae [Defendant] attached to its motion to dismiss, was insufficient to convert Sallie Mae's 12(b)(6) motion into a motion for summary judgment, because appellants themselves referred to the promissory notes in their original complaint. Courts may consider documents "incorporated in the complaint" when considering a 12(b)(6) motion. *EEOC v. St. Francis Xavier Parochial Sch.*, 326 U.S.App. D.C. 67, 70, 117 F.3d 621,624 (1997).

Accord, *Marshall County Health Care Auth. v. Shalala*, 988 F.2d 1221, 1226 n.6 (D.C. Cir. 1993).

To have Plaintiff assert liability based on loan documents, and then not consider those loan documents when they clearly demonstrate no liability as alleged against *these defendants* is wholly improper.

Accordingly, Plaintiff's citations of authorities that summary judgment is not to be granted where there remains a genuine issue of material fact to be decided are wholly inapposite, and therefore, inapplicable.

II.     Usury or Loan Sharking Laws Apply to Substance

Again, as alleged in the Complaint, these arguments do not apply to these co-defendants, because the incontrovertible evidence is that neither of them are the lender. Accordingly, "usury" and "Loan Sharking Laws" do not apply to them in this transaction.

Simply because there may exist another relationship between the parties is not sufficient grounds to allege liability under a Complaint. It *does* matter, in terms of insurance rates, credit ratings, errors and omissions reporting, and hosts of other results. There simply are no grounds pled to hold against Duncan or FMVLLC.

In addition, it is *Plaintiff* who is going beyond the Counts of the Complaint in her arguments in this section of the Opposition. Nowhere does she assert usury. As for allegedly mischaracterizing the loan as commercial,[9] those cases are also inapposite, as here, the parties always treated the loan, and characterized it as commercial. There was no pending foreclosure which forced the Plaintiff to borrow as in *Browner*. Simply, Plaintiff here did not like the terms of the loan over one year after having received $95,000 above her loan payoff, and wants out. She does not state that she did not read or understand the loan documents, or question what they said. She should not be able to later claim liability against the lender for believing her in her representations.[10] Plaintiff was borrowing additional amounts as "seed" money for her business interests. This was truly a commercial loan.

*Russell v. Southard.* Again, as with the remaining portions of the Opposition, as to <u>these</u> co-defendants, the same are inapplicable. They are not the lenders.

In the event the Court deems the 1851 case relevant, it also is inapposite. That case was where "inequitable advantages taken of pressing wants." That was not alleged by the Plaintiff in her Complaint here. Similarly, in the *B&S Marketing Enterprises* case, that court said it would look to the substance of the transaction. Again, Plaintiff is only now claiming a personal loan contrary to what she admittedly executed. On the Complaint as originally pled, which is what

---

[9]  Recall that a loan could have been made by FMVILA as a residential loan had it wished to do so. Also, there was no "$100,000 in fees" as Plaintiff alleges on page 23 of the Opposition.
[10]  Accordingly, this is not like in *Browner*, where questions were asked, and the lenders "couched their answers to these questions in language which confirmed to the [homeowners] that they were receiving the very loans for which they had come." See page 23 of the Opposition.

this honorable Court is limited to, Plaintiff did not challenge any of the documents (except the deed) reflected differently than what she understood. Is is only after the Motion to Dismiss (admitted by Plaintiff's counsel), that the facts are modified to disregard her loan documents. There are simply no facts alleged as in *Browner or Russell* that justifies disregarding what Plaintiff knowingly signed. To do the same would bring EVERY commercial transaction into question in the District, where no lender could ever be secure that borrower would not change his or her mind if the terms are viewed in hindsight as onerous.[11] Other cases cited by Plaintiff are similarly distinguishable.

 B & C. These allegations do not apply against these co-defendants, because, as before, they are not the lender and have no claim against the Plaintiff.

 <u>Plaintiff's Response to Challenges to Each Count</u>

XX  Breach of Contract.

 Plaintiff did not address the arguments in the MTD as to these co-defendants. She says she contracted with the 1st Mount Vernon Defendants. The loan documents clearly show she did not, she contracted with FMVILA alone. As no loan was made by Duncan or FMVLLC, and no claim is made by them against Plaintiff, there by definition cannot be a contract cause of action by Plaintiff against them.

XXI  Conversion

 Similarly, by definition, Duncan and FMVLLC could not have converted anything of either Plaintiff or the LLC. The HUD-1 stated as the basis of the conversion count again is only with FMVILA.

XXII  Fraud

---

[11]  Or indeed, from the onset, with no intention of paying.

Even accepting the fraud allegations of fact as true, the count is to be dismissed against these defendants. There is no particularity as to what was alleged. There is no reasonable reliance, as Plaintiff was provided a writing showing the entire transaction after the alleged verbal representations. And finally, the damages alleged are nonexistent against Duncan and FMVLLC, as it is claimed to be the "loss of the use of the funds unlawfully converted." As evidenced by the HUD-1, the loan was with FMVILA, and the HUD-1 confirms any alleged conversion was by it alone. There are no damages against these co-defendants.

Remaining Counts

Plaintiff asserts she is entitled to discovery in order to prove that these Defendants should be included. Plaintiff can do such discovery in any event, and if the facts prove, under Rule 11, sufficient to add them as a defendant, THEN they should be added. But on the uncontroverted facts as they now stand, Duncan and FMVLLC have not had a count asserted against them upon which a claim for relief may be granted, and accordingly the Motion to Dismiss as to them should be Granted. .

WHEREFORE, good cause being shown, co-Defendant FMVLLC and Dale Duncan respectfully request that this honorable Court enter an Order granting their motion.

Respectfully submitted,

Dated: November 27, 2006

/s/ James M. Towarnicky   .
James M. Towarnicky, #370931
James M. Towarnicky, P.L.L.C.
3977 Chain Bridge Road, Suite #1
Fairfax, VA 22030
Tel. (703) 352-0022
Fax (703) 352-1516
Counsel for Co-Defendants FMVLLC
and Dale Duncan