IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARY JUERGENS,

    Plaintiff,

v.    Case No.: 1:06CV01524 (CKK)

URBAN TITLE SERVICES, LLC,
*et al.*,

    Defendants.

**REPLY MEMORANDUM IN SUPPORT OF THE MOTION TO DISMISS OF
DEFENDANT FIRST MOUNT VERNON INDUSTRIAL LOAN ASSOCIATION, INC.**

Defendant, First Mount Vernon Industrial Loan Association, Inc., by and through its undersigned counsel and pursuant to LCvR 7, hereby provides its Reply Memorandum in further support of the Motion To Dismiss filed herein.

ARGUMENT

Plaintiff has asserted claims of breach of contract, conversion, fraud, conspiracy, violations of five distinct District of Columbia statutes, as well as *respondeat superior*. Further, she seeks equitable relief all arising out of a loan transaction entered into on or about August 30, 2005.

After the Plaintiff filed an Amended Complaint, this Defendant filed a Motion To Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).[1] In its Motion, this Defendant

---

[1] Plaintiff argues that the issues framed must be determined under summary judgment standards because documents outside of the Amended Complaint have been provided to this Court. However, the exhibits pertaining to the loan transaction which were appended to this Defendant's Motion To Dismiss simply document the allegations incorporated in the Amended Complaint (*e.g.* ¶¶ 52-53) and, therefore, they do not constitute matters outside of the pleadings for purposes of the Rule 12(b)(6) Motion. *See* Defendant's Memorandum Of Points And Authorities at 2, n.2.

demonstrated that the underlying transaction was commercial in nature and, therefore, the claims as framed in the Amended Complaint had no merit. Plaintiff has opposed, asserting, in the main, that she did not transfer title to the subject property to 1230 23rd Street L.L.C. by a "properly executed and acknowledged deed" and, therefore, the "loan sharking" and other claims do survive.

Contrary to Plaintiff's assertions, however, the Deed in question has been duly executed, notarized and recorded and a copy is attached hereto as Exhibit 6 for the Court's ease of reference.$^2$ Thus, Plaintiff's chief argument against dismissal is not supported by the record facts and the indisputable commercial nature of the transaction.

In addition, the arguments concerning Plaintiff's unsupportable and *post hoc* characterizations of certain of the documents she signed as part of the loan transaction do not constitute bases for a denial of dismissal in light of the plain and unambiguous language of the very documents Ms. Juergens agreed to in order to obtain the loan on behalf of the L.L.C.$^3$ While there has been a claim of fraud asserted, the plain language of the Deed and the other documents placed before this Court demonstrate, as a matter of law, that the Plaintiff cannot establish reasonable reliance on any alleged

---

$^2$ This Court can take judicial notice of public records. *See EEOC v. St. Francis Xavier Parochial School*, 326 U.S. App. D.C. 67, 117 F.3d 621, 624 (D.C. Cir. 1997). In light of the Deed, Plaintiff has no standing to assert claims impacting the ownership of the subject property since she is not the owner of record and the L.L.C. is a necessary party.

$^3$ The documents supporting the transaction, each read as a whole, demonstrate the unambiguous commercial nature of the loan placed at issue. The loan Application expressly identifies the purpose of the loan as "Business/Investment". Ms. Juergens signed the commercial note "personally" to guarantee payment not convert the transaction into a residential loan contrary to its express terms.

statements which were contrary to the language of the very papers that she signed as part of the loan transaction. See Hercules & Co. v. Shama Restaurant Corp., 613 A.2d 916, 933 (D.C. 1992) (in a commercial transaction, reasonable reliance must be pled).

Since the subject transaction was a commercial loan, the statutory "loansharking" claims asserted in the Amended Complaint fail, as a matter of law. Given the details as to the allocation of the loan proceeds provided in the HUD-1 Settlement Statement (*e.g.* lines 504, 808, 1303), there has been no undisclosed retention of improper charges and, therefore, the conversion and the breach of contract claims fail since the transaction documents show that the full proceeds of the subject loan have been paid to the Plaintiff, paid to the prior lienholder, escrowed, or paid out in appropriate charges.[4]

Plaintiff's reliance on Browner v. The District of Columbia, 549 A.2d 1107, 1114 (D.C. 1998) is inapposite. Browner was a criminal case brought under the "loansharking" statutes involving sales disguised as loans to individuals with impending foreclosures in which the defense included a claim that there were no loans being provided. It was in that context that the trial court made determinations, based upon the evidence, about the true nature of the transaction. Here, the plain and unambiguous language of the documents signed by the Plaintiff specifically and

