IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MARY JUERGENS, | * | |
| Plaintiff, | * | |
| v. | * | Case No.: 1:06CV01524 (CKK) |
| | * | Judge Colleen Kollar-Kotelly |
| URBAN TITLE SERVICES, INC., et al., | * | |
| Defendants. | * | |

**MEMORANDUM OF POINTS AND AUTHORITIES
OF DEFENDANT FIRST MOUNT VERNON INDUSTRIAL LOAN
ASSOCIATION, INC. IN OPPOSITION TO
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendant, First Mount Vernon Industrial Loan Association, Inc., by and through its undersigned counsel and pursuant to LCvR 7 and FRCP 56, hereby provides the following Memorandum Of Points And Authorities in Opposition to Plaintiff's Motion For Partial Summary Judgment.

SUMMARY OF OPERATIVE FACTS

Mary Juergens, the Plaintiff, instituted this lawsuit on August 29, 2006 claiming that she had been injured in two (2) entirely separate and distinct real estate financing transactions involving real property located at 1230 23rd Street, N.W., Apartment 505, Washington, D.C. 20037. An Amended Complaint was filed on October 25, 2006.

Thereafter, this Defendant, as well as Defendants First Mount Vernon Mortgage, L.L.C. and Dale Duncan, filed Motions To Dismiss, all premised upon the fact that the Plaintiff had signed a Deed, Notes and other documents in August, 2005 creating a

limited liability corporation to hold title to her property and obtaining a commercial loan in the amount of $250,000.00. The Motions To Dismiss demonstrated that Plaintiff's claims were deficient, as a matter of law, because the loan transaction she entered into was plainly a commercial loan, not within the ambit of the statutory and other claims she was asserting.

On November 17, 2006, Plaintiff filed a Motion For Partial Summary Judgment, asserting, *inter alia*, that she never executed a deed transferring her property to the 1230 23rd Street, L.L.C. and seeking the Court's affirmation of that proposition. Thereafter, on November 20, 2006, Plaintiff filed a Combined Response to the various pending Motions To Dismiss relying, in principal part, on the proposition that she had never properly signed the deed transferring her property to the L.L.C.[1]

While Plaintiff admits going to the offices of this Defendant in August, 2005 to secure a refinancing, she attempts to create a genuine issue of material fact out of whole cloth by asserting, contrary to recorded, documentary evidence, that she never signed the critical paperwork transferring ownership of the subject property to the L.L.C.

Given the record evidence, Plaintiff's Motion For Partial Summary Judgment cannot succeed and should be denied.

---

[1] This Defendant is contemporaneously filing a Reply Memorandum in support of its Motion To Dismiss.

ARGUMENT

1. Plaintiff Is Not Entitled To Summary Judgment Under The Applicable Legal Standard

Summary judgment can only be appropriate if, on the record viewed in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party has demonstrated that she is entitled to judgment, as a matter of law. See Tao v. Freeh, 307 U.S. App. D.C. 185, 27 F.3d 635, 638 (D.C. Cir. 1994); Fed. R. Civ. P. 56(c). Summary judgment must be denied where a "... fair-minded jury could return a verdict for the [non-movant] on the evidence provided." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Here, the evidence of a duly executed, notarized and recorded Deed requires that Plaintiff's Motion be denied.

2. There Is No Genuine Issue Of Material Fact That The Plaintiff Transferred Her Interest In The Subject Property To 1230 23rd Street, L.L.C.

The executed, notarized and recorded Deed (Exhibit 1) demonstrates that there is no genuine issue of material fact which can support Plaintiff's request for partial summary judgment. To the contrary, the undisputed fact that the Deed was executed, notarized and recorded defeats the requested partial summary judgment.[2]

---

[2] Plaintiff argues that various provisions of the D.C. Code version of the Uniform Notarial Acts statute were not complied with in the underlying transaction. However, Plaintiff omits reference to the controlling provision, D.C. Code, § 42-144, which explicitly provides that a "notarial act" in another jurisdiction is to have the same effect as if notarized under District of Columbia law. Therefore, Plaintiff's arguments arising out of the D.C. Code are entirely inapposite.

- 3 -

Since the "facts" upon which Plaintiff bases here request for summary judgment relief are without support, her request is not proper. The Deed does reflect a transfer of the legal ownership of the subject property to 1230 23rd Street, L.L.C.[3]

3. **The Executed, Notarized And Recorded Deed Demonstrates That The Plaintiff Did Transfer Her Ownership Interest In The Subject Property To 1230 23rd Street, L.L.C.**

The entire premise for Plaintiff's Motion is defeated by the existence of the Deed which she executed and which was notarized and later recorded in the District of Columbia. See Exhibit 1. The fact that the Deed was executed and notarized in the Commonwealth of Virginia does not undercut its validity. See D.C. Code, § 42-144.

Deeds are construed in accordance with the intention of the parties as discerned from the text of the instrument. See Simmons v. Rosemond, 223 F.Supp. 61 (D.D.C. 1963). The subject Deed is plain on its face and demonstrates that the Plaintiff conveyed her interest in the subject property to the LLC which she created.

In an apparent effort to avoid the impact of the legal obligations she created, agreed to and accepted the benefits of, Plaintiff has made a general allegation of fraud (Count XXII) which is not only belied by the true facts, but is inherently questionable, on its face given the lack of any claim of reasonable reliance. As support for this claim, in her Affidavit, the Plaintiff states that she "never received any funds" relating to the transfer of title to the subject property. See Affidavit, ¶ 11. Attached as Exhibit 2 is a copy of Defendant's check in the amount of $95,000.00 dated August 30, 2005 which

---

[3] Plaintiff's recent Affidavit which is contradicted by the contemporaneous written record should be disregarded as a "sham" affidavit. See Cook v. Babbitt, 819 F.Supp.1, 21 (D.D.C. 1993); see also Fed. R. Civ. P. 56(g) (providing appropriate sanctions for an affidavit made in bad faith).

was endorsed by the Plaintiff and negotiated. This direct, factual contradiction compels a rejection of Plaintiff's Affidavit and there is, therefore, no genuine, undisputed fact to support the legal claim that the Deed was infirm and ineffective.

Therefore, the Plaintiff's Motion For Partial Summary Judgment must be denied.

Respectfully submitted,

JORDAN COYNE & SAVITS, L.L.P.

By: /s/ David P. Durbin
David P. Durbin
Bar #928655
1100 Connecticut Avenue, NW
Suite 600
Washington, DC  20036
(202) 496-2804
Fax:  (202) 496-2800
E-mail:  d.durbin@jocs-law.com

Counsel for Defendant, First Mount Vernon
Industrial Loan Association, Inc.