IN THE
## UNITED STATES DISTRICT COURT
FOR THE
## DISTRICT OF COLUMBIA
Civil Division

| | | |
|---|---|---|
| MARY JUERGENS | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| URBAN TITLE SERVICES, LLC | ) | CASE NUMBER: 1:06CV01524 |
| | ) | |
| and | ) | JUDGE: Colleen Kollar-Kotelly |
| | ) | |
| WILLIAM KENNEY | ) | DECK TYPE: General Civil |
| | ) | |
| and | ) | DATE STAMP: |
| | ) | |
| ROBERT WILLIAM CARNEY | ) | |
| | ) | |
| and | ) | |
| | ) | |
| PAUL ERB | ) | |
| | ) | |
| and | ) | |
| | ) | |
| FIRST MOUNT VERNON INDUSTRIAL LOAN | ) | |
| ASSOCIATION INCORPORATED [sic] | ) | |
| | ) | |
| and | ) | |
| | ) | |
| FIRST MOUNT VERNON MORTGAGE, L.L.C. | ) | |
| | ) | |
| and | ) | |
| | ) | |
| DALE E. DUNCAN, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OF CO-DEFENDANTS FIRST MOUNT VERNON MORTGAGE, L.L.C. AND DALE DUNCAN IN OPPOSIITON TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

COME NOW Co-Defendants, First Mount Vernon, L.L.C. ("FMVM") and Dale Duncan ("Duncan"), by and through undersigned counsel, and file this Memorandum in Opposition to the Plaintiff Mary Juergens' ("Plaintiff") Motion for Partial Summary Judgment as follows.

INTRODUCTION

Plaintiff filed a Motion for Partial Summary Judgment in this case on the base allegation that Plaintiff did not execute a deed to the real property and improvements thereon known as 1230 23rd Street, N.W., Apartment 505, Washington, D.C. 20037 (the "Property"). An Opposition to the same, Statement of Material Facts Which Are Not Genuinely in Dispute ("FMV Statement"), and Memorandum of Points and Authorities ("FMV Memorandum") in support thereof were filed by First Mount Vernon Industrial Loan Association ("FMVILA"). To avoid needless duplication and waste of judicial time and effort, these co-defendants FMVM and Duncan adopt, and incorporate by reference, such FMV Opposition, FMV Statement, and FMV Memorandum, and the Exhibits thereto.

In Plaintiff's Opposition to FMVM and Duncan's Motion to Dismiss, Plaintiff argued additional facts and set forth numerous supposed rhetorical questions. Having seen the Motion to Dismiss, Plaintiff seized on an exhibit attached thereto to now declare that she never executed a deed to the Property (the "Deed")[1] to 1230 23rd Street, LLC (the "LLC"). However, it appears Plaintiff miscalculated why only a draft deed was attached to Duncan's and FMVM's Motion to Dismiss, because the District of Columbia's land records did have such a Deed of record.[2] On that basis, Plaintiff filed not only a Motion for Partial Summary Judgment, but also an affidavit asserting additional facts to that Motion that are claimed not in dispute ("Juergens' Statement").

---

[1]    At the time of filing their Motion to Dismiss, undersigned counsel's file only contained the draft version of the deed, rather than the recorded version.
[2]    See Exhibit 1 to FMV's Statement and to Duncan and FMVM's Reply to Opposition to Motion to Dismiss.

DISCUSSION

On Page 7 of her Motion, Plaintiffs asserts that "the facts of the instant case are simple, clear and uncontroverted." As demonstrated in the FMV Opposition and Memorandum, they well may be, but opposite to the manner asserted by Plaintiff. A certified true and correct copy of the Deed to the Property is recorded among the land records of the District of Columbia.

Indeed, Plaintiff does not dispute she executed the Deed of Trust, Note, affidavit, certification, disclosures, $95,000 disbursement check, or any of the other documents memorializing the loan from FMVILA ("Loan"). Instead, gambling that because a draft of the Deed was attached to their Motion to Dismiss (rather than the executed version) meant that Defendants never had such a document, Plaintiff claims under oath that she did not execute the Deed. She swears she never saw that one document associated with the Loan before the Motion to Dismiss, but offers no reason why she would be executing Loan documents on behalf of the LLC as borrower.

It is undisputed that transfer or recordation taxes had to have been paid to place the Deed of record among the land records of the District of Columbia    See Page 2 of the Deed ("Recordation Tax Fee" and "Transfer Tax Fee").

Despite the HUD-1 settlement statement showing all distributions, the payoff of the existing loan, and receiving a $95,000 distribution check (and having all of her payments in the past year being made from an interest escrow account), Plaintiff swears she did not receive the benefit of the Loan.

It is clear that, at a minimum, there is a genuine dispute of material fact regarding the claimed non-execution or recording of the Deed, the payment of recordation or transfer taxes,

or the timing of Plaintiff's seeing the Deed.

Under Rule 56, Plaintiff is entitled to judgment only if "the pleadings, . . . and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." As cited in Plaintiff's own Motion, the non-moving party can defeat such a motion by responding "with some factual showing" to create a genuine issue of material fact. *Harding v. Gray,* 9 F.3d 150 (D.C. Cir. 1993). These co-defendants have obviously met such burden.

It is clear from the Complaint and the other pleadings of Plaintiff that Plaintiff chose to disregard the documents she executed in connection with the Loan. Therefore, her claims or assertions regarding them, or her now stated differing intent surrounding them (over a year after receiving the proceeds of the Loan) are not credible, and should not be given any weight by this honorable Court.

For the reasons set forth above, the Plaintiff's Motion for Partial Summary Judgment should be denied.

Respectfully submitted,[3]

Dated: November 28, 2006

/s/ James M. Towarnicky    .
James M. Towarnicky, #370931
James M. Towarnicky, P.L.L.C.
3977 Chain Bridge Road, Suite #1
Fairfax, VA 22030
Tel. (703) 352-0022
Fax (703) 352-1516
Counsel for Co-Defendants FMVLLC
and Dale Duncan

---

[3]    Pursuant to the procedural order of this court, no proposed order or mail certificate of service is required.