## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **MARY JUERGENS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CASE NUMBER 1:06-CV-01524** |
| | ) | **Honorable Colleen Kollar-Kotelly** |
| **URBAN TITLE SERVICES, LLC,** | ) | |
| **WILLIAM KENNEY,** | ) | |
| **ROBERT WILLIAM CARNEY,** | ) | |
| **PAUL ERB, FIRST MOUNT VERNON** | ) | |
| **INDUSTRIAL LOAN ASSOCIATION** | ) | |
| **INCORPORATED, FIRST MOUNT** | ) | |
| **VERNON MORTGAGE, L.L.C., and** | ) | |
| **DALE E. DUNCAN,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### ANSWER AND AFFIRMATIVE DEFENSES
### OF URBAN TITLE SERVICES, INC.

URBAN TITLE SERVICES, INC., (hereinafter, "Urban Title"), incorrectly misnamed Urban Title Services, LLC, by and through its counsel, BONNER KIERNAN TREBACH & CROCIATA, LLP, states as follows in response to Plaintiff's Complaint (hereinafter, "Complaint"):

### 1230 23rd Street, N.W., Apt. 505, Washington, DC 20037
### District of Columbia Real Property SSL Number 0036-2004

The allegations set forth in the initial paragraph of the Complaint are the legal and/or factual conclusions of the pleader and require no response. If a response is required, Urban Title denies the allegations and demands strict proof thereof.

160251-1

## PARTIES

1.      The allegations set forth in paragraph 1 of the Complaint are the legal and/or factual conclusions of the pleader and require no response.  If a response is required, Urban Title denies the allegations and demands strict proof thereof.

2.      Urban Title admits that it is a corporation licensed to do business in the District of Columbia.  Urban Title denies the remaining allegations set forth in Paragraph 2 of the Complaint and demands strict proof thereof.

3.      The factual allegations set forth in Paragraphs 3-9 of the Complaint are not directed at this Defendant and therefore do not require a response.  If a response is required, Urban Title denies the allegations and demands strict proof thereof.

## PROPERTY AT ISSUE

4.      The allegations set forth in Paragraph 10 of the Complaint are the factual conclusions of the pleader and require no response.  If a response is required, Urban Title denies the allegations and demands strict proof thereof.

## JURISDICTION AND VENUE

5.      The allegations set forth in Paragraphs 11-12 are the factual and/or legal conclusions of the pleader and require no response.  If a response is required, Urban Title denies the allegations and demands strict proof thereof.  Further, Defendant admits the existence of the statutory authorities cited in said paragraphs but denies that jurisdiction and/or venue are vested solely by reason thereof.

160251-1

## BACKGROUND FACTS – URBAN TITLE SERVICES, LLC TRANSACTION

6.      The allegations set forth in Paragraphs 13-14 are the factual and/or legal conclusions of the pleader and require no response.  If a response is required, Urban Title denies the allegations and demands strict proof thereof.

7.      Urban Title denies the allegations set forth in Paragraphs 15-17 of the Complaint and demands strict proof thereof.

8.      The allegations set forth in Paragraphs 18-23 of the Complaint are the legal and/or factual conclusions of the pleader and require no response.  If a response is required, Urban Title denies the allegations and demands strict proof thereof.

9.      Urban Title denies the allegations set forth in Paragraph 24 of the Complaint and demands strict proof thereof.

10.      The allegations set forth in Paragraphs 25-28 of the Complaint are the legal and/or factual conclusions of the pleader and require no response.  If a response is required, Urban Title denies the allegations and demands strict proof thereof.

11.      Urban Title denies the allegations set forth in Paragraphs 29-43 of the Complaint and demands strict proof thereof.

## BACKGROUND FACTS – FIRST MOUNT VERNON TRANSACTION

12.      The allegations set forth in Paragraphs 44-65 are not directed at this Defendant and therefore do not require a response.  If a response is required, Urban Title denies the allegations and demands strict proof thereof.

## COUNT I – BREACH OF CONTRACT
## (DEFENDANT URBAN TITLE SERVICES, LLC AND DEFENDANT KENNEY)

13.      Urban Title adopts and incorporates by reference all previous responses and all

160251-1

affirmative defenses.

14.    Urban Title denies the allegations set forth in Paragraphs 67-73 of the Complaint and demands strict proof thereof.

