IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| MARY JUERGENS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action Number: <u>06-CA-1524</u> |
| ) | |
| URBAN TITLE SERVICES, INC., <u>et al</u>. ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF JUERGENS' COMBINED REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF JUERGENS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND TO DEFENDANTS' REPLIES TO PLAINTIFF JUERGENS' OPPOSITIONS TO DEFENDANTS' MOTIONS TO DISMISS**

Plaintiff Mary Juergens, by and through her attorneys, J.P. Szymkowicz, John T. Szymkowicz and the Law Firm of Szymkowicz & Szymkowicz, LLP, respectfully submits this combined reply to the following pleadings:

a. Defendant First Mount Vernon Mortgage, L.L.C. and Defendant Dale Duncan's opposition to Plaintiff Juergens' motion for partial summary judgment;

b. Defendant First Mount Vernon Industrial Loan Association, Inc.'s opposition to Plaintiff Juergens' motion for partial summary judgment;

c. Defendant First Mount Vernon Mortgage, L.L.C. and Defendant Dale Duncan's reply to Plaintiff Juergens' opposition to Defendant First Mount Vernon Mortgage, L.L.C. and Defendant Dale Duncan's motion to dismiss; and

d. Defendant First Mount Vernon Industrial Loan Association, Inc.'s reply to Plaintiff Juergens' opposition to Defendant First Mount Vernon Industrial Loan Association, Inc.'s motion to dismiss.

**Procedural Background**

1.  Plaintiff Juergens' response to the First Mount Vernon Defendants' motions to dismiss and her motion for partial summary judgment are based primarily on the fact that there was no valid deed from Mary Juergens to the 1230 23rd Street, LLC and therefore, the 1230 23rd Street, LLC could not encumber the title to Plaintiff Juergens' home.

2.  The First Mount Vernon Defendants' defense to Plaintiff Juergens' claims is based on the assertion that the deed (dated August 31, 2005) is valid and was recorded in the Office of the District of Columbia Recorder of Deeds on September 21, 2006 (over a year after the deed was allegedly signed and almost a month after Plaintiff Juergens filed her complaint in the instant case).

**Argument**

**I.    THE ALLEGED DEED IS INVALID SINCE IT WAS NOT PROPERLY NOTARIZED.**

The alleged deed is invalid since it was not properly notarized. On the face of the alleged deed, the identity of the notary cannot be ascertained since the notary simply scribbled his or her initials. There is no notarial stamp or seal. Plaintiff Juergens has attached an affidavit to the instant reply that confirms that she never signed a deed "selling" her property to the 1230 23rd Street, LLC.[1] Moreover, Plaintiff Juergens' affidavit states that she signed papers related to the First Mount Vernon loan before Defendant Dale Duncan and Arthur Bennett, an officer of the First Mount Vernon Defendants - neither of whom are commissioned as notaries in the Commonwealth of

---

[1]    See ¶ 8 of Plaintiff Juergens' affidavit attached to the instant reply as Exhibit 1.

Virginia.² If neither Defendant Duncan nor Arthur Bennett were notaries in Virginia at the time the deed was signed and these are the only two individuals who were present when Plaintiff Juergens signed papers related to her First Mount Vernon loan, then the alleged deed is invalid.

> **A.     Assuming arguendo that the deed is valid, the alleged transfer of title between Mary Juergens and the 1230 23rd Street, LLC is void for lack of consideration.**

Assuming arguendo that the deed is valid, the alleged transfer of title between Mary Juergens and the 1230 23rd Street, LLC is void for lack of consideration. On the face of the alleged deed, the consideration stated for the transfer of title between Mary Juergens and the 1230 23rd Street, LLC is $200,000.00. However, a review of the HUD-1 Settlement Statement provided by Defendants that supposedly relates to Plaintiff Juergens' loan does not provide any accounting of Plaintiff Juergens' receipt of $200,000.00 related to her alleged "sale" to the 1230 23rd Street, LLC. At best, the HUD-1 Settlement Statement shows that Plaintiff Juergens received a check for $95,000.00 at closing and that the first mortgage to the George Owen Trust in the amount of $61,195.11 was satisfied.³ Therefore, there is no accounting for the remaining $43,804.89. Thus, the fact that the First Mount Vernon Defendants cannot show that Plaintiff Juergens ever received $200,000.00 from the "sale" of her home to the 1230 23rd Street, LLC results in a failure of consideration that voids the sale in its entirety.

