## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| MARY JUERGENS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| URBAN TITLE SERVICES, INC., WILLIAM ) | CIVIL ACTION NO. 1:06-CV-1524 |
| KENNEY, ROBERT WILLIAM CARNEY, ) | |
| PAUL ERB, FIRST MOUNT VERNON ) | JUDGE: Colleen Kollar-Kotelly |
| INDUSTRIAL LOAN ASSOCIATION ) | |
| INCORPORATED, FIRST MOUNT VERNON ) | |
| MORTGAGE, LLC, and DALE E. DUNCAN, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DEFENDANT ROBERT WILLIAM CARNEY TO QUASH THIRD PARTY SUBPEONA OF PLAINTIFF MARY JUERGENS AND/OR FOR A PROTECTIVE ORDER REGARDING DISCOVERY**

Defendant Robert William Carney ("Defendant Carney"), by and through undersigned counsel, and pursuant to Federal Rules of Civil Procedure 26 and 45 and Local Civil Rule 7, respectfully requests that the Court enter an Order quashing the subpoena *duces tecum* issued by Plaintiff Mary Juergens and directed to Brickshire Settlements, LLC (Court File No. 36) and/or enter a Protective Order that no party proceed with discovery in this case until the parties have held the discovery planning conference required by Fed. R. Civ. P. 26(f). In support thereof, Defendant Carney states as follows:

1. On Friday, December 8, 2006, Plaintiff issued a subpoena *duces tecum* in the above-captioned matter directed at Brickshire Settlements, LLC and requesting the production of 49 categories of documents, objects, and things. (*See* Court File No. 36, Subpoena.)

2. Said subpoena *duces tecum* was made returnable on Friday, December 22, 2006, at 12:00 p.m. at the offices of counsel for Plaintiff. (*See* Court File No. 36, Subpoena.)

3. Said subpoena *duces tecum* was purportedly served upon Brickshire Settlements, LLC on Friday, December 15, 2006 by a Thomas C. Parks. (*See* Court File No. 36, Affidavit of Service.)

4. On Wednesday, December 20, 2006, at 7:12 p.m. Plaintiff filed a copy of the affidavit of service and subpoena *duces tecum* with the Court. (Court File No. 36.)

5. At no time have the parties to this matter conducted the discovery planning conference required by Fed. R. Civ. P. 26(f). Ex. A, Declaration of Tillman J. Finley ¶ 4.

6. Fed. R. Civ. P. 26(d) provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Therefore, issuance and service of Plaintiff's subpoena *duces tecum* is prohibited by the Federal Rules of Civil Procedure. *See Interscope Records v. Does*, No. 06-CV-352, 2006 WL 1351876, at *1 (D. Colo. March 13, 2006); *Chevron USA, Inc. v. Peuler*, No. 02-2982, 2003 WL 139164, at *1 (E.D. La. Jan. 15, 2003).

7. Accordingly, Plaintiff's third party subpoena is premature and, therefore, improper. As a result, the subpoena should be quashed and the Court should enter a Protective Order staying any further discovery in this case until a Rule 26(f) conference has been held.

8. Other than the filing of the affidavit of service and subpoena *duces tecum* on the night of December 20, 2006, counsel for Defendant Carney have not received any other notice or service of the subpoena *duces tecum* at issue. Ex. A, Declaration of Tillman J. Finley ¶ 5.

9. Fed. R. Civ. P. 45(b)(1) requires that "[p]rior notice of any commanded production of documents and things or inspection of premises before trial shall be served on each

party in the manner prescribed by Rule 5(b)." "The purpose of such notice is to afford other parties an opportunity to object to the production or inspection, or to serve a demand for additional documents or things. …. [W]hen production or inspection is sought independently of a deposition, other parties may need notice in order to monitor the discovery and in order to pursue access to any information that may or should be produced." Fed. R. Civ. P. 45, advisory committee notes, 1991 Amendment.

10. The only service of the instant subpoena provided to Defendant Carney by Plaintiff came approximately 41 hours prior to the return date stated on the subpoena and, for no apparent reason, more than five days after service of the subpoena on Brickshire Settlements.

11. Accordingly, Plaintiff has not provided sufficient time for Defendant Carney or any of the other parties to object to or supplement the subpoena *duces tecum* or arrange for a mutually convenient production by the respondent.

12. Counsel for Defendant Carney has attempted to confer with counsel for Plaintiff regarding the substance of the instant motion, but was informed by counsel's office that he was unavailable. Counsel for Defendant Carney left a message for counsel for Plaintiff specifying the need to confer regarding a potential motion relating to Plaintiff's subpoena *duces tecum*, but that message has not yet been returned. Ex. A, Declaration of Tillman J. Finley ¶¶ 6-8.

**WHEREFORE**, Defendant Carney respectfully requests that the Court enter an Order quashing the subpoena *duces tecum* issued by counsel for Plaintiff on December 8, 2006, and filed with the Court on December 20, 2006, and/or enter a Protective Order that discovery not proceed in this case until such time as the parties are able to conduct the discovery planning conference required by Fed. R. Civ. P. 26(f).

Dated: December 21, 2006    Respectfully submitted,

/s/
Daniel Marino (DC Bar # 416711)
Tillman J. Finley (DC Bar # 477737)
Sutherland Asbill & Brennan LLP
1275 Pennsylvania Ave., NW
Washington, DC  20004
 (202) 383-0100 Phone
 (202) 637-3593 Fax

*Counsel for Defendant Robert William Carney*