IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| MARY JUERGENS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action Number: 06-CA-1524 |
| ) | |
| URBAN TITLE SERVICES, INC., et al. ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF JUERGENS' RESPONSE TO DEFENDANT CARNEY'S MOTION TO QUASH THIRD PARTY BRICKSHIRE SETTLEMENTS, LLC'S SUBPOENA OR IN THE ALTERNATIVE FOR A PROTECTIVE ORDER REGARDING DISCOVERY**

Plaintiff Mary Juergens, by and through her attorneys, J.P. Szymkowicz, John T. Szymkowicz and the Law Firm of Szymkowicz & Szymkowicz, LLP, respectfully requests that this Honorable Court deny Defendant Robert William Carney's motion to quash the subpoena issued to Brickshire Settlements, LLC (which is not a party in this case). In addition, Plaintiff Juergens requests that Defendant Carney's alternate motion for a protective order regarding discovery be denied.

**Memorandum of Points and Authorities**

**Background**

1.  The claims set forth in Plaintiff Juergens' amended complaint are based on irregularities with two loans: the first related to Defendant Urban Title Services, Inc., Defendant William Kenney, Defendant Carney and Defendant Erb [the "Urban Title loan']; the second related to Defendant First Mount Vernon Industrial Loan Association Incorporated, Defendant First Mount Vernon Mortgage, L.L.C. and Defendant Duncan [the "First Mount Vernon loan"].

2. The subpoena at issue was directed at a third party, Brickshire Settlements, LLC, since it was allegedly the settlement company that performed the closing on the First Mount Vernon loan and the settlement company that allegedly satisfied Plaintiff Juergen' alleged debt arising out of the Urban Title loan.

3. Although Brickshire Settlements, LLC has failed to respond to the subpoena in a timely manner, its attorney, Steven Sheehy, indicated that the responsive documents would be provided during the week of January 1-5, 2007.

4. More importantly, however, Brickshire Settlements, LLC's attorney, Mr. Sheehy, did not file any objection to the subpoena with this Honorable Court nor did he indicate to Plaintiff Juergens' counsel that he had any objections with regard to the subpoena when Mr. Sheehy spoke to Mr. Szymkowicz, Plaintiff Juergens' counsel on December 29, 2006.

5. Plaintiff Juergens sought the information regarding the closing of the First Mount Vernon loan and the alleged payoff of the Urban Title loan in order to rebut documents that the First Mount Vernon Defendants provided as attachments to their motions to dismiss. These documents were questionable on their face since they lacked notarial seals and clear signatures.

6. Defendant Carney's counsel, Tillman J. Finley's "Declaration" filed with his client's motion to quash indicates that he "called the office of counsel for Plaintiff on the afternoon of Thursday, December 21, 2006, in an effort to confer with counsel for Plaintiff regarding the premature and/or improper nature of Plaintiff's subpoena duces tecum and determine if the matter could be resolved without the necessity of a motion." What Mr. Finley neglects to mention is that this call was placed around 4:15 p.m. that

day (when Plaintiff Juergens' counsel was out of the office for a few hours) and the motion was filed at 7:33 p.m. that day (leaving Plaintiff Juergens' counsel virtually no time to return Mr. Finley's call).

**Argument**

I.     **DEFENDANT CARNEY'S MOTION TO QUASH SHOULD BE DENIED SINCE HE HAS NO STANDING TO CONTEST THE SUBPOENA TO THE THIRD PARTY, BRICKSHIRE SETTLEMENTS, LLC AND BRICKSHIRE SETTLEMENTS, LLC'S PRODUCTION OF THE REQUESTED DOCUMENTS IMPOSES NO BURDEN WHATSOEVER ON DEFENDANT CARNEY OR ANY OTHER PARTY FOR THAT MATTER.**

Defendant Carney's Motion to Quash should be denied since he has no standing to contest the subpoena to the third party, Brickshire Settlements, LLC and Brickshire Settlements, LLC's production of the requested documents imposes no burden whatsoever on Defendant Carney or any other party for that matter.  As attachments to their motions to dismiss and in support of their claims that the First Mount Vernon loan was "legal" and "proper," the First Mount Vernon Defendants filed documents that were questionable on their face since they lacked notarial seals and clear signatures.  In order to rebut these questionable documents, Plaintiff Juergens sought the opportunity to review the originals (which, presumably are in the custody and control of the settlement agent, Brickshire Settlements, LLC).  There was no improper purpose for seeking these documents via subpoena - Plaintiff Juergens simply wishes to verify that what the First Mount Vernon Defendants filed with their motions to dismiss are true and authentic copies of the documents that Brickshire Settlements, LLC retained as part of their duties as settlement agent.  Brickshire Settlements, LLC's production of these documents imposes no burden on Defendant Carney (or any other Defendant for that matter) and will help to ensure the integrity of these proceedings by providing clear copies of the relevant

closing documents (rather than the "drafts" and other unclear copies) filed by the First Mount Vernon Defendants.  Moreover, outside of this single attempt to obtain the documents that are at the core of this entire dispute - the settlement papers related to the First Mount Vernon loan, Plaintiff Juergens does not seek any other discovery at this time.[1]

WHEREFORE, Plaintiff Juergens respectfully requests that this Honorable Court to deny Defendant Carney's motion to quash the Brickshire Settlements, LLC subpoena and for a protective order related to discovery.

Respectfully submitted,

_____
J.P. Szymkowicz (#462146)
John T. Szymkowicz (#946079)
SZYMKOWICZ & SZYMKOWICZ, LLP
1220 19th Street, N.W., Suite 400
Washington, DC  20036-2438
(202) 862-8500

Attorney for Plaintiff Mary Juergens

---

[1]     Plaintiff Juergens continues to seek information from Defendant Carney, through his counsel, that will lead to the current location of Defendant Kenney and Defendant Erb.  Prior to Defendant Carney's attorneys entering their appearances, Defendant Carney promised such information in exchange for a continuance of his duty to respond to Plaintiff Juergens' complaint.  Since Defendant Carney's attorneys have entered their appearances, the attorneys have refused to provide such information.  Plaintiff Juergens' process server has filed affidavits showing that they attempted service at the last known addresses of Defendant Kenney and Defendant Erb, but these Defendants were not to be found.  Plaintiff Juergens may request, at a later time, that this Honorable Court permit a limited inquiry into Defendant Carney's knowledge as to the current whereabouts of Defendant Kenney and Defendant Erb.

4

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| MARY JUERGENS | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action Number: 06-CA-1524 |
| | ) |
| URBAN TITLE SERVICES, INC., et al. | ) |
| | ) |
| Defendants. | ) |

**ORDER DENYING DEFENDANT CARNEY'S MOTION TO QUASH BRICKSHIRE SETTLEMENTS, LLC'S SUBPOENA AND MOTION FOR A PROTECTIVE ORDER LIMITING DISCOVERY**

Upon consideration of Defendant Robert William Carney's motion to quash the subpoena issued to Brickshire Settlements, LLC (which is not a party in this case) and alternate motion for a protective order limiting discovery and Plaintiff Juergens' response thereto, it is hereby ordered that Defendant Carney's motions are DENIED.

_____            _____
Date                                                         Colleen Kollar-Kotelly
                                                                    United States District Judge