## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

_____
                                                     )
MARY JUERGENS,                                       )
                                                     )
            Plaintiff,                               )
                                                     )
    v.                                               )
                                                     )
URBAN TITLE SERVICES, INC., WILLIAM                  )       CIVIL ACTION NO. 1:06-CV-1524
KENNEY, ROBERT WILLIAM CARNEY,                       )
PAUL ERB, FIRST MOUNT VERNON                         )       JUDGE:  Colleen Kollar-Kotelly
INDUSTRIAL LOAN ASSOCIATION                          )
INCORPORATED, FIRST MOUNT VERNON                     )
MORTGAGE, LLC, and DALE E. DUNCAN,                   )
                                                     )
            Defendants.                              )
_____)

### REPLY BRIEF IN SUPPORT OF MOTION OF DEFENDANT ROBERT WILLIAM CARNEY TO QUASH THIRD PARTY SUBPOENA OF PLAINTIFF MARY JUERGENS AND/OR FOR A PROTECTIVE ORDER REGARDING DISCOVERY

Defendant Robert William Carney ("Defendant Carney") submits this reply brief in further support of his motion to quash the subpoena *duces tecum* issued by Plaintiff Mary Juergens to Brickshire Settlements, LLC (Court File No. 36) and/or for the entry of a Protective Order that no party proceed with discovery in this case until the parties have held the discovery planning conference required by Fed. R. Civ. P. 26(f).

### ARGUMENT

The sole basis for Plaintiff's opposition to Defendant Carney's motion is an alleged lack of standing.  (Court File No. 38, pp. 3-4.)  While it is generally true that a litigant cannot seek to quash a subpoena directed at a third party absent a privileged, personal, or proprietary interest in the material or information sought thereby, a party does have standing to move to quash a subpoena that is untimely or in violation of the Federal Rules of Civil Procedure, the Court's

local rules, or a scheduling order entered by the Court.  *See Dag Enter., Inc. v. Exxon Mobil Corp.*, 226 F.R.D. 95, 104-08 (D.D.C. 2005) (denying motion to compel and granting motion for protective order from discovery where third party subpoena was issued after close of discovery); *see also Fieldturf USA, Inc. v. Specialty Surfaces Int'l, Inc.*, No. 06-CV-2515, 2006 WL 3500902, at *3 (E.D. Va. Dec. 5, 2006) (denying defendants' motion to quash third party subpoena based upon finding that parties had, in fact, held Rule 26(f) conference and not questioning standing of defendants to file said motion); *Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 428 (M.D. Fla. 2005) (holding defendants had standing to move to quash third party subpoena based on inadequate notice); *McNerney v. Archer Daniels Midland Co.*, 164 F.R.D. 584, 587-88 (W.D.N.Y. 1995) (finding defendant had standing to move to quash third party subpoena where subpoena was untimely in that plaintiff had issued subpoena after discovery deadline had passed and subpoena was facially invalid in that it was issued by court other than the one within whose jurisdiction the production was to be made).

Plaintiff does not dispute that no Rule 26(f) conference has been held in this case and that, therefore, her subpoena is in violation of Rule 26(d).  Nor does Plaintiff dispute that the 41-hour prior notice provided to the parties was insufficient to comply with Rule 45(b)(1).  Defendant Carney does have standing to raise an objection to the untimely nature of Plaintiff's subpoena and Defendant Carney's own lack of adequate notice and seek to have it quashed on those bases.  "Not only do Defendants have a personal interest in receiving adequate notice of depositions, a party has standing to move to enforce the Court's orders and rules."  *Auto-Owners Ins. Co.*, 231 F.R.D. at 428.

In any event, Plaintiffs undoubtedly have standing to seek a protective order under Rule 26(c).  *Auto-Owners Ins. Co.*, 231 F.R.D. at 429 (citing *Washington v. Thurgood Marshall Acad.*,

230 F.R.D. 18, 22 (D.D.C. 2005).  Accordingly, Plaintiffs have requested a protective order that no party be permitted to proceed with discovery in this case until such time as the parties are able to conduct the discovery planning conference required by Fed. R. Civ. P. 26(f).

That Plaintiff's subpoena imposes no burden on Defendant Carney and was not pursued for any improper purpose on the part of Plaintiff is irrelevant.  Though the parties' ability to meet and confer regarding Defendant Carney's motion was less than ideal, this was primarily the result of Plaintiff having provided the other parties notice of her subpoena only 41 hours prior to the return date.

### CONCLUSION

For the reasons stated herein and in Defendant Carney's opening brief, Defendant Carney respectfully requests that the Court enter an Order quashing the subpoena *duces tecum* issued by counsel for Plaintiff on December 8, 2006, and filed with the Court on December 20, 2006, and/or enter a Protective Order that discovery not proceed in this case until such time as the parties are able to conduct the discovery planning conference required by Fed. R. Civ. P. 26(f).

Dated:  January 8, 2007                        Respectfully submitted,


                                                 /s/                   
                                       Daniel Marino (DC Bar # 416711)
Tillman J. Finley (DC Bar # 477737)
Sutherland Asbill & Brennan LLP
1275 Pennsylvania Ave., NW
Washington, DC  20004
 (202) 383-0100 Phone
 (202) 637-3593 Fax

*Counsel for Defendant Robert William Carney*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing Reply Brief in Support of the Motion of Defendant Robert William Carney to Quash Third Party Subpoena of Plaintiff Mary Juergens and/or for a Protective Order Regarding Discovery were sent via the Court's electronic filing service this 8th day of January, 2007 to:

J.P. Szymkowicz
John T. Szymkowicz
Szymkowicz & Szymkowicz, LLP
1220 19th Street, NW, Suite 400
Washington, DC  20036-2438
(202) 862-8500 (telephone)
(202) 862-9825 (facsimile)

*Attorneys for Plaintiff Mary Juergens*

Michael M. Hicks
Juan M. Anderson
1233 20th Street, NW
Suite 800
Washington, DC  20036
(202) 712-7000 (telephone)
(202) 712-7100 (facsimile)
*Attorneys for Urban Title Services, Inc.*

James M. Towarnicky
3977 Chain Bridge Road
Suite #1
Fairfax, VA  22030
(703) 352-0022 (telephone)
(703) 352-1516 (facsimile)
*Attorney for Defendant Dale E. Duncan*

David P. Durbin
Jordan, Coyne & Savits, LLP
1100 Connecticut Avenue, NW
Suite 600
Washington, DC  20036
(202) 496-2804 (telephone)
(202) 496-2800 (facsimile)
*Attorney for Defendant First Mount Vernon Industrial Loan Association, Inc.*

                    /s/
_____
Daniel Marino (DC Bar # 416711)
Tillman J. Finley (DC Bar # 477737)
Sutherland Asbill & Brennan LLP
1275 Pennsylvania Ave., NW
Washington, DC  20004
 (202) 383-0100 Phone
 (202) 637-3593 Fax

*Counsel for Defendant Robert William Carney*