UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARY JUERGENS,

   Plaintiff,

    v.

URBAN TITLE SERVICES, INC., *et al.*,

   Defendants.

Civil Action No. 06–1524 (CKK)

**ORDER**
(February 13, 2007)

On Friday December 8, 2006, Plaintiff issued a subpoena *duces tecum* in the above-captioned matter directed at third party, Brickshire Settlements, LLC, requesting the production of 49 categories of documents.  *See* Subpoena *Duces Tecum*, *Juergens v. Urban Title Servs., Inc., et al.*, Civil Action No. 06-1524 (D.D.C. Dec. 20, 2006) (hereinafter "Plaintiff's Subpoena"). Plaintiff's Subpoena appears to have been served upon Brickshire Settlements, LLC on December 15, 2006, and on December 20, 2006, Plaintiff filed a copy of her Subpoena and the related affidavit of service with the Court.  *Id.*  Thereafter, on December 21, 2006, Defendant Robert William Carney filed a Motion to Quash Plaintiff's Subpoena and/or Motion for a Protective Order, on the grounds that pursuant to Federal Rule of Civil Procedure 26(d) "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d).  *See* Carney Mot. to Quash at 2.  Plaintiff opposes Defendant Carney's Motion to Quash.

Defendant Carney is correct that, absent a court order, discovery is not permitted under the Federal Rules of Civil Procedure before the parties have conferred pursuant to Federal Rule

of Civil Procedure 26(f). Fed. R. Civ. P. 26(d). In light of the pending motions to dismiss in this matter, the parties have not yet engaged in such a conference, and the Court has not set a discovery schedule, nor will the Court do so before the pending motions to dismiss are resolved. As such, Plaintiff improperly issued her Subpoena without seeking leave of the Court to do so, and the Court will not countenance any future premature attempts at discovery.

Nevertheless, the Court has reviewed Plaintiff's Subpoena, Defendant Carney's Motion to Quash, Plaintiff's Response, and Defendant Carney's Reply. Plaintiff asserts that she issued her Subpoena in order to review the original copies of documents filed by the First Mount Vernon Defendants in support of their motions to dismiss, which Plaintiff believes "were questionable on their face since they lacked notarial seals and clear signatures." Pl's Resp. at 3. Plaintiff further asserts that Defendant Carney lacks standing to challenge Plaintiff's subpoena to a third party, that Brickshire Settlement, LLC's production of documents imposes no burden on Defendant Carney, and that Brickshire Settlements, LLC does not object to Plaintiff's subpoena. *Id.* at 2-3. In response, Defendant Carney argues that, even if a litigant cannot seek to quash a subpoena directed at a third party absent a privileged, personal or proprietary interest in the information sought, a party may move to quash a subpoena that is untimely or in violation of the Federal Rules of Civil Procedures, or may move for a protective order pursuant to Federal Rule of Civil Procedure 26(c). Carney Reply at 1-2. The Court agrees with Defendant Carney that as a party to this action, he has properly moved for a protective order pursuant to Federal Rule of Civil Procedure 26(c). *See Washington v. Thurgood Marshall Acad.*, 230 F.R.D. 18, 22 (D.D.C. 2005).

Upon reviewing the documents in question, it is unclear to the Court precisely which documents Plaintiff believes to be "questionable on their face." Pl's Resp. at 3. Nevertheless, it

appears that the third party to whom Plaintiff's Subpoena was issued, Brickshire Settlements, LLC, does not oppose Plaintiff's Subpoena, and that Defendant Carney, while opposing Plaintiff's method of seeking such documents, does not actually oppose the production of such documents by Brickshire Settlements, LLC.  Thus, to the extent that Plaintiff's Subpoena simply seeks to verify the authenticity of documents that the First Mount Vernon Defendants have proffered in support of their motions to dismiss, the Court shall deny-in-part Defendant Carney's Motion to Quash/Motion for a Protective Order.  In contrast, the Court notes that Plaintiff's Subpoena appears to call for the production of documents beyond those few at issue based on the First Mount Vernon Defendants' motions to dismiss.  *See* Pl's Subpoena.  As a result, to the extent that Plaintiff's Subpoena seeks additional material beyond original copies of those documents proffered by the First Mount Vernon Defendants in support of their motions to dismiss, the Court shall grant-in-part Defendant Carney's Motion to Quash/Motion for a Protective Order.

Accordingly, it is, this 13th day of February, 2007, hereby

**ORDERED** that [37] Defendant Carney's Motion to Quash/Motion for a Protective Order shall be GRANTED-IN-PART and DENIED-IN-PART; it is further hereby

**ORDERED** that Plaintiff shall not pursue additional discovery prior to the resolution of the motions to dismiss currently pending in this matter and the Court's setting of a discovery schedule in this matter, unless Plaintiff first seeks the Court's permission to do so.

**SO ORDERED.**

        */s/*
COLLEEN KOLLAR-KOTELLY
United States District Judge