# Exhibit 1



# BALLOON DEED OF TRUST NOTE

### First Trust
## Important Notice

**THIS INSTRUMENT CONTAINS A CONFESSION OF JUDGMENT PROVISION THAT CONSTITUTES A WAIVER OF IMPORTANT RIGHTS YOU MAY HAVE AS A DEBTOR AND ALLOWS THE CREDITOR TO OBTAIN A JUDGMENT AGAINST YOU WITHOUT ANY FURTHER NOTICE.**

**THIS LOAN IS BEING MADE FOR COMMERCIAL OR INVESTMENT PURPOSES PURSUANT TO SECTION 28-3301 OF THE DISTRICT OF COLUMBIA CODE.**

Given for money loaned and secured by a Balloon Deed of Trust on **SEE ATTACHED LEGAL DESCRIPTION.** The improvements thereon being known as **1230 23rd Street, Unit 505 and Parking Space 63, Washington, DC 20037.**

Ronald S. Deutsch, Edward S. Cohn, Steven Goldberg, Richard J. Rogers and Richard Solomon, Trustees

---

**$250,000.00**                                                    **August 31, 2005**

   **FOR VALUE RECEIVED, I, 1230 23rd Street, LLC** (hereinafter known as "Borrower"), promise to pay to the order of FIRST MOUNT VERNON INDUSTRIAL LOAN ASSOCIATION, a Virginia corporation, 6019 Tower Court, Alexandria, Virginia 22304 (hereinafter known as "Noteholder") the sum of **Two Hundred Fifty Thousand Dollars and no/100ths ($250,000.00),** with interest from the date hereof until paid at the rate of **Eighteen percent (18%)** per annum on the unpaid balance. **However, should this loan ever be in default the interest rate will be increased to Twenty-four percent (24%) per annum for the remainder of the time that this loan is outstanding.** Said principal and interest is payable as follows: Commencing on **October 1, 2005,** and continuing on the 1st day of each and every month thereafter **interest-only payments of $3,750.00, with the entire remaining unpaid balance of principal and interest, if not sooner paid, being due and payable in full on or before September 1, 2007.**
   Each installment when so paid to be applied first to the payment of late charges, second to the payment of interest on the amount of principal remaining unpaid, and the balance thereof to be credited to the principal.
   And it is expressly agreed that if default be made in the payment of any one of the aforesaid installments when and as the same shall become due and payable, then and in that event, the unpaid balance of the aforesaid principal sum and accrued interest shall at the option of the holder hereof at once become and be due and payable. Borrower shall be responsible for all costs of collections, including without limitation, court costs, attorney's fees of at least 20% of the outstanding indebtedness under this Note and all other costs of collection to the extent not prohibited by applicable law. Additionally, **in the event of Default and at the sole discretion**

1

_____

of the Lender, if said note is modified, extended or default cured, there shall be an administrative / reinstatement fee equal to two and one-half percent (2.5%) of the principal balance and all outstanding interest and penalties.    If the Noteholder has not received the full amount of any payment including the balloon payment by the end of five (5) calendar days after the date it is due, a late fee shall apply as follows:  A late fee of $650.00 shall become immediately due if payment is not received by the Noteholder by the 5th day of any month.  **IN ADDITION, A TEN PERCENT (10%) LATE FEE SHALL BE PAYABLE ON THE PRINCIPAL BALLOON PAYMENT, SHOULD THE BORROWER NOT PAY SAID AMOUNT WITHIN FIVE (5) DAYS OF DUE DATE.**  Borrower shall also be responsible for the payment of Twenty-Five Dollars ($25.00) for each check that, upon presentment, is returned unpaid from the Lender.

