IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| MARY JUERGENS | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action Number: 06-CA-1524 |
| | ) |
| URBAN TITLE SERVICES, INC., et al. | ) |
| | ) |
| Defendants. | ) |

### PLAINTIFF JUERGENS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON ISSUE OF THE LACK OF CONSIDERATION FOR THE ALLEGED SALE OF PROPERTY FROM MARY JUERGENS TO THE "1230 23rd STREET, LLC"

### Oral Hearing Requested

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and for the reasons that follow, Plaintiff Mary Juergens, by and through her attorneys, J.P. Szymkowicz, John T. Szymkowicz and the Law Firm of Szymkowicz & Szymkowicz, LLP, respectfully requests that this Honorable Court grant partial summary judgment on the issue that the alleged sale of property between Mary Juergens and the "1230 23rd Street, LLC" is void due to a lack of consideration for the sale. Plaintiff Juergens requests that an oral hearing on the instant motion be scheduled pursuant to Local Civil Rule 7 (f).

### MEMORANDUM OF POINTS AND AUTHORITIES

### Statement of Material Facts as to which Plaintiff Juergens Contends There is No Genuine Issue[1]

---

[1]     See Plaintiff Juergens' statement of material facts as to which she contends there is no genuine issue that is attached to the instant motion as Exhibit A.  See also Plaintiff Juergens' affidavit that is attached to the instant motion as Exhibit B.  The exhibits referenced in the instant memorandum are attached to the instant motion.

1.      The Deed dated August 31, 2005 [Exhibit 1] that purports to transfer legal title to a condominium unit located at 1230 23rd Street, N.W., Apt. 505, Washington, DC  20037 from Plaintiff Juergens to the "1230 23rd Street, LLC" states that:

> **WITNESSETH** [emphasis retained], that the Grantor [Plaintiff Juergens], in consideration of Two Hundred Thousand Dollars ($200,000), to her paid by the Grantee [the "1230 23rd Street, LLC"], the receipt and sufficiency of which is hereby acknowledged, does hereby grant, sell, bargain and convey unto the Grantee, its heirs and assigns, in fee simple, the following described land and premises, with the improvements, easements, and appurtenances thereunto belonging, situate, lying and being in the District of Columbia and having the street address of 1230 23rd St., NW, Unit 505, Washington, DC 20037.

2.      The HUD-1 Settlement Statement [Exhibit 2] related to the alleged sale of the condominium unit located at 1230 23rd Street, N.W., Apt. 505, Washington, DC  20037 fails to account for any payment of $200,000.00 from the "1230 23rd Street, LLC" to Plaintiff Juergens.

3.      Moreover, Plaintiff Juergens was never paid $200,000.00 from the "1230 23rd Street, LLC" for the alleged sale of the condominium unit located at 1230 23rd Street, N.W., Apt. 505, Washington, DC  20037.

## ARGUMENT

**I.      THERE WAS NO CONSIDERATION GIVEN BY THE "1230 23RD STREET, LLC" TO PLAINTIFF JUERGENS FOR THE ALLEGED SALE OF THE CONDOMINIUM UNIT LOCATED AT 1230 23RD STREET, N.W., APT. 505, WASHINGTON, DC  20037.  THEREFORE, THE ALLEGED SALE IS VOID DUE TO A LACK OF CONSIDERATION, AND THUS, PLAINTIFF JUERGENS' MOTION FOR PARTIAL SUMMARY JUDGMENT SHOULD BE GRANTED.**

There was no consideration given by the "1230 23rd Street, LLC" to Plaintiff Juergens for the alleged sale of the condominium unit located at 1230 23rd Street, N.W., Apt. 505, Washington, DC  20037.  Therefore, the alleged sale is void due to a lack of

consideration, and thus, Plaintiff Juergens' motion for partial summary judgment should be granted.

