IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| MARY JUERGENS | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action Number: <u>06-CA-1524</u> |
| | ) |
| URBAN TITLE SERVICES, INC., <u>et al</u>. | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF JUERGENS'**
**MOTION FOR A PRELIMINARY INJUNCTION**

**Oral Hearing Requested**

Pursuant to Rule 65 of the Federal Rules of Civil Procedure and for the reasons that follow, Plaintiff Mary Juergens, by and through her attorneys, J.P. Szymkowicz, John T. Szymkowicz and the Law Firm of Szymkowicz & Szymkowicz, LLP, respectfully requests that this Honorable Court grant her motion for a preliminary injunction preventing any Defendant from foreclosing on any alleged lien they might have against Plaintiff Juergens' condominium unit located at 1230 23rd Street, N.W., Apt. 505, Washington, DC 20037 for the reasons that follow. Plaintiff Juergens requests that an oral hearing on the instant motion be scheduled pursuant to Local Civil Rule 7 (f).

**MEMORANDUM OF POINTS AND AUTHORITIES**

1.   This matter concerns two alleged loans on the condominium unit that Plaintiff Juergens has lived in for the past few years located at 1230 23rd Street, N.W., Apt. 505, Washington, DC 20037.

2. The first such loan, referenced in Plaintiff Juergens' 2nd amended complaint, is related to a loan from Defendant Urban Title Services, Inc. in the amount of approximately $60,000.00.

3. Plaintiff Juergens intended to pay off Defendant Urban Title Services, Inc.'s alleged $60,000.00 loan from the proceeds of a second loan from the First Mount Vernon Defendants that is referenced in Plaintiff Juergens 2nd amended complaint.

4. Plaintiff Juergens is without knowledge as to whether the First Mount Vernon Defendants have ever paid off Defendant Urban Title Services, Inc.'s alleged $60,000.00 loan.

5. As fully set forth in her 2nd amended complaint, Plaintiff Juergens believes that District of Columbia fair lending laws prevent the enforcement of either of the two alleged loans at issue.

6. Therefore, Plaintiff Juergens respectfully requests this Honorable Court to grant her motion for a preliminary injunction preventing any Defendant from foreclosing on any alleged lien they might have against the 1230 23rd Street, N.W., Apt. 505, Washington, DC  20037.

## **ARGUMENT**

**I. PLAINTIFF JUERGENS' MOTION FOR A PRELIMINARY INJUNCTION SHOULD BE GRANTED.**

In entering a preliminary injunction, a court must consider:

(1) the likelihood of irreparable harm to the plaintiff if the preliminary injunction is denied; (2) the likelihood of harm to the defendant if the requested relief is granted; (3) the likelihood that the plaintiff will succeed on the merits; and (4) the public interest. U.S. Department of Labor v. United Mine Workers of America, 452 F.3d 275, 280 (4th Cir. 2006).

Applying the factors listed above, it is clear that the motion for a preliminary injunction should be granted since (1) Plaintiff Juergens will suffer irreparable harm if the preliminary injunction is denied because a foreclosure could permanently divest her of both ownership and possession of her home; (2) the Defendants will not suffer any damages once the requested relief is granted since if the Court finds that the loans are valid, they would be able to enforce their rights at the end of the instant litigation; (3) as is more fully stated in Plaintiff Juergens' 2nd amended complaint and two motions for summary judgment, there is a strong likelihood that Plaintiff Juergens will prove that the two loans at issue violate District of Columbia fair lending laws, and thus; (4) it is in the public interest for the motion to be granted since this will give full effect the laws established to protect District of Columbia homeowners from illegal loans.  In order comply with the terms of the alleged loan from the First Mount Vernon Defendants, Plaintiff Juergens has attached proof of a homeowners' insurance policy to this motion.[1]  Plaintiff Juergens intends to abide by any special requirements that the Court may impose as a condition to the granting of the instant motion, including the placement of funds into the Court's registry.

## CONCLUSION

Plaintiff Mary Juergens respectfully requests that this Honorable Court enter an order granting its motion for a preliminary injunction preventing Defendants from executing on any alleged lien they might have against Plaintiff Juergens' condominium unit located at 1230 23rd Street, N.W., Apt. 505, Washington, DC  20037 pending final resolution of the merits of the case.

---

[1]    See USAA Insurance Policy Summary showing coverage from June 19, 2007 to June 19, 2008 that attached as Exhibit 1.

Respectfully submitted,

*J.P. Szymkowicz* (#462146)
SZYMKOWICZ & SZYMKOWICZ, LLP
1220 19th Street, N.W., Suite 400
Washington, DC 20036-2438
(202) 862-8500

Attorney for Plaintiff Mary Juergens

**Local Rule 7 (m) Certification**

Pursuant to Local Civil Rule 7 (m), I hereby certify that I have discussed the foregoing motion for a Preliminary Injunction with opposing counsel via email exchanges in a good faith effort to determine whether there is any opposition to the relief sought, and, if there is opposition, to narrow the areas of disagreement. The results of these discussions are as follows:

1. On June 20, 2007, Defendant Urban Title Services, Inc.'s attorney, Michael M. Hicks, Esquire, stated "I decline the request for consent."

