IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARY JUERGENS,　　　　　　　　　　*

　　　　　　Plaintiff,　　　　　　　　*

v.　　　　　　　　　　　　　　　　　*　　　**Case No.:  1:06CV01524 (CKK)**
　　　　　　　　　　　　　　　　　　*　　　Judge Colleen Kollar-Kotelly
URBAN TITLE SERVICES, INC.,　　　　*
*et al.*,　　　　　　　　　　　　　　*

　　　　　　Defendants.　　　　　　*

## ANSWER TO THE SECOND AMENDED COMPLAINT

　　　　Defendant, First Mount Vernon Industrial Loan Association, Inc. ("First Mount Vernon ILA") and Arthur G. Bennett, by and through their undersigned counsel, hereby state the following as their Answer to the Second Amended Complaint:

### FIRST DEFENSE

　　　　The Second Amended Complaint fails to state any claim upon which relief may be granted as against these Defendants.

### SECOND DEFENSE

　　　　The relief sought in the Second Amended Complaint is, or may be, barred by the doctrines of unclean hands, waiver, consent, ratification, contributory negligence, estoppel, lack of standing, lack of reliance, failure to join an indispensable party, improper joinder, and such other defenses as the discovery record herein will support. These Defendants expressly reserve the right to amend or supplement this Answer based upon new or additional information.

### THIRD DEFENSE

In answer to the numbered paragraphs of the Second Amended Complaint, these Defendants state as follows:

1.    Admit only that the Plaintiff is an adult female.  These Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the averment concerning Plaintiff's residency and, therefore, must deny same.

2.    These averments pertain to a Co-Defendant in an unrelated transaction and, therefore, no response is required.

3.    These averments pertain to a Co-Defendant in an unrelated transaction and, therefore, no response is required.

4.    These averments pertain to a Co-Defendant in an unrelated transaction and, therefore, no response is required.

5.    These averments pertain to a Co-Defendant in an unrelated transaction and, therefore, no response is required.

6.    Admitted.

7.    These averments pertain to a Co-Defendant and, therefore, no response is required.

8.    Admit that Plaintiff so alleges.

9.    Admit that Defendant Duncan is an adult male who works as an attorney in the Commonwealth of Virginia.  These Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the averments concerning Plaintiff's state of mind and, therefore, must deny same.

10.    Admit that Defendant Bennett is an adult male who works in the Commonwealth of Virginia.  These Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the averments pertaining to Plaintiff's state of mind and, therefore, must deny same.

11.    Admitted, upon information and belief.

12.    Admitted.

13.    These averments state a conclusion of law as to which no response is required.

14.    These averments state conclusions of law as to which no response is required.

15.    Denied.

16. - 45.   These averments pertain to Co-Defendants in an unrelated transaction and these Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of these averments and, therefore, must deny same.

46.    Admitted.  Plaintiff was referred by a previous client who also resided in "The Metropolitan".

47.    These Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of Plaintiff's state of mind and, therefore, must deny same. Plaintiff agreed to a commercial loan and was advised that this was the only type of loan provided by First Mount Vernon ILA.

48.    Admitted, upon information and belief.

49.    These Defendants admit only that Plaintiff was advised that the minimum commercial loan from First Mount Vernon ILA was $75,000.00.  The remaining averments are denied.

50.    These averments pertain to documents, which documents speak for themselves.

51.    These averments pertain to a document, which document speaks for itself.

52.    Denied.

53.    Denied.

54.    Denied.

55.    Denied.

56.    These Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of these averments and, therefore, must deny same.

57.    These Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of these averments and, therefore, must deny same.

58.    These Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of these averments and, therefore, must deny same.  The normal practice is to provide a copy, upon request.

