## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

_____

|  |  |  |
|---|---|---|
| MARY JUERGENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT WILLIAM CARNEY | ) | CIVIL ACTION NO. 1:06-CV-1524 |
| 2844 Powder Mill Road | ) | |
| Adelphi, Maryland 20783, | ) | JUDGE: Colleen Kollar-Kotelly |
| | ) | |
| URBAN TITLE SERVICES, LLC, WILLIAM | ) | |
| KENNEY, PAUL ERB, FIRST MOUNT | ) | |
| VERNON INDUSTRIAL LOAN ASSOCIATION | ) | |
| INCORPORATED, FIRST MOUNT VERNON | ) | |
| MORTGAGE, LLC, and DALE E. DUNCAN, | ) | |
| | ) | |
| Defendants. | ) | |

_____

## ROBERT WILLIAM CARNEY'S ANSWER TO PLAINTIFF MARY JUERGEN'S SECOND AMENDED COMPLAINT

Defendant Robert William Carney (hereinafter, "Defendant Carney"), by and through counsel, hereby responds to the allegations of the Amended Complaint of Plaintiff Mary Juergens, paragraph by paragraph, as follows:

### Parties

1.     Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

2.     Defendant Carney is without knowledge or information sufficient to form a belief as to what Plaintiff believes and, therefore, this allegation is denied.

3.     Defendant Carney is without knowledge or information sufficient to form a belief as to what Plaintiff believes and, therefore, this allegation is denied.

4.　　Defendant Carney is without knowledge or information sufficient to form a belief as to what Plaintiff believes and, therefore, this allegation is denied.

5.　　Defendant Carney is without knowledge or information sufficient to form a belief as to what Plaintiff believes and, therefore, this allegation is denied.

6.　　Defendant Carney is without knowledge or information sufficient to form a belief as to what Plaintiff believes and, therefore, this allegation is denied.

7.　　Defendant Carney is without knowledge or information sufficient to form a belief as to what Plaintiff believes and, therefore, this allegation is denied.

8.　　No response required.

9.　　Defendant Carney is without knowledge or information sufficient to form a belief as to what Plaintiff believes and, therefore, this allegation is denied.

10.　　Defendant Carney is without knowledge or information sufficient to form a belief as to what Plaintiff believes and, therefore, this allegation is denied.

11.　　Defendant Carney is without knowledge or information sufficient to form a belief as to what Plaintiff believes and, therefore, this allegation is denied.

**Property at Issue**

12.　　Admitted that Plaintiff's Second Amended Complaint alleges facts and asserts claims relating to the described property.

**Jurisdiction and Venue**

13.　　Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

14.　　Defendant Carney admits that venue is proper in this Court, but notes that 28 U.S.C. § 1391(a) is technically the applicable provision.  Otherwise, denied.

**<u>Background Facts – Urban Title Services, Inc. Transaction</u>**

15.    Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

16.    Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

17.    Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

18.    Admitted that George Owen provided $60,000 to fund a loan to Plaintiff in or around October 2003.  Defendant Carney otherwise denies this allegation.

19.    Admitted that George Owen provided $60,000 to fund a loan to Plaintiff in or around October 2003.  Defendant Carney otherwise denies this allegation.

20.    Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

21.    Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

22.    Admitted that a loan to Plaintiff on or about October 2003 was secured by a deed of trust on Plaintiff's condominium unit.  Defendant Carney otherwise denies this allegation.

23.    Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

24.    Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

25.    Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

26.     Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

27.     Denied.

28.     Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

29.     Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

30.     Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

31.     Denied that Defendant Carney undertook any of the alleged actions.  Otherwise, Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

32.     Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

33.     Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

34.     Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

35.     Denied to the extent Plaintiff alleges an act or omission on the part of Defendant Carney in breach of any duty.  Otherwise, Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

36.     Denied that Defendant Carney made any claim as alleged.  As to the other parties named, Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

37.     Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

38.     Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

39.     Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

40.     Denied to the extent Plaintiff alleges an act or omission on the part of Defendant Carney in breach of any duty.  Whether any such notice was required by D.C. Code § 26-1152.11 is a statement of law to which no response is required, but should a response be deemed necessary, the allegation is denied.  Otherwise, Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

