UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MARY JUERGENS | * | |
| Plaintiff, | * | Case No.: 1:06CV01524 |
| v. | * | Judge: Colleen Kollar-Kotelly |
| URBAN TITLE SERVICES, LLC, et al. | * | Deck Type: General Civil |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO PLAINTIFF'S MOTIONS
FOR PARTIAL SUMMARY JUDGMENT**

COMES NOW Defendants First Mount Vernon Industrial Loan Association ("FMVILA") and Arthur Bennett ("Bennett"), by and through their respective undersigned counsel, hereby file this Opposition to Plaintiff's Motions for Partial Summary Judgment and for reasons in support thereof state:

**Summary of Operative Facts**

Plaintiff, Mary Juergens, filed the instant suit on August 29, 2006 asserting that she suffered damages as a result of two different real estate financing transactions, which occurred twelve months earlier, involving real property located at 1230 23rd Street, N.W., Apartment 505, Washington, D.C. 20037 ("Subject Property"). In the original Complaint, Plaintiff did not plead any challenge to the validity of the deed transferring title to 1230 23rd Street, LLC, a limited liability company organized under the laws of the State of Virginia whose sole member is Plaintiff Juergens: with respect to the formal requisites of a valid instrument under D.C. Code §§ 42-403 and 42-404 or otherwise. On September 21, 2006, the deed transferring title to the Subject Property was recorded. *See*

Deed, dated August 31, 2005, attached hereto and incorporated herein as Exhibit A. She filed her Amended Complaint on October 25, 2006. Again, in the Amended Complaint, Plaintiff did not plead any challenge to the validity of the deed transferring title to 1230 23rd Street, LLC.

On November 17, 2006, Plaintiff filed a Motion for Partial Summary Judgment asserting that the deed transferring the Subject Property to 1230 23rd Street, LLC was defective because she did not sign the deed. *See* Plaintiff's Motion for Partial Summary Judgment, filed November 17, 2006. Defendants opposed Plaintiff's Motion and produced a signed deed. *See* Deed attached hereto as Exhibit A.

On December 1, 2006, Plaintiff filed her Reply to Defendants' Opposition to Plaintiff's Motion for Partial Summary Judgment and to Defendants' Replies to Plaintiff's Oppositions to Defendants' Motions to Dismiss. Therein, Plaintiff first mentioned that the notary may have been defective on the deed by which she transferred the Subject Property from herself to 1230 23rd Street, LLC. *See* Plaintiff's Reply, filed December 1, 2006.

On May 25, 2007, the Court denied Defendants' Motions to Dismiss, as well as Plaintiff's Motion for Partial Summary Judgment regarding the alleged defective deed due to the dispute of the material facts regarding Plaintiff's signature on the deed and the efficacy of the notary. *See* Memorandum Opinion, dated May 25, 2007, at 13-14. Pursuant to the Court's Order, dated February 13, 2007, no discovery has been undertaken regarding any of Plaintiff's allegations.

Plaintiff filed her Second Amended Complaint on June 15, 2007. In Plaintiff's Second Amended Complaint, Plaintiff, for the first time, pleads a challenge to the validity

2

of the notary on the deed transferring the Subject Property to 1230 23rd Street, LLC. Plaintiff now acknowledges that the signature on the deed "appears to be" hers. *See* Plaintiff's Second Amended Complaint at ¶83. Although Plaintiff admits to going to the offices of Defendant FMVILA in August of 2005 and signing various documents, Plaintiff attempts to create question as to the validity of her signature on the deed.

On June 21, 2007, Plaintiff filed a second Motion for Partial Summary Judgment with respect to the alleged defects in the deed to 1230 23rd Street, LLC. Specifically, Plaintiff asserts that the notary is defective and indirectly "questions" whether the signature on the deed is in fact hers. Plaintiff also filed a separate Motion for Partial Summary Judgment asserting that the transfer of the Subject Property was defective for lack of consideration. In that Motion, Plaintiff contends that she did not receive the $200,000.00 consideration set forth in the deed to 1230 23rd Street, N.W., LLC. To that end, Plaintiff relies upon her affidavit and the HUD-1 prepared in connection with the loan.

### **Applicable Law**

Summary judgment is only appropriate if, on the record when viewed in the light most favorable to the non-moving party, there is no genuine dispute of material fact and the moving party has demonstrated that she is entitled to judgment as a matter of law. *See Tao v. Freeh*, 307 U.S. App. D.C. 185, 27 F.3d 635, 638 (D.C. Cir. 1994); Fed. R. Civ. P. 56(c). Summary judgment must be denied where a "fair-minded jury could return a verdict for the [non-movant] on the evidence provided." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251, 106 S.Ct. 2506, 91 L.Ed.2d 101 (1986). Moreover, "should it appear from the affidavits of a party opposing the motion that the party cannot for

3

reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just." Fed. R. Civ. P. 56(f).

