**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| MARY JUERGENS | * | |
| Plaintiff, | * | Case No.: 1:06CV01524 |
| v. | * | Judge: Colleen Kollar-Kotelly |
| URBAN TITLE SERVICES, LLC, et al. | * | Deck Type: General Civil |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**FIRST MOUNT VERNON INDUSTRIAL LOAN ASSOCIATION, INC. AND ARTHUR BENNETT'S STATEMENT OF MATERIAL FACTS**

Defendants First Mount Vernon Industrial Loan Association, Inc. ("First Mount Vernon") and Arthur Bennett ("Arthur Bennett") (collectively "Defendants"), by their respective undersigned counsel, offer this Statement of Material Facts in support of their Opposition to Plaintiff Juergens' Motions for Partial Summary Judgment and state as follows:

**Response to Plaintiff's Statements of Material Fact**
**Regarding Alleged Defective Deed**

1.  With respect to the allegations contained in paragraph 1, although the handwriting may appear to be as alleged, First Mount Vernon and Bennett cannot admit this allegation until they have had an opportunity to examine the deposition testimony of the individual purported to have applied his handwriting as well as the other individuals alleged to have been present at the settlement. As such, this allegation is denied.

2.  This allegation is denied for the same reasons as asserted with respect to number 1 above.

3. Plaintiff alleges that there is no notarial seal or stamp on the documents; however, for any number of reasons including the fact that the documents provided are copies, and as raised seal stamps are not visible on photocopies of such documents, Defendants cannot admit this statement until they have an opportunity to review the original documents or examine, through sworn deposition testimony, the notary and other individuals present at the execution of said documents.

4. Defendants are not able to admit who was present at settlement until they have had an opportunity to depose Plaintiff and Defendant Duncan.

5. The allegation of paragraph 5 is not an allegation of fact, but rather a legal conclusion, and as such, it is denied. Further, Defendant is not able to admit or deny the allegations as to whether individuals who purport to act as notaries are authorized to do so until Defendants have had an opportunity to investigate this fact through sworn testimony and the use of discovery tools in the appropriate state officials in the Commonwealth of Virginia, State of Maryland, and District of Columbia. Accordingly, to the extent that there is an allegation of fact asserted in paragraph 5, it is denied.

6. Again, the allegations of this paragraph amount to conclusions of law as to the "legal effect" of documents and not allegations of fact. To the extent that these allegations may contain allegations of fact, however, they are denied.

### Response to Plaintiff's Statements of Material Fact
### Regarding Issue of Lack of Consideration

1. Defendant admits that the document referred to speaks for itself as to what is written upon it.

2. Defendant denies the allegation of paragraph 2 in that the allegation includes a legal "assumption" that the HUD-1 settlement statement should "account for

2

any payment of $200,000" from '1230 23rd Street, LLC' to Plaintiff Juergens." This legal assumption is disputed by the Defendant.

3. Defendant denies the allegations of fact asserted in paragraph 3. Upon information and belief, Plaintiff Juergens is the sole member of 1230 23rd Street, LLC. As such, the LLC amounts to Plaintiff's alter ego, and, if the LLC received the monies then, in effect, Juergens has received this money. If, however, Juergens chose not to distribute this money to herself, or to take other action with that money, either in her individual capacity or as the managing member of the LLC, this was Juergens' decision alone.

### Additional Facts Relied Upon by First Mount Vernon and Bennett in Further Support Of Its Motion for Summary Judgment

1. Arthur G. Bennett is the President of First Mount Vernon which is a commercial lender licensed to do business in the District of Columbia. *See* Affidavit of Arthur G. Bennett, dated July 7, 2007, attached hereto and incorporated herein as Exhibit B.

2. On or about August 31, 2005, Mary Juergens obtained financing in the approximate amount of $61,000, funds from which were received by Mary Juergens and applied to satisfy the lien then existing on the Subject Property. The commercial lender, in return, obtained a security against the subject property.

3. After the August 31, 2005 settlement referred to in the preceding paragraph, Mary Juergens also obtained cash funds in the amount of $95,000 out of that settlement. Further, funds were escrowed on behalf of the borrower and were paid

periodically to meet the monthly obligations of the Balloon Deed of Trust and the underlying Note, which were used to secure the loan against the Subject Property.

4. On September 21, 2006, the deed transferring the subject property from Plaintiff Juergens to the LLC was recorded. *See* Deed, dated August 31, 2005, attached hereto and incorporated herein as Exhibit B.

5. Mary Juergens had personal knowledge of the existence of the Balloon Deed of Trust Note, executed that Note on behalf of her LLC, and on her own behalf, personally guaranteed the Note.

6. Monthly payments totaling approximately $78,750 were applied from the escrow towards the Balloon Deed of Trust.

7. At all times that the monthly payments were made as set forth in the preceding paragraph, Mary Juergens personally resided in the Subject Property and made no monthly payments by way of rent, mortgage or otherwise.

8. On June 21, 2007, in Plaintiff's Second Amended Complaint, Plaintiff, for the first time, challenged the validity of the deed transferring the Subject Property in a judicial proceeding.

Respectfully submitted,

COUNCIL, BARADEL,
KOSMERL & NOLAN, P.A.

 /s/ Michael N. Russo, Jr.
Michael N. Russo, Jr. (D.C. Bar No. 424712)
125 West Street, Fourth Floor
Annapolis, Maryland 21404
Annapolis: 410-268-6600
Washington D.C.: 301-261-2247
*Attorneys for First Mount Vernon Industrial*

4

*Loan Association*

 /s/ David P. Durbin
David P. Durbin, Esq.
JORDAN COYNE & SAVITS, L.L.P.
1100 Connecticut Ave., N.W., Suite 600
Washington, D.C. 20036

*Attorneys for First Mount Vernon Industrial Loan Association and Arthur Bennett*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing document was mailed electronically via the CM/ECF system and/or first class mail, this13th day of July 2007 to:

J.P. Szymkowicz, Esq.
John T. Szymkowicz, Esq.
SZYMKOWICZ & SZYMKOWICZ, LLP
1220 19th St., N.W., Ste. 400
Washington, D.C. 20036
Counsel for Plaintiff

Daniel Marino, Esq.
SUTHERLAND ASBILL & BRENNAN LLP
1275 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Counsel for Robert William Carney

James M. Towarnicky, Esq.
3977 Chain Bridge Rd., Ste. 1
Fairfax, VA 22030
Counsel for Dale Duncan

David P. Durbin, Esq.
JORDAN COYNE & SAVITS, L.L.P.
1100 Connecticut Ave., N.W., Ste. 600
Washington, D.C. 20036
Co-Counsel for First Mount Vernon Industrial Loan Association, Inc.
Counsel for Arthur Bennett

6

         */s/ Michael N. Russo, Jr.*
         Michael N. Russo, Jr.