IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| MARY JUERGENS                               ) | |
| ) | |
| Plaintiff,        ) | |
| ) | |
| vs.                                                                    ) | Civil Action Number: <u>06-CA-1524</u> |
| ) | |
| URBAN TITLE SERVICES, INC., <u>et al</u>.            ) | |
| ) | |
| Defendants.    ) | |

### PLAINTIFF JUERGENS' RESPONSE TO
### DEFENDANT FIRST MOUNT VERNON MORTGAGE, L.L.C. AND
### DEFENDANT DALE DUNCAN'S
### MOTION TO DISMISS PLAINTIFF JUERGENS' 2ND AMENDED COMPLAINT

Plaintiff Mary Juergens, by and through her attorneys, J.P. Szymkowicz, John T. Szymkowicz and the Law Firm of Szymkowicz & Szymkowicz, LLP, respectfully requests that this Honorable Court deny Defendant First Mount Vernon Mortgage, L.L.C. and Defendant Dale Duncan's motion to dismiss Plaintiff Juergens' 2nd amended complaint for the following reasons:

**I.      PLAINTIFF JUERGENS' 2ND AMENDED COMPLAINT SETS FORTH A VALID BREACH OF CONTRACT CLAIM AGAINST DEFENDANT FIRST MOUNT VERNON MORTGAGE, L.L.C. AND DEFENDANT DALE DUNCAN.**

Plaintiff Juergens' 2nd amended complaint sets forth a valid breach of contract claim against Defendant First Mount Vernon Mortgage, L.L.C. and Defendant Dale Duncan. In paragraphs 46 and 49 and 225 - 228 of her 2nd amended complaint, Plaintiff Juergens states that

> Paragraph 46: In or around early-August 2005, Plaintiff Juergens went to the First Mount Vernon Defendants in order to obtain a loan on her condominium unit in "The Metropolitan."

> Paragraph 49: The First Mount Vernon Defendants, acting through its agents, servants or employees, Defendant Bennett and Defendant Duncan, encouraged Plaintiff Juergens to borrow, not just the $60,000.00 needed to pay off the alleged loan from the George Owen Trust, but to take out a loan in the amount of $250,000.00 as Defendant Bennett and Defendant Duncan indicated that the First Mount Vernon Defendants, would not extend a loan as small as $60,000.00.
>
> Paragraph 225: Plaintiff Juergens entered into a contract with the First Mount Vernon Defendants whereby the First Mount Vernon Defendants agreed to provide a $250,000.00 loan to Plaintiff Juergens in order for her to pay off her loan to the George Owen Trust in the amount of approximately $60,000.00 (plus accrued interest) and for her to take the remainder of the loan proceeds (less reasonable settlement charges) as cash.
>
> Paragraph 226: The contract that Plaintiff Juergens entered into with the First Mount Vernon Defendants was a contract to provide a personal consumer residential loan, not a commercial loan.
>
> Paragraph 227: The First Mount Vernon Defendants breached this contract by not providing the full proceeds of this $250,000.00 loan to Plaintiff Juergens, but rather only paying off some of the $60,000.00 George Owen Trust loan and providing Plaintiff Juergens with a check in the amount of approximately $95,000.00, leaving approximately $95,000.00 still due Plaintiff Juergens from the proceeds of the loan.
>
> Paragraph 228: The First Mount Vernon Defendants also breached this contract by failing to provide a personal consumer residential loan to Plaintiff Juergens.

As Plaintiff Juergens' previously stated in her response to the First Mount Vernon Defendants' motions to dismiss Plaintiff Juergens' 1st amended complaint,

> [u]pon Plaintiff Juergens' information and belief, Defendant First Mount Vernon Industrial Loan Association Incorporated and Defendant First Mount Vernon Mortgage, L.L.C. share the same physical place of business and registered agent and was never provided with any documents or information to differentiate the two companies when she went to the offices of "1st Mount Vernon" in August 2005 with the hopes of obtaining a loan to refinance a pre-existing loan on her condominium unit in the amount of approximately $60,000.00 allegedly owed to the George Owen Trust.

