IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| MARY JUERGENS )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>URBAN TITLE SERVICES, INC., et al. )<br>)<br>Defendants. ) | Civil Action Number: <u>06-CA-1524</u> |

**PLAINTIFF JUERGENS' REPLY TO
DEFENDANTS' COMBINED OPPOSITIONS TO
PLAINTIFF JUERGENS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff Mary Juergens, by and through her attorneys, J.P. Szymkowicz, John T. Szymkowicz and the Law Firm of Szymkowicz & Szymkowicz, LLP, respectfully submits this reply to Defendant First Mount Vernon Industrial Loan Association, Defendant Arthur Bennett, First Mount Vernon Mortgage, L.L.C., Defendant Duncan and Defendant Brickshire Settlements, LLC's oppositions to Plaintiff Juergens' motion for partial summary judgment:[1]

**I.   PLAINTIFF JUERGENS CHALLENGED THE FAILURE TO COMPLY WITH THE FORMAL REQUISITES OF THE DOCUMENTS CONNECTED WITH THE ALLEGED SALE OF HER HOUSE AND ASSOCIATED LOAN WITHIN SIX MONTHS OF THE RECORDING OF THESE DOCUMENTS IN THE RECORDER OF DEED'S OFFICE "IN A JUDICIAL PROCEEDING" PURSUANT TO D.C. CODE §§ 42-403 AND 42-404.**

Plaintiff Juergens challenged the failure to comply with the formal requisites of the documents connected with the alleged sale of her house and associated loan within six

---

[1] Defendant First Mount Vernon Mortgage, L.L.C., Defendant Dale Duncan and Defendant Brickshire Settlements, LLC's oppositions to Plaintiff Juergens' motion for partial summary judgment incorporate the opposition filed by Defendant First Mount Vernon Industrial Loan Association and Defendant Arthur Bennett.

months of the recording of these documents in the Recorder of Deed's office "in a judicial proceeding" pursuant to D.C. Code §§ 42-403 and 42-404.  Although they were alleged signed on August 31, 2005, the Deed dated August 31, 2005 [attached as Exhibit 7 of Plaintiff Juergens' 2nd amended complaint], the Commercial Loan Balloon Deed of Trust [Exhibit 6] and the Assignment of Contracts, Income, Rents and Profits [Exhibit 9] were not recorded in the office of the District of Columbia Recorder of Deeds until September 21, 2006 (which was twenty-three days *after* Plaintiff Juergens filed her original complaint in the instant matter and thirteen days *after* Defendant Duncan was served with the summons in the instant matter).  On November 7, 2006, Defendant First Mount Vernon Industrial Loan Association filed its motion to dismiss Plaintiff Juergens' 1st amended complaint that included the Balloon Deed of Trust Note and the Commercial Loan Balloon Deed of Trust as exhibits.  On November 8, 2006, Defendant First Mount Vernon, LLC and Defendant Duncan filed their combined motion to dismiss Plaintiff Juergens' 1st amended complaint that included an unsigned version of the alleged deed as an exhibit.  On November 17, 2006, Plaintiff Juergens filed her motion for partial summary judgment on the issue of a lack of a properly executed deed that directly challenged whether the deed that Defendants claim transferred title to Plaintiff Juergens' home from Plaintiff Juergens, in her individual capacity, to the "1230 23rd Street, LLC" was valid since it was not notarized or acknowledged pursuant to D.C. Code §§ 42-141, 42-142, 42-143, 42-306 and 42-401.  Plaintiff Juergens' also challenged the legal efficacy of the Balloon Deed of Trust Note, the Commercial Loan Balloon Deed of Trust and the Financing Agreement in the opposition to Defendants' motions to dismiss that she filed on November 20, 2006.

> D.C. Code § 42-403 states
>
> Any instrument recorded in the Office of the Recorder of Deeds on or after April 27, 1994, shall be effective notwithstanding the existence of 1 or more of the failures in the formal requisites listed in § 42-404, unless the failure is challenged in a judicial proceeding commenced within 6 months after the instrument is recorded.

