IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARY JUERGENS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NUMBER 1:06-CV-01524 |
| ) | Honorable Colleen Kollar-Kotelly |
| DEFENDANTS SERVICES, LLC, ) | |
| WILLIAM KENNEY, ) | |
| ROBERT WILLIAM CARNEY, ) | |
| PAUL ERB, FIRST MOUNT VERNON ) | |
| INDUSTRIAL LOAN ASSOCIATION ) | |
| INCORPORATED, FIRST MOUNT ) | |
| VERNON MORTGAGE, L.L.C., and ) | |
| DALE E. DUNCAN, ) | |
| ) | |
| Defendants. ) | |

### ANSWER TO SECOND AMENDED COMPLAINT BY DEFENDANTS ERB AND KENNEY.

DEFENDANTS PAUL ERB AND WILLIAM KENNEY (hereinafter, "Defendants"), by and through counsel, BONNER KIERNAN TREBACH & CROCIATA, LLP, state as follows in response to Plaintiff's Second Amended Complaint (hereinafter, "Complaint"):

### 1230 23rd Street, N.W., Apt. 505, Washington, DC 20037
### District of Columbia Real Property SSL Number 0036-2004

The allegations set forth in the initial paragraph of the Complaint are the legal and/or factual conclusions of the pleader and require no response. If a response is required, Defendants deny the allegations and demand strict proof thereof.

## PARTIES

1.  The allegations set forth in paragraph 1 of the Complaint are the legal and/or factual conclusions of the pleader and require no response. If a response is required, Defendants deny the allegations and demand strict proof thereof.

2.  Defendants admit that it is a corporation licensed to do business in the District of Columbia. Defendants deny the remaining allegations set forth in Paragraph 2 of the Complaint and demand strict proof thereof.

3.  The factual allegations set forth in Paragraphs 3-11 of the Complaint are not directed at these Defendants and therefore do not require a response. If a response is required, Defendants deny the allegations and demand strict proof thereof.

## PROPERTY AT ISSUE

4.  The allegations set forth in Paragraph 12 of the Complaint are the factual conclusions of the pleader and require no response. If a response is required, Defendants deny the allegations and demand strict proof thereof.

## JURISDICTION AND VENUE

5.  The allegations set forth in Paragraphs 13-14 are the factual and/or legal conclusions of the pleader and require no response. If a response is required, Defendants deny the allegations and demand strict proof thereof. Further, Defendants admit the existence of the statutory authorities cited in said paragraphs but deny that jurisdiction and/or venue are vested solely by reason thereof.

## BACKGROUND FACTS – DEFENDANTS' TRANSACTION

6. The allegations set forth in Paragraphs 15-16 are the factual and/or legal conclusions of the pleader and require no response. If a response is required, Defendants deny the allegations and demand strict proof thereof.

7. Defendants deny the allegations set forth in Paragraphs 17-45 of the Complaint and demand strict proof thereof.

8. The allegations set forth in Paragraphs 46-379 of the Complaint do not pertain to these Defendants and constitute the legal and/or factual conclusions of the pleader and require no response. If a response is required, Defendants deny the allegations and demand strict proof thereof.

9. All allegations not specifically admitted herein are denied.

## AFFIRMATIVE DEFENSES

Come now Defendants, by and through counsel, and plead the following Affirmative Defenses to the Complaint:

### FIRST DEFENSE
**(Failure to State a Claim)**

Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND DEFENSE
**(Contributory Negligence)**

If Plaintiff sustained any damages, such were caused or contributed to by the sole and/or contributory negligence of Plaintiff.

177764-1

## THIRD DEFENSE
### (Assumption of the Risk)

If Plaintiff sustained any damages as alleged, such were caused or contributed to by the knowing assumption of the risk of Plaintiff.

## FOURTH DEFENSE
### (Intervening Causation)

Plaintiff's alleged damages were directly and proximately caused by the acts and conduct of the Plaintiff that intervened between Defendants' acts and conduct and Plaintiff's alleged damages, thereby barring any recovery by Plaintiff.

## FIFTH DEFENSE
### (Intervening Act by Third Parties)

Plaintiff's alleged damages were directly and proximately caused by the acts and conduct of third parties, which intervened between the acts and conduct of Defendants and Plaintiff's alleged damages, thereby barring any recovery by Plaintiff from Defendants.

## SIXTH DEFENSE
### (Intervening Act by Unidentified Third Parties)

Plaintiff's damages, if any, were caused by intervening and/or superseding acts of omission and/or commission on the part of unknown and/or unnamed third persons or entities over whom Defendants exercised no authority, dominion or control.

## SEVENTH DEFENSE
### (Causation)

Plaintiff's alleged damages are not causally related to the events alleged in the Complaint and, in fact, were caused by the conduct of Plaintiff.

