IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| MARY JUERGENS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action Number: 06-CA-1524 |
| ) | |
| URBAN TITLE SERVICES, INC., et al. ) | |
| ) | |
| Defendants. ) | |

## JOINT LOCAL RULE 16.3 STATUS REPORT

The parties, by and through counsel, hereby file this joint Rule 16.3 status report, and in support thereof, state as follows.

1. **Motions to Dismiss**

The Court has previously ruled on all pending dispositive motions and held that further dispositive motions should not be filed prior to the close of discovery.

2. **Joinder of Parties/Amendment of Pleadings**

Plaintiff Juergens does not believe at this time that any party should be joined or any pleadings amended, but should the need arise, any additional parties may be joined and/or pleadings may be amended at any time until the close of discovery. Defendant Duncan believes that the 1230 23rd Street, LLC is a necessary party due to the claim of invalidating the deed and therefore, does not waive that position. Defendants believe that any party may add or join additional parties until, at least, the close of discovery.

3. **Assignment to Magistrate**

The parties do not believe that this case should be referred to a magistrate for any purpose, including trial.

4. **Possibility of Settlement**

The parties do not believe there is a realistic possibility of settlement at this juncture, however, it is possible that settlement could become realistic as facts are clarified during discovery.

5. **Alternative Dispute Resolution**

The parties agree that the case would benefit from the court's alternative dispute resolution procedures, specifically through the use of non-binding mediation. Plaintiff Juergens believes that mediation should take place within one month after the resolution of all dispositive motions. Defendants believe that mediation should take place prior to the filing of dispositive motions.

6. **Dispositive Motions**

The parties agree that the case could potentially be resolved via summary judgment. The parties propose that summary judgment motions be filed within one month after the close of discovery.

7. **Initial 26(a)(1) Disclosures**

The parties agree to dispense with the initial disclosures under Rule 26(a)(1).

8. **Discovery**

Plaintiff Juergens believes that discovery should be expedited due to the fact that she is an individual who has been paying a higher than market rate of interest to remain

in her condominium for several years and the fact that it is a financial hardship for her to keep paying this interest each month.  Therefore, Plaintiff Juergens believes that discovery should last for no longer than 90 days.  The defendants believe that discovery will take 210 days due to the number of attorneys involved which will result in scheduling difficulties, current scheduling commitments (including trials), the number of depositions which are anticipated and the need to name experts and schedule their depositions. Plaintiff Juergens believes that the standard limits on discovery should apply.  Defendants do not know at this time if they will need to request exceptions to these limits.

9.    **Expert Witness Information/Report**

The parties agree that the requirement of exchange of expert witness reports and information should not be modified, and that Plaintiff shall designate her experts 60 days prior to the close of discovery and defendants shall designate their experts 30 days prior to the close of discovery.

10.   **Class Actions**

Not applicable at this time.

11.   **Bifurcation of Trial**

The parties believe that facts gleaned in discovery may reveal that trial could be bifurcated, but that this issue is best left for resolution at the pre-trial conference.

12.   **Pretrial Conference Date**

The parties agree that the Court should set a pretrial conference date within thirty days of the conclusion of ADR or the resolution of dispositive motions, whichever is later.

13.     **Trial Date**

Plaintiff Juergens believes that it is prudent to set a date certain for trial in this matter due to the fact that there are so many attorneys in this case. Specifically, Plaintiff Juergens believes that if Defendants' counsel are having a difficult time scheduling matters during a short discovery period, they will have an impossible time scheduling a trial within 30-60 days after the pretrial conference. Therefore, to provide certainty for all concerned, Plaintiff Juergens believes that the Court should schedule a date certain for the trial that factors in all aspects of this scheduling plan. Defendants believe that a trial date should be set at the pretrial conference for the same reasons, that potential conflicts to scheduling a trial date among the various attorneys will be more easily determined and resolved at the pre-trial conference.

Respectfully submitted,

/x/_____
J.P. Szymkowicz (#462146)
John T. Szymkowicz (#946079)
SZYMKOWICZ & SZYMKOWICZ, LLP
1220 19th Street, N.W., Suite 400
Washington, DC  20036-2438
(202) 862-8500 (voice)
(202) 862-9825 (fax)
jp@szymkowicz.com

Attorney for Plaintiff Mary Jorgen's

/x/_____
Heather S. Deane
BONNER KIERNAN TREBACH & CROCIATA LLP
1233 20th Street, N.W., Suite 800
Washington, DC 20036
(202) 712-7000 (voice)
(202) 712-7100 (fax)
hdeane@bktc.net

Attorney for Defendants Urban Title Services, Inc., William Kenney and Paul Erg


/x/_____
Tillman James Finley
SUTHERLAND ASBILL & BRENNAN
1275 Pennsylvania Avenue, N.W.
Washington, DC 20004
(202) 383-0100 (voice)
(202) 637-3593 (fax)
tillman.finley@sablaw.com

Attorney for Defendant Robert William Carney


/x/_____
Dwight D. Murray
JORDAN, COYNE & SAVITS, LLP
1100 Connecticut Avenue, N.W., Suite 600
Washington, DC 20036
(202) 496-2803 (voice)
(202)496-2800 (fax)
d.murray@jocs-law.com

Attorney for Defendants First Mount Vernon Industrial Loan Association Incorporated and Arthur G. Bennett


/x/_____
James M. Towarnicky

3977 Chain Bridge Road, Suite 1
Fairfax, Virginia 22030
(703) 352-0022 (voice)
(703) 352-1516 (fax)
slovakesq@aol.com

Attorney for Defendant Dale E. Duncan



/x/_____
Deborah Kathryn Besche
GOLDBERG, PIKE & BESCHE, P.C.
100 South Charles Street, Tower 2, Suite 1001
Baltimore, Maryland 21201
(410) 468-1361 (voice)
 (410) 539-2392 (fax)
dbesche@gpblawfirm.com
Attorney for Defendant Brickshire Settlements, LLC

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| MARY JUERGENS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action Number: <u>06-CA-1524</u> |
| ) | |
| URBAN TITLE SERVICES, INC., <u>et al</u>. ) | |
| ) | |
| Defendants. ) | |

**<u>ORDER REGARDING LOCAL RULE 16.3 STATUS REPORT</u>**

Upon Consideration of the Joint Local Rule 16.3 Report, it is ORDERED that the parties shall comply with the following Scheduling Order.

| | |
|---|---|
| Commencement of Discovery | _____ |
| Completion of all Discovery | _____ |
| Joining of Parties/Amendment of Pleadings | _____ |
| Filing of 26(a)2 Report and Information | Plaintiff- _____ <br> Defendants – _____ |
| Alternative Dispute Resolution | _____ Days after Resolution of Dispositive Motions |
| Filing of Dispositive Motions | _____ |

_____
Colleen Kollar-Kotelly
United States District Judge