IN THE
# UNITED STATES DISTRICT COURT
FOR THE
# DISTRICT OF COLUMBIA
Civil Division

| | | |
|---|---|---|
| MARY JUERGENS | ) | |
|           Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| URBAN TITLE SERVICES, LLC | ) | CASE NUMBER:  1:06CV01524 |
| | ) | |
| and | ) | JUDGE:  Colleen Kollar-Kotelly |
| | ) | |
| WILLIAM KENNEY | ) | DECK TYPE:  General Civil |
| | ) | |
| and | ) | DATE STAMP: |
| | ) | |
| ROBERT WILLIAM CARNEY | ) | |
| | ) | |
| and | ) | |
| | ) | |
| PAUL ERB | ) | |
| | ) | |
| and | ) | |
| | ) | |
| FIRST MOUNT VERNON INDUSTRIAL LOAN | ) | |
| ASSOCIATION INCORPORATED [*sic*] | ) | |
| | ) | |
| and | ) | |
| | ) | |
| FIRST MOUNT VERNON MORTGAGE, L.L.C. | ) | |
| [Dismissed] | ) | |
| and | ) | |
| | ) | |
| DALE E. DUNCAN, | ) | |
|           Defendants. | ) | |

## ANSWER, GROUNDS OF DEFENSE, AND COUNTERCLAIM TO SECOND AMENDED COMPLAINT

Co-Defendant Dale E. Duncan ("Duncan") by and through undersigned counsel, hereby

states the following as his Answer, Grounds of Defense, and Counterclaim to the Second

Amended Complaint ("Complaint") filed in this Action by Mary Juergens ("Juergens" or "Plaintiff").[1]

## FIRST DEFENSE

The Second Amended Complaint fails to state any claim upon which relief may be granted as against Duncan, and this honorable Court lacks personal jurisdiction over said Duncan, as Duncan conducted all activities with Plaintiff solely within the Commonwealth of Virginia.

## SECOND DEFENSE

The relief sought in the Complaint may not be granted, or is barred for the following reasons and affirmative defenses:

1. Estoppel.

2. Promissory Estoppel.

3. Offset and Recoupment.

4. Equity and the Doctrine of Unclean Hands.

5. Negligence.

6. Contributory Negligence.

7. Failure of Performance (excusing performance).

8. Waiver.

9. Consent.

10. Ratification.

11. Laches.

12. Lack of Standing.

---

[1] To the extent it may prove relevant, any reference to the original Complaint filed in the above-styled case by Juergens shall be to the "First Complaint."

13. Impossibility and Impossibility of Performance.

14. Failure to Demonstrate Proximate Cause to Damages.

15. No Reasonable Reliance.

16. Failure to Join an Indispensable Party.

17. Improper Joinder.

18. Disclosed Agency.

19. Fraud.

20. Misrepresentation.

21. Negligent Misrepresentation.

22. Lack of Subject Matter Jurisdiction.

23. Accord and Satisfaction (in whole or in part).

24. Fraud in the Inducement.

25. Unconscionability.

26. Parol Evidence Rule.

27. No Proof of Damages Due to this Defendant.

28. Duncan is not a "lender" or "broker" under District of Columbia law, and accordingly, counts of the Complaint pertaining to alleged improper residential loans or the D. C. Consumer Protection Act do not apply to him, as he did not make or arrange loans or receive a fee therefore; and

29. such other defenses as the discovery record herein will support.

Duncan expressly reserves the right to amend or supplement this Answer based upon new or additional information presented.

## **THIRD DEFENSE**

Having set forth his negative and affirmative defenses in general, Duncan hereby responds to the numbered allegations of Plaintiff's Complaint as follows:

Reference is made to the "Answer to the Second Amended Complaint" (the "FMV Answer") filed by co-defendant First Mount Vernon Industrial Loan Association ("FMV") herein. Duncan adopts and incorporates herein the responses of the FMV Answer as if Duncan were FMV therein, except as set forth below. By incorporating such answers or responses by reference, the singular shall apply to the plural, the plural to the singular, and one gender to the other or the neuter, where the context so requires. When incorporating a response of the FMV Answer, unless otherwise noted, the words "as to these Defendants" shall include co-defendant Duncan. Moreover, to the extent that Duncan was acting as counsel to FMV in the transactions set forth in the Complaint, Duncan refuses to answer as to any fact that involves the attorney-client privilege, and accordingly, any response as to "Denial," "Lack of Knowledge," or "Admitted" [see below], is to facts with Duncan's personal knowledge and not of any communication with such client. To the extent the response states that the allegations of the Complaint state conclusions of law to which no response is required, if it is later determined that such a response is required, then the same is denied, and strict proof demanded.

