IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | | |
|---|---|---|
| MARY JUERGENS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action Number: <u>06-CA-1524</u> |
| vs. | ) | Judge Kollar-Kotelly |
| | ) | |
| URBAN TITLE SERVICES, INC., <u>et al</u>. | ) | Next Event: Scheduling Conference |
| | ) | Tuesday February 26, 2008 |
| Defendants. | ) | |

**PLAINTIFF JUERGENS' STATEMENT OF THE CASE AND STATUTORY BASIS FOR ALL CAUSES OF ACTION AND DEFENSES**

Plaintiff Mary Juergens, by and through her attorneys, J.P. Szymkowicz, John T. Szymkowicz and the Law Firm of Szymkowicz & Szymkowicz, LLP, respectfully files this statement of the case pursuant to the Court's Order dated February 5, 2008:

**Urban Title Transaction**

Plaintiff Juergens contends that, with regard to the Urban Title Services, Inc. transaction, she sought to obtain a $60,000.00 loan to be secured by a deed of trust on Plaintiff Juergens' condominium unit. Plaintiff Juergens contends that while the George Owen Trust did in fact, provide $60,000.00 to Defendant Kenney and Defendant Urban Title Services, Inc. in order to fund the loan to Plaintiff Juergens, Plaintiff Juergens never received the full use of the proceeds of this loan or an accounting of the distributions concerning this $60,000.00 loan. Plaintiff Juergens contends that Defendant Carney and Defendant Erb did not follow proper procedures when conducting the closing on this loan. Plaintiff Juergens also contends that she did not receive any statutory notices with regard to this loan pursuant to D.C. Code §26-1152.11, §26-1152.19, or §26-905.

**First Mount Vernon Transaction**

Plaintiff Juergens contends that, with regard to the First Mount Vernon transaction, she sought to obtain a loan to pay off the loan related to the Urban Title Services, Inc. transaction. Plaintiff Juergens contends that she sought a loan in the amount of approximately $60,000.00, but was encouraged to borrow approximately $250,000.00. Plaintiff Juergens contends that she informed Defendant Bennett that she wanted a residential loan that was securitized by her residence and filled out a "Uniform Residential Loan Application" in order to obtain such a residential loan. Plaintiff Juergens contends that Defendant Bennett knowingly entered false information on this "Uniform Residential Loan Application," including a statement that Plaintiff Juergens had income (when, in actuality, she did not) and a statement that Plaintiff Juergens' residence would be rented out (when, in actuality, Plaintiff Juergens had no such intention). Moreover, Plaintiff Juergens contends that while she signed a "Uniform Residential Loan Application," she did not sign any "Uniform Residential Loan Application" with false statements contained therein. Plaintiff Juergens further contends that Defendant Duncan established a corporation to take title to Plaintiff Juergens' home and machinated a transaction whereby Plaintiff Juergens would "sell" her home to the corporation and the corporation would be liable for repayment of the loan. Plaintiff Juergens also contends that Defendant Duncan and Defendant Brickshire Settlements, LLC did not follow proper procedures when conducting the closing on this loan. Plaintiff Juergens contends that this loan was a sham loan designed to circumvent District of Columbia mortgage and fair lending laws and that she did not receive the funds promised by Defendant First Mount Vernon after closing on this loan. Moreover, Plaintiff

Juergens is still personally liable on this "business" loan. Plaintiff Juergens further contends that the Defendants filed a deed allegedly signed by Plaintiff Juergens that allegedly evidences a transfer of the property from Plaintiff Juergens to the corporation that does not comply with the formal requirements of deed execution or notarization. As with the Urban Title transaction, Plaintiff Juergens contends that the First Mount Vernon Defendants failed to comply with D.C. Code §26-1152.11, §26-1152.19, or §26-905 regarding statutory notices.

### Defendant Duncan's Counterclaim

Plaintiff Juergens denies that she committed fraud upon Defendant Duncan or misrepresented any fact to Defendant Duncan with respect to her application for a residential loan. Plaintiff Juergens further denies that she abused process or maliciously prosecuted any claim with regard to Defendant Duncan.

### Jurisdiction and Venue

Plaintiff Juergens believes that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as this civil action involves citizens of different states and where the matter in controversy exceeds the sum or value of $75,000.00. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 (b) and (c) since the District of Columbia is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred and since the District of Columbia is a judicial district where all Defendants are subject to personal jurisdiction since all Defendants transact business in the District of Columbia.

Respectfully submitted,

/x/_____
J.P. Szymkowicz (#462146)
John T. Szymkowicz (#946079)
SZYMKOWICZ & SZYMKOWICZ, LLP
1220 19th Street, N.W., Suite 400
Washington, DC  20036-2438
(202) 862-8500 (voice)
(202) 862-9825 (fax)
jp@szymkowicz.com

Attorney for Plaintiff Mary Juergens