IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| MARY JUERGENS ) | |
| ) | |
| Plaintiff/Counter-Defendant, ) | |
| ) | |
| vs. ) | Civil Action Number: 06-CA-1524 |
| ) | |
| URBAN TITLE SERVICES, INC., et al. ) | |
| ) | |
| Defendants/Counter-Plaintiff. ) | |

**PLAINTIFF/COUNTER-DEFENDANT MARY JUERGENS' ANSWER TO DEFENDANT/COUNTER-PLAINTIFF DALE E. DUNCAN'S COUNTERCLAIM**

**JURY TRIAL DEMANDED**

Plaintiff/Counter-Defendant Mary Juergens answers Defendant/Counter-Plaintiff Dale E. Duncan's counterclaim as follows:

**FIRST DEFENSE**

Defendant/Counter-Plaintiff Dale E. Duncan's counterclaim fails to state any claim upon which relief may be granted.

**SECOND DEFENSE**

This Honorable Court lacks personal jurisdiction over Defendant/Counter-Plaintiff Dale E. Duncan's counterclaim as the activities alleged in the counterclaim occurred in the Commonwealth of Virginia, not the District of Columbia.

**THIRD DEFENSE**

The relief sought in Defendant/Counter-Plaintiff Dale E. Duncan's counterclaim may not be granted or is barred for the following reasons and affirmative defenses:

1. Estoppel.

2. Promissory Estoppel.

3. Offset.

4. Equity.

5. The Doctrine of Unclean Hands.

6. Negligence.

7. Contributory Negligence.

8. Failure of Performance.

9. Waiver.

10. Consent.

11. Fraud.

12. Fraud in the Inducement.

13. Violation of District of Columbia Statutes.

14. Violation of Commonwealth of Virginia Statutes.

15. Ratification.

16. Laches.

17. Failure to Allege Proximate Cause to Damages.

18. No Reasonable Reliance.

19. Misrepresentation.

20. Negligent Misrepresentation.

21. Lack of Subject Matter Jurisdiction.

22. Unconscionability.

23. Parol Evidence Rule.

24. Failure to Allege any Damages.

25.     The counterclaim is Time-Barred pursuant to the Statute of Limitations, including, but not limited to allegations concerning fraud.

25.     Such other Defenses as Discovery will Reveal.

Plaintiff/Counter-Defendant Mary Juergens reserves the right to amend or supplement this Answer based upon information obtained in discovery or trial.

### **FOURTH DEFENSE**

Having set forth her negative and affirmative defenses in general, Plaintiff/Counter-Defendant Mary Juergens hereby responds to the numbered allegations of Defendant/Counter-Plaintiff Dale E. Duncan's counterclaim as follows:

1.     Plaintiff/Counter-Defendant Mary Juergens is without knowledge or information sufficient to form a belief as to the truth of the following averments contained in Paragraph 1 of the counterclaim and therefore, must deny the averments contained in that paragraph and demands strict proof thereof.

2.     Plaintiff/Counter-Defendant Mary Juergens is without knowledge or information sufficient to form a belief as to the truth of the following averments contained in Paragraph 2 of the counterclaim and therefore, must deny the averments contained in that paragraph and demands strict proof thereof.

3.     Admit.

4.     Plaintiff/Counter-Defendant Mary Juergens is without knowledge or information sufficient to form a belief as to the truth of the following averments contained in Paragraph 4 of the counterclaim and therefore, must deny the averments contained in that paragraph and demands strict proof thereof.

5.     Deny.

6. Deny.

7. Deny.

8. Deny.

9. Deny.

10. Deny.

11. Plaintiff/Counter-Defendant Mary Juergens is without knowledge or information sufficient to form a belief as to the truth of the following averments contained in Paragraph 11 of the counterclaim and therefore, must deny the averments contained in that paragraph and demands strict proof thereof.

12. Deny. Plaintiff/Counter-Defendant Mary Juergens does not believe that she ever signed any "Articles of Organization" related to establishing the "1230 23rd Street, LLC."

13. Deny. Plaintiff/Counter-Defendant Mary Juergens did not "appear" at "6019 Tower Court, Alexandria, Virginia" to execute documents to evidence a commercial loan, but admits that she did so to execute documents to evidence a residential loan.

14. Deny. Plaintiff/Counter-Defendant Mary Juergens contends that the only individuals in the same room as herself while she was signing loan documents were Defendant/Counter-Plaintiff Duncan (by himself) or Defendant Duncan and Defendant Bennett (together).

15. Deny. Plaintiff/Counter-Defendant Mary Juergens contends that the only individuals in the same room as herself while she was signing loan documents were Defendant/Counter-Plaintiff Duncan (by himself) or Defendant/Counter-Plaintiff Duncan and Defendant Bennett (together).

16. Deny. Plaintiff/Counter-Defendant Mary Juergens contends that Defendant/Counter-Plaintiff Duncan did not explain the legal importance of any document he presented to her for her signature and that she was not aware or had the opportunity to inquire as to the legal importance of any document that Defendant/Counter-Plaintiff Duncan to her for her signature.

17. Deny.

18. Plaintiff/Counter-Defendant Mary Juergens is without knowledge or information sufficient to form a belief as to the truth of the following averments contained in Paragraph 18 of the counterclaim and therefore, must deny the averments contained in that paragraph and demands strict proof thereof.

19. Plaintiff/Counter-Defendant Mary Juergens is without knowledge or information sufficient to form a belief as to the truth of the following averments contained in Paragraph 19 of the counterclaim as she does not know what the "net proceeds" were, and therefore, must deny the averments contained in that paragraph and demands strict proof thereof.