---

[4] Plaintiff's assertion, upon information and belief, that the first lien of $60,000.00 was not paid off, at least in part (Amended Complaint, ¶¶ 58-59) is deficient, as a matter of law, because the facts are not exclusively within the knowledge/control of this Defendant and Plaintiff has failed to plead the facts upon which the allegation is based. *See Kowal v. MCI Communications Corp.*, 305 U.S. App. D.C. 60, 16 F.3d 1271, 1279 n.3 (D.C. Cir. 1994).

clearly described the transaction as a commercial loan and there has been no claim of duress. Thus, there was no "disguised" transaction.[5]

Likewise, the Maryland decision in <u>B&S Marketing Enterprises, LLC v. Consumer Protection Division</u>, 153 Md. App. 130, 835 A.2d 215 (2003) was a case involving the application of the Maryland Consumer Protection Act arising out of an administrative law proceeding brought by the State. Again, the transactions involved claims of a sale/lease-back where the court determined that it was appropriate to look beyond the form of the transaction to determine its substance. There is no viable claim here involving a sale/lease back situation or of a violation of a consumer protection statute given the commercial loan documents signed on behalf of the L.L.C. Similarly, the <u>Hoffman v. Key Federal Savings and Loan</u>, 286 Md. 28, 416 A.2d 1265 (1979) decision involved application of the Maryland commercial law statutes and required the court to determine what the contract actually was between the parties. Here, the agreements were set forth in the applicable loan documents which are plain and enforceable according to their terms.[6]

Finally, Plaintiff argues that it is appropriate to join her claims with claims involving an entirely different transaction because she asserts that there is a question

---

[5] Having accepted the benefits of the transaction, Plaintiff is estopped from now disavowing it since there has been ratification. *See Goldstein v. S&A Restaurant Corp.*, 622 F.Supp. 139, 145 (D.D.C. 1985).

[6] The decisions in *Russell v. Southard*, 53 U.S. 139 (1951), *Levy v. Butler*, 1998 Wash. App. LEXIS 1573 (Wash. 1998) and *Redic v. Gary W. Watts Realty Co.*, 762 F.2d 1181 (4th Cir. 1985) each pertain to a sale versus mortgage issue. Consistent with language from *Redic*, the goal is to determine the intent of the parties to the transaction. Here, the documents supporting the transaction signed by this Plaintiff demonstrate that the loan was a commercial loan.

as to whether the first loan from Urban Title was ever paid off. As pointed out above, this uncertainty is not a "well pleaded fact" and this is not an issue relevant to the claims against this Defendant since Plaintiff does not even allege that the earlier loan is in default or that there has been any foreclosure proceeding instituted. Therefore, and at a minimum, the Urban Title claims should be severed from the claims, if any, against this Defendant.

## CONCLUSION

For all of the foregoing reasons, as well as those previously set forth in the Motion To Dismiss, Defendant, First Mount Vernon Industrial Loan Association, Inc., respectfully prays that its Motion To Dismiss will be granted.

Respectfully submitted,

JORDAN COYNE & SAVITS, L.L.P.

By: /s/ David P. Durbin
David P. Durbin
Bar #928655
1100 Connecticut Avenue, NW
Suite 600
Washington, DC 20036
(202) 496-2804
Fax: (202) 496-2800
E-mail: d.durbin@jocs-law.com

Counsel for Defendant, First Mount Vernon Industrial Loan Association, Inc.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing Reply Memorandum In Support Of The Motion To Dismiss Of Defendant First Mount Vernon Industrial Loan Association, Inc. was mailed, first class and postage prepaid, this 28th day of November, 2006 to:

> J.P. Szymkowicz, Esquire
> John T. Szymkowicz, Esquire
> SZYMKOWICZ & SZYMKOWICZ, LLP
> Suite 400
> 1220 19th Street, NW
> Washington, DC 20036-2438
>   Counsel for Plaintiff
>
> Daniel Marino, Esquire
> Tillman J. Finley, Esquire
> SUTHERLAND ASBILL & BRENNAN LLP
> 1275 Pennsylvania Avenue, NW
> Washington, DC 20004
>   Counsel for Robert William Carney
>
> James M. Towarnicky, Esquire
> JAMES M. TOWARNICKY, P.L.L.C.
> Suite 1
> 3977 Chain Bridge Road
> Fairfax, VA 22030
>   Counsel for First Mount Vernon Mortgage, LLC and
>   Dale E. Duncan
>
> Andrew G. Levy, Esquire
> GOLDSTEIN & LEVY, P.A.
> Suite 300
> 2200 Defense Highway
> Crofton, MD 21114
>   Counsel for Urban Title Services, Inc.

_____
David P. Durbin