## COUNT II – CONVERSION
## (DEFENDANT KENNEY AND DEFENDANT CARNEY)

15.    In response to paragraph 74 of the Complaint, Urban Title incorporates by reference all previous responses and all affirmative defenses.

16.    The allegations set forth in Paragraphs 75-76 are not directed at this Defendant and therefore do not require a response.  If a response is required, Urban Title denies the allegations and demands strict proof thereof.

## COUNT III – FRAUD
## (DEFENDANT KENNEY)

17.    In response to paragraph 77 of the Complaint, Urban Title incorporates by reference all previous responses and all affirmative defenses.

18.    The allegations set forth in Paragraphs 78-83 are not directed at this Defendant and therefore do not require a response.  If a response is required, Urban Title denies the allegations and demands strict proof thereof.

## COUNT IV – BREACH OF FIDUCIARY DUTY
## (DEFENDANT ERB)

19.    In response to paragraph 84 of the Complaint, Urban Title incorporates by reference all previous responses and all affirmative defenses.

20.    The allegations set forth in Paragraphs 85-88 are not directed at this Defendant and therefore do not require a response.  If a response is required, Urban Title denies the allegations and demands strict proof thereof.

160251-1

## COUNT V – NEGLIGENCE
### (DEFENDANT ERB)

21.     In response to paragraph 89 of the Complaint, Urban Title incorporates by

reference all previous responses and all affirmative defenses.

22.     The allegations set forth in Paragraphs 90-93 are not directed at this Defendant

and therefore do not require a response.  If a response is required, Urban Title denies the

allegations and demands strict proof thereof.

## COUNT VI – BREACH OF FIDUCIARY DUTY
### (DEFENDANT CARNEY)

23.     In response to paragraph 94 of the Complaint, Urban Title incorporates by

reference all previous responses and all affirmative defenses.

24.     The allegations set forth in Paragraphs 95-99 are not directed at this Defendant

and therefore do not require a response.  If a response is required, Urban Title denies the

allegations and demands strict proof thereof.

## COUNT VII – NEGLIGENCE
### (DEFENDANT CARNEY)

25.     In response to paragraph 100 of the Complaint, Urban Title incorporates by

reference all previous responses and all affirmative defenses.

26.     The allegations set forth in Paragraphs 101-104 are not directed at this

Defendant and therefore do not require a response.  If a response is required, Urban Title denies

the allegations and demands strict proof thereof.

160251-1

**COUNT VIII – CIVIL CONSPIRACY**
**(DEFENDANT KENNEY, DEFENDANT CARNEY AND DEFENDANT ERB)**

27.     In response to paragraph 105 of the Complaint, Urban Title incorporates by reference all previous responses and all affirmative defenses.

28.     The allegations set forth in Paragraphs 106-114 are not directed at this Defendant and therefore do not require a response. If a response is required, Urban Title denies the allegations and demands strict proof thereof.

**COUNT IX – VIOLATION D.C. CODE §26-901, ET SEQ.**
**(LOAN SHARK ACT)**
**(DEFENDANT URBAN TITLE SERVICES, LLC AND DEFENDANT KENNEY)**

29.     In response to paragraph 115 of the Complaint, Urban Title incorporates by reference all previous responses and all affirmative defenses.

30.     The allegations set forth in Paragraphs 116-124 of the Complaint are the legal and/or factual conclusions of the pleader and require no response. If a response is required, Urban Title denies the allegations and demands strict proof thereof.

**COUNT X – VIOLATION OF D.C. CODE §26-1101, ET SEQ.**
**(MORTGAGE LENDER AND BROKER ACT)**
**(DEFENDANT URBAN TITLE SERVICES, LLC AND DEFENDANT KENNEY)**

31.     In response to paragraph 125 of the Complaint, Urban Title incorporates by reference all previous responses and all affirmative defenses.

**32.**     The allegations set forth in Paragraphs 126-130 of the Complaint are the legal and/or factual conclusions of the pleader and require no response. If a response is required, Urban Title denies the allegations and demands strict proof thereof.

160251-1

**COUNT XI – VIOLATION OF D.C. CODE §26-1151.01, ET SEQ.**

**(MORTGAGE LOAN PROTECTION ACT)**
**(DEFENDANT URBAN TITLE SERVICES, LLC AND DEFENDANT KENNEY)**

      33.    In response to paragraph 131 of the Complaint, Urban Title incorporates by reference all previous responses and all affirmative defenses.