---

² See ¶¶ 12, 18-19 of Plaintiff Juergens' affidavit. See also Letter from the Virginia Secretary of the Commonwealth's Notary Division dated December 1, 2006 that is attached to Plaintiff Juergens' affidavit.
³ Plaintiff Juergens disputes that the First Mount Vernon Defendants ever satisfied the first mortgage to the George Owen Trust in the amount of $61,195.11.

WHEREFORE, Plaintiff Juergens respectfully requests that this Honorable Court to grant her motion for partial summary judgment and to deny the First Mount Vernon Defendants' motions to dismiss.

Respectfully submitted,

*J.P. Szyh*

J.P. Szymkowicz (#462146)
John T. Szymkowicz (#946079)
SZYMKOWICZ & SZYMKOWICZ, LLP
1220 19th Street, N.W., Suite 400
Washington, DC  20036-2438
(202) 862-8500

Attorney for Plaintiff Mary Juergens

# EXHIBIT 1

|  |  |  |
|---|---|---|
| MARY JUERGENS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action Number: 06-CA-1524 |
| | ) | |
| URBAN TITLE SERVICES, INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF JUERGENS' AFFIDAVIT IN SUPPORT OF HER COMBINED REPLY TO DEFENDANTS' OPPOSITION TO HER MOTION FOR PARTIAL SUMMARY JUDGMENT AND TO DEFENDANTS' REPLIES TO HER OPPOSITIONS TO DEFENDANTS' MOTIONS TO DISMISS

I, Mary Juergens, being duly sworn state the following under oath and under the penalties of perjury that:

1. The statements contained in this Affidavit are made upon personal knowledge of the facts contained in each statement.

2. The statements contained in this Affidavit are true and correct to the best of my knowledge, information and belief.

3. The statements contained in this Affidavit set forth such facts as would be admissible in evidence.

4. I am over the age of eighteen and am competent to testify to the matters stated in this Affidavit.

5. I previously stated in my Affidavit in support of my motion for partial summary judgment that I never transferred title (or any other interest) to my condominium unit in The Metropolitan (1230 23rd Street, N.W., Unit #505) to a Limited Liability Corporation known as "1230 23rd Street, LLC" or signed a deed to this effect. See Paragraphs 5-6 of my Affidavit in support of my motion for partial summary judgment.

6. Since signing my Affidavit in support of my motion for partial summary judgment, I have received Defendant First Mount Vernon Industrial Loan Association, Inc.'s opposition to my motion for partial summary judgment as well as Defendant First Mount Vernon Mortgage, L.L.C. and Defendant Dale Duncan's opposition to my motion for partial summary judgment.

7. Both oppositions focus on my alleged signature on a deed that purportedly transferred my interest in my condominium unit (1230 23rd Street, N.W., Unit #505, Washington, DC 20037) to "1230 23rd Street, LLC."

8. I again repeat that despite what appears to be my signature on this deed, I never signed this deed nor acknowledged my signature before a notary public in order to transfer legal title to my home to "1230 23rd Street, LLC."

9. I have no knowledge or information as to how what appears to be my signature came to be found on this deed.

10. Although I did sign certain documents on August 31, 2005 in the offices of First Mount Vernon in Alexandria, Virginia, I never signed any documents at the offices of Brickshire Settlements as stated as the "PLACE OF SETTLEMENT" on the HUD-1 Settlement Statement related to the First Mount Vernon loan at issue in this lawsuit that was attached to Defendant First Mount Vernon Industrial Loan Association, Inc.'s memorandum of points and authorities in support of its motion to dismiss.