The Maker(s) agree, upon any default hereunder, to pay all costs of collection as set forth above, and severally waive the benefits of any exemption now or hereafter allowed it by law insofar as such exemption may lawfully be waived. In the event the Noteholder accepts a Deed in Lieu of Foreclosure, such acceptance shall only satisfy the amount of unpaid principal outstanding and Noteholder reserves the right to collect all interest, fees and other charges outstanding at the time of such acceptance.  If permitted by law, and if, under its terms, this Note is in default, the Maker hereof constitutes and appoints the attorney of said **First Mount Vernon Industrial Loan Association** with power of substitution as its duly constituted attorney-in-fact for the purpose of confessing judgment against Maker for any amounts required to be paid pursuant to the Note, including costs of collection as set forth above.  Said attorney is hereby authorized to confess judgment on behalf of Maker for such amounts not paid in compliance with the terms of this Note.  Further, Maker does hereby constitute and appoint said attorney to confess judgment on behalf of Maker for immediate possession of the premises in any Court of **The District of Columbia** having jurisdiction and hereby ratifies and confirms the acts of said attorney in fact as fully as if done in person.

Upon the nonpayment of this Note or any part thereof, at maturity, the Maker(s) hereby authorize and empower any Clerk of any Court of record in **The District of Columbia** or elsewhere, to enter judgment by confession, on or after maturity, against the undersigned, in favor of **First Mount Vernon Industrial Loan Association**, its successors and assigns or legal holder, for the full amount of the indebtedness then due hereon, interest and costs, as well as reasonable attorney's fees as set forth herein, expressly waiving summons and other process, and does hereby further consent to the immediate execution of said judgment.

**There shall be a 3% prepayment penalty during the first year of this loan.  Should borrower prepay, or cause this loan to become due prior to maturity through default, interest may be recalculated using a method (the Rule of 78's) which could result in additional interest being due. There shall be an exit fee equal to one percent of the loan amount when this loan is paid in full and released.**

The Borrower and all endorsers and guarantors hereof waive notice of maturity, presentment, protest and notice of protest, notice of non-payment and dishonor.

In the event of any filing under any Chapter of the United States Bankruptcy Code ("bankruptcy proceeding") Noteholder shall be entitled to charge interest on all accrued interest, foreclosure costs, attorney fees (whether incurred as a result of the foreclosure or the bankruptcy proceeding) or other pre-petition arrearage payable pursuant to or through any plan in the

bankruptcy proceeding. If any post-petition arrearage occurs and those amounts are payable pursuant to or through any plan, Noteholder shall be entitled to charge interest on those amounts the same as if they were pre-petition arrears. Said interest shall be at the same rate charged under this Promissory Note.

This Note shall be the joint and several obligation of all Borrowers, sureties, guarantors and endorsers, and shall be binding upon them and their heirs, Personal Representatives, successors and assigns.

Any notice to Borrower shall be given by mailing such notice by Certified Mail, Return Receipt Requested, postage prepaid, to Borrower at Borrower's designated address. Any notice to Noteholder shall be given by mailing such notice by Certified Mail, Return Receipt Requested, postage prepaid, to Noteholder at Noteholder's designated address.

In addition to the protections given to Noteholder under this Note, a Deed of Trust dated this same date, containing additional provisions which are incorporated by referenced herein, protects the Noteholder from possible losses which might result upon Borrower's default.

**IT IS FURTHER AGREED THAT IN THE EVENT THE TITLE OR ANY INTEREST TO THE PROPERTIES CONVEYED BY THE DEED OF TRUST SECURING THIS NOTE SHALL BECOME VESTED IN ANY ONE OTHER THAN THE MAKER(S) HEREOF, IF ADDITIONAL ENCUMBRANCES OR DEEDS OF TRUST ARE RECORDED, OR, IF ANY JUDGMENTS OR LIENS ARE RECORDED AGAINST ANY ONE MAKER, THEN THE ENTIRE BALANCE OF THIS NOTE SHALL IMMEDIATELY BECOME DUE AND PAYABLE.**

**BORROWER HEREBY WAIVES BORROWER'S RIGHT TO HAVE THE PAYMENTS THAT ARE TO BE MADE UNDER THIS AGREEMENT IN SUBSTANTIALLY EQUAL AMOUNTS.**

**BORROWER SPECIFICALLY STATES THAT HE WILL NOT OCCUPY THE PROPERTIES.**

If any provision of this Note is found to violate a particular statute, then only that provision will be appropriately modified and the remaining provisions will stand and are fully enforceable.