**A.      There is no genuine issue of material fact with regard to the fact that there was no consideration given by the "1230 23rd Street, LLC" to Plaintiff Juergens for the alleged sale of the condominium unit located at 1230 23rd Street, N.W., Apt. 505, Washington, DC  20037.**

There is no genuine issue of material fact with regard to the fact that there was no consideration given by the "1230 23rd Street, LLC" to Plaintiff Juergens for the alleged sale of the condominium unit located at 1230 23rd Street, N.W., Apt. 505, Washington, DC  20037.  Therefore, Plaintiff Juergens is clearly entitled to partial summary judgment on the issue that the alleged sale is void due to a lack of consideration.  FED. R. CIV. P. 56 (c) provides that summary judgment shall be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  When, as in the instant case, there is no material factual dispute as to certain issues, summary judgment promotes judicial efficiency and "avoids the needless expenditure, both by the courts and the parties, of valuable resources in unnecessary trials." Nader v. Toledano, 408 A.2d 31, 42-43 (D.C. Cir. 1979).  Summary judgment is essential to the "fair and efficient functioning of the justice system."  Dancy v. American Red Cross, 972 F. Supp. 1, 2 (D.D.C. 1997).  In Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986), the court observed that "[s]ummary judgment is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action."  In addition, the court in Celotex observed that "Rule 56 must be construed with due regard not only for the rights

of persons asserting claims and defenses that are adequately based in fact to have those claims and defenses tried to a jury, but also for the rights of persons opposing such claims and defenses to demonstrate in the manner provided by the Rule, prior to trial, that the claims and defenses have no factual basis." Id.

The moving party is entitled to a judgment as a matter of law where the non-moving party fails to make a sufficient showing on an essential element of their case with respect to which they have the burden of proof. Celotex, 477 U.S. at 323. "Any factual assertions contained in affidavits and other evidence in support of the moving party's motion for summary judgment shall be accepted as true unless the facts are controverted by the non-moving party through affidavits or other documentary evidence." Dancy, 972 F. Supp. at 3.

When opposing a motion for summary judgment, the non-moving party is required to provide evidence that would permit a reasonable jury to find in [their] favor. Laningham v. U.S. Navy, 813 F.2d 1236, 1242 (D.C. Cir. 1987). In resolving a summary judgment motion, all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The inferences, however, must be reasonable, and the non-moving party can only defeat a motion for summary judgment by responding with some factual showing to create a genuine issue of material fact. Harding v. Gray, 9 F.3d 150, 154 (D.C. Cir. 1993). Mere unsubstantiated allegations do not create genuine issues of fact and will not defeat a motion for summary judgment. Id. Moreover, "mere conclusory allegations by the non-moving party are legally insufficient to avoid the entry of summary judgment." Joeckel v. Disabled American Veterans, 793 A.2d 1279, 1281

(D.C. 2002).  Thus, "a party opposing a motion for summary judgment must produce at least enough evidence to make out a prima facie case in support of [their] position."  Id.

> **1.      Even if the Court views this issue as one of fraudulent intent, rather than as fact, summary judgment is still permissible since "all the facts point to a finding of intent with no inference of a pure motive possible."**

Even if the Court views this issue as one of fraudulent intent, rather than as fact, summary judgment is still permissible since "all the facts point to a finding of intent with no inference of a pure motive possible."  Consumers United Insurance Company v. Smith, 644 A.2d 1328, 1358 (D.C. 1994).  In evaluating claims of fraudulent intent, courts often discuss the "badges of fraud" in the case.  Id.  The term "badges of fraud" means "any fact tending to throw suspicion upon the questioned transaction."  Id.  Badges of fraud are "circumstantial evidence of intent."  Id.  Facts must be taken together to determine how many badges of fraud exist and if they constitute a pattern of fraudulent intent.  Id.  The following badges of fraud, among others, support the conclusion that a transferor had fraudulent intent:

> **[l]ack of consideration for the conveyance** [emphasis added], a close relationship between the transferor and transferee, pendency or threat of litigation, financial difficulties of the transferor, and retention of the possession, control, or benefit of the property by the transferor.  Id.

Thus, it is clear that even if the Court views this issue as one of fraudulent intent, rather than as fact, summary judgment is still permissible since there was a lack of consideration for the alleged sale of Plaintiff Juergens' condominium unit since the HUD-1 Settlement Statement [Exhibit 2] related to the alleged sale of the condominium unit located at 1230 23rd Street, N.W., Apt. 505, Washington, DC  20037 fails to account for any payment of $200,000.00 from the "1230 23rd Street, LLC" to Plaintiff Juergens.