2. On June 20, 2007, Defendant Robert William Carney's attorney, Tillman Finley, Esquire, stated that "as Mr. Carney is not the lender nor does he hold any interest in the property, we take no position."

3. On June 20, 2007, Defendant First Mount Vernon Industrial Loan Association Incorporated's attorney, David P. Durbin, Esquire, stated that "my client cannot consent unless the plaintiff agrees to adhere to the terms of the loan agreement."

4. On June 20, 2007, Defendant First Mount Vernon Mortgage LLC and Defendant Dale E. Duncan's attorney, James M. Towarnicky, Esquire, stated that "Based on the documentation attached to your client's amended complaint, FMV Mortgage and Duncan, or either of them, are not the lender or holder of the obligation, and so have no power to consent to Motion No. 2. They do not waive their position that they are not parties to the loan agreement referenced in your second motion."

5. Since Defendants William Kenney, Paul Erb, Arthur G. Bennett and Brickshire Settlements, LLC have not been served, I could not seek their consent.

J.P. Szymkowicz (#462146)

4

# Exhibit 1

|   |   |   |   |   |   |   |   |   |
|---|---|---|---|---|---|---|---|---|
| | | | | Home | My Accounts | Documents | Messages | Contact Us | Log Off |

| My USAA | **Insurance** | Banking | Investments | Financial Guidance | Shopping & Discounts | About USAA |

| Auto | Home & Property | Life | Annuities | Medicare | Long-Term Care | Business |

**I want to...**
- View my auto & property bill
- View my accounts
- Get a Homeowners Insurance quote

**Account Services**
- File a Claim
- Find a USAA certified service provider
- Sign up for Automatic Payment Plans
- View my documents
- View My Claims

**Learn More**
- Buying a home
- The Claims Process

## Property Policy Summary

**Need Help? Call 1–800–531–8111**

Homeowners Policy Term 06/19/2007 - 06/19/2008

| Named Insured: | MARY L JUERGENS | Location: | 1230 23RD ST NW APT 505<br>WASHINGTON, DC<br>20037 - 1161 |
|---|---|---|---|
| Policy Number:[1] | CIC 01083040890A | Total Premium: | $1,620.15 |

**Coverages** | Deductibles | Discounts and Credits

| Coverage Type | Coverage Limit |
|---|---:|
| Dwelling | $89,000 |
| Personal Property | $300,000 |
| Loss of Use | $120,000 |
| Personal Liability - Each Occurrence | $300,000 |
| Medical Payments to Others - Each Person | $1,000 |

**Additional Coverage**

This summary of your policy may not include all coverages and endorsements specific to your policy. If you would like a complete view of your policy, to include

all endorsements, exclusions and policy limits, please refer to your policy documents.

Endorsements in this section provide coverage up to the limit shown in this policy. Note that Endorsements to your policy, which exclude coverage for certain perils, will be listed here and will show the applicable premium credit.

| Coverage Type | Premium |
|---|---|
| Water Backup or Sump Pump Overflow | $40.00 |
| Replacement Cost (Personal Property) | $285.68 |

Endorsements in this section provide coverage up to the shown limit.

| Coverage Type | Coverage Limit | Premium |
|---|---|---|

**If you have questions about your account, call 1−800−531−8111**

Privacy & Security    Site Map    FAQs    Contact Us

Copyright © 1997-2007, USAA. All Rights Reserved.

---

[1] The insurer of your property can be determined by looking at the alpha prefix in your policy number. The prefix USAA means you are insured by UNITED SERVICES AUTOMOBILE ASSOCIATION; the prefix CIC means you are insured by USAA CASUALTY INSURANCE COMPANY; the prefix GIC means you are insured by USAA GENERAL INDEMNITY COMPANY; the prefix GAR means you are insured by GARRISON PROPERTY AND CASUALTY INSURANCE COMPANY; the prefix LLYD means you are insured by USAA TEXAS LLOYD'S COMPANY; and the prefix LTD means you are insured by USAA LIMITED.

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| MARY JUERGENS | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action Number: <u>06-CA-1524</u> |
| | ) |
| URBAN TITLE SERVICES, INC., <u>et al</u>. | ) |
| | ) |
| Defendants. | ) |

**ORDER GRANTING PLAINTIFF JUERGENS'**
**MOTION FOR A PRELIMINARY INJUNCTION**

Upon consideration of Plaintiff Mary Juergens' motion for a preliminary injunction preventing any Defendant from foreclosing on any alleged lien they might have against Plaintiff Juergens' condominium unit located at 1230 23rd Street, N.W., Apt. 505, Washington, DC  20037 and any response thereto, it is hereby ordered that the motion for a preliminary injunction is GRANTED.

It is further ordered that Defendants cannot foreclose on any alleged lien they might have against Plaintiff Juergens' condominium unit located at 1230 23rd Street, N.W., Apt. 505, Washington, DC  20037 pending final resolution of Plaintiff Juergens' claims.

_____          _____
Date                                                             Colleen Kollar-Kotelly
                                                                      United States District Judge