59.    These Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of these averments and, therefore, must deny same.

60.    Denied.

61.    These Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of these averments and, therefore, must deny same.

62.    These averments pertain to a document, which document speaks for itself.

63.    These averments pertain to a Co-Defendant and, therefore, no response is required.

64.    These averments pertain to a Co-Defendant and, therefore, no response is required.

65.    These averments pertain to a Co-Defendant and, therefore, no response is required.

66.    These Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of these averments and, therefore, must deny same.

67.    These Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of these averments and, therefore, must deny same.

68.    These averments pertain to a Co-Defendant and, therefore, no response is required.

69.    These averments pertain to a Co-Defendant and, therefore, no response is required.

70.    These averments pertain to a Co-Defendant and, therefore, no response is required.

71.    These averments pertain to a Co-Defendant and, therefore, no response is required.

72.    These averments pertain to a Co-Defendant and, therefore, no response is required.

73.    These Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of these averments and, therefore, must deny same.

74.    Admit only that the loan closing was so scheduled.

- 5 -

75.    These Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of these averments and, therefore, must deny same.

76.    These Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of these averments and, therefore, must deny same.

77.    These Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of these averments and, therefore, must deny same.

78.    Defendant Bennett denies that he was present at the closing.  The remaining averments pertain to a Co-Defendant and, therefore, no response is required.

79.    Defendant Bennett denies that he was present at the closing.  The remaining averments pertain to a Co-Defendant and, therefore, no response is required.

80.    These Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of these averments and, therefore, must deny same.

81.    These Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of these averments and, therefore, must deny same.

82.    These Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of these averments and, therefore, must deny same.

83.    These Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of these averments and, therefore, must deny same.

84.    These Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of these averments and, therefore, must deny same.

85.    These Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of these averments and, therefore, must deny same.

86.    These averments purport to state conclusions of law and, therefore, no response is required.

87.    These averments purport to state conclusions of law and, therefore, no response is required.

88.    These averments purport to state conclusions of law and, therefore, no response is required.

89.    These averments pertain to documents, which documents speak for themselves.

90.    These averments pertain to documents, which documents speak for themselves.

91.    These averments pertain to documents, which documents speak for themselves.

92.    Defendant Bennett denies that he was present at the closing but admits that he is not a notary in the Commonwealth of Virginia.  The remaining averments pertain to a Co-Defendant and, therefore, no response is required.

93.    These averments purport to state conclusions of law as to which no response is required.

94.    These averments pertain to a Co-Defendant and, therefore, no response is required.

95.    These averments purport to state conclusions of law as to which no response is required.

96.    These Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of these averments and, therefore, must deny same.

97.    Denied.

98.    These averments pertain to a document, which document speaks for itself.

99.    These averments purport to state legal conclusions and, therefore, no response is required.  Further, these averments purport to characterize a document, which document speaks for itself.

100.    Denied.

101.    Denied, as to these Defendants.

102.    Denied, as to these Defendants.

103.    These averments purport to characterize a document, which document speaks for itself.

104.    Denied, as to these Defendants.

105.    These averments purport to characterize a document, which document speaks for itself.

106.    These averments purport to characterize a document, which document speaks for itself.

107.    These Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of these averments and, therefore, must deny same.

108.    These Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of these averments and, therefore, must deny same.

- 8 -

109.    These Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of these averments and, therefore, must deny same.

110.    Denied, as to these Defendants.

111.    Admitted, as to these Defendants, since the loan was a commercial loan.

112.    Admitted, as to these Defendants, since the loan was a commercial loan.

113.    Admitted, as to these Defendants, since the loan was a commercial loan.

114.    Admitted, as to these Defendants, since the loan was a commercial loan.

115.    Denied, as to these Defendants.

Count I - Breach of Contract
(Defendant Urban Title Services, Inc. and Defendant Kenney)

116. - 123.    These averments pertain to Co-Defendants in an unrelated transaction and, therefore, no response is required.

Count II - Conversion
(Defendant Kenney and Defendant Carney)

124. - 126.    These averments pertain to Co-Defendants in an unrelated transaction and, therefore, no response is required.