41.     Denied to the extent Plaintiff alleges an act or omission on the part of Defendant Carney in breach of any duty.  What is required by D.C. Code § 26-1152.19 and of whom is a statement of law to which no response is required, but should a response be deemed necessary, the allegation is denied.  Otherwise, Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

42.     Denied to the extent Plaintiff alleges an act or omission on the part of Defendant Carney in breach of any duty.  What is required by D.C. Code § 26-905 and of whom is a statement of law to which no response is required, but should a response be deemed necessary,

the allegation is denied. Otherwise, Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

43.     Denied to the extent Plaintiff alleges an act or omission on the part of Defendant Carney in breach of any duty. What is required by D.C. Code § 26-905 and of whom is a statement of law to which no response is required, but should a response be deemed necessary, the allegation is denied. Otherwise, Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

44.     Denied to the extent Plaintiff alleges an act or omission on the part of Defendant Carney in breach of any duty. Otherwise, Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

45.     Denied that Defendant Carney took the actions or had the intent or malice alleged. Otherwise, Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

## Background Facts – First Mount Vernon Transaction

46.     Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

47.     Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

48.     Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

49.     Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

50.    Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

### Defendant Bennett's Preparation of "Uniform Residential Loan Application"

51.    Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

52.    Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

53.    Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

54.    Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

55.    Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

56.    Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

57.    Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

58.    Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

59.    Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

60.    Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

**Defendant Duncan's Registration of the
"1230 23rd Street, LLC" Limited Liability Corporation**

61.    Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

62.    Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

63.    Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

64.    Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

65.    Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

66.    Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

67.    Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

68.    Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

69.    Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

70.    Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

71.    Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

72.    Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

73.    Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

### The Closing on the First Mount Vernon Defendants' Loan

74.    Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

75.    Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

76.    Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

77.    Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

78.    Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

79.    Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

80.    Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

81.    Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

82.    Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

83.     Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

84.     Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

85.     Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

### Relationship between Defendant Duncan and Defendant Bennett, on the One Hand, and Defendant Brickshire Settlements, LLC, on the Other

86.     Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

87.     Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

88.     Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

### Lack of Notary Public at the Closing of the First Mount Vernon Defendants' Loan

89.     Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

90.     Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

91.     Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

92.     Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

93.     Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

94.     Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

95.     Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

96.     Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

### Plaintiff Juergens' Attempt to Rescind Loan

97.     Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

### Disbursement of Funds from the First Mount Vernon Defendants' Loan

98.     Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

99.     Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

100.     Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

101.     Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

102.     Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

103.     Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

104.     Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

### Plaintiff Juergens' Personal Guarantee
### Of the Repayment of the Alleged Loan to the "1230 23rd Street, LLC"

105.     Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

106.     Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

### Plaintiff Juergens' Alleged Deed to the "1230 23rd Street, LLC"
### was not Recorded Until September 21, 2006 – a Date After Plaintiff Juergens Filed her
### Original Complain in the Instant Case – August 29, 2006.

107.     Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

108.     Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

109.     Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

### The True Nature of the First Mount Vernon Defendants' Loan

110.     Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

### The First Mount Vernon Defendants' Violations of D.C. Mortgage Laws

111.     Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

112.    Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

113.    Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

114.    Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

**Punitive Damage Claim**

115.    Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

**Count I – Breach of Contract**
**(Defendant Urban Title Services, Inc. and Defendant Kenney)**

116-123.    Paragraphs 116 through 123 do not allege any cause of action against Defendant Carney and, therefore, Defendant Carney need not respond.  To the extent that a response is deemed necessary, Defendant Carney denies each and every allegation and averment set forth in paragraphs 116 through 123.

**Count II – Conversion**
**(Defendant Kenney and Defendant Carney)**

124.    Defendant Carney incorporates by reference all answers contained in paragraphs 1-45 and makes them a part hereof.

125.    Denied.

126.    Denied.

**Count III – Fraud**
**(Defendant Kenney)**

127-133.    Paragraphs 127 through 133 do not allege any cause of action against Defendant Carney and Defendant Carney therefore need not respond.  To the extent that a

response is deemed necessary, Defendant Carney denies each and every allegation and averment set forth in paragraphs 127 through 133.