## Argument

### Summary Judgment is Improper Under Fed. R. Civ. P. 56(f)

In the present matter, no discovery has been undertaken and as such, the parties are not able to determine whether or not the material facts, as alleged by the Plaintiff, are in dispute. *See* Affidavit of Arthur Bennett, dated July 11, 2007, attached hereto and incorporated herein as Exhibit B. With respect to Plaintiff's Motion for Summary Judgment on the issue of the alleged defective deed, Plaintiff herself raises a dispute of material fact by first acknowledging that the signature looks like hers, but then questioning whether it in fact is. Plaintiff baldly asserts that the notary appearing thereon is defective.[1] Defendant has had no opportunity to discover the basis for these bald contentions.

Moreover, Plaintiff's claims are identical to those raised by Plaintiff in her Motion for Partial Summary Judgment filed on November 17, 2006 and her Reply to Defendants' Opposition to Motion for Partial Summary Judgment filed on December 1, 2006, which the Court denied in its May 25, 2007 Memorandum Opinion as having material facts in dispute. *See* Plaintiff's Motion for Partial Summary Judgment, filed November 17, 2006 and Memorandum Opinion, dated May 25, 2007, at 13-14.

---

[1] Although the notary may be relevant with respect to the reliability of the deed as recorded, vis a vis third parties who view the recorded deed. It is irrelevant as between Plaintiff who signed the deed and the LLC who accepted it.

The parties have not engaged in any discovery since the Court's denial of Plaintiff's prior motion and the one presently pending before the Court and no additional facts are known to the parties. The posture of the present Motion for Partial Summary Judgment with respect to the alleged defective deed is the same as its was on May 25, 2007 when the Court ruled. Therefore, it would be equally improper to grant Plaintiff's renewed Motion for Partial Summary Judgment on this issue.

The same reasoning holds true with respect to Plaintiff's Motion for Partial Summary Judgment on the issue of lack of consideration. If Plaintiff signed the deed from herself to the LLC, she acknowledged receipt of $200,000 on the face of the deed. Plaintiff argues that, despite the existence of the deed, <u>which she signed</u>, she did not in fact receive those funds.[2] Because the parties have not had the opportunity to engage in any discovery, they have not had the opportunity to investigate the veracity of Plaintiff's assertions regarding her failure to receive the funds set forth in the deed, nor have the parties been permitted to determine whether there exist any documents beyond the sole HUD-1 presented by Plaintiff that reflect any such payment. Therefore, summary judgment is inappropriate at this time in light of the fact that the parties have engaged in no discovery whatsoever regarding the allegations contained in the Second Amended Complaint and Defendants FMVILA and Bennett respectfully request that the Court deny Plaintiff's Motions for Partial Summary Judgment.

### **Plaintiff's Challenge to the Efficacy of the Deed is Barred**

DC Code Section 42-403 provides a recording curative statute, which states as follows: "[a]ny instrument recorded in the Office of the Recorder of Deeds on or after

---

[2] Plaintiff, by her signature on the deed as well as her personal guarantee on the loan to the LLC, is estopped from asserting that she did not receive the funds flowing from the transaction.

5

April 27, 1994, shall be effective notwithstanding the existence of 1 or more of the failures in the formal requisites listed in § 42-404, unless the failure is **challenged in a judicial proceeding commenced** within 6 months after the instrument is recorded." DC Code §42-403 (emphasis added).

The law of the District of Columbia is silent on the meaning of "challenged in a judicial proceeding," nor is there any case law from any other jurisdiction that is helpful in determining what is required to fulfill the terms of the curative statute with respect to seeking redress in the courts for a failure in one or more of the formal requirements of a deed. The purpose of pleading is to define the issues heard by the court and to "facilitate a proper decision on the merits." *See Wallinsford v. Bennett*, 1 Mackey 303, 1881 WL 19698, * 7 (D. D.C. 1881); *Carter-Obayuwana v. Howard University*, 764 A.2d 779, 787 (D.C. 2001). Thus, mentioning the issue for the first time in a motion, which is considered a "paper" under the rules rather than a pleading, does not constitute the formal questioning of the validity of the deed. *See* D.C. Sup. Ct. R. 7 (distinguishing between pleadings and "motions and other papers"); Black's Law Dictionary 209 (5th ed. 1979) (defining "challenge" as "to formally call into question the . . . sufficiency or validity of an instrument").