Moreover, while the loan appears to have been funded in the end by Defendant First Mount Vernon Industrial Loan Association Incorporated, at the time Plaintiff Juergens walked into the offices of the First Mount Vernon Defendants, the First Mount Vernon Defendants did not differentiate between themselves in entering into the contract with Plaintiff Juergens. Thus, at this stage in the proceedings, the Court has no basis to release Defendant First Mount Vernon Mortgage, L.L.C. from liability on a breach of contract theory. Therefore, prior to the parties completing discovery to determine the relationship between Defendant First Mount Vernon Industrial Loan Association Incorporated and Defendant First Mount Vernon Mortgage, L.L.C., it would be improper to dismiss either of the First Mount Vernon Defendants from the instant lawsuit. While the Court's May 25, 2007 order did allow Plaintiff Juergens to conduct discovery on this issue, the order also required Plaintiff Juergens to amend her complaint by June 15, 2007. This timetable did not permit Plaintiff Juergens to obtain such discovery prior to the date she was to file her amended complaint. Therefore, Plaintiff Juergens requests that the Court deny Defendant First Mount Vernon Mortgage, L.L.C.'s motion to dismiss and set a timetable for discovery on this issue.[1]

**a.   Plaintiff Juergens' contract was a bilateral contract and as such her promise to accept the loan offered furnishes consideration for the First Mount Vernon Defendants' promise to extend the loan.**

The contract was not void for vagueness since the contract was clear that the First Mount Vernon Defendants would "pay off the $60,000.00 loan (plus accrued interest) from the George Owen Trust, and would remit approximately $190,000.00 to Plaintiff Juergens in cash at closing (after the payment of reasonable settlement charges).

---

[1]   Contrary to Defendant Duncan's assertions in his motion to dismiss, Defendant Duncan is not included on any breach of contract claim.

Moreover, Plaintiff Juergens' contract was a bilateral contract and as such her promise to accept the loan offered furnishes consideration for the First Mount Vernon Defendants' promise to extend the loan.

## II.   PLAINTIFF JUERGENS' 2ND AMENDED COMPLAINT SETS FORTH A VALID CONVERSION CLAIM AGAINST DEFENDANT FIRST MOUNT VERNON MORTGAGE, L.L.C. AND DEFENDANT DALE DUNCAN.

Plaintiff Juergens' 2nd amended complaint sets forth a valid conversion claim against Defendant First Mount Vernon Mortgage, L.L.C. and Defendant Dale Duncan. In paragraphs 287-288 of her 2nd amended complaint, Plaintiff Juergens states that

> Paragraph 287: In settling on this loan, Defendant Duncan and Defendant Bennett acted as the agents, servants or employees of both the First Mount Vernon Defendants, the lender, and Defendant Brickshire Settlements, LLC, the settlement agent.
>
> Paragraph 288: Rather than remitting $190,000.00 to Plaintiff Juergens in cash at closing on the First Mount Vernon Defendants' $250,000.00 loan to Plaintiff Juergens, the First Mount Vernon Defendants, Defendant Duncan, Defendant Bennett and Defendant Brickshire Settlements, LLC only remitted half this amount - $95,000.00 without providing any accounting for the remaining $95,000.00 that Plaintiff Juergens was due pursuant to her contract with the First Mount Vernon Defendants.

Thus, it is clear the Plaintiff Juergens' 2nd amended complaint sets forth a cause of action against Defendant Duncan for conversion since he participated in the "unlawful exercise of ownership, dominion and control over Plaintiff Juergens' personalty in denial or repudiation of Plaintiff Juergens' right to such property" since Defendant Duncan, as the individual conducting the settlement on the First Mount Vernon loan, was personally responsible for the disbursal of Plaintiff Juergens' loan proceeds. See Duggan v. Keto, 554 A.2d 1126, 1137 (D.C. 1989). See also paragraphs 76 to 79 of Plaintiff Juergens' 2nd amended complaint.

### III. PLAINTIFF JUERGENS' 2ND AMENDED COMPLAINT SETS FORTH A VALID FRAUD CLAIM AGAINST DEFENDANT FIRST MOUNT VERNON MORTGAGE, L.L.C. AND DEFENDANT DALE DUNCAN.

Plaintiff Juergens' 2nd amended complaint sets forth a valid fraud claim against Defendant First Mount Vernon Mortgage, L.L.C. and Defendant Dale Duncan.  In order to sustain a count of fraud, the plaintiff must show "a false representation in reference to a material fact, made with knowledge of its falsity, with the intent to deceive and action is taken on reliance upon the representation."  <u>Calvetti v. Antcliff</u>, 346 F. Supp. 2d 92, 100 (D. D.C. 2004).  In paragraphs 296-308 of her 2nd amended complaint, Plaintiff Juergens set forth in detail the factual allegations necessary to support her fraud claim.