The statement that "[t]he law of the District of Columbia is silent on the meaning of 'challenged in a judicial proceeding,' nor is there any case law from any other jurisdiction that is helpful in determining what is required to fulfill the terms of the curative statue with respect to seeking redress in the courts for a failure in one or more of the formal requirements of a deed" that is set forth on page 6 of Defendant First Mount Vernon Industrial Loan Association and Defendant Bennett's memorandum in support of its opposition to Plaintiff Juergens' motion for partial summary judgment is correct. Thus, Plaintiff Juergens suggests that this Honorable Court use common sense in interpreting the term "challenged in a judicial proceeding." It is clear that almost immediately after the First Mount Vernon Defendants became aware of Plaintiff Juergens' claims, they recorded the documents connected with Plaintiff Juergens' home in the office of the Recorder of Deeds. The First Mount Vernon Defendants have not offered any explanation for filing of these documents over one year after they were allegedly signed by Plaintiff Juergens. At the time the First Mount Vernon Defendants recorded these documents with the Recorder of Deeds, Plaintiff Juergens was already involved "in a judicial proceeding" involving the property associated with these documents. While Plaintiff Juergens did not file these "challenges" in a complaint or amended complaint (until the filing of the 2nd amended complaint), as Defendants suggest is required, she did file the "challenges" "in a judicial proceeding" – specifically, in her

3

first motion for summary judgment and in opposition to Defendants' motions to dismiss. Moreover, Defendants' "suggestion" is not based (as they admit in their memorandum) on any specific language in the D.C. Code or case law. Interestingly, Plaintiff Juergens could not have even amended her complaint without court approval at the time she first became aware of the recordation of the relevant documents [there is a "lagtime" between when a document is first filed for recordation at the office of the Recorder of Deeds and the time the document is available for public viewing] since there were motions to dismiss pending. As soon as the Court resolved the motions to dismiss, Plaintiff Juergens filed her 2nd amended complaint. Therefore, both implicitly and explicitly, Plaintiff Juergens "challenged" the "failures in the formal requisites" "in a judicial proceeding" as these terms are set forth in D.C. Code 42-403.

**II.    THE HUD-1 RELATED TO THE ALLEGED "SALE" OF PLAINTIFF JUERGENS' HOME, SINCE IT IS A LEGALLY REQUIRED DOCUMENT IN CONNECTION WITH ANY TRANSFER OF PROPERTY, CAN SHOW THAT THERE WAS A FAILURE OF CONSIDERATION FOR THE ALLEGED "SALE."**

The HUD-1 related to the alleged "sale" of Plaintiff Juergens' home, since it is a legally required document in connection with any transfer of property, can show that that there was a failure of consideration for the alleged "sale." Under the Real Estate Settlement Procedures Act of 1974 ("RESPA"), 12 U.S.C. §§ 2601 et seq., "HUD-1s" are required to be included at all real estate settlements. 12 U.S.C. § 2603. U.S. v. Wilkins, 2007 U.S. Dist. LEXIS 20633, *3 (E.D. Tenn. March 22, 2007). In Wilkins, the court observed that the "purpose of the HUD-1 settlement form is to provide more effective disclosure to home-buyers and sellers of settlement costs." Id. at *19. Because the HUD-1 is a legally required document, it is an appropriate document upon which Plaintiff

4

Juergens may base her motion for partial summary judgment. If Plaintiff Juergens did, indeed, receive the $250,000.00 as consideration for the alleged "sale" of her home to the "1230 23rd Street, LLC" as Defendants contend that she did, the HUD-1 associated with this "sale" would allow the Court to "follow the money" and see that the $250,000.00 was given as consideration. Since the HUD-1 does not show a "money trail" for the alleged $250,000.00 consideration, partial summary judgment must be granted in Plaintiff Juergens' favor on the issue of the failure of consideration. Defendants' claim that discovery should be allowed to determine "where the money went" is inappropriate since the HUD-1 is the appropriate Federally required document to show "where the money went" and no discovery can lead to facts that can rebut the statements contained in the HUD-1.