### EIGHTH DEFENSE
### (Statute of Limitations/ Statute of Repose)

Defendants state that the causes of action allegedly set forth in the Complaint were at the time of the filing of this action barred by the applicable statute of limitations and/or statute of repose.

### NINTH DEFENSE
### (Failure to Mitigate Damages)

Plaintiff has failed to take due and appropriate care in the mitigation of her alleged damages and recovery therefore is barred in whole or in part.

### TENTH DEFENSE
### (Estoppel, Fraud and Release)

Defendants assert the defenses of estoppel, fraud, and release.

### ELEVENTH DEFENSE
### (Failure to Join Necessary Parties)

Plaintiff has failed to join all necessary parties.

### TWELFTH DEFENSE
### (Laches)

Defendants state that the cause or causes of action allegedly set forth in the Complaint were at the time of the filing of this action barred by the doctrine of laches.

### THIRTEENTH DEFENSE
### (Accord & Satisfaction)

Defendants assert the defense of accord and satisfaction.

### FOURTEENTH DEFENSE
### (Insufficiency of Process/Service)

Defendants assert the defense of insufficiency of service and/or insufficiency of service of process.

### FIFTEENTH DEFENSE
### (Res Judicata/Collateral Estoppel)

Defendants state that the cause or causes of action allegedly set forth in the Complaint are barred by the doctrines of res judicata and/or collateral estoppel.

### SIXTEENTH DEFENSE
### (Reservation of Affirmative Defenses)

Defendants state that they intend to rely on other affirmative defenses that may become available or apparent during discovery, and hereby reserve the right to amend this Answer to assert such defenses.

### SEVENTEENTH DEFENSE

Defendants met all applicable standards of care.

### EIGHTEENTH DEFENSE

Some or all of Plaintiff's claims may be barred by applicable statutes contained in the relevant portions of the District of Columbia Code.

### NINETEENTH DEFENSE

Some or all of Plaintiff's claims may be barred because the Plaintiff's alleged damages, if any, were caused by the conduct of her own agents.

### TWENTIETH DEFENSE

Plaintiff's claims must fail, in whole or in part, because Defendants did not breach any duty of care owed to the Plaintiff.

### TWENTY-FIRST DEFENSE

The Court lacks subject matter jurisdiction.

177764-1

### TWENTY-SECOND DEFENSE

Defendants deny the allegations set forth in the Complaint.

### TWENTY-THIRD DEFENSE

Defendants deny all allegations of violation D.C. Code §26-901, et seq.

### TWENTY-FOURTH DEFENSE

Defendants deny all allegations of violation of D.C. Code §26-1101, et seq.

### TWENTY-FIFTH DEFENSE

Defendants deny all allegations of violation of D.C. Code §26-1151.01, et seq.

### TWENTY-SIXTH DEFENSE

Defendants deny all allegations of violation of D.C.Code §28-3904.

### TWENTY-SEVENTH DEFENSE

Defendants deny all allegations of violation of D.C. Code §28-4601, et seq.

### TWENTY-EIGHTH DEFENSE

Defendants deny all allegations contained in the Complaint.

### TWENTY-NINTH DEFENSE

The Court lacks personal jurisdiction over these Defendants.

WHEREFORE, these premises considered, Defendants pray that the Court:

1. Dismiss with prejudice the Complaint; or alternatively:

2. Enter judgment for the Defendants:

3. Grant Defendants their attorney's fees and costs; and

4. Grant such other and further relief that this Court deems just and proper.

177764-1

DATED this 6 day of September 2007.

                          Respectfully submitted,

                          **BONNER KIERNAN TREBACH & CROCIATA, LLP**

                          _____
                          Michael M. Hicks, Bar No. 362438
                          1233 20th Street, N.W., Suite 800
                          Washington, D.C. 20036
                          Tel:   (202) 712-7000
                          Fax:  (202) 712-7100

                          *Attorney for Defendants Paul Erb and William Kenney*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFIED that a true copy of the *Answer to Second Amended Complaint Defenses of Defendants Services, Inc.* was served upon all counsel on this ____ day of July, 2007, *via* U.S. mail, postage prepaid, addressed to:

J.T. Szymkowicz, Esquire
John T. Szymkowicz, Esquire
Szymkowicz & Szymkowicz, LLP
1220 19th Street, N.W., Suite 400
Washington, DC 20036-2438
*Counsel for Plaintiff*

James M. Towarnicky, Esq.
3977 Chain Bridge Road, Suite #1
Fairfax, VA 22030

David J. Marino, Esq.
Sutherland, Asbill & Brennan, LLP
1275 Pennsylvania Avenue, N.W.
Washington, D.C. 2004

David P. Durbin, Esq.
Jordan, Coyne & Savits, LLP
1100 Connecticut Avenue, N.W., #600
Washington, D.C. 20036

_____
Michael M. Hicks