1-6. Duncan incorporates by reference paragraphs 1-6 of the FMV Answer.

7. Co-Defendant First Mount Vernon Mortgage, LLC ("FMVLLC") is no longer a co-defendant to these proceedings, and accordingly, no response is required.

8. Although Duncan admits that Plaintiff so alleges in paragraph 8 of the Complaint, because FMVLLC is no longer a co-defendant in these proceedings, answers referring to the "First Mount Vernon Defendants" may apply only to FMV.

9. Duncan admits that he is an adult male who works as an attorney in the Commonwealth of Virginia, and lack sufficient information to either admit or deny the remaining allegations of that Paragraph.

10. Duncan incorporates by reference paragraphs 10-11 of the FMV Answer.

12. Duncan admits the allegations set forth in paragraph 12 of the Complaint. Responding further, such action concerns many other issues.

13. Duncan incorporates by reference paragraph 13 of the FMV Answer.

14. Duncan denies the allegations of paragraph 14 of the Complaint.[2]

15-46. Duncan incorporates by reference paragraphs 15-46 of the FMV Answer. Responding further, without waiving the foregoing, Duncan lacks sufficient information to either admit or deny many of the allegations contained therein.

47-49. Duncan incorporates by reference paragraphs 47-49 of the FMV Answer. Responding further, without waiving the same, Duncan denies such conversations with Plaintiff, and $60,000 would not be sufficient in and of itself to pay all items required to refinance the George Owen Trust loan.

50-51. Duncan incorporates by reference paragraphs 50-51 of the FMV Answer.

52-55. Lack of Knowledge.[3]

56. Denied.[4]

---

[2] Hereinafter, the presence of the word "Denied" after a numeral shall mean that Defendant Duncan denies the allegations of the corresponding paragraph of the Complaint, and respectfully demands strict proof of same. Similarly, the word "Admitted" shall mean that Defendant Duncan admits the allegations of the corresponding numbered paragraph of the Complaint. "Lack of Knowledge" shall mean that Defendant Duncan lacks sufficient present information to either admit or deny the allegations contained in the corresponding paragraph of the Complaint, and therefore denies same, and respectfully demands strict proof thereof..

[3] See footnote 2, *supra*.

[4] *Id.*

57. Lack of Knowledge as to Plaintiff's belief. The rest of paragraph 57 of the Complaint is Denied.

58. Lack of Knowledge.

59. Denied.

60. Lack of Knowledge.

61. Denied.

62. Duncan incorporates by reference paragraph 62 of the FMV Answer.

63. Denied.

64. These averments pertain to a document, which document speaks for itself.

65. Duncan admits that Plaintiff Juergens is listed as the registered agent, and Lack of Knowledge to the balance of the allegations of paragraph 65 of the Complaint.

66. Admits that Juergens so "denies," but Denies the remaining allegations of paragraph 66 of the Complaint.

67. Lack of Knowledge. Responding further, without waiving the foregoing, the date on said document is not necessarily the date of Juergens's signature.

68. Admitted.

69. The allegations contain a legal conclusion to which no response is required. Responding further, without waiving the foregoing, Denied.

70. Denied.

71. Denied.

72. Denied.

73. Lack of Knowledge.

74. Duncan incorporates by reference paragraph 74 of the FMV Answer.

75. Lack of Knowledge.

76. Admitted, except for the characterization of "pile."

77. Denied.

78. Lack of Knowledge.

79. Denied.

80. Lack of Knowledge.

81. This paragraph contains allegations to which no response is required.  Responding further, without waiving the foregoing, Denied.

82. Duncan incorporates by reference paragraphs 82-91 of the FMV Answer. Responding further, without waiving the foregoing, the signatures on the documents are those of Plaintiff.

92. Lack of Knowledge.  Responding further, Duncan is not a notary in the Commonwealth of Virginia.

93-95.   Duncan incorporates by reference paragraphs 93-95 of the FMV Answer.

96. Denied.

97. Lack of Knowledge.

98-100.   Duncan incorporates by reference paragraphs 98-100 of the FMV Answer.

101. Denied as to Duncan.

102. Deny that any such "accounting" is required of Duncan.  Responding further, without waiving the foregoing, Denied.

103. Duncan incorporates by reference paragraph 103 of the FMV Answer.

104. Denied.

105-106.   Duncan incorporates by reference paragraphs 105-106 of the FMV Answer.

107-224.   Duncan incorporates by reference paragraphs 107-224 of the FMV Answer (and all headings therein).