20. Deny. Plaintiff/Counter-Defendant Mary Juergens contends that she does not know how the loan proceeds would be disbursed.

21. Deny. Plaintiff/Counter-Defendant Mary Juergens contends that she placed a call to Defendant/Counter-Plaintiff Duncan the day that she appeared to sign the residential loan papers in order to rescind the transaction as permitted by law, but that he did not answer his phone. Thereafter, Plaintiff/Counter-Defendant Mary Juergens contends that she placed a call to Defendant Bennett for this same purpose. Upon receiving this call, Defendant Bennett reassured Plaintiff/Counter-Defendant Mary Juergens that

"Everything will be fine. We are only trying to help you. We do not want you to lose your house."

22. Deny. Plaintiff/Counter-Defendant Mary Juergens contends that she placed a call to Defendant/Counter-Plaintiff Duncan the day that she appeared to sign the residential loan papers in order to rescind the transaction as permitted by law, but that he did not answer his phone. Thereafter, Plaintiff/Counter-Defendant Mary Juergens contends that she placed a call to Defendant Bennett for this same purpose. Upon receiving this call, Defendant Bennett reassured Plaintiff/Counter-Defendant Mary Juergens that "Everything will be fine. We are only trying to help you. We do not want you to lose your house."

23. Deny.

24. Deny.

25. Plaintiff/Counter-Defendant Mary Juergens incorporates her responses to paragraphs 1-24 of Defendant/Counter-Plaintiff Duncan's counterclaim as her response to paragraph 25 of Defendant/Counter-Plaintiff Duncan's counterclaim.

26. Deny.

27. Deny.

28. Deny.

29. Deny.

30. Deny.

31. Deny. At all relevant times, Plaintiff Juergens resided in the District of Columbia, and not in the Commonwealth of Virginia.

32. Deny.

33. Deny.

34. Deny.

35. Deny.

36. Deny.

37. Deny.

38. Deny.

39. Deny.

40. Deny.

To the extent not admitted herein or addressed, Plaintiff/Counter-Defendant Mary Juergens denies any alleged fact in Defendant/Counter-Plaintiff Dale E. Duncan's counterclaim, and reserves the right to amend the foregoing answer. Plaintiff/Counter-Defendant Mary Juergens denies any relief sought in Defendant/Counter-Plaintiff Dale E. Duncan's "wherefore" clause.

WHEREFORE, having fully responded to the allegations contained in Count I of Defendant/Counter-Plaintiff Dale E. Duncan's counterclaim, Plaintiff/Counter-Defendant Mary Juergens demands that this Court deny Defendant/Counter-Plaintiff Dale E. Duncan all relief sought, award judgment in favor Plaintiff/Counter-Defendant Mary Juergens, and order Defendant/Counter-Plaintiff Dale E. Duncan to pay Plaintiff/Counter-Defendant Mary Juergens her costs, attorney's fees and expenses incurred in defending against Defendant/Counter-Plaintiff Dale E. Duncan's counterclaim and make such further relief as justice requires.

41. Deny.

42.   Deny.

43.   Plaintiff/Counter-Defendant Mary Juergens is without knowledge or information sufficient to form a belief as to the truth of the following averments contained in Paragraph 43 of the counterclaim as these averments call for a legal conclusion and therefore, must deny the averments contained in that paragraph and demands strict proof thereof.

44.   Deny.

45.   Plaintiff/Counter-Defendant Mary Juergens is without knowledge or information sufficient to form a belief as to the truth of the following averments contained in Paragraph 45 of the counterclaim as these averments call for a legal conclusion and therefore, must deny the averments contained in that paragraph and demands strict proof thereof.

46.   Deny.

47.   Deny.

To the extent not admitted herein or addressed, Plaintiff/Counter-Defendant Mary Juergens denies any alleged fact in Defendant/Counter-Plaintiff Dale E. Duncan's counterclaim, and reserves the right to amend the foregoing answer.  Plaintiff/Counter-Defendant Mary Juergens denies any relief sought in Defendant/Counter-Plaintiff Dale E. Duncan's "wherefore" clause.

WHEREFORE, having fully responded to the allegations contained in Count II of Defendant/Counter-Plaintiff Dale E. Duncan's counterclaim, Plaintiff/Counter-Defendant Mary Juergens demands that this Court deny Defendant/Counter-Plaintiff Dale E. Duncan all relief sought, award judgment in favor Plaintiff/Counter-Defendant Mary

Juergens, and order Defendant/Counter-Plaintiff Dale E. Duncan to pay Plaintiff/Counter-Defendant Mary Juergens her costs, attorney's fees and expenses incurred in defending against Defendant/Counter-Plaintiff Dale E. Duncan's counterclaim and make such further relief as justice requires.

        Respectfully submitted,

/x/_____
/x/ J.P. Szymkowicz (#462146)
J.P. Szymkowicz (#462146)
John T. Szymkowicz (#946079)
SZYMKOWICZ & SZYMKOWICZ, LLP
1220 19th Street, N.W., Suite 400
Washington, DC  20036-2438
(202) 862-8500 (voice)
(202) 862-9825 (fax)
jp@szymkowicz.com

Attorney for Plaintiff Mary Juergens

## JURY DEMAND

Plaintiff Mary Juergens demands trial by jury as to all issues so triable.

        _____
        /x/ J.P. Szymkowicz (#462146)