      34.    The allegations set forth in Paragraphs 132-136 of the Complaint are the legal and/or factual conclusions of the pleader and require no response.  If a response is required, Urban Title denies the allegations and demands strict proof thereof as to the allegations against Urban Title only.

**COUNT XII – VIOLATION OF D.C. CODE §28-3904 (e, f, q and r)**
**(UNLAWFUL TRADE PRACTICE ACT)**
**(DEFENDANT URBAN TITLE SERVICES, LLC AND DEFENDANT KENNEY)**

      35.    In response to paragraph 137 of the Complaint, Urban Title incorporates by reference all previous responses and all affirmative defenses.

      36.    The allegations set forth in Paragraphs 138-150 of the Complaint are the legal and/or factual conclusions of the pleader and require no response.  If a response is required, Urban Title denies the allegations and demands strict proof thereof.

**COUNT XIII – VIOLATION D.C. CODE §28-4601, ET SEQ.**

**(CONSUMER CREDIT SERVICE ORGANIZATION ACT)**
**(DEFENDANT URBAN TITLE SERVICES AND LLC DEFENDANT KENNEY)**

      37.    In response to paragraph 151 of the Complaint, Urban Title incorporates by reference all previous responses and all affirmative defenses.

      38.    The allegations set forth in Paragraphs 152-156 of the Complaint are the legal and/or factual conclusions of the pleader and require no response.  If a response is required, Urban Title denies the allegations and demands strict proof thereof.

## COUNT XIV – *RESPONDEAT SUPERIOR*
## (DEFENDANT CARNEY)

39.     In response to paragraph 157 of the Complaint, Urban Title incorporates by reference all previous responses and all affirmative defenses.

40.     The allegations set forth in Paragraphs 158-159 of the Complaint are the legal and/or factual conclusions of the pleader and require no response.  If a response is required, Urban Title denies the allegations and demands strict proof thereof.

## COUNT XV – *RESPONDEAT SUPERIOR*
## (DEFENDANT KENNEY)

41.     In response to paragraph 160 of the Complaint, Urban Title incorporates by reference all previous responses and all affirmative defenses.

42.     The allegations set forth in Paragraphs 161-162 of the Complaint are the legal and/or factual conclusions of the pleader and require no response.  If a response is required, Urban Title denies the allegations and demands strict proof thereof.

## COUNT XVI – *RESPONDEAT SUPERIOR*
## (DEFENDANT URBAN TITLE SERVICES, LLC)

43.     In response to paragraph 163 of the Complaint, Urban Title incorporates by reference all previous responses and all affirmative defenses.

44.     The allegations set forth in Paragraphs 164-165 of the Complaint are the legal and/or factual conclusions of the pleader and require no response.  If a response is required, Urban Title denies the allegations and demands strict proof thereof.

160251-1

## COUNT XVII – SET ASIDE DEEDS AND DEED OF TRUST, QUIET TITLE AND DECLARATORY RELIEF (DEFENDANT URBAN TITLE SERVICES, LLC, DEFENDANT KENNEY AND DEFENDANT CARNEY)

45.     In response to paragraph 166 of the Complaint, Urban Title incorporates by reference all previous responses and all affirmative defenses.

46.     The allegations set forth in Paragraph 167 of the Complaint are the legal and/or factual conclusions of the pleader and require no response.  If a response is required, Urban Title denies the allegations and demands strict proof thereof.


## COUNT XVIII – INJUNCTIVE RELIEF (DEFENDANT URBAN TITLE SERVICES, LLC, DEFENDANT KENNEY AND DEFENDANT CARNEY)

47.     In response to paragraph 168 of the Complaint, Urban Title incorporates by reference all previous responses and all affirmative defenses.

48.     The allegations set forth in Paragraph 169-170 of the Complaint are the legal and/or factual conclusions of the pleader and require no response.  If a response is required, Urban Title denies the allegations and demands strict proof thereof.


## COUNT XIX – DEMAND FOR AN ACCOUNTING (DEFENDANT URBAN TITLE SERVICES, LLC, DEFENDANT KENNEY AND DEFENDANT CARNEY)

49.     In response to paragraph 171 of the Complaint, Urban Title incorporates by reference all previous responses and all affirmative defenses.

160251-1

50.    The allegations set forth in Paragraph 172-173 of the Complaint are the legal and/or factual conclusions of the pleader and require no response. If a response is required, Urban Title denies the allegations and demands strict proof thereof.