11. I have never been to the address listed as the "PLACE OF SETTLEMENT" on the HUD-1 Settlement Statement related to the First Mount Vernon loan at issue in this lawsuit that was attached to Defendant First Mount Vernon Industrial Loan Association, Inc.'s memorandum of points and authorities in support of its motion to dismiss, "7700 Little River Turnpike, Ste 604, Annandale, Va 22003."

12. The only individuals before whom I ever signed any documents on August 31, 2005 were Defendant Dale Duncan and Arthur Bennett.

13. Unless Defendant Dale Duncan are agents of Brickshire Settlements, LLC in addition to being agents of First Mount Vernon, I did not sign any documents before any agent of Brickshire Settlements.

14. The notarization section of the alleged deed at issue does not show any raised seal or inked stamp to indicate that the deed was ever notarized.

15. Moreover, the signature above the notary line is illegible.

16. The only information on the alleged deed that could indicate the identity of the notary public who allegedly signed this deed was that the notary public was commissioned in Fairfax County, Virginia and that the commission expires on "06/30/09."

17. On December 1, 2006, I traveled from my home in Washington, DC to the Secretary of the Commonwealth of Virginia's office in Richmond to inquire as to whether Defendant Dale Duncan or Arthur G. Bennett were commissioned as notaries in the Commonwealth of Virginia.

18. In response to my request that the Secretary of the Commonwealth of Virginia confirm that Defendant Dale Duncan or Arthur G. Bennett were commissioned as notaries in the Commonwealth of Virginia, I was provided with a letter that states

> COMMONWEALTH OF VIRGINIA
> Secretary of the Commonwealth
> Notary Division
>
> December 1, 2006
>
> To Whom It May Concern:
>
> According to the Commonwealth of Virginia's Notary records, we do not show Arthur G. Bennett or Dale E. Duncan commissioned as Notaries in the Commonwealth of Virginia.
>
> If I can be of any additional assistance, please contact me at 804 692 2636.
>
> /s/
> Denise McDaniel
> Notary Specialist[1]

19. Since notary commissions are for five years in Virginia, the fact that neither Arthur G. Bennett nor Dale E. Duncan are currently commissioned as notaries in Virginia conclusively proves that they were not commissioned notaries on August 31, 2005, since a notary whose commission ends on June 30, 2009 would have received the commission on July 1, 2005.

20. I also have reviewed the HUD-1 Settlement Statement at issue and, assuming arguendo that the deed between myself and the 1230 23rd Street, LLC is valid, the HUD-1 Settlement Statement does not reflect that I was ever paid the $200,000.00 referenced in the alleged deed as consideration for my "sale" of my home to the 1230 23rd Street, LLC.

21. At best, the HUD-1 Settlement Statement at issue shows that I received $95,000.00 via a check made payable to me and the alleged satisfaction of the first mortgage to the George Owen Trust in the amount of $61,195.11.

22. I admit receiving the check for $95,000.00, but have not, despite my numerous requests, received any confirmation that the first mortgage to the George Owen Trust in the amount of $61,195.11 was ever satisfied.

12-1-2006
Date

Mary Juergens

---

[1] I have attached a copy of this December 1, 2006 letter to this Affidavit.

3

**COMMONWEALTH of VIRGINIA**

NOTARY DIVISION
POST OFFICE BOX 1795

*Secretary of the Commonwealth*

RICHMOND, VIRGI[NIA]

December 1, 2006

To Whom It May Concern;

According to the Commonwealth of Virginia's Notary records, we do not show Arthur G. Bennett or Dale E. Duncan commissioned as Notaries in the Commonwealth of Virgina.

If I can be of any additional assistance, please contact me at 804 692 2636.

*Denise McDaniel*
Denise McDaniel
Notary Specialist