Borrower acknowledges that he may now, or in the future may have other loan(s) from Noteholder and that such loan(s) are or will be evidenced by Promissory Notes and that said Notes are or will be secured by Deeds of Trust. That in consideration for Noteholder making this loan, Borrower understands and agrees that Noteholder may require repayment of sums due on said other loans in order to fully satisfy the within loan.

_____(SEAL)
1230 23rd Street, LLC

The person signing below does so for the purpose of acknowledging all terms and obligations of this Note and by so signing, personally guarantees the repayment of all obligations set forth herein as if he is the maker of the this Note.

3

_(SEAL)_

_Mary J. Juergens, Personally_

This is to certify that this is the Note
described in a Deed of Trust to the
Trustees named hereon and bearing
even date herewith.  Said Deed of
Trust and Note having been executed
In my presence.

Notary Public

My Commission Expires: 06/30/05

4

# Exhibit 2

# COMMERCIAL LOAN
## BALLOON DEED OF TRUST
### First Trust

## THE LOAN SECURED BY THIS DEED OF TRUST HAS BEEN MADE FOR COMMERCIAL OR INVESTMENT PURPOSES PURSUANT TO SECTION 28-3301 OF THE DISTRICT OF COLUMBIA CODE

**THIS BALLOON DEED OF TRUST,** made **August 31, 2005,** by and between **1230 23rd Street, LLC,** hereinafter referred to as "Grantor" and Ronald S. Deutsch, Edward S. Cohn, Steven Goldberg, Richard J. Rogers and Richard Solomon, Trustees, hereinafter referred to as "Trustee", either of whom may act, independently of the other. The Trustees are licensed to practice law in the District of Columbia and are in good standing, and their law office address is 600 Baltimore Avenue, Towson, MD 21204;

**WHEREAS,** Grantor is indebted unto FIRST MOUNT VERNON INDUSTRIAL LOAN ASSOCIATION, a Virginia corporation, 6019 Tower Court, Alexandria, Virginia 22304 (hereinafter referred to as "Noteholder"), in the principal sum of **Two Hundred Fifty Thousand Dollars and no/100ths ($250,000.00),** or so much thereof as has been advanced, being money loaned, for which amount Grantor has signed and delivered Grantor's **Promissory Note,** hereinafter referred to as "Note" of even date herewith payable to the order of Noteholder, bearing interest at the rate of **18%** per annum until paid with the full debt, if not paid earlier, due and payable **on or before September 1, 2007. However, should this loan ever be in default the interest rate will be increased to Twenty-Four percent (24%) per annum for the remainder of the time that this loan is outstanding.**

**NOW, THEREFORE, WITNESSETH:** That this Deed of Trust secures to Noteholder (a) the repayment of the debt evidenced by the Note and all interest, renewals, extensions and modifications thereof; (b) the payment of all other sums, with interest, advanced under this Deed of Trust; and (c) the performance of Grantor's covenants and agreements under this Deed of Trust. For this purpose, and in consideration of One Dollar ($1.00) in hand paid, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Grantor hereby irrevocably grants and conveys to Trustee in fee simple, in trust with power of sale, the following described properties: **1230 23rd Street, Unit 505 and Parking Space 63, Washington, DC 20037.**

### SEE ATTACHED LEGAL DESCRIPTION

Together with all the improvements now or hereafter erected on the said described land and all easements, rights, appurtenances, rents, royalties, mineral, oil and gas rights and profits, water rights, stock and all fixtures now or hereafter a part thereof. This Deed of Trust shall also cover all replacements and additions. All of the foregoing is referred to in this Deed of Trust as the "Properties";

1

**IN TRUST,** to permit said Grantor to use and occupy the said described Properties and to receive the rents, issues and profits thereof, until default be made in the payment of any indebtedness hereby secured or in the performance of the conditions and obligations made and stipulated in the said Note or in the performance of any covenants or agreements contained herein; and upon full payment of all the indebtedness secured by said Note and any extensions or renewals thereof, any additional interest thereon, and all monies advanced or expended as provided for in said Note or as herein provided for, to release and re-convey the said Properties unto and at the cost of the Grantor or the party or parties then claiming under said Grantor.