**B.     There was no consideration given by the "1230 23rd Street, LLC" to Plaintiff Juergens for the alleged sale of the condominium unit located at 1230 23rd Street, N.W., Apt. 505, Washington, DC  20037.**

There was no consideration given by the "1230 23rd Street, LLC" to Plaintiff Juergens for the alleged sale of the condominium unit located at 1230 23rd Street, N.W., Apt. 505, Washington, DC  20037.  Although the Deed dated August 31, 2005 [Exhibit 1] that purports to transfer legal title to Plaintiff Juergens' condominium unit from Plaintiff Juergens to the "1230 23rd Street, LLC" states that "**WITNESSETH** [emphasis retained], that the Grantor [Plaintiff Juergens], in consideration of Two Hundred Thousand Dollars ($200,000), to her paid by the Grantee [the "1230 23rd Street, LLC"], the receipt and sufficiency of which is hereby acknowledged . . .," the HUD-1 Settlement Statement [Exhibit 2] related to the alleged sale of this condominium unit fails to account for any payment of $200,000.00 from the "1230 23rd Street, LLC" to Plaintiff Juergens.  At best, the HUD-1 Settlement Statement shows that Plaintiff Juergens may have received $95,000.00 in cash at closing and that the first mortgage to the George Owen Trust in the amount of $61,195.11 was satisfied.[2]  Unfortunately, there is no accounting for the remaining $43,804.89.  Thus, the fact that the First Mount Vernon Defendants cannot show that Plaintiff Juergens ever received $200,000.00 from the "sale" of her home to the 1230 23rd Street, LLC results in a classic failure of consideration that voids the sale in its entirety.

In 3511 13th Street Tenants' Association v. Madeoy, 2007 D.C. App. LEXIS 226, *12 (April 19, 2007), the court observed that "there may indeed be situations where 'sham consideration' – a false recital that something has been paid or done serves to

---

[2]     Plaintiff Juergens has no proof that the First Mount Vernon Defendants ever satisfied the first mortgage to the George Owen Trust in the amount of $61,195.11.

invalidate the consideration and as a result, the contract."  In <u>Allen v. Allen</u>, 133 A.2d

116, 118 (D.C. 1957), the court observed that "a stated consideration which is a mere

pretense and not a reality is not sufficient; because if in fact no consideration was

intended and none given, recital of a consideration cannot make the promise

enforceable."  Although the HUD-1 associated with the alleged sale of Plaintiff Juergens'

condominium unit references a $200,000.00 sales figure, this recital may be rebutted:

"recitals in a written instrument as to the consideration received are not conclusive, and it

is always competent to inquire into the consideration and show by parol or other extrinsic

evidence what the real consideration was."  <u>Venners v. Goldberg</u>, 758 A.2d 567, 574

(Md. Ct. of Special App. 2000).  In <u>Venners</u>, the court stated

> Parol evidence is admissible to show whether consideration that was
> agreed upon was in fact received, even when the instrument contains a
> recital acknowledging receipt.  The recital is prima facie evidence of
> receipt, but may be rebutted by parol proof showing that there was no
> receipt. . . . [a] recital 'for monies received,' in the [Note at issue]
> constitutes prima facie proof that the Note was supported by consideration
> and that the consideration in fact was paid.  It does not establish a
> conclusive presumption to that effect, however, and parol evidence may be
> admitted by [the plaintiff] to prove the contrary.  <u>Id</u>.

Since the First Mount Vernon Defendants cannot show, with reference to the various

figures found on the HUD-1 related to the alleged sale of Plaintiff Juergens'

condominium unit, where Plaintiff Juergens received the $200,000.00 referenced as

consideration from the "1230 23rd Street, LLC," it is appropriate to grant partial summary

judgment on the issue that the alleged sale of property between Mary Juergens and the

"1230 23rd Street, LLC" is void due to a lack of consideration.

Respectfully submitted,

J.P. Szymkowicz (#462146)
John T. Szymkowicz (#946079)
SZYMKOWICZ & SZYMKOWICZ, LLP
1220 19th Street, N.W., Suite 400
Washington, DC 20036-2438
(202) 862-8500

Attorney for Plaintiff Mary Juergens

8

# Exhibit A

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| MARY JUERGENS | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action Number: <u>06-CA-1524</u> |
| | ) |
| URBAN TITLE SERVICES, INC., <u>et al</u>. | ) |
| | ) |
| Defendants. | ) |