Count III - Fraud
(Defendant Kenney)

127. - 133.    These averments pertain to a Co-Defendant in an unrelated transaction and, therefore, no response is required.

Count IV - Breach of Fiduciary Duty
(Defendant Erb)

134. - 138.    These averments pertain to a Co-Defendant in an unrelated transaction and, therefore, no response is required.

Count V - Negligence
(Defendant Erb)

139. - 143.   These averments pertain to a Co-Defendant in an related

transaction and, therefore, no response is required.

Count VI - Breach of Fiduciary Duty
(Defendant Carney)

144. - 149.   These averments pertain to a Co-Defendant in an related

transaction and, therefore, no response is required.

Count VII - Negligence
(Defendant Carney)

150. - 154.   These averments pertain to a Co-Defendant in an unrelated

transaction and, therefore, no response is required.

Count VIII - Civil Conspiracy
(Defendant Kenney, Defendant Carney and Defendant Erb)

155. - 164.   These averments pertain to Co-Defendants in an unrelated

transaction and, therefore, no response is required.

Count IX - Violation of D.C. Code § 26-901, et seq.
(Loan Shark Act)
(Defendant Urban Title Services, Inc. and Defendant Kenney)

165. - 174.   These averments pertain to Co-Defendants in an unrelated

transaction and, therefore, no response is required.

Count X - Violation of D.C. Code § 26-1101, et seq.
(Mortgage Lender and Broker Act)
(Defendant Urban Title Services, Inc. and Defendant Kenney)

175. - 180.   These averments pertain to Co-Defendants in an unrelated

transaction and, therefore, no response is required.

- 10 -

Count XI - Violation of D.C. Code § 26-1151.01, et seq.
(Mortgage Loan Protection Act)
(Defendant Urban Title Services, Inc. and Defendant Kenney)

181. - 186.   These averments pertain to Co-Defendants in an unrelated

transaction and, therefore, no response is required.

Count XII - Violation of D.C. Code § 28-3904 (e, f, q and r)
(Unlawful Trade Practice Act)
(Defendant Urban Title Services, Inc. and Defendant Kenney)

187. - 200.   These averments pertain to Co-Defendants in an unrelated

transaction and, therefore, no response is required.

Count XIII - Violation of D.C. Code § 28-4601, et seq.
(Consumer Credit Service Organization Act)
(Defendant Urban Title Services, Inc. and Defendant Kenney)

201. - 206.   These averments pertain to Co-Defendants in an unrelated

transaction and, therefore, no response is required.

Count XIV - Respondeat Superior
(Defendant Carney)

207. - 209.   These averments pertain to a Co-Defendant in an unrelated

transaction and, therefore, no response is required.

Count XV - Respondeat Superior
(Defendant Kenney)

210. - 212.   These averments pertain to a Co-Defendant in an unrelated

transaction and, therefore, no response is required.

Count XVI - Respondeat Superior
(Defendant Urban Title Services, Inc.)

213. - 215.   These averments pertain to a Co-Defendant in an unrelated

transaction and, therefore, no response is required.

- 11 -

**Count XVII - Set Aside Deeds and Deed of Trust,
Qulet Title and Declaratory Relief
(Defendant Urban Title Services, Inc.,
Defendant Kenney and Defendant Carney)**

216. - 217.   These averments pertain to a Co-Defendant in an unrelated transaction and, therefore, no response is required.

**Count XVIII - Injunctive Relief
(Defendant Urban Title Services, Inc.,
Defendant Kenney and Defendant Carney)**

218. - 220.   These averments pertain to a Co-Defendant in an unrelated transaction and, therefore, no response is required.

**Count XIX - Demand for an Accounting
(Defendant Urban Title Services, Inc.,
Defendant Kenney and Defendant Carney)**

221. - 223.   These averments pertain to a Co-Defendant in an unrelated transaction and, therefore, no response is required.