### Count IV – Breach of Fiduciary Duty
### (Defendant Erb)

134-138.    Paragraphs 134 through 138 do not allege any cause of action against Defendant Carney and, therefore, Defendant Carney need not respond.  To the extent that a response is deemed necessary, Defendant Carney denies each and every allegation and averment set forth in paragraphs 134 through 138.

### Count V – Negligence
### (Defendant Erb)

139-143.    Paragraphs 139 through 143 do not allege any cause of action against Defendant Carney and, therefore, Defendant Carney need not respond.  To the extent that a response is deemed necessary, Defendant Carney denies each and every allegation and averment set forth in paragraphs 139 through 143.

### Count VI – Breach of Fiduciary Duty
### (Defendant Carney)

144.    Defendant Carney incorporates by reference all answers contained in paragraphs 1-45 and makes them a part hereof.

145.    Denied.

146.    Denied.

147.    Denied.

148.    Denied.

149.    Denied.

### Count VII – Negligence
### (Defendant Carney)

150.    Defendant Carney incorporates by reference all answers contained in paragraphs 1-45 and makes them a part hereof.

151.    Denied.

152.    Denied.

153.    Denied.

154.    Denied.

## Count VIII – Civil Conspiracy
### (Defendant Kenney, Defendant Carney and Defendant Erb)

155.    Defendant Carney incorporates by reference all answers contained in paragraphs 1-45 and makes them a part hereof.

156.    Denied.

157.    Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

158.    Denied.

159.    Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

160.    Denied that Defendant Carney possessed the knowledge alleged.  Otherwise, Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied..

161.    Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

162.    Defendant Carney is without knowledge or information sufficient to form a belief as to the truth of the allegation and it is, therefore, denied.

163.    Denied.

164.    Denied.

### Count IX – Violation D.C. Code § 26-901, et seq.
### (Loan Shark Act)
### (Defendant Urban Title Services, Inc. and Defendant Kenney)

165-174.        Paragraphs 165 through 174 do not allege any cause of action against Defendant Carney and, therefore, Defendant Carney need not respond.  To the extent that a response is deemed necessary, Defendant Carney denies each and every allegation and averment set forth in paragraphs 165 through 174.

### Count X – Violation D.C. Code § 26-1101, et seq.
### (Mortgage Lender and Broker Act)
### (Defendant Urban Title Services, Inc. and Defendant Kenney)

175-180.        Paragraphs 175 through 180 do not allege any cause of action against Defendant Carney and, therefore, Defendant Carney need not respond.  To the extent that a response is deemed necessary, Defendant Carney denies each and every allegation and averment set forth in paragraphs 175 through 180.

### Count XI – Violation D.C. Code § 26-1151.01, et seq.
### (Mortgage Loan Protection Act)
### (Defendant Urban Title Services, Inc. and Defendant Kenney)

181-186.        Paragraphs 181 through 186 do not allege any cause of action against Defendant Carney and, therefore, Defendant Carney need not respond.  To the extent that a response is deemed necessary, Defendant Carney denies each and every allegation and averment set forth in paragraphs 181 through 186.

### Count XII – Violation of D.C. Code § 28-3904 (e, f, q and r)
### (Unlawful Trade Practice Act)
### (Defendant Urban Title Services, Inc. and Defendant Kenney)

187-200.        Paragraphs 187 through 200 do not allege any cause of action against Defendant Carney and, therefore, Defendant Carney need not respond.  To the extent that a

response is deemed necessary, Defendant Carney denies each and every allegation and averment set forth in paragraphs 187 through 200.

## Count XIII – Violation D.C. Code § 28-4601, et seq.
### (Consumer Credit Service Organization Act)
### (Defendant Urban Title Services, Inc. and Defendant Kenney)

201-206.    Paragraphs 201 through 206 do not allege any cause of action against Defendant Carney and, therefore, Defendant Carney need not respond.  To the extent that a response is deemed necessary, Defendant Carney denies each and every allegation and averment set forth in paragraphs 201 through 206.

## Count XIV – Respondeat Superior
### (Defendant Carney)

207.    Defendant Carney incorporates by reference all answers contained in paragraphs 1-43 and 66-156 and makes them a part hereof.