Nowhere in Plaintiff's original Complaint or in the First Amended Complaint did Plaintiff plead the deed's failure to comply with the formal requisites mandated by DC Code § 42-404. Rather, Plaintiff did not "challenge" the validity of the deed to 1230 23rd Street, LLC until her Second Amended Complaint, filed on June 15, 2007, almost ten (10) months after the deed was recorded with the Recorder of Deeds. To permit any mention or argument regarding the formal requisites of a deed in a paper rather than a

pleading to satisfy the terms of Section 42-403, would undermine the importance of the requirement that a deed be "challenged in a judicial proceeding." Mandating that any issues relating to the failure of a deed to satisfy the formal elements set forth in Section 42-404 be properly plead enables society to rely upon the deeds accepted by the Recorder of Deeds. Therefore, pursuant to the terms of Section 42-403, the deed became effective regardless of any failures in the formal requisites mandated by Section 42-404.

Assuming, *arguendo*, that Plaintiff's claims under Section 42-403 are not barred by the limitations set forth in that section, Plaintiff's allegations regarding the deeds defects with respect to the formal elements under Section 42-404 are irrelevant. The purpose of the statute at issue is to protect society's ability to rely on a government entity's acceptance of a document. Plaintiff is not a stranger to the transaction and is not the intended beneficiary of the statute's protections. Therefore, Plaintiff is not entitled to summary judgment with respect to the efficacy of the deed transferring the Subject Property to 1230 23rd Street, LLC.

**Plaintiff's Motion Regarding Lack of Consideration is Without Merit**

As stated above, at page 5, the issue of whether or not Plaintiff actually received $200,000 as consideration for transferring her property to her LLC is in dispute, even in the context of two documents that she herself appears to have signed: her deed and the HUD-1. Plaintiff's position, in essence, requires that the Court ignore the well-established axiom in District of Columbia law that "[a] deed conveying real estate is one of the most solemn instruments known to law" and elevate the information contained in the HUD-1 over that explicated in the deed. *See Smart v. Nevins*, 298 A.2d 217, 219 (1972). Moreover, the "presumption is that a deed is what it purports to be on its face,

7

and one who seeks to establish the contrary has the burden of doing so by clear and convincing evidence." *Id.* Plaintiff cannot succeed on her Motion for Partial Summary Judgment by a bald claim of supremacy of the HUD-1 over the solemnity of the deed. To permit Plaintiff to do so would enable her to us the summary judgment mechanism to cut off her opponents' opportunity to test her ability to carry her burden of proof. Moreover, the LLC is wholly owned by Plaintiff, its sole member. What Plaintiff did or did not do with respect to the sale of her property to her LLC cannot be held against the Defendants.

WHEREFORE, Defendants First Mount Vernon Industrial Loan Association, Inc. and Arthur Bennett hereby request that this Court deny Plaintiff's Motions for Partial Summary Judgment.

Respectfully submitted,

COUNCIL, BARADEL,
KOSMERL & NOLAN, P.A.

 */s/ Michael N. Russo, Jr.*
Michael N. Russo, Jr. (D.C. Bar No. 424712)
125 West Street, Fourth Floor
Annapolis, Maryland 21404
Annapolis: 410-268-6600
Washington D.C.: 301-261-2247

*Attorneys for First Mount Vernon Industrial Loan Association*

 */s/ David P. Durbin*
David P. Durbin, Esq.
JORDAN COYNE & SAVITS, L.L.P.
1100 Connecticut Ave., N.W., Suite 600
Washington, D.C. 20036

*Attorneys for First Mount Vernon Industrial Loan Association and Arthur Bennett*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing document was mailed electronically via the CM/ECF system and/or first class mail, this 13th of July, 2007 to:

J.P. Szymkowicz, Esq.
John T. Szymkowicz, Esq.
SZYMKOWICZ & SZYMKOWICZ, LLP
1220 19th Street, N.W., Suite 400
Washington, D.C. 20036
Counsel for Plaintiff

Daniel Marino, Esq.
Tillman Finley, Esq.
SUTHERLAND ASBILL & BRENNAN LLP
1275 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Counsel for Robert William Carney

James M. Towarnicky, Esq.
3977 Chain Bridge Road, suite 1
Fairfax, VA 22030
Counsel for Dale Duncan

David P. Durbin, Esq.
JORDAN COYNE & SAVITS, L.L.P.
1100 Connecticut Ave., N.W., Suite 600
Washington, D.C. 20036
Counsel for First Mount Vernon Industrial Loan Association
and Arthur Bennett

                                                           */s/ Michael N. Russo, Jr.*
                                                           Michael N. Russo, Jr.