Plaintiff Juergens admits that she signed *some* documents related to a *residential* (not commercial) loan from the First Mount Vernon Defendants, but, as stated in paragraph 83 of her 2nd amended complaint, "does not believe that the signatures on the versions of the documents that are attached as exhibits to the instant complaint are her own genuine signatures."  Plaintiff Juergens further states in paragraphs 84-85 of her amended complaint

> Paragraph 84:  Moreover, Plaintiff Juergens does not recall signing any documents that reference "1230 23rd Street, LLC" since she had no knowledge of the existence of such a Limited Liability Company at the time these documents were supposedly signed, and therefore, would not have signed such documents on behalf of a business entity about which she had no knowledge.
>
> Paragraph 85:  Additionally, Plaintiff Juergens contends that she would never have knowingly signed any document that would result in the transfer of legal ownership to her condominium unit, whether to a Limited Liability Company that she controlled or any other business entity.

In fact, Plaintiff Juergens, in paragraph 66 of her 2nd amended complaint, goes beyond her statements in paragraphs 83-85 and states without reservation that her alleged

signature on the "1230 23rd Street, LLC's" Articles of Organization "appears to be a forgery." Thus, Plaintiff Juergens' allegations of fraud are not contradictory since part of this alleged fraud involves the various Defendants' forgeries of documents allegedly signed by Plaintiff Juergens. Defendants' false statements set forth in paragraphs 296-308 of the 2nd amended complaint, in conjunction with the forgeries that Plaintiff Juergens alleges, certainly provide factual support for her fraud claim.

## IV. DISTRICT OF COLUMBIA LAW APPLIES TO PLAINTIFF JUERGENS' CLAIMS.

District of Columbia law applies to Plaintiff Juergens' claims since Plaintiff Juergens' home that is subject to the alleged loan at issue is located in the District of Columbia. As stated in Section 26-1101 (6) (D) of the D.C. Code, the term "interest in real property" includes "any other security interest that has the effect of creating a lien on residential real property in the District of Columbia." In Section 26-1101 (12) of the D.C. Code, the term "mortgage loan" means "any loan or other extension of credit that is secured, in whole or in part, by any interest in residential real property in the District of Columbia." Thus, it is clear that the law of the District of Columbia requires the application of District of Columbia law since the property secured by the alleged loan is physically located in the District of Columbia. Accordingly, the Defendants' violations of District of Columbia statutes contained in Plaintiff Juergens' 2nd amended complaint are properly before the Court.

## V. PLAINTIFF JUERGENS' PRAYER FOR INJUNCTIVE RELIEF IS PROPER.

Plaintiff Juergens' prayer for injunctive relief is proper at this time since there is a factual dispute whether Defendant First Mount Vernon Mortgage, L.L.C. contracted with

Plaintiff Juergens. If the Court determines that Defendant First Mount Vernon Mortgage, L.L.C. is a party to the loan contract or benefits in any way from such loan contract, then it is clear that the Court has the power to declare that the loan involving Defendant First Mount Vernon Mortgage, L.L.C. is invalid.

                Respectfully submitted,

/s/_____
J.P. Szymkowicz (#462146)
John T. Szymkowicz (#946079)
SZYMKOWICZ & SZYMKOWICZ, LLP
1220 19th Street, N.W., Suite 400
Washington, DC 20036-2438
(202) 862-8500

Attorney for Plaintiff Mary Juergens

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| MARY JUERGENS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action Number: <u>06-CA-1524</u> |
| ) | |
| URBAN TITLE SERVICES, INC., <u>et al</u>. ) | |
| ) | |
| Defendants. ) | |

### ORDER DENYING
### DEFENDANT FIRST MOUNT VERNON MORTGAGE, L.L.C. AND
### DEFENDANT DALE DUNCAN'S MOTION TO DISMISS

Upon consideration of Defendant First Mount Vernon Mortgage, L.L.C. and Defendant Dale Duncan's motion to dismiss and Plaintiff Juergens' response thereto, it is hereby ordered that Defendant First Mount Vernon Mortgage, L.L.C. and Defendant Dale Duncan's motion to dismiss is DENIED.

_____        _____
Date                                                         Colleen Kollar-Kotelly
                                                                   United States District Judge