**III. IF THE DEED THAT ALLEGEDLY TRANSFERRED TITLE FROM PLAINTIFF JUERGENS, IN HER INDIVIDUAL CAPACITY, TO THE "1230 23RD STREET, LLC" IS VOIDED DUE TO LACK OF PROPER NOTARIZATION, THE TITLE TO THE CONDOMINIUM UNIT IS RETURNED TO PLAINTIFF JUERGENS, IN HER INDIVIDUAL CAPACITY, AND THE PROPERTY IS THUS UNENCUMBERED BY ANY DEEDS OF TRUST OR MORTGAGES SINCE EVEN DEFENDANTS DO NOT CLAIM THAT PLAINTIFF JUERGENS, IN HER INDIVIDUAL CAPACITY, SIGNED ANY DOCUMENTS ENCUMBERING THE CONDOMINIUM UNIT, IN HER INDIVIDUAL CAPACITY.**

If the deed that allegedly transferred title from Plaintiff Juergens, in her individual capacity, to the "1230 23rd Street, LLC" is voided due to lack of proper notarization, the title to the condominium unit is returned to Plaintiff Juergens, in her individual capacity, and the property is thus unencumbered by any deeds of trust or mortgages since even Defendants make no claim that Plaintiff Juergens, in her individual capacity, signed any documents encumbering the condominium unit, in her individual capacity. Defendant First Mount Vernon Mortgage, L.L.C. and Defendant Duncan claim in their opposition

5

that "Movants aver that the lack of a notary does not affect the validity of the Note to the Transaction, only to the effectiveness of the deed as to third parties" [and therefore, the notarization statute] "affects the rights of third parties, not as to the efficacy of the agreement between Plaintiff and FMVILA."  This claim ignores that fact that the party to the alleged mortgage is the "1230 23rd Street, LLC," not Plaintiff Juergens, in her individual capacity," so therefore, if the deed allegedly transferring title from Plaintiff Juergens, in her individual capacity, to the "1230 23rd Street, LLC" is voided, the "1230 23rd Street, LLC" would not have been able to encumber Plaintiff Juergens' home with a mortgage or deed of trust since it did not have legal title to the home.  Thus, Defendant First Mount Vernon Mortgage, L.L.C. and Defendant Duncan's claim that the notarization statute "affects the rights of third parties, not as to the efficacy of the agreement between Plaintiff and FMVILA" is in error since the party to the "agreement between Plaintiff and FMVILA" was the "1230 23rd Street, LLC," not Plaintiff Juergens, in her individual capacity.

                Respectfully submitted,

/x/_____
J.P. Szymkowicz (#462146)
John T. Szymkowicz (#946079)
SZYMKOWICZ & SZYMKOWICZ, LLP
1220 19th Street, N.W., Suite 400
Washington, DC  20036-2438
(202) 862-8500

Attorney for Plaintiff Mary Juergens

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| MARY JUERGENS )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>URBAN TITLE SERVICES, INC., et al. )<br>)<br>Defendants. ) | Civil Action Number: <u>06-CA-1524</u> |

**PLAINTIFF JUERGENS' DENIAL OF
"ADDITIONAL FACTS RELIED UPON BY
FIRST MOUNT VERNON AND BENNETT IN FURTHER SUPPORT OF ITS
[OPPOSITION TO PLAINTIFF JUERGENS']
MOTION FOR [PARTIAL] SUMMARY JUDGMENT"
IN SUPPORT OF HER REPLY TO
DEFENDANTS' COMBINED OPPOSITIONS TO
PLAINTIFF JUERGENS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff Mary Juergens, by and through her attorneys, J.P. Szymkowicz, John T. Szymkowicz and the Law Firm of Szymkowicz & Szymkowicz, LLP, respectfully denies the following "additional facts relied upon by Defendant First Mount Vernon Industrial Loan Association and Defendant Arthur Bennett in further support of their opposition to Plaintiff Juergens' motion for partial summary judgment in support of her reply to Defendants' combined oppositions to Plaintiff Juergens' motion for partial summary judgment:

<u>Assertion #2</u>: "On or about August 31, 2005, Mary Juergens obtained financing in the approximate amount of $61,000, funds from which were received by Mary Juergens and applied to satisfy the lien then existing on the Subject Property."