225.   Denied as pled.  Responding further, without waiving the same, Duncan had no contract with Plaintiff.

226-285.   Duncan incorporates by reference paragraphs 226-285 of the FMV Answer (and all headings therein).

286.   Duncan incorporates by reference paragraph 286 of the FMV Answer. Responding further, without waiving the foregoing, Plaintiff was disclosed that the party making a loan to her was FMV, and therefore there was no loan contract between Duncan and Plaintiff.[5]

287.   Duncan incorporates by reference paragraph 287 of the FMV Answer.

288.   Duncan incorporates by reference paragraph 288 of the FMV Answer. Responding further, without waiving the foregoing, as Duncan never agreed with Plaintiff to be a lender, and there was no contract with Duncan, was functioning solely as an agent of a disclosed principal, Duncan had no responsibility to remit any amount to Plaintiff.

289.   Denied.

290-294 and the "WHEREFORE" clause.  Lack of Knowledge as to any other co-defendants.  Denied as to Duncan.

295.   Duncan incorporates by reference paragraph 295 of the FMV Answer.

---

[5]   Duncan incorporates by reference a denial of a loan contract between Duncan and Plaintiff wheresoever Plaintiff alleges a "contract" or "loan" between Plaintiff and "the First Mount Vernon Defendants."

296-309 and WHEREFORE clause thereafter.   Lack of Knowledge as to any co-defendants.  Denied as to Duncan, or as may be contrary to any of the referenced loan documents.

310.  Duncan incorporates by reference paragraph 310 of the FMV Answer.

311-317.  Lack of Knowledge as to co-defendants, except denied as to any conspiracy or duty.  Denied as to Duncan.

318.   Duncan incorporates by reference paragraph 318 of the FMV Answer.

319.   Denied as to Duncan.  As stated above, Duncan did not make a loan or agree to make a loan with Plaintiff.  Responding further, without waiving the same, Plaintiff executed and had opportunity to review loan documents fully disclosing a commercial loan transaction.

320-323.   The allegations in these paragraphs contain statements or conclusions of law to which no response is required.  Without waiving the foregoing, the statues speak for themselves, and do not pertain to this defendant Duncan.

324.   The allegations in this paragraph contain statements or conclusions of law to which no response is required.  Without waiving the foregoing, the statues speak for themselves, and do not pertain to this defendant Duncan.  Duncan did not furnish such a statement, as he was not a lender, and as a commercial loan, no such statement is required in any event.[6]

325-328.  Denied as to Duncan.

328-329 and the WHEREFORE clause therein.     Duncan incorporates by reference paragraphs 328-329 of the FMV Answer and Denies the WHEREFORE clause.

330-332.     Denied as to Duncan.

---

[6]   As stated above, Duncan re-alleges that, as he is not a lender as defined in the statutes reference these counts, and Plaintiff admits that Duncan was an agent for a disclosed principal, there is no duty on Duncan himself vis-à-vis Plaintiff to furnish any documentation to Plaintiff.  Such allegation is to be deemed incorporated herein into any response pertaining to a D.C. Statute as well as what is alleged in the numbered response.

333.    Duncan incorporates by reference paragraph 333 of the FMV Answer.

334-335, and WHEREFORE clause.  Denied as to Duncan.

336.    Duncan incorporates by reference paragraph 336 of the FMV Answer.

337.    Denied as to Duncan.

338.    Duncan incorporates by reference paragraph 338 of the FMV Answer.

339.    Denied as to Duncan.

340.    Denied as to Duncan.

341.    Duncan incorporates by reference paragraph 341 of the FMV Answer.

342 and WHEREFORE clause.  Denied.

343.    Duncan incorporates by reference paragraph 343 of the FMV Answer.

344-346.    Duncan incorporates by reference paragraphs 344-346 of the FMV Answer.

347-349.    Denied as to defendant Duncan.

350.    Denied as to defendant Duncan.  Responding further, without waiving the foregoing, Duncan is not a lender and had no such duty.

351-353.    Denied as to defendant Duncan.

354.    Duncan incorporates by reference paragraph 354 of the FMV Answer.

355.    Denied.

356-358 and WHEREFORE clause.  Denied as to defendant Duncan.

359-361.    Duncan incorporates by reference paragraphs 359-361 of the FMV Answer.

362-364 and WHEREFORE clause.  Denied as to defendant Duncan.

365.    Duncan incorporates by reference paragraph 365 of the FMV Answer.

366. Denied as to defendant Duncan.

367-368 and WHEREFORE clause. Duncan incorporates by reference paragraphs 367-368 of the FMV Answer, and denies the WHEREFORE clause.