## COUNT XX – BREACH OF CONTRACT
### (FIRST MOUNT VERNON DEFENDANTS AND DEFENDANT DUNCAN)

51.    In response to paragraph 174 of the Complaint, Urban Title incorporates by reference all previous responses and all affirmative defenses.

52.    The allegations set forth in Paragraphs 175-176 are not directed at this Defendant and therefore do not require a response. If a response is required, Urban Title denies the allegations and demands strict proof thereof.

## COUNT XXI – CONVERSION
### (FIRST MOUNT VERNON DEFENDANTS AND DEFENDANT DUNCAN)

53.    In response to paragraph 177 of the Complaint, Urban Title incorporates by reference all previous responses and all affirmative defenses.

54.    The allegations set forth in Paragraphs 178-179 are not directed at this Defendant and therefore do not require a response. If a response is required, Urban Title denies the allegations and demands strict proof thereof.

## COUNT XXII – FRAUD
### (FIRST MOUNT VERNON DEFENDANTS AND DEFENDANT DUNCAN)

55.    In response to paragraph 180 of the Complaint, Urban Title incorporates by reference all previous responses and all affirmative defenses.

160251-1

56.     The allegations set forth in Paragraphs 181-188 are not directed at this

Defendant and therefore do not require a response.  If a response is required, Urban Title denies

the allegations and demands strict proof thereof.


**COUNT XXIII – CIVIL CONSPIRACY
(FIRST MOUNT VERNON DEFENDANTS AND DEFENDANT DUNCAN)**

57.     In response to paragraph 189 of the Complaint, Urban Title incorporates by

reference all previous responses and all affirmative defenses.

58.     The allegations set forth in Paragraphs 190-196 are not directed at this

Defendant and therefore do not require a response.  If a response is required, Urban Title denies

the allegations and demands strict proof thereof.


**COUNT XXIV – VIOLATION D.C. CODE §26-901, *ET SEQ.*
(LOAN SHARK ACT)
(FIRST MOUNT VERNON DEFENDANTS AND DEFENDANT DUNCAN)**

59.     In response to paragraph 197 of the Complaint, Urban Title incorporates by

reference all previous responses and all affirmative defenses.

60.     The allegations set forth in Paragraphs 198-206 are not directed at this

Defendant and therefore do not require a response.  If a response is required, Urban Title denies

the allegations and demands strict proof thereof.


**COUNT XXV – VIOLATION D.C. CODE §26-11-1, *ET SEQ.*
(MORTGAGE LENDER AND BROKER ACT)
(FIRST MOUNT VERNON DEFENDANTS AND DEFENDANT DUNCAN)**

61.     In response to paragraph 207 of the Complaint, Urban Title incorporates by

160251-1

reference all previous responses and all affirmative defenses.

62.     The allegations set forth in Paragraphs 208-212 are not directed at this

Defendant and therefore do not require a response. If a response is required, Urban Title denies

the allegations and demands strict proof thereof.

## COUNT XXVI – VIOLATION D.C. CODE §26-1151.01, *ET SEQ.* (MORTGAGE LOAN PROTECTION ACT) (FIRST MOUNT VERNON DEFENDANTS AND DEFENDANT DUNCAN)

63.     In response to paragraph 213 of the Complaint, Urban Title incorporates by

reference all previous responses and all affirmative defenses.

64.     The allegations set forth in Paragraphs 214-218 are not directed at this

Defendant and therefore do not require a response. If a response is required, Urban Title denies

the allegations and demands strict proof thereof.

## COUNT XXVII – VIOLATION OF D.C. CODE §28-3904 (e, f, q and r) (UNLAWFUL TRADE PRACTICE ACT) (FIRST MOUNT VERNON DEFENDANTS AND DEFENDANT DUNCAN)

65.     In response to paragraph 219 of the Complaint, Urban Title incorporates by

reference all previous responses and all affirmative defenses.

66.     The allegations set forth in Paragraphs 220-233 are not directed at this

Defendant and therefore do not require a response. If a response is required, Urban Title denies

the allegations and demands strict proof thereof.

## COUNT XXVIII – VIOLATION D.C. CODE §28-4601 *ET SEQ.* (CONSUMER CREDIT SERVICE ORGANIZATION ACT) (FIRST MOUNT VERNON DEFENDANTS AND DEFENDANT DUNCAN)

67.     In response to paragraph 234 of the Complaint, Urban Title incorporates by

160251-1

reference all previous responses and all affirmative defenses.