The assignment of rents of the Properties is done pursuant to the understanding that, if by reason of default under and of the terms hereof, the holder of the Note collects said rents, such holder shall have the right to appoint a receiver to enter upon, take possession of and manage the Properties and to collect the rents of the Properties, including those past due. All rents collected by the receiver shall be applied first to payment of the costs of management of the Properties and collection of rents including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorney's fees, and then to the sums secured by this Deed of Trust. The receiver shall be liable to account only for those rents actually received.

This Deed of Trust creates a security interest in the Properties, and, to the extent any portion of the Properties is not real properties, this Deed of Trust constitutes a security agreement from the Grantor to the Noteholder under the Uniform Commercial Code in such portion of the Properties and the proceeds (cash and non-cash) thereof. With respect to such portion of the Properties, the Noteholder shall have all rights and remedies of a secured party under the Uniform Commercial Code.

This Deed of Trust is also given to secure the reimbursement to the holder of said Note and to Trustees, and any purchaser or purchasers under the sale or sales as provided by this Trust, for any and all costs and expenses incurred in respect thereto, including reasonable counsel fees in an amount of not less than Twenty percent (20%) of the indebtedness secured by this Deed of Trust, which counsel fees are incurred or paid on account of any collection efforts or litigation at law or in equity which may arise in respect to Deed of Trust, or to the indebtedness secured hereby, or in obtaining possession of the Properties after any sale which may be made as hereinafter provided for.

Additional terms and conditions are more particularly set forth in the Note, reference to which is hereby made, said Note being incorporated herein by reference.

If the Noteholder has not received the full amount of any payment including the balloon payment by the end of five (5) calendar days after the date it is due, a late fee shall apply as follows: A late fee of **$650.00** shall become immediately due if payment is not received by the Noteholder by the 5th day of any month. IN ADDITION, A **TEN PERCENT (10%) LATE FEE SHALL BE PAYABLE ON THE PRINCIPAL BALLOON PAYMENT IF NOT PAID WITHIN FIVE (5) DAYS OF DUE DATE..** Grantor shall also be responsible for the payment of Twenty Five ($25.00) Dollars for each check that upon presentment is returned unpaid from the Bank.

2

Grantor for himself and his successors and assigns, covenants and agrees as a part of this trust as follows:

1. **CONVEYANCE RIGHTS.** That Grantor is lawfully seized of the estate hereby conveyed and has the right to grant and convey the Properties and that the Properties are unencumbered, except for encumbrances of record. Grantor warrants specially and will defend generally the title to the Properties against all claims and demands, subject to any encumbrances of record. Grantor will execute such assurances thereof as may be requisite.

2. **PAYMENT OF PRINCIPAL, INTEREST, TAXES, CHARGES, LIENS.** That Grantor will pay the indebtedness evidenced by the note secured hereby, all taxes and assessments relating to the land and premises herein described, ground rents, all charges, liens or other obligations against the Properties and all other sums which are required to be paid by him under the terms of said Note or this Deed of Trust, including costs, expenses and attorney's fees incurred by the Trustees or the holder of said Note with respect to this Trust, the said note or the land and premises herein described, and in default of any such payment the holder of said note may pay the same, and any sum or sums so paid shall be added to the debt hereby secured, shall be payable on demand, shall bear interest at the rate set forth in the Note, and shall be secured by this Deed of Trust. The contrary notwithstanding, the authorization contained in this Section shall impose no duty or obligation on the Trustees or the Noteholder to perform any action or make any advancement on behalf of the Grantor and is for the sole benefit and protection of the Noteholder.

3. **PRESERVATION, MAINTENANCE.** That Grantor will keep the said Properties in as good order and condition as they are now and will not commit or permit any waste thereof, reasonable wear and tear accepted; and that he will not act or fail to act in any manner which will jeopardize the lien of this Deed of Trust. Noteholder may make or cause to be made reasonable entries upon and inspections of the Properties provided that Noteholder shall give Grantor notice prior to any such inspection specifying reasonable cause therefore.