<u>STATEMENT OF MATERIAL FACTS
AS TO WHICH PLAINTIFF CONTENDS THERE IS NO GENUINE ISSUE
IN SUPPORT OF
PLAINTIFF JUERGENS' MOTION FOR PARTIAL SUMMARY JUDGMENT
ON ISSUE OF THE LACK OF CONSIDERATION FOR THE ALLEGED SALE
OF PROPERTY FROM MARY JUERGENS TO THE "1230 23rd STREET, LLC"</u>

Pursuant to Local Civil Rule 7 (h) and Rule 56 of the Federal Rules of Civil Procedure, Plaintiff Mary Juergens, by and through her attorneys, J.P. Szymkowicz, John T. Szymkowicz and the Law Firm of Szymkowicz & Szymkowicz, LLP, respectfully submits the following statement of material facts as to which Plaintiff Juergens contends there is no genuine issue in support of her motion for partial summary judgment on the issue of the lack of consideration for the alleged sale of property from Mary Juergens to the "1230 23rd Street, LLC":

1.    The Deed dated August 31, 2005 [Exhibit 1][1] that purports to transfer legal title to a condominium unit located at 1230 23rd Street, N.W., Apt. 505, Washington, DC  20037 from Plaintiff Juergens to the "1230 23rd Street, LLC" states that:

> **WITNESSETH** [emphasis retained], that the Grantor [Plaintiff Juergens], in consideration of Two Hundred Thousand Dollars ($200,000), to her paid by the Grantee [the "1230 23rd Street, LLC"], the receipt and sufficiency of which is hereby acknowledged, does hereby grant, sell,

---

[1]    Exhibit numbers reference exhibits to Plaintiff Juergens' memorandum in support of her motion for partial summary judgment on the issue of the lack of consideration for the alleged sale of property from Mary Juergens to the "1230 23rd Street, LLC."

bargain and convey unto the Grantee, its heirs and assigns, in fee simple, the following described land and premises, with the improvements, easements, and appurtenances thereunto belonging, situate, lying and being in the District of Columbia and having the street address of 1230 23rd St., NW, Unit 505, Washington, DC 20037.

2.    The HUD-1 Settlement Statement [Exhibit 2] related to the alleged sale of the condominium unit located at 1230 23rd Street, N.W., Apt. 505, Washington, DC 20037 fails to account for any payment of $200,000.00 from the "1230 23rd Street, LLC" to Plaintiff Juergens.

3.    Moreover, Plaintiff Juergens was never paid $200,000.00 from the "1230 23rd Street, LLC" for the alleged sale of the condominium unit located at 1230 23rd Street, N.W., Apt. 505, Washington, DC 20037.

Respectfully submitted,

J.P. Szymkowicz (#462146)
John T. Szymkowicz (#946079)
SZYMKOWICZ & SZYMKOWICZ, LLP
1220 19th Street, N.W., Suite 400
Washington, DC 20036-2438
(202) 862-8500

Attorney for Plaintiff Mary Juergens

2

# Exhibit B

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| MARY JUERGENS | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action Number: <u>06-CA-1524</u> |
| | ) |
| URBAN TITLE SERVICES, INC., <u>et al</u>. | ) |
| | ) |
| Defendants. | ) |

### <u>PLAINTIFF JUERGENS' AFFIDAVIT IN SUPPORT OF HER<br>MOTION FOR PARTIAL SUMMARY JUDGMENT<br>ON ISSUE OF THE LACK OF CONSIDERATION FOR THE ALLEGED SALE<br>OF PROPERTY FROM MARY JUERGENS TO THE "1230 23rd STREET, LLC"</u>

I, Mary Juergens, being duly sworn state the following under oath and under the penalties

of perjury in support of my motion for partial summary judgment on the issue of the lack

of consideration for the alleged sale of property from Mary Juergens to the "1230 23rd

Street, LLC":

1.      The statements contained in this Affidavit are made upon personal knowledge of
the facts contained in each statement.

2.      The statements contained in this Affidavit are true and correct to the best of my
knowledge, information and belief.

3.      The statements contained in this Affidavit set forth such facts as would be
admissible in evidence.

4.      I am over the age of eighteen and am competent to testify to the matters stated in
this Affidavit.

5.      The Deed dated August 31, 2005 [Exhibit 1][1] that purports to transfer legal title to
a condominium unit located at 1230 23rd Street, N.W., Apt. 505, Washington, DC  20037
from Plaintiff Juergens to the "1230 23rd Street, LLC" states that:

---

[1]      Exhibit numbers reference exhibits to Plaintiff Juergens' memorandum in support of her motion
for partial summary judgment on the issue of the lack of consideration for the alleged sale of property from
Mary Juergens to the "1230 23rd Street, LLC."