**Count XX - Breach of Contract
(First Mount Vernon Defendants)**

224.   These Defendants incorporate by reference the responses to paragraphs 1-14 and 46-115 of the Second Amended Complaint.

225.   These Defendants admit only that the Plaintiff authorized transactions whereby a limited liability corporation which she created received the benefit of a $250,000.00 loan, which loan was the subject of appropriate documentation, which documents speak for themselves.  The remaining averments are denied.

226.   Denied.

227.   Denied.

228.   Denied.

229.   Denied.

230.   Denied.

## Count XXI - Breach of Contract
### (Defendant Brickshire Settlements, LLC)

231. - 247.   These averments pertain to a Co-Defendant and, therefore, no response is required.

## Count XXII - Breach of Fiduciary Duty
### (Defendant Brickshire Settlements, LLC)

248. - 265.   These averments pertain to a Co-Defendant and, therefore, no response is required.

## Count XXIII - Negligence
### (Defendant Brickshire Settlements, LLC)

266. - 284.   These averments pertain to a Co-Defendant and, therefore, no response is required.

## Count XXIV - Conversion
### (First Mount Vernon Defendants, Defendant Duncan, Defendant Bennett and Defendant Brickshire Settlements, LLC)

285.   These Defendants incorporate, by reference, their responses to paragraphs 1-14 and 46-115 of the Second Amended Complaint.

286.   These averments pertain to a document, which document speaks for itself.

287.   These averments state conclusions of law as to which no response is require.

288.   Denied, as to these Defendants.

289.   Denied, as to these Defendants.

- 13 -

290.  Denied, as to these Defendants.

291.  Denied, as to these Defendants.

292.  Denied, as to these Defendants.

293.  Denied, as to these Defendants.

294.  Denied, as to these Defendants.

Count XXV - Fraud
(First Mount Vernon Defendants, Defendant Duncan and Defendant Bennett)

295.  These Defendants incorporate, by reference, their responses to paragraphs 1-14 and 46-115 of the Second Amended Complaint.

296.  Denied, as to these Defendants.

297.  Denied, as to these Defendants.

298.  Denied, as to these Defendants.

299.  These Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of these averments and, therefore, must deny same.

300.  Denied, as to these Defendants.

301.  Denied, as to these Defendants.

302.  Denied, as to these Defendants.

303.  Denied, as to these Defendants.

304.  Denied, as to these Defendants.

305.  Denied, as to these Defendants.

306.  Denied, as to these Defendants.

307.  Denied, as to these Defendants.

308.  Denied, as to these Defendants.

309.   Denied, as to these Defendants.

Count XXVI - Civil Conspiracy
(First Mount Vernon Defendants, Defendant Duncan and Defendant Bennett)

310.   These Defendants incorporate, by reference, their responses to paragraphs 1-14 and 46-115 of the Second Amended Complaint.

311.   Denied, as to these Defendants.

312.   Denied, as to these Defendants.

313.   Denied, as to these Defendants.

314.   Denied, as to these Defendants.

315.   Denied, as to these Defendants.

316.   Denied, as to these Defendants.

317.   Denied, as to these Defendants.

Count XXVII - Violation of D.C. Code § 26-901, et seq.
(Loan Shark Act)
(First Mount Vernon Defendants, Defendant Duncan and Defendant Bennett)

318.   These Defendants incorporate, by reference, their responses to paragraphs 1-14 and 46-115 of the Second Amended Complaint.

319.   Denied, as to these Defendants.

320.   These averments pertain to a statute, which statute speaks for itself.

321.   These averments pertain to a statute, which statute speaks for itself.

322.   These averments pertain to a statute, which statute speaks for itself.

323.   These averments pertain to a statute, which statute speaks for itself.

324.   These averments pertain to a statute, which statute speaks for itself.

These Defendants admit that no such statement was furnished, as it was not required.