208.    Denied.

209.    Denied.

## Count XV – Respondeat Superior
### (Defendant Kenney)

210-212.    Paragraphs 210 through 212 do not allege any cause of action against Defendant Carney and, therefore, Defendant Carney need not respond.  To the extent that a response is deemed necessary, Defendant Carney denies each and every allegation and averment set forth in paragraphs 210 through 212.

## Count XVI – Respondeat Superior
### (Defendant Urban Title Services, Inc.)

213-215.    Paragraphs 213 through 215 do not allege any cause of action against Defendant Carney and, therefore, Defendant Carney need not respond.  To the extent that a

response is deemed necessary, Defendant Carney denies each and every allegation and averment

set forth in paragraphs 213 through 215.

### Count XVII – Set Aside Deeds and Deed of Trust, Quiet Title and Declaratory Relief
### (Defendant Urban Title Services, Inc., Defendant Kenney and Defendant Carney)

216.    Defendant Carney incorporates by reference all answers contained in paragraphs

1-45 and 116-215 and makes them a part hereof.

217.    Denied.

### Count XVIII – Injunctive Relief
### (Defendant Urban title Services, Inc., Defendant Kenney and Defendant Carney)

218.    Defendant Carney incorporates by reference all answers contained in paragraphs

1-43 and 66-167 and makes them a part hereof.

219.    Denied.

220.    Denied.

### Count XIX – Demand for an Accounting
### (Defendant Urban Title Services, Inc., Defendant Kenney and Defendant Carney)

221.    Defendant Carney incorporates by reference all answers contained in paragraphs

1-43 and 66-170 and makes them a part hereof.

222.    Denied.

223.    Denied.

### Count XX – Breach of Contract
### (First Mount Vernon Defendants)

224-230.    Paragraphs 224 through 230 do not allege any cause of action against

Defendant Carney and, therefore, Defendant Carney need not respond.  To the extent that a

response is deemed necessary, Defendant Carney denies each and every allegation and averment

set forth in paragraphs 224 through 230.

### Count XXI – Breach of Contract
### (Defendant Brickshire Settlements, LLC)

231-247.    Paragraphs 231 through 247 do not allege any cause of action against Defendant Carney and, therefore, Defendant Carney need not respond.  To the extent that a response is deemed necessary, Defendant Carney denies each and every allegation and averment set forth in paragraphs 231 through 247.

### Count XXII – Breach of Fiduciary Duty
### (Defendant Brickshire Settlements, LLC)

248-265.    Paragraphs 248 through 265 do not allege any cause of action against Defendant Carney and, therefore, Defendant Carney need not respond.  To the extent that a response is deemed necessary, Defendant Carney denies each and every allegation and averment set forth in paragraphs 248 through 265.

### Count XXIII – Negligence
### (Defendant Brickshire Settlements, LLC)

266-284.    Paragraphs 266 through 284 do not allege any cause of action against Defendant Carney and, therefore, Defendant Carney need not respond.  To the extent that a response is deemed necessary, Defendant Carney denies each and every allegation and averment set forth in paragraphs 266 through 284.

### Count XXIV – Conversion
### (First Mount Vernon Defendants, Defendant Duncan, Defendant Bennett
### and Defendant Brickshire Settlements, LLC)

285-294.    Paragraphs 285 through 294 do not allege any cause of action against Defendant Carney and, therefore, Defendant Carney need not respond.  To the extent that a response is deemed necessary, Defendant Carney denies each and every allegation and averment set forth in paragraphs 285 through 294.

### Count XXV – Fraud

**(First Mount Vernon Defendants, Defendant Duncan and Defendant Bennett)**

295-309.        Paragraphs 295 through 309 do not allege any cause of action against Defendant Carney and, therefore, Defendant Carney need not respond.  To the extent that a response is deemed necessary, Defendant Carney denies each and every allegation and averment set forth in paragraphs 295 through 309.

## Count XXVI – Civil Conspiracy
### (First Mount Vernon Defendants, Defendant Duncan and Defendant Bennett)

310-317.        Paragraphs 310 through 317 do not allege any cause of action against Defendant Carney and, therefore, Defendant Carney need not respond.  To the extent that a response is deemed necessary, Defendant Carney denies each and every allegation and averment set forth in paragraphs 310 through 317.