<u>Rebuttal to Assertion #2</u>: Plaintiff Juergens "never received a pay off statement regarding the George Owen Trust loan." <u>See</u> ¶ 103 of 2nd Amended Complaint.

Assertion #3: "[F]unds were escrowed on behalf of the borrower and were paid periodically to meet the monthly obligations of the Balloon Deed of Trust and the underlying Note, which were used to secure the loan against the Subject Property."

Rebuttal to Assertion #3: There is neither an explanation for "Escrow" in the amount of $60,996.04 on Line 104 of the HUD-1 nor is there any "escrow agreement" that would allow such a payment into an escrow account. See ¶ 98 of 2nd Amended Complaint.

Assertion #5: "Mary Juergens had personal knowledge of the existence of the Balloon Deed of Trust Note, executed that Note on behalf of her LLC, and on her own behalf, personally guaranteed the Note."

Rebuttal to Assertion #5: Despite what appears to be her signature on the Balloon Deed of Trust Note, Plaintiff Juergens does not believe that her signatures on the versions of that document that was attached as an exhibit to her 2nd amended complaint was her own genuine signatures. Moreover, Plaintiff Juergens does not recall signing any documents that reference "1230 23rd Street, LLC" since she had no knowledge of the existence of such a Limited Liability Company at the time these documents were supposedly signed, and therefore, would not have signed such documents on behalf of a business entity about which she had no knowledge. Additionally, Plaintiff Juergens contends that she would never have knowingly signed any document that would result in the transfer of legal ownership to her condominium unit, whether to a Limited Liability Company that she controlled or any other business entity. See ¶¶ 83-85 of 2nd Amended Complaint.

Assertion #6: "Monthly payments totaling approximately $78,750 were applied from the escrow towards the Balloon Deed of Trust."

2

Rebuttal to Assertion #6: There is neither an explanation for "Escrow" in the amount of $60,996.04 on Line 104 of the HUD-1 nor is there any "escrow agreement" that would allow such a payment into an escrow account. See ¶ 98 of 2nd Amended Complaint.

Assertion #7: "At all times that the monthly payments were made as set forth in the preceding paragraph, Mary Juergens personally resided in the Subject Property and made no monthly payments by way of rent, mortgage or otherwise."

Rebuttal to Assertion #7: There is neither an explanation for "Escrow" in the amount of $60,996.04 on Line 104 of the HUD-1 nor is there any "escrow agreement" that would allow such a payment into an escrow account. With that said, Plaintiff Juergens did live in the "Subject Property." See ¶ 98 of 2nd Amended Complaint.

Assertion #8: "On June 21, 2007, in Plaintiff's Second Amended Complaint, Plaintiff, for the first time, challenged the validity of the deed transferring the Subject Property in a judicial proceeding."

Rebuttal to Assertion #8: Plaintiff first "challenged" the validity of the alleged deed transferring the "Subject Property" "in a judicial proceeding" in November 2006 when she filed her first motion for partial summary judgment and in opposition to Defendants' motions to dismiss.

                            Respectfully submitted,

                            /x/_____
                            J.P. Szymkowicz (#462146)
                            John T. Szymkowicz (#946079)
                            SZYMKOWICZ & SZYMKOWICZ, LLP
                            1220 19th Street, N.W., Suite 400
                            Washington, DC  20036-2438
                            (202) 862-8500

                            Attorney for Plaintiff Mary Juergens