369-373. Duncan incorporates by reference paragraphs 369-373 of the FMV Answer.

374 and WHEREFORE clause. Denied as to defendant Duncan. Responding further, without waiving the foregoing, Duncan made no loan and has no power to alter or affect the loan documents.

375. Duncan incorporates by reference paragraph 375 of the FMV Answer.

376. Denied.

377. The allegations of this paragraph of the complaint state conclusions of law to which no response is required.

378. Duncan incorporates by reference paragraph 378 of the FMV Answer.

379. Denied.

380 and WHEREFORE clause. Denied as to defendant Duncan.

To the extent not expressly admitted herein or addressed, Duncan denies any alleged fact of the Complaint, and reserves the right to amend the foregoing Answer and Grounds of Defense in the event new or additional information is received.

## **COUNTERCLAIM**

Having fully answered and stated his affirmative answers to Plaintiff's complaint, Duncan, as and for his counterclaim, states and avers as follows.

### FACTS

1. Duncan incorporates by reference the terms set forth in the Complaint and this Answer.

2. Duncan incorporates by reference his responses set forth above.

3. Plaintiff was introduced to Duncan as FMV's counsel by Bennett in or about August, 2005.

4. At the meeting of the previous paragraph, Duncan was informed that FMV intended to make a loan to be secured by a lien on 1220 23rd Street, Washington, DC (the "Property") then owned by Plaintiff.

5. Plaintiff informed Duncan that, *inter alia,* she would be outside D.C., and wanted to form a corporation to hold title to the Property.

6. Duncan responded to Plaintiff that for tax reasons, real property should not be held in a corporation, and that a limited liability company may prove better.

7. Plaintiff consented, and directed to have Duncan prepare documentation to establish an LLC to hold title to the Property.

8. Duncan inquired of Plaintiff as to what name to call the LLC to be formed, to which Plaintiff stated she did not know.

9. Duncan then asked Plaintiff if it would be okay to use the address of the Property.

10. Plaintiff consented to using the address of the Property in the LLC's name.

11. Duncan drafted documentation sufficient to form 1220 23rd Street, LLC (the "LLC").

12. Juergens signed the Articles of Organization and Duncan submitted the same to Virginia State Corporation commission.

13. On or about August 31, 2005, Plaintiff appeared at 6019 Tower Court, Alexandria, VA 22304 (the "FMV Offices") to execute documents to evidence a commercial loan from FMV to Plaintiff.

14.     FMV's office manager, a current licensed notary public in and for the Commonwealth of Virginia, was present in the FMV Offices upon Plaintiff's arrival through her departure.

15.     Plaintiff executed in Duncan's presence each of the documents attached to the Complaint that purport to bear her signature.

16.     Upon presenting each document for signature, Duncan identified such document to Plaintiff in accordance with his standard loan closing practices.  Plaintiff was aware, or had the opportunity to inquire, as to each document she was signing.

17.     Plaintiff stated she was in a hurry, and was leaving the city, and therefore requested of FMV an immediate disbursement of loan funds to her personally.

18.     Duncan passed on Plaintiff's request for an immediate disbursement to FMV, which agreed to the same.

19.     On information and belief, FMV disbursed net proceeds via check to Plaintiff.

20.     Plaintiff was aware that, after payoff of the George Owen Trust lien, that a portion of the loan proceeds would be retained in escrow to make monthly payments of interest on the loan from FMV.

21.     Plaintiff did not contact Duncan to demand any additional funds she now claims she was entitled to in the Complaint prior to the filing of this Complaint.

22.     On information and belief, Plaintiff did not contact FMV to demand any additional funds she now claims she was entitled to in the Complaint prior to the filing of this Complaint.

23.     As the repayment date of the loan from FMV approached, Plaintiff filed the instant Complaint in a bad faith effort avoid or delay repayment of said loan.

24.     Plaintiff informed Duncan that the Property in D.C. was not her principal residence.

## COUNT I:  FRAUD, FRAUD IN THE INDUCEMENT, MISREPRESENTATION, AND NEGLIGENT MISREPRESENTATION

25.    Duncan incorporates by reference all allegations set forth in paragraphs 1-24 of this counterclaim above.

26.    Based on the allegations of the Complaint, Plaintiff lies that she did not inform Duncan that she wished to form a corporation to hold title to the Property.

27.    Based on the allegations of the Complaint, Plaintiff lies that she did was not informed before 2006 that an LLC was being formed on her request, the name of which was to contain the address of the Property.

28.    Based on the allegations of the Complaint, Plaintiff lies that she did not inform Duncan, in his position as FMV's counsel, that she wished to form a corporation to hold title to the Property.