68.     The allegations set forth in Paragraphs 235-239 are not directed at this Defendant and therefore do not require a response.  If a response is required, Urban Title denies the allegations and demands strict proof thereof.

## COUNT XXIX – *RESPONDEAT SUPERIOR* (FIRST MOUNT VERNON DEFENDANTS)

69.     In response to paragraph 240 of the Complaint, Urban Title incorporates by reference all previous responses and all affirmative defenses.

70.     The allegations set forth in Paragraphs 241-242 are not directed at this Defendant and therefore do not require a response.  If a response is required, Urban Title denies the allegations and demands strict proof thereof.

## COUNT XXX – SET ASIDE DEEDS AND DEED OF TRUST, QUIET TITLE AND DECLARATORY RELIEF (FIRST MOUNT VERNON DEFENDANTS AND DEFENDANT DUNCAN)

71.     In response to paragraph 243 of the Complaint, Urban Title incorporates by reference all previous responses and all affirmative defenses.

72.     The allegations set forth in Paragraph 244 are not directed at this Defendant and therefore do not require a response.  If a response is required, Urban Title denies the allegations and demands strict proof thereof.

## COUNT XXXI- INJUNCTIVE RELIEF (FIRST MOUNT VERNON DEFENDANTS AND DEFENDANT DUNCAN)

73.     In response to paragraph 245 of the Complaint, Urban Title incorporates by reference all previous responses and all affirmative defenses.

160251-1

74.     The allegations set forth in Paragraph 246-247 are not directed at this Defendant and therefore do not require a response.  If a response is required, Urban Title denies the allegations and demands strict proof thereof.

## COUNT XXXII – DEMAND FOR AN ACCOUNTING
### (FIRST MOUNT VERNON DEFENDANTS AND DEFENDANT DUNCAN)

75.     In response to paragraph 248 of the Complaint, Urban Title incorporates by reference all previous responses and all affirmative defenses.

76.     The allegations set forth in Paragraph 249-250 are not directed at this Defendant and therefore do not require a response.  If a response is required, Urban Title denies the allegations and demands strict proof thereof.

77.     All allegations not specifically admitted herein are denied.

## AFFIRMATIVE DEFENSES

Comes now Defendant, by and through counsel, and pleads the following Affirmative Defenses to the Complaint:

### FIRST DEFENSE
### (Failure to State a Claim)

Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND DEFENSE
### (Contributory Negligence)

If Plaintiff sustained any damages, such were caused or contributed to by the sole and/or contributory negligence of Plaintiff.

160251-1

## THIRD DEFENSE
### (Assumption of the Risk)

If Plaintiff sustained any damages as alleged, such were caused or contributed to by the knowing assumption of the risk of Plaintiff.

## FOURTH DEFENSE
### (Intervening Causation)

Plaintiff's alleged damages were directly and proximately caused by the acts and conduct of the Plaintiff that intervened between Defendant's acts and conduct and Plaintiff's alleged damages, thereby barring any recovery by Plaintiff.

## FIFTH DEFENSE
### (Intervening Act by Third Parties)

Plaintiff's alleged damages were directly and proximately caused by the acts and conduct of third parties, which intervened between the acts and conduct of Defendant and Plaintiff's alleged damages, thereby barring any recovery by Plaintiff from Defendant.

## SIXTH DEFENSE
### (Intervening Act by Unidentified Third Parties)

Plaintiff's damages, if any, were caused by intervening and/or superseding acts of omission and/or commission on the part of unknown and/or unnamed third persons or entities over whom Defendant exercised no authority, dominion or control.

## SEVENTH DEFENSE
### (Causation)

Plaintiff's alleged damages are not causally related to the events alleged in the Complaint and, in fact, were caused by the conduct of Plaintiff.

160251-1

## EIGHTH DEFENSE
### (Statute of Limitations/ Statute of Repose)

Defendant states that the causes of action allegedly set forth in the Complaint were at the time of the filing of this action barred by the applicable statute of limitations and/or statute of repose.

## NINTH DEFENSE
### (Failure to Mitigate Damages)

Plaintiff has failed to take due and appropriate care in the mitigation of her alleged damages and recovery therefore is barred in whole or in part.