4. **INSURANCE.** That Grantor will keep the improvements now existing, or hereinafter erected on said land, insured against loss by fire and other hazards, casualties and contingencies in such amounts and for such periods as may be required by the holder of said Note, and will pay promptly, when due, any premiums on such insurance. All insurance shall be carried in companies approved by the holder of said Note and the policies and renewal thereof shall be held by said holder and have attached thereto loss payable clauses in favor of and in form acceptable to the holder of said Note. If Grantor fails to maintain coverage described above, Lender may, at Lender's option, obtain coverage to protect Lender's rights in the Properties in accordance with paragraph 2. In the event of loss, he will give immediate notice by mail to the noteholder, who may make proof of loss if not made promptly by the Grantor, and each insurance company concerned is hereby authorized and directed to make payment for such loss directly to and to the order of the holder of said Note and the insurance proceeds or any part thereof may be applied by such holder at his option either to the reduction of the indebtedness hereby secured or to the restoration or repair of the Properties. In the event of sale under the

3

terms of this Deed of Trust or other transfer of title to said Properties in extinguishment of the indebtedness secured hereby, all right, title and interest of the Grantor in and to any insurance policies then in force shall pass to the purchaser or grantee. All insurance policies shall bear an endorsement prohibiting cancellation, material modification or termination, unless thirty (30) calendar days' prior written notice thereof is provided to the Noteholder.

5. **OWNERSHIP.** That in the event ownership of the Properties becomes vested in a person other than the Grantor, the holder of said Note, may, at Noteholder's option, without notice to the Grantor, deal with such successor or successors in interest with reference to this instrument and the indebtedness secured hereby in the same manner as with Grantor, and any extension of time of the payment of the indebtedness or any other modification of the terms of the indebtedness at the instance of the then owner shall not relieve the Grantor of his liability on the Note hereby secured or from the performance of any of the covenants and agreements contained herein whether said extension or modification be made with or without the consent of the Grantor.

6. **SUBSTITUTION OF TRUSTEES.** That the irrevocable power to substitute one or more of the Trustees named herein or substituted therefor is expressly reserved to the holder of the Note secured by this Deed of Trust to be exercised any time hereafter no matter how often without notice and without specifying any reason therefor by filing for record among the land records where the instrument is recorded a Deed of Appointment, and thereupon all of the title and estate, powers, rights and duties of the Trustee thus superseded shall terminate and shall be vested in the successor Trustee or Trustees. The Grantor and the Trustee herein named or that hereafter may be substituted hereunder expressly waive notice of the exercise of this power, the giving of bond on any Trustee, and any requirement for application to any Court for the removal, substitution or appointment of a Trustee hereunder.

7. **TRUSTEE ACTS/LENDER COUNSEL.** That each Trustee acting hereunder be paid a fee of Twenty-Five Dollars ($25.00) for each document which he his required to execute under the terms of this Deed of Trust. It is expressly agreed by Grantor that the Trustee may retain as his counsel, counsel of the Noteholder, irrespective of any conflict, real or potential, such representation may cause, unless such representation is improper as determined by a Court of competent jurisdiction, after application by Grantor.

8. **EVENTS OF DEFAULT.** Grantor agrees that the following events shall constitute an event of default (i) the failure to pay any other obligation of indebtedness owned by Grantor or to permit any encumbrance, lien or other charge to be recorded against the Properties; (ii) a failure to pay any amount of interest, principal or any fee, charge, penalty, premium, or advancement call for payment of any of the installments due or any other obligations under the Note, when and as the same shall become due and payable, or if Grantor fails to perform any obligation under this Deed of Trust, then and in that event, the unpaid balance and accrued interest thereon shall, at the sole option of the holder of the Note secured hereby, at once become