**WITNESSETH** [emphasis retained], that the Grantor [Plaintiff Juergens], in consideration of Two Hundred Thousand Dollars ($200,000), to her paid by the Grantee [the "1230 23rd Street, LLC"], the receipt and sufficiency of which is hereby acknowledged, does hereby grant, sell, bargain and convey unto the Grantee, its heirs and assigns, in fee simple, the following described land and premises, with the improvements, easements, and appurtenances thereunto belonging, situate, lying and being in the District of Columbia and having the street address of 1230 23rd St., NW, Unit 505, Washington, DC 20037.

6.    The HUD-1 Settlement Statement [Exhibit 2] related to the alleged sale of the condominium unit located at 1230 23rd Street, N.W., Apt. 505, Washington, DC 20037 fails to account for any payment of $200,000.00 from the "1230 23rd Street, LLC" to Plaintiff Juergens.

7.    Moreover, Plaintiff Juergens was never paid $200,000.00 from the "1230 23rd Street, LLC" for the alleged sale of the condominium unit located at 1230 23rd Street, N.W., Apt. 505, Washington, DC 20037.

6- 20- 07
_____
Date

_____
Mary Juergens

2

# Exhibit 1





## THIS DEED

**MADE** this 31st day of August, 2005, by and between MARY L. JUERGENS,

Grantor and 1230 23rd STREET, LLC, a Virginia Limited Liability Company, Grantee:

**WITNESSETH**, that the Grantor, in consideration of Two Hundred Thousand

Dollars ($200,000), to her paid by the Grantee, the receipt and sufficiency of which is hereby

acknowledged, does hereby grant, sell, bargain and convey unto the Grantee, its heirs and

assigns, in fee simple, the following described land and premises, with the improvements,

easements, and appurtenances thereunto belonging, situate, lying and being in the District of

Columbia and having the street address of 1230 23rd St., NW, Unit 505, Washington, D.C.

20037 and more particularly described as:

> Part of Lot Fifty (50) in Square Thirty-six (36), as per Plat recorded
> November 20, 1987 by 23 WEST LIMITED PARTNERSHIP in the
> Office of the surveyor of the District of Columbia in Liber 179 at Folio
> 182, now being more particularly described as follows:

> Condominium Unit 505, 1230-1250Twenty-Third Street
> Condominium and the limited common element parking spaces(s) no.
> 63, established by recording a Declaration and By-Laws on March 2,
> 1990 as Instrument No. 12871 in the Office of the Surveyor of the
> District of Columbia in Condominium Book 39 at Page 11.

> NOTE: The condominium unit is currently designated on the records
> of the Assessor of the District of Columbia for taxation purposes as
> Lot 2004 in Square 36.

> AND BEING the same property conveyed unto Mary L. JUERGENS,
> as sole owner, by virtue of a Deed granted by Alyson F. GANNON,
> dated September 21, 2001, and recorded September 24, 2001 as
> Instrument #92945, among the Land Records of the District of
> Columbia.

**SUBJECT, HOWEVER** to restrictions, conditions, rights of way and easements of

record.

**AND** the Grantor herein warrants generally the property hereby conveyed and covenants to execute such further assurances of the land as may be requisite.

**WITNESS** the following signature and seal:

_(signature)_ (SEAL)
MARY L. JUERGENS, GRANTOR

COMMONWEALTH OF VIRGINIA          :
COUNTY OF FAIRFAX                 :        To-Wit:

I, the undersigned, a Notary Public in and for the County and State aforesaid, do hereby certify that Mary L. Juergens, whose name is signed to the foregoing instrument, bearing date of _August 31_, 2005 having acknowledged the same before me in my County and State aforesaid.

GIVEN under my hand and official seal this _31st_ day of _August_, 2005.

_(signature)_
Notary Public

My Commission Expires: _06/30/09_

DocH 2008128724 Fees:$5525.50
08/21/2008        11:23AM Pages 2
Filed & Recorded in Official Records of
WASH DC RECORDER OF DEEDS LARRY TODD

RECORDING              $        20.00
SURCHARGE              $         6.50
RECORDATION TAX FEE    $     2,750.00
TRANSFER TAX FEE       $     2,750.00

# Exhibit 2

A.