325.   These Defendants admit that no such receipt was furnished, as it was not required.  The remaining averments are denied.

326.   Denied, as to these Defendants.

327.   Denied.

328.   This averment states a conclusion of law as to which no response is required.

Count XXVIII - Violation of D.C. Code § 26-1101, et seq.<br>(Mortgage Lender and Broker Act)<br>(First Mount Vernon Defendants, Defendant Duncan and Defendant Bennett)

329.   These Defendants incorporate, by reference, their responses to paragraphs 1-14 and 46-115 of the Second Amended Complaint.

330.   Denied, as to these Defendants.

331.   These averments state a conclusion of law as to which no response is required.

332.   These averments state a conclusion of law as to which no response is required.

333.   These averments purport to characterize a statute, which statute speaks for itself.

334.   Denied, as to these Defendants.

335.   Denied, as to these Defendants.

Count XXIX - Violation of D.C. Code § 26-1159.01, et seq.<br>(Mortgage Loan Protection Act)<br>(First Mount Vernon Defendants, Defendant Duncan and Defendant Bennett)

336.   These Defendants incorporate, by reference, their responses to paragraphs 1-14 and 46-115 of the Second Amended Complaint.

337.    Denied, as to these Defendants.

338.    These averments purport to characterize a statute, which statute speaks for itself.

339.    These averments state conclusions of law as to which no response is required.

340.    Denied, as to these Defendants.

341.    These averments purport to state conclusions of law as to which no response is required.

342.    Denied, as to these Defendants.

Count XXX - Violation of D.C. Code § 28-3904 (e, f, q and r)
(Unlawful Trade Practice Act)
(First Mount Vernon Defendants and Defendant Duncan)

343.    These Defendants incorporate, by reference, their responses to paragraphs 1-14 and 46-115 of the Second Amended Complaint.

344.    This averment states a conclusion of law as to which no response is required.

345.    This averment states a conclusion of law as to which no response is required.

346.    This averment states a conclusion of law as to which no response is required.

347.    Denied, as to these Defendants.

348.    Denied, as to these Defendants.

349.    Denied, as to these Defendants.

350.    Denied, as to these Defendants.

351.   Denied, as to these Defendants.

352.   Denied, as to these Defendants.

353.   Denied, as to these Defendants.

354.   These averments state conclusions of law as to which no response is required.

355.   Denied, as to these Defendants.

356.   Denied, as to these Defendants.

357.   Denied, as to these Defendants.

358.   Denied, as to these Defendants.

Count XXXI - Violation of D.C. Code § 28-4601, et seq.
(Consumer Credit Service Organization Act)
(First Mount Vernon Defendants, Defendant Duncan and Defendant Bennett)

359.   These Defendants incorporate, by reference, their responses to paragraphs 1-14 and 46-115 of the Second Amended Complaint.

360.   These averments state a conclusion of law as to which no response is required.

361.   These averments state conclusions of law as to which no response is required.

362.   Denied, as to these Defendants.

363.   Denied, as to these Defendants.

364.   Denied, as to these Defendants.

Count XXXII - Respondeat Superior
(First Mount Vernon Defendants)

365.   These Defendants incorporate, by reference, their responses to paragraphs 1-14 and 46-115 of the Second Amended Complaint.

- 18 -

366.    These averments state conclusions of law as to which no response is required.

367.    These averments state conclusions of law as to which no response is required.

368.    These averments state conclusions of law as to which no response is required.

Count XXXIII - Respondeat Superior
(Defendant Brickshire Settlements, LLC)

369.    These Defendants incorporate, by reference, their responses to paragraphs 1-14 and 46-115 of the Second Amended Complaint.

370. - 372.    These averments pertain to a Co-Defendant and, therefore, no response is required.