## Count XXVII – Violation D.C. Code § 26-901, et seq.
### (Loan Shark Act)
### (First Mount Vernon Defendants, Defendant Duncan and Defendant Bennett)

318-328.        Paragraphs 318 through 328 do not allege any cause of action against Defendant Carney and, therefore, Defendant Carney need not respond.  To the extent that a response is deemed necessary, Defendant Carney denies each and every allegation and averment set forth in paragraphs 318 through 328.

## Count XXVIII – Violation D.C. code § 26-1101, et seq.
### (Mortgage Lender and Broker Act)
### (First Mount Vernon Defendants, Defendant Duncan and Defendant Bennett)

329-335.        Paragraphs 329 through 335 do not allege any cause of action against Defendant Carney and, therefore, Defendant Carney need not respond.  To the extent that a response is deemed necessary, Defendant Carney denies each and every allegation and averment set forth in paragraphs 329 through 335.

## Count XXIX – Violation D.C. Code § 26-1151.01, et seq.

**(Mortgage Loan Protection Act)**
**(First Mount Vernon Defendants, Defendant Duncan and Defendant Bennett)**

336-342.        Paragraphs 336 through 342 do not allege any cause of action against Defendant Carney and, therefore, Defendant Carney need not respond.  To the extent that a response is deemed necessary, Defendant Carney denies each and every allegation and averment set forth in paragraphs 336 through 342.

### Count XXX – Violation of D.C. Code § 28-3904 (e, f, q and r)
### (Unlawful Trade Practice Act)
### (First Mount Vernon Defendants and Defendant Duncan)

343-358.        Paragraphs 343 through 358 do not allege any cause of action against Defendant Carney and, therefore, Defendant Carney need not respond.  To the extent that a response is deemed necessary, Defendant Carney denies each and every allegation and averment set forth in paragraphs 343 through 358.

### Count XXXI – Violation D.C. Code § 28-4601, et seq.
### (Consumer Credit Service Organization Act)
### (First Mount Vernon Defendants, Defendant Duncan and Defendant Bennett)

359-364.        Paragraphs 359 through 364 do not allege any cause of action against Defendant Carney and, therefore, Defendant Carney need not respond.  To the extent that a response is deemed necessary, Defendant Carney denies each and every allegation and averment set forth in paragraphs 359 through 364.

### Count XXXII – Respondeat Superior
### (First Mount Vernon Defendants)

365-368.        Paragraphs 365 through 368 do not allege any cause of action against Defendant Carney and, therefore, Defendant Carney need not respond.  To the extent that a response is deemed necessary, Defendant Carney denies each and every allegation and averment set forth in paragraphs 365 through 368.

**Count XXXIII – Respondeat Superior**
**(Defendant Brickshire Settlements, LLC)**

369-372.        Paragraphs 369 through 372 do not allege any cause of action against Defendant Carney and, therefore, Defendant Carney need not respond.  To the extent that a response is deemed necessary, Defendant Carney denies each and every allegation and averment set forth in paragraphs 369 through 372.

**Count XXXIV – Set Aside Deeds and Deed of Trust, Quiet Title and Declaratory Relief**
**(First Mount Vernon Defendants, Defendant Duncan and Defendant Bennett)**

373-374.        Paragraphs 373 through 374 do not allege any cause of action against Defendant Carney and, therefore, Defendant Carney need not respond.  To the extent that a response is deemed necessary, Defendant Carney denies each and every allegation and averment set forth in paragraphs 373 through 374.

**Count XXXV – Injunctive Relief**
**(First Mount Vernon Defendants, Defendant Duncan and Defendant Bennett)**

375-377.        Paragraphs 375 through 377 do not allege any cause of action against Defendant Carney and, therefore, Defendant Carney need not respond.  To the extent that a response is deemed necessary, Defendant Carney denies each and every allegation and averment set forth in paragraphs 375 through 377.