29.    Based on the allegations of the Complaint, Plaintiff lies that she did not inform Duncan that the Property was not her principal residence.

30.    Plaintiff executed the form attached as Exhibit 1 o the Complaint with incorrect information therein, knowing that FMV and/or Duncan would be relying upon the same.

31.    The Virginia address for Plaintiff set forth in such Exhibit is, on information and belief, of a relative of the Plaintiff.

32.    The misrepresentations of Plaintiff set forth in this Count I ("Misrepresentations") were made with knowledge of their falsity, or with reckless disregard as to their truth when made.

33.    Such Misrepresentations were made with the knowledge and intent that Duncan and/or FMV would rely upon the same in determining how to document such loan.

34. Such Misrepresentations were republished when Plaintiff executed the loan documents attached as Exhibits to the Complaint.

35. Such Misrepresentations were material to the detriment to Duncan and/or FMV.

36. As a result of his reasonable reliance upon such Misrepresentations, Duncan was damaged in an amount to be determined, but in excess of $10,000.00.

37. Plaintiff intentionally or reckless misrepresented material facts to Duncan on which he reasonably relied and for which he suffered damages, and so constitutes fraud.

38. Such fraud was willful or malicious, and with the intent of causing Duncan to take action to his detriment in reliance thereon.

39. As a result, *inter alia,* of the foregoing paragraphs 1-38 of this Counterclaim, Plaintiff fraudulently induced Duncan to form the LLC, prepare documentation for a commercial loan for Plaintiff upon which his client relied, and for FMV to make a contract, for which Duncan suffered damages in an amount to be determined, but not less than $10,000.00..

40. If not intentional, the Misrepresentations were made by Plaintiff on which Defendant Duncan reasonably relied to his detriment and damage in an amount to be determined, but not less than $10,000.00.

WHEREFORE, good cause being shown, co-Defendant Duncan respectfully requests that this honorable Court enter Judgment in his behalf and against Plaintiff in an amount to be determined, plus punitive damages of $500,000.00, plus attorneys' fees, interest, and court costs as a result of Plaintiff's fraud, fraud in the inducement, misrepresentation, and/or negligent misrepresentation, and such other and further relief as this honorable Court deems just and proper in the circumstances.

## COUNT II:  ABUSE OF PROCESS OR MALICIOUS PROSECUTION

41. Duncan restates and incorporates the allegations set forth in paragraphs 1-40 of the above counterclaim.

42. Plaintiff knew that Duncan personally was not a lender to Plaintiff at all times material to these proceedings.

43. Nevertheless, Plaintiff made allegations in the Complaint that Duncan is a lender in his individual standing, and not merely as FMV's agent.

44. The facts of the previous paragraph were made in bad faith by Plaintiff with knowledge of their falsity.

45. Nevertheless, Plaintiff maintains an action against Duncan individually as a lender.

46. The principal purpose of filing and continuing the Complaint against Duncan as a lender is solely for leverage purposes, or to extort favorable terms against Duncan and/or Duncan's client FMV, and constitutes Abuse of Process or Malicious Prosecution.

47. Duncan has incurred damages as a result of Plaintiff's actions set forth in paragraphs 41-46 of this Counterclaim above in an amount to be determined, but no less than $10,000.00.

WHEREFORE, good cause being shown, co-Defendant Duncan respectfully requests that this honorable Court enter Judgment in his behalf and against Plaintiff in an amount to be determined, plus punitive damages of $500,000.00, plus attorneys' fees, interest, and court costs as a result of Plaintiff's abuse of process and malicious prosecution, and such other and further relief as this honorable Court deems just and proper in the circumstances; and further

HAVING FULLY ANSWERED, Duncan respectfully prays that the Complaint be dismissed, with prejudice, and that Duncan be awarded all of his fees, costs, and expenses in the defense thereof.

                                                          Respectfully submitted,

Dated:  February 14, 2008            /s/ James M. Towarnicky   .
                                                           James M. Towarnicky, #370931
                                                           James M. Towarnicky, P.L.L.C.
                                                           3977 Chain Bridge Road, Suite #1
                                                           Fairfax, VA 22030
                                                           Tel. (703) 352-0022
                                                           Fax (703) 352-1516
                                                           Counsel for Co-Defendant Dale Duncan

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing Answer, Grounds of Defense, and Counterclaim to the Second Amended Complaint was served electronically via ECF filing this 14th day of February, 2008 to counsel for all other parties to this proceeding.

                                                           /s/ James M. Towarnicky
                                                           James M. Towarnicky