## TENTH DEFENSE
### (Estoppel, Fraud and Release)

Defendant asserts the defenses of estoppel, fraud, and release.

## ELEVENTH DEFENSE
### (Failure to Join Necessary Parties)

Plaintiff has failed to join all necessary parties.

## TWELFTH DEFENSE
### (Laches)

Defendant states that the cause or causes of action allegedly set forth in the Complaint were at the time of the filing of this action barred by the doctrine of laches.

## THIRTEENTH DEFENSE
### (Accord & Satisfaction)

Defendant asserts the defense of accord and satisfaction.

## FOURTEENTH DEFENSE
### (Insufficiency of Process/Service)

Defendant asserts the defense of insufficiency of service and/or insufficiency of service of process.

160251-1

## FIFTEENTH DEFENSE
### (Res Judicata/Collateral Estoppel)

Defendant states that the cause or causes of action allegedly set forth in the Complaint are barred by the doctrines of res judicata and/or collateral estoppel.

## SIXTEENTH DEFENSE
### (Reservation of Affirmative Defenses)

Defendant states that it intends to rely on other affirmative defenses that may become available or apparent during discovery, and hereby reserves the right to amend this Answer to assert such defenses.

## SEVENTEENTH DEFENSE

Defendant met all applicable standards of care.

## EIGHTEENTH DEFENSE

Some or all of Plaintiff's claims may be barred by applicable statutes contained in the relevant portions of the District of Columbia Code.

## NINETEENTH DEFENSE

Some or all of Plaintiff's claims may be barred because the Plaintiff's alleged damages, if any, were caused by the conduct of her own agents.

## TWENTIETH DEFENSE

Plaintiff's claims must fail, in whole or in part, because Defendant did not breach any duty of care owed to the Plaintiff.

## TWENTY-FIRST DEFENSE

The Court lacks subject matter jurisdiction over Defendant.

160251-1

## TWENTY-SECOND DEFENSE

Defendant denies the allegations set forth in the Complaint.

## TWENTY-THIRD DEFENSE

Defendant denies all allegations of violation D.C. Code §26-901, et seq.

## TWENTY-FOURTH DEFENSE

Defendant denies all allegations of violation of D.C. Code §26-1101, et seq.

## TWENTY-FIFTH DEFENSE

Defendant denies all allegations of violation of D.C. Code §26-1151.01, et seq.

## TWENTY-SIXTH DEFENSE

Defendant denies all allegations of violation of D.C.Code §28-3904 (e, f, q and r).

## TWENTY-SEVENTH DEFENSE

Defendant denies all allegations of violation of D.C. Code §28-4601, et seq.

## TWENTY-EIGHTH DEFENSE

Defendant denies all allegations contained in the Complaint.

WHEREFORE, these premises considered, Defendant prays that the Court:

1.    Dismiss with prejudice the Complaint; or alternatively:

2.    Enter judgment for the Defendant:

3.    Grant Defendant its attorney's fees and costs; and

4.    Grant such other and further relief that this Court deems just and proper.

DATED this 30th day of November, 2006.

160251-1

Respectfully submitted,

**BONNER KIERNAN TREBACH & CROCIATA, LLP**

Michael M. Hicks, Bar No. 362438
Juan M. Anderson, Bar No. 465404
1233 20th Street, N.W., Suite 800
Washington, D.C.  20036
Tel:    (202) 712-7000
Fax:    (202) 712-7100

*Attorneys for Defendant Urban Title Services, Inc.*

160251-1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFIED that a true copy of the *Answer and Affirmative Defenses of*

*Urban Title Services, LLC* was served upon all counsel on this 30 day of November, 2006,

*via* U.S. mail, postage prepaid, addressed to:

J.T. Szymkowicz, Esquire
John T. Szymkowicz, Esquire
Szymkowicz & Szymkowicz, LLP
1220 19th Street, N.W., Suite 400
Washington, DC 20036-2438
*Counsel for Plaintiff*

James M. Towarnicky, Esq.
3977 Chain Bridge Road, Suite #1
Fairfax, VA 22030

David J. Marino, Esq.
Sutherland, Asbill & Brennan, LLP
1275 Pennsylvania Avenue, N.W.
Washington, D.C. 2004

David P. Durbin, Esq.
Jordan, Coyne & Savits, LLP
1100 Connecticut Avenue, N.W., #600
Washington, D.C. 20036

_____
Michael M. Hicks

160251-1