4

due and payable; (iii) a voluntary or involuntary case under the Federal Bankruptcy laws or any state insolvency or similar laws is commenced by or against Grantor or Grantor consents to the appointment of or of the taking of possession by a receiver or similar official for the Grantor or any of the Grantor's properties, including but not limited to the secured Properties; (iv) failure to comply with the terms and conditions of the Acquisition, Construction and Development Loan Agreement, if applicable; and (v) AT THE SOLE OPTION OF THE SAID NOTEHOLDER, THE PRINCIPAL AMOUNT OF THE INDEBTEDNESS SECURED BY THIS DEED OF TRUST MAY IMMEDIATELY BECOME DUE AND PAYABLE IN FULL IN THE EVENT ALL OR ANY PART OF THE PROPERTY IS SOLD, CONVEYED OR OTHERWISE TRANSFERRED WHETHER OR NOT BY VOLUNTARY OR INVOLUNTARY CONVEYANCE OR BY OPERATION OF LAW (OR IF A BENEFICIAL INTEREST IN GRANTOR IS SOLD OR TRANSFERRED AND GRANTOR IS NOT A NATURAL PERSON).

   9.   **ACCELERATION.** That Grantor's failure to perform any of his obligations under this Deed of Trust or under said Note shall constitute a default and all indebtedness secured hereby shall immediately become due and payable at the option of the holder of said Note. Any time thereafter, at the request of the holder of said Note, the Trustees, either one of whom may act, shall have the power and it shall be their duty to sell said land and premises or any part thereof at public auction in such manner, at such time and place, upon such terms and conditions, and upon such public notice as the Trustees may deem best for the interest of all concerned, consisting of advertisement in a newspaper of general circulation in the county or city in which the Properties are located for such period as applicable law may require and, in case of default of any purchaser, to re-sell with such postponement of sale or re-sale and upon public notice thereof as the Trustees may determine and upon judicial approval as may be required by law, convey said land and premises in fee simple to and at the cost of the purchaser, who shall not be liable to see to the application of the purchase money; and from the proceeds of sale; FIRST, to pay all proper costs and charges, including but not limited to court costs, advertising expenses, auctioneer's allowance, the expenses, if any, required to correct any irregularity in the title, premium for Trustees' bond, auditor's fee, attorney's fee of not less than $750.00, and all other expenses of sale and or collection incurred in and about the protection and execution of this trust, and all moneys advanced for taxes due upon said land and premises at time of sale and to retain as compensation a commission of five percent (5%) on the amount of said sale or sales, it being understood that Attorney fees shall be payable whether or not Attorney and Trustees are the same person or in the same law firm; SECOND, to pay the whole amount then remaining unpaid of the principal of said Note, and interest thereon to date of payment, whether the same shall be due or not, it being understood and agreed that upon such sale before maturity of the Note the balance thereof shall be immediately due and payable; THIRD, to pay liens of record against the security properties according to their priority of lien and to the extent that funds remaining in the hands of the Trustees are available; and LAST, to pay the remainder of said proceeds, if any, to the Grantor, his heirs, personal representatives, successors or assigns upon the delivery and surrender to the purchaser of possession of said land and premises, less costs and expenses of obtaining possession. At the sole discretion of the Lender, the Borrower may be allowed to reinstate upon payment of all money due, including penalties, interest and principal. In

addition, the Borrower agrees to pay an administrative / reinstatement fee of 2.5% of outstanding principal for such reinstatement.

10. **TRUSTEE FEES.** That if the Properties shall be advertised for sale, as herein above provided and not sold, Grantors will pay all costs in connection therewith including but not limited to advertising, attorney's fees, and a Trustees' commission of 2 ½ % of the then unpaid principal balance of the indebtedness, and the same shall be secured in like manner as other charges and expenses relating to the execution of this trust and bear interest at the rate stated in said Note.

11. **BANKRUPTCY.** In the event of any bankruptcy proceeding, Grantor shall pay all expenses and reasonable attorney's fees related thereto. Additionally, the Noteholder shall be entitled to interest at the rate provided for in the Note secured hereby, on any and all arrears (including interest arrears), all advances or costs incurred by the Noteholder, as those amounts are payable over time or payable through any plan proposed by the Grantor.