**U.S. DEPARTMENT OF HOUSING & URBAN DEVELOPMENT**

**SETTLEMENT STATEMENT**

OMB NO. 2502-0265

B. TYPE OF LOAN

| 1. ☐ FHA | 2. ☐ FmHA | 3. ☒ CONV. UNINS. | 4. ☐ VA | 5. ☐ CONV. INS. |

6. FILE NUMBER
2005-08-003

7. LOAN NUMBER

8. MORTGAGE INS CASE NUMBER

C. NOTE: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "[POC]" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.

1.0   3/98   (JUERGENS, MARY, PFD/2005-08-003/31)

| D. NAME AND ADDRESS OF BORROWER | E. NAME AND ADDRESS OF SELLER | F. NAME AND ADDRESS OF LENDER |
|---|---|---|
| 1230 23rd St., LLC<br>1230 23rd Street NW #505<br>Washington, D.C. 20037 | Mary Juergens<br>1230 23rd St. NW<br>Washington, D.C. 20037 | First Mount Vernon I.L.A.<br>6019 Tower Court<br>Alexandria, VA  22304 |

| G.  PROPERTY LOCATION | H.  SETTLEMENT AGENT | I. SETTLEMENT DATE |
|---|---|---|
| 1230 23rd Street NW #505<br>Washington, DC 20037<br><br>1230 23rd St. N.W. #505<br>Washington, D.C. 20037 | Brickshire Settlements, LLC<br><br>PLACE OF SETTLEMENT<br>7700 Little River Turnpike, Ste 604<br>Annandale, Va 22003 | August 31, 2005 |

| J. SUMMARY OF BORROWER'S TRANSACTION | | K. SUMMARY OF SELLER'S TRANSACTION | |
|---|---|---|---|
| **100.  GROSS AMOUNT DUE FROM BORROWER:** | | **400.  GROSS AMOUNT DUE TO SELLER:** | |
| 101.  Contract Sales Price | | 401.  Contract Sales Price | |
| 102.  Personal Property | | 402.  Personal Property | |
| 103.  Settlement Charges to Borrower (Line 1400) | 189,003.96 | 403. | |
| 104. escrow for cash back Intrntl Relief | 60,996.04 | 404. | |
| 105. | | 405. | |
| *Adjustments For Items Paid By Seller in advance* | | *Adjustments For Items Paid By Seller in advance* | |
| 106. City/Town Taxes            to | | 406.  City/Town Taxes            to | |
| 107. County Taxes            to | | 407.  County Taxes            to | |
| 108. Assessments            to | | 408.  Assessments            to | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| *120.  GROSS AMOUNT DUE FROM BORROWER* | 250,000.00 | *420.  GROSS AMOUNT DUE TO SELLER* | |
| **200.  AMOUNTS PAID BY OR IN BEHALF OF BORROWER:** | | **500.  REDUCTIONS IN AMOUNT DUE TO SELLER:** | |
| 201.  Deposit or earnest money | | 501.  Excess Deposit (See Instructions) | |
| 202.  Principal Amount of New Loan(s) | 250,000.00 | 502.  Settlement Charges to Seller (Line 1400) | |
| 203.  Existing loan(s) taken subject to | | 503.  Existing loan(s) taken subject to | |
| 204. | | 504.  Payoff of first Mortgage to George Owens | 61,195.11 |
| 205. | | 505.  Payoff of second Mortgage | |
| 206. | | 506. | |
| 207. | | 507. | |
| 208. | | 508. | |
| 209. | | 509. | |
| *Adjustments For Items Unpaid By Seller* | | *Adjustments For Items Unpaid By Seller* | |
| 210. City/Town Taxes            to | | 510.  City/Town Taxes            to | |
| 211. County Taxes            to | | 511.  County Taxes            to | |
| 212. Assessments            to | | 512.  Assessments            to | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| *220.  TOTAL PAID BY/FOR BORROWER* | 250,000.00 | *520.  TOTAL REDUCT. AMT DUE SELLER* | 61,195.11 |
| **300.  CASH AT SETTLEMENT FROM/TO BORROWER:** | | **600.  CASH AT SETTLEMENT TO/FROM SELLER:** | |
| 301.  Gross Amount Due From Borrower (Line 120) | 250,000.00 | 601.  Gross Amount Due To Seller (Line 420) | |
| 302.  Less Amount Paid By/For Borrower (Line 220) | ( 250,000.00) | 602.  Less Reductions Due Seller (Line 520) | ( 61,195.11) |
| *303.  CASH ( FROM ) ( TO ) BORROWER* | 0.00 | *603.  CASH ( TO ) ( X FROM ) SELLER* | 61,195.11 |