Count XXXIV - Set Aside Deeds and Deed of Trust,
Quiet Title and Declaratory Relief
(First Mount Vernon Defendants, Defendant Duncan and Defendant Bennett)

373.    These Defendants incorporate, by reference, their responses to paragraphs 1-14 and 46-115 of the Second Amended Complaint.

374.    Denied, as to these Defendants.

Count XXXV - Injunctive Relief
(First Mount Vernon Defendants, Defendant Duncan and Defendant Bennett)

375.    These Defendants incorporate, by reference, their responses to paragraphs 1-14 and 46-115 of the Second Amended Complaint.

376.    Denied, as to these Defendants.

337.    These averments state conclusions of law as to which no response is required.

- 19 -

Count XXXVI - Demand for an Accounting
<u>(First Mount Vernon Defendants and Defendant Duncan)</u>

378.    These Defendants incorporate, by reference, their responses to

paragraphs 1-14 and 46-115 of the Second Amended Complaint.

379.    Denied, as to these Defendants.

380.    Denied, as to these Defendants.

<u>FOURTH DEFENSE</u>

These Defendants expressly deny any averment of fact not explicitly admitted

herein and reserve the right to amend or supplement their Answer based upon new or

additional information.

WHEREFORE, having fully answered the Second Amended Complaint,

Defendants, First Mount Vernon Industrial Loan Association, Inc. and Arthur G.

Bennett, respectfully pray that said Second Amended Complaint be dismissed, with

prejudice, and that they be awarded all appropriate fees, costs and expenses.

Respectfully submitted,

COUNCIL, BARADEL, KOSMER          JORDAN COYNE & SAVITS, L.L.P.
& NOLAN, P.A.


By: _____    By: _____
Michael W. Russo, Jr.                 David P. Durbin
Bar #424712                           Bar #928655
125 West Street                       1100 Connecticut Avenue, NW
Fourth Floor                          Suite 600
Annapolis, MD  21404                  Washington, DC  20036
(410) 268-6600 (Annapolis)            (202) 496-2804
(301) 261-2247 (Washington)           Fax:  (202) 496-2800
Fax:  (410) 269-8400                  E-mail:  d.durbin@jocs-law.com
E-mail:  russo@cbknlaw.com

Co-Counsel for Defendants, First      Counsel for Defendants, First Mount Vernon
Mount Vernon Industrial Loan          Industrial Loan Association, Inc. and Arthur G.
Association, Inc. and Arthur G. Bennett  Bennett

- 20 -

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing Answer To The Second Amended Complaint was served electronically via ECF filing this 12th day of July, 2007 to:

> J.P. Szymkowicz, Esquire
> John T. Szymkowicz, Esquire
> SZYMKOWICZ & SZYMKOWICZ, LLP
> Suite 400
> 1220 19th Street, NW
> Washington, DC  20036-2438
>   Counsel for Plaintiff
>
> Daniel Marino, Esquire
> Tillman J. Finley, Esquire
> SUTHERLAND ASBILL & BRENNAN LLP
> 1275 Pennsylvania Avenue, NW
> Washington, DC  20004
>   Counsel for Robert William Carney
>
> James M. Towarnicky, Esquire
> JAMES M. TOWARNICKY, P.L.L.C.
> Suite 1
> 3977 Chain Bridge Road
> Fairfax, VA  22030
>   Counsel for First Mount Vernon Mortgage, LLC and
>   Dale E. Duncan
>
> Michael M. Hicks, Esquire
> Joan M. Anderson, Esquire
> BONNER KIERNAN TREBACH & CROCIATA, LLP
> Suite 800
> 1233 20th Street, NW
> Washington, DC  20036
>   Counsel for Urban Title Services, Inc.

Michael N. Russo, Jr., Esquire
COUNCIL, BARADEL, KOSMERL
    & NOLAN, P.A.
P.O. Box 2289
Annapolis, MD  21404-2289
  Co-Counsel for First Mount Vernon Industrial Loan
  Association, Inc.

_____
David P. Durbin