**Count XXXVI – Demand for an Accounting**
**(First Mount Vernon Defendants and Defendant Duncan)**

378-380.        Paragraphs 378 through 380 do not allege any cause of action against Defendant Carney and, therefore, Defendant Carney need not respond.  To the extent that a response is deemed necessary, Defendant Carney denies each and every allegation and averment set forth in paragraphs 378 through 380.

381.    Unless expressly admitted above, Defendant Carney hereby denies any other implied or express averment or allegation contained within Plaintiff's Second Amended Complaint.

## FIRST AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over the claims asserted against Defendant Carney in the Second Amended Complaint.

## SECOND AFFIRMATIVE DEFENSE

The claims asserted against Defendant Carney in the Second Amended Complaint fail to state a claim upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

The claims asserted against Defendant Carney in the Second Amended Complaint are barred by the statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE

The Second Amended Complaint fails to plead fraud with the specificity required by Fed. R. Civ. P. 9(b).

## FIFTH AFFIRMATIVE DEFENSE

The claims asserted against Defendant Carney in the Second Amended Complaint are barred by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

The claims asserted against Defendant Carney in the Second Amended Complaint are barred by the doctrines of waiver, estoppel and laches.

## SEVENTH AFFIRMATIVE DEFENSE

The damages claimed by Plaintiff are the result, in whole or in part, of Plaintiff's own contributory negligence and Plaintiff's claims are, therefore, either barred or diminished by the principles of contributory negligence.

### EIGHTH AFFIRMATIVE DEFENSE

The acts or omissions of individuals or entities other than Defendant Carney constituted intervening, superseding causes of Plaintiff's alleged damages.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her damages, if any.

WHEREFORE, Defendant Carney prays that the relief sought by Plaintiff be denied, that judgment be entered in Defendant Carney's favor and against Plaintiff, and that Defendant Carney be awarded costs, fees and all further relief as this Court deems just.


Dated:  July 13, 2007                              Respectfully submitted,


                                            _____/s/_____
                                            Tillman J. Finley (DC Bar # 477737)
                                            Daniel Marino (DC Bar # 416711)
                                            Sutherland Asbill & Brennan LLP
                                            1275 Pennsylvania Ave., NW
                                            Washington, DC  20004
                                             (202) 383-0100 Phone
                                             (202) 637-3593 Fax

                                            *Counsel for Defendant Robert William Carney*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Answer to Plaintiff's Second Amended Complaint were sent via the Court's electronic filing service and facsimile this 13th day of July, 2007 to:

J.P. Szymkowicz
John T. Szymkowicz
Szymkowicz & Szymkowicz, LLP
1220 19th Street, NW, Suite 400
Washington, DC  20036-2438
(202) 862-8500 (telephone)
(202) 862-9825 (facsimile)

*Attorneys for Plaintiff Mary Juergens*

Michael M. Hicks
Juan M. Anderson
1233 20th Street, NW
Suite 800
Washington, DC  20036
(202) 712-7000 (telephone)
(202) 712-7100 (facsimile)
*Attorneys for Urban Title Services, Inc.*

James M. Towarnicky
3977 Chain Bridge Road
Suite #1
Fairfax, VA  22030
(703) 352-0022 (telephone)
(703) 352-1516 (facsimile)
*Attorney for Defendant Dale E. Duncan*

David P. Durbin
Jordan, Coyne & Savits, LLP
1100 Connecticut Avenue, NW
Suite 600
Washington, DC  20036
(202) 496-2804 (telephone)
(202) 496-2800 (facsimile)

Michael N. Russo, Jr.
Council, Baradel, Kosmerl & Nolan, P.A.
125 West Street, Fourth Floor
Annapolis, MD  21404
(401) 268-6600 (telephone)

*Attorneys for Defendant First Mount Vernon Industrial Loan Association, Inc.*

_____/s/_____
Tillman J. Finley (DC Bar # 477737)
Daniel Marino (DC Bar # 416711)
Sutherland Asbill & Brennan LLP
1275 Pennsylvania Ave., NW
Washington, DC  20004
 (202) 383-0100 Phone
 (202) 637-3593 Fax

*Counsel for Defendant Robert William Carney*