12. **WAIVERS.** Grantor hereby waives the benefit of the notice of maturity, presentment, demand and protest. Any forbearance by Noteholder in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

13. **LOAN CHARGES.** If a law which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed permitted limits, then (i) any such loan charges shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) any sums already collected which exceeded permitted limits will be refunded. Noteholder may choose to make this refund by reducing the principal or by making a direct refund payment. If a refund reduces principal, the reduction will be treated as a partial payment.

14. **NOTICES.** Any notice to Grantor provided for in this Deed of Trust shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The Notice shall be directed to the Properties Address or any other address Grantor designates by Notice to the Noteholder. Any Notice to the Noteholder shall be given by first class mail to Noteholder's address stated herein or any other address Noteholder designates by Notice to Grantor. Any notice provided for in this Deed of Trust shall be deemed to have been given to Grantor or Noteholder when given as provided.

15. **CONDEMNATION.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Properties, or for the conveyance in lieu of condemnation, are hereby assigned and shall be paid to

6

Noteholder. In the event of a total taking of the Properties, the proceeds shall be applied to the sums secured by this Deed of Trust, whether or not then due, with any excess paid to Grantor. In the event of a partial taking of the Properties in which the fair market value of the Properties immediately before the taking is equal to or greater than the amount of the sums secured by this Deed of Trust immediately before the taking, unless the Grantor and Noteholder otherwise agree in writing, the sums secured by this Deed of Trust shall be reduced by the amount of the proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the taking, divided by (b) the fair market value of the Properties immediately before taking. Any balance shall be paid to Grantor. In the event of a partial taking of the Properties in which the fair market value of the Properties immediately before the taking is less than the amount of the sums secured immediately before the taking, unless Grantor and Noteholder otherwise agree in writing or unless applicable law otherwise provides, the proceeds shall be applied to sums secured by this Deed of Trust whether or not the sums are then due. If the Properties are abandoned by Grantor or if, after notice by Noteholder to Grantor that the condemner offers to make an award or settle a claim for damages, Grantor fails to respond to Noteholder within 30 days after the date the notice is given, Noteholder is authorized to collect and apply the proceeds, at its option, either to restoration or repair of the Properties or to the sums secured herein, whether or not then due.

**16. GRANTOR NOT RELEASED; FORBEARANCE BY NOTEHOLDER NOT A WAIVER.** Extension of the time for payment or modification of amortization of the sums secured by this Deed of Trust granted by Noteholder to any successor in interest of Grantor shall not operate to release the liability of the original Grantor or Grantor's successors in interest. Noteholder shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Deed of Trust by reason of any demand made by the original Grantor or Grantor's successors in interest. Any forbearance by Noteholder in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**17. INSPECTION.** Noteholder may make or cause to be made reasonable entries upon and inspections of the Properties, provided that Noteholder shall give Grantor notice prior to any such inspection specifying reasonable cause therefor related to Noteholder's interest in the Properties.

**18. MISCELLANEOUS.** The provisions of this Deed of Trust shall be binding upon and inure to the benefit of Grantor, Grantor's heirs, personal representatives, successors and assigns, the Trustees and any successor or substitute trustee or trustees and the holder of the Note hereby secured. Whenever used herein, the singular shall include the plural, the plural the singular and the use of any gender shall be applicable to all genders.

**19. GOVERNING LAW; SEVERABILITY.** The laws of the jurisdiction in which the Property is located shall govern this Deed of Trust. If any provision or clause of this Deed of

Trust or the Note conflicts with applicable law such conflict shall not affect other provisions of this Deed of Trust or the Note which can be given effect without the conflicting provision. To this and the provisions of the Deed of Trust and the Note are declared to be severable.