HUD-1 (3-86) RESPA, HB4305.2

## L. SETTLEMENT CHARGES

| | | PAID FROM BORROWER'S FUNDS AT SETTLEMENT | PAID FROM SELLER'S FUNDS AT SETTLEMENT |
|---|---|---|---|
| **700. TOTAL COMMISSION Based on Price** $ @ % | | | |
| *Division of Commission (line 700) as Follows:* | | | |
| 701. $ to | | | |
| 702. $ to | | | |
| 703. Commission Paid at Settlement | | | |
| 704. to | | | |
| **800. ITEMS PAYABLE IN CONNECTION WITH LOAN** | | | |
| 801. Loan Origination Fee    4.0000 %    to  First Mount Vernon I.L.A. | | 10,000.00 | |
| 802. Loan Discount    %    to | | | |
| 803. Application Fee    to  First Mount Vernon I.L.A. | | 200.00 | |
| 804. Credit Report    to  First Mount Vernon I.L.A. | | 35.00 | |
| 805. Funding Fee    to  First Mount Vernon I.L.A. | | 200.00 | |
| 806. Processing Fee    to  First Mount Vernon I.L.A. | | 400.00 | |
| 807. Underwriting Fee    to  First Mount Vernon I.L.A. | | 350.00 | |
| 808. Wire Fee    to  First Mount Vernon I.L.A. | | 25.00 | |
| 809. Release Fee    to  First Mount Vernon I.L.A. | | 100.00 | |
| 810. Commitment fee    to  First Mount Vernon I.L.A. | | 350.00 | |
| 811. Advance disbursement    to  First Mount Vernon I.L.A. | | 95,000.00 | |
| **900. ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE** | | | |
| 901. Interest From   08/31/05  to  09/01/05   @  $   100.000000/day   (   1 days   %) | | 100.00 | |
| 902. Mortgage Insurance Premium    months | | | |
| 903. Hazard Insurance Premium    1.0 years | | | |
| 904. | | | |
| 905. | | | |
| **1000. RESERVES DEPOSITED WITH LENDER** | | | |
| 1001. Hazard Insurance    months @ $    per month | | | |
| 1002. Mortgage Insurance    months @ $    per month | | | |
| 1003. City/Town Taxes    months @ $    per month | | | |
| 1004. County Taxes    months @ $    per month | | | |
| 1005. Assesments    months @ $    per month | | | |
| 1006.    months @ $    per month | | | |
| 1007.    months @ $    per month | | | |
| 1008.    months @ $    per month | | | |
| **1100. TITLE CHARGES** | | | |
| 1101. Settlement or Closing Fee    to  Brickshire Settlements, LLC | | 595.00 | |
| 1102. Abstract or Title Search    to  Consolidated Abstract Service of D.C./Brickshire | | 300.00 | |
| 1103. Title Examination    to  Stephen J. Sheehy & Assoc., PLLC | | 175.00 | |
| 1104. Title Insurance Binder    to  Sisters and Brothers Title Services/Brickshire | | 150.00 | |
| 1105. Document Preparation    to  Martin Mooradian, Esq. | | 150.00 | |
| 1106. Notary Fees    to  Brickshire Settlements, LLC | | 36.00 | |
| 1107. Release Tracking    to  Brickshire Settlements, LLC | | 85.00 | |
| *(includes above item numbers:* ) | | | |
| 1108. Title Insurance    to  First American/Brickshire | | 1,743.75 | |
| *(includes above item numbers:* ) | | | |
| 1109. Lender's Coverage    $    312,500.00 | | | |
| 1110. Owner's Coverage    $ | | | |
| 1111. Deed Preparation    to  Stephen J. Sheehy III & Assoc. PLLC | | 200.00 | |
| 1112. | | | |
| 1113. | | | |
| **1200. GOVERNMENT RECORDING AND TRANSFER CHARGES** | | | |
| 1201. Recording Fees:    Deed $   82.50; Mortgage $   82.50;   Releases $ | | 165.00 | |
| 1202. City/County Tax/Stamps:    Deed    ; Mortgage    2,750.00 | | 2,750.00 | |
| 1203. State Tax/Stamps:    Revenue Stamps    ; Mortgage    2,750.00 | | 2,750.00 | |
| 1204. Assignment of Rents    to  D. C. Register of Deeds | | 82.50 | |
| 1205. | | | |
| **1300. ADDITIONAL SETTLEMENT CHARGES** | | | |
| 1301. Survey    to | | | |
| 1302. Pest Inspection    to | | | |
| 1303. Escrow for interest Reserve    to  First Mount Vernon I.L.A. | | 67,526.31 | |
| 1304. Courier/FedEx    to  Brickshire Settlements, LLC | | 87.50 | |
| 1305. (See addit'l disb. exhibit)    to | | 5,447.90 | |
| **1400. TOTAL SETTLEMENT CHARGES  (Enter on Lines 103, Section J and 502, Section K)** | | 189,003.96 | |