20. **FURTHER ASSURANCES.** At any time, and from time to time upon request of Lender, Grantor, at the sole expense of Grantor, shall make, execute, deliver and record or cause to be made, executed, delivered and recorded, any and all further instruments, certificates and other documents as may in the opinion of Holder, be reasonably necessary in order to effectuate, complete, perfect or continue and preserve the obligations of Grantor or Borrower under the Loan Documents and the lien in this Deed of Trust, and all modifications, extensions and other amendments of same. **In this regard, if Borrower is a corporation, Borrower specifically agrees to execute a Stock Voting Trust when presented to it by Lender.**

21. **OCCUPANCY. N/A**

22. **CROSS COLLATERALIZATION.** This Deed of Trust is hereby cross collateralized and cross defaulted with any current or future loans made to this Borrower by this Lender and default on any loan will be a default on all loans.

Witness the hand and seal of the Borrower.

_____(SEAL)
1230 23rd Street, LLC

STATE OF **VIRGINIA**
COUNTY OF **FAIRFAX**

I HEREBY CERTIFY that on **August 31, 2005**, before me, the subscriber, a Notary Public and in for the State and County aforesaid, personally appeared **Mary L. Juergens, Managing Member of 1230 23rd Street, LLC,** known to me or satisfactorily proven to be the person whose name is subscribed to the within instrument bearing the date of **August 31, 2005** and acknowledged the same to be **her** act and deed for the purposes contained therein.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal.

_____
Notary Public

My Commission Expires: 06/30/09

After recording mail to:

Exhibit 3




## THIS DEED

**MADE** this 31st day of August, 2005, by and between MARY L. JUERGENS, Grantor and 1230 23rd STREET, LLC, a Virginia Limited Liability Company, Grantee:

**WITNESSETH,** that the Grantor, in consideration of Two Hundred Thousand Dollars ($200,000), to her paid by the Grantee, the receipt and sufficiency of which is hereby acknowledged, does hereby grant, sell, bargain and convey unto the Grantee, its heirs and assigns, in fee simple, the following described land and premises, with the improvements, easements, and appurtenances thereunto belonging, situate, lying and being in the District of Columbia and having the street address of 1230 23rd St., NW, Unit 505, Washington, D.C. 20037 and more particularly described as:

> Part of Lot Fifty (50) in Square Thirty-six (36), as per Plat recorded November 20, 1987 by 23 WEST LIMITED PARTNERSHIP in the Office of the surveyor of the District of Columbia in Liber 179 at Folio 182, now being more particularly described as follows:
>
> Condominium Unit 505, 1230-1250 Twenty-Third Street Condominium and the limited common element parking spaces(s) no. 63, established by recording a Declaration and By-Laws on March 2, 1990 as Instrument No. 12871 in the Office of the Surveyor of the District of Columbia in Condominium Book 39 at Page 11.
>
> NOTE: The condominium unit is currently designated on the records of the Assessor of the District of Columbia for taxation purposes as Lot 2004 in Square 36.
>
> AND BEING the same property conveyed unto Mary L. JUERGENS, as sole owner, by virtue of a Deed granted by Alyson F. GANNON, dated September 21, 2001, and recorded September 24, 2001 as Instrument #92945, among the Land Records of the District of Columbia.

**SUBJECT, HOWEVER** to restrictions, conditions, rights of way and easements of record.

**AND** the Grantor herein warrants generally the property hereby conveyed and covenants to execute such further assurances of the land as may be requisite.

**WITNESS** the following signature and seal:

_____(SEAL)
MARY L. JUERGENS, GRANTOR

COMMONWEALTH OF VIRGINIA          :
COUNTY OF FAIRFAX                 :        To-Wit:

I, the undersigned, a Notary Public in and for the County and State aforesaid, do hereby certify that Mary L. Juergens, whose name is signed to the foregoing instrument, bearing date of _August 31_ , 2005 having acknowledged the same before me in my County and State aforesaid.

GIVEN under my hand and official seal this _31st_ day of _August_, 2005.

Notary Public

My Commission Expires: _06/30/09_

Doc# 2006128724 Fees:$5525.50
09/21/2006    11:23AM Pages 2
Filed & Recorded in Official Records of
WASH DC RECORDER OF DEEDS LARRY TODD

RECORDING            $      20.00
SURCHARGE            $       6.50
RECORDATION TAX FEE  $   2,750.00
TRANSFER TAX FEE     $   2,750.00