By signing page 1 of this statement, the signatories acknowledge receipt of a completed copy of page 2 of this two page statement.

Certified to be a true copy.

Loan = $280,000.00

SEE Apartment Disbursement Sheet

Wire = $73,718.69

Brickshire Settlements, LLC
Settlement Agent

( 2005-08-003 / 2005-08-003 / 32 )

## ACKNOWLEDGMENT OF RECEIPT OF SETTLEMENT STATEMENT

|  |  |
|---|---|
| Borrower: | 1230 23rd St., LLC |
| Seller: | Mary Juergens |
| Lender: | First Mount Vernon I.L.A. |
| Settlement Agent: | Brickshire Settlements, LLC |
|  | (703)256-6200 |
| Place of Settlement: | 7700 Little River Turnpike, Ste 604 |
|  | Annandale, Va 22003 |
| Settlement Date: | August 31, 2005 |
| Property Location: | 1230 23rd Street NW #505 |
|  | Washington, DC 20037 |
|  | 1230 23rd St. N.W. #505 |
|  | Washington, D.C. 20037 |

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement.

1230 23rd St. , LLC

_____          _____
Mary Juergens                              By:  Mary Juergens, Member


To the best of my knowledge, the HUD-1 Settlement Statement which I have prepared is a true and accurate account of the funds which were received and have been or will be disbursed by the undersigned as part of the settlement of this transaction.

_____
Brickshire Settlements, LLC
Settlement Agent

WARNING:  It is a crime to knowingly make false statements to the United States on this or any similar form.  Penalties upon conviction can include a fine and imprisonment.  For details see:  Title 18 U.S. Code Section 1001 and Section 1010.

HUD-1 (3-86) RESPA, HB4305.2

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | | |
|---|---|---|
| MARY JUERGENS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action Number: <u>06-CA-1524</u> |
| | ) | |
| URBAN TITLE SERVICES, INC., <u>et al</u>. | ) | |
| | ) | |
| Defendants. | ) | |

**<u>ORDER GRANTING PLAINTIFF JUERGENS'
MOTION FOR PARTIAL SUMMARY JUDGMENT
ON ISSUE OF THE LACK OF CONSIDERATION FOR THE ALLEGED SALE
OF PROPERTY FROM MARY JUERGENS TO THE "1230 23rd STREET, LLC"</u>**

Upon consideration of Plaintiff Mary Juergens' motion for partial summary judgment on the issue of the lack of consideration for the alleged sale of property from Mary Juergens to the "1230 23rd Street, LLC" and any response thereto, it is hereby ordered that the motion for partial summary judgment is GRANTED.

It is further ordered that the court has decided as a matter of fact and law that because there was no consideration for the alleged sale of property from Mary Juergens to the "1230 23rd Street, LLC," the Deed dated August 31, 2005 that purports to transfer legal title to a condominium unit located at 1230 23rd Street, N.W., Apt. 505, Washington, DC 20037 from Plaintiff Juergens to the "1230 23rd Street, LLC is INVALID.

_____

Date

_____

Colleen Kollar-Kotelly
United States District Judge