IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARY JUERGENS,          *

         Plaintiff,        *

v.                       *      **Case No.: 1:06CV01524 (CKK)**
                           Judge Colleen Kollar-Kotelly
URBAN TITLE SERVICES, INC.,
et al.,                 *

        Defendants.    *

### <u>DEFENDANTS' FIRST MOUNT VERNON INDUSTRIAL LOAN ASSOCIATION, INC. AND ARTHUR G. BENNETT RESPONSES TO PLAINTIFF JUERGENS' FIRST CONSOLIDATED DISCOVERY REQUEST CONSISTING OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS</u>

Defendants, First Mount Vernon Industrial Loan Association, Inc. and Arthur G. Bennett, by and through their attorneys, Jordan Coyne & Savits, LLP and Dwight D. Murray respectfully submit Responses to the Interrogatories propounded to them pursuant to Rule 33 of the Federal Rules of Civil Procedure.

A.   The information supplied in these answers is not based solely on the knowledge of the executing party, but includes knowledge of the party, its agents, representatives and attorneys, unless privileged.

B.   The word usage and sentence structure may be that of the attorney assisting in the preparation of these answers and thus does not necessarily purport to the language of the executing party.

1

C.  The information contained in these answers in being provided in accordance with the provisions and intent of the rules of this Court which require the disclosure of facts which may be relevant or which lead to the discovery of relevant information.  Accordingly, the party answering these interrogatories, by providing the information requested, does not waive objections to its admission in evidence on grounds of materiality or relevancy or other proper grounds for objection.

D.  These answers are continuing in the nature to the extent required by the Rules of this Court.

## INTERROGATORIES

Interrogatory #1: State your name, home and work addresses. If you are a business entity, state your name as registered with a state or district corporation licensing authority, the state or district in which you are incorporated or licensed, whether you are licensed to conduct business in the District of Columbia, all names by which you trade and the address at which your business has its headquarters.

RESPONSE:     Mr. Arthur Bennett
              First Mount Vernon Industrial Loan Association, Inc
              6019 Tower Court
              Alexandria, VA 22304

Interrogatory #2: Identify all persons who are likely to have personal knowledge of any fact alleged in Plaintiff's Complaint, in any Counterclaim or Cross-Claim filed in this action or in your Answer to the Complaint, and state the subject matter of the personal knowledge possessed by each such person.  [STANDARD INTERROGATORY #1].

RESPONSE:  Objection.  This Interrogatory is overly broad since the signatory to these Answers to Interrogatories is not aware of all individuals who may have personal knowledge to all claims made in the initial pleadings filed in this law suit. However, without waiving his objection, Mr. Bennett states as follows:

    1.     Arthur Bennett
           First Mount Vernon Industrial Loan Association, Inc
           6019 Tower Court
           Alexandria, VA 22304

Has knowledge of the loan that was made to the plaintiff consistent with the documents produced in this matter

    2.    Mary Juergens
            1230 23rd Street, N.W., Apt. 505
            Washington, D.C. 20037.

Ms. Juergens has knowledge of the two loans that are the subject of her lawsuit and the terms, conditions and circumstances under which those loans were requested and approved.

    3.    William Kenney
            2200 Defense Highway, Suite 300
            Crofton, MD 2114.

Based on the allegations in the Amended Complaint, Mr. Kenney allegedly has knowledge of the transaction between the plaintiff and Urban Title. Mr. Bennett states that he does not have personal knowledge of the details of plaintiff's loan with Urban Title and only identifies Mr. Kenney because he was mentioned in the Amended Complaint.

    4.    Robert W. Carney
            2844 Powder Mill Rd.
            Adelphi, MD 20783

According to the allegations in the Amended Complaint, Mr. Carney was the settlement attorney for the loan from Urban Title Services, Inc.

    5.    Paul Erb
            1200 Braddock Pl # 708
            Alexandria, VA 22314

Mr. Bennett does not have personal knowledge of r. Erb's involvement, but it is alleged by the plaintiff that he acted as a Notary Public for the Urban Title Loan.

    6.    Dale E. Duncan, Esquire
            6019 Tower Court
            Alexandria, VA 22304

Mr. Duncan prepared documents for First Mount Vernon's loan and was involved with the closing.

<u>Interrogatory #3:</u> For each witness identified by you in connection with the disclosures required by FED. R. CIV. P. 26 (a) (2) (A) provides a complete statement of the opinions to be expressed and basis and reasons therefore. [STANDARD INTERROGATORY #8].

RESPONSE:          Expert witnesses will be identified in accordance with the court's scheduling order.

Interrogatory #4: For each witness you have retained or specially employed to provide expert testimony in this case, or employed by you whose duties regularly involve giving expert testimony and whom you expect to testify at trial, identify such individual and provide a complete statement of the opinions to be expressed and the basis and reasons therefore. [STANDARD INTERROGATORY #9].

RESPONSE:  Please see the response to Interrogatory No. 3

Interrogatory #5: Identify all persons who were present, and the purpose for their presence, at the closing of the Urban Title Loan which allegedly occurred on October 20, 2003 at the offices of Defendant Urban Title Services, Inc.

RESPONSE:  Since the undersigned was not present at the closing of the Urban Title Loan, This Interrogatory cannot be answered by Mr. Bennett or any other representative from First Mount Vernon.

Interrogatory #6: Identify all persons who were present, and the purpose for their presence, at the closing of the First Mount Vernon Loan which allegedly occurred on August 31, 2005 at the offices of Defendant First Mount Vernon.

RESPONSE:  Dale Duncan and Mary Juergens.


Interrogatory #7: Identify any persons or entities whom Defendant contends are persons needed for just adjudication within the meaning of Fed. R. Civ. P. 19, but who have not been named by Plaintiff. [STANDARD INTERROGATORY #5].

RESPONSE:    Unknown at this time.  However, First Mount Vernon and Arthur Bennett reserve the right to supplement the response to this Interrogatory upon the completion of discovery.

Interrogatory #8: If you have knowledge of any person carrying on an insurance business that might be liable to satisfy part of all of a judgment that might be entered in this action or to indemnify or reimburse the payments made to satisfy the judgment, identify that person and state the applicable policy limits of any insurance agreement under which the person might be liable. [STANDARD INTERROGATORY #7].

RESPONSE:  First Mount Vernon is insured by AIG Domestic Claims, Inc.  The person handling this particular claim is Andrew Riche, Complex Claim Director, AIG Domestic Claims, Inc. 175 Water Street, New York, NY 10039.

Interrogatory #9: State the facts concerning the matters alleged in Plaintiff's Complaint, in any Counterclaim or Cross-Claim filed in this action or in your Answer to the Complaint. [STANDARD INTERROGATORY #10].

RESPONSE: Objection. This Interrogatory is ambiguous. Plaintiff did not allege the facts the facts in the Amended Complaint, and did not allege any facts in a cross-claim or counterclaim. Mr. Bennett and First Mount Vernon direct the plaintiff's attention to the Answer filed on their behalf and to the Memorandum of Points and Authorities in Support of their Motion to Dismiss.

Interrogatory #10: State each fact upon which you rely or in which you will use in the defense of Plaintiff's claims against you or in your prosecution of any claim or cross-claim against Plaintiff or any co-Defendant.

RESPONSE: Ms. Juergens knew the commercial nature of the loan transaction that her lawsuit now questions. It was here request to borrow, on behalf of an LLC, $250,000 from First Mount Vernon. The plaintiff reviewed and signed documents evidencing the terms and nature of the commercial loan and accepted substantial funds from First Mount Vernon. There were no indications that Ms. Juergens was unsophisticated nor was there anything to suggest that Ms. Juergens did not enter the transaction knowingly and voluntarily. This conclusion is supported by her conduct and the many documents that contain her signature.

Interrogatory #11:    If you contend that you are not liable to Plaintiff, state the facts concerning such contention. [STANDARD INTERROGATORY #11].

RESPONSE: Defendants, First Mount Vernon and Arthur Bennett do so contend that they are not liable to the plaintiff. In support of this contention, defendants refer the plaintiff to the arguments made in their Motion to Dismiss and the documents attached thereto.

Interrogatory #12:    Detail each and every conversation you had with Plaintiff (including the dates, times, places, subjects and participants of such conversations).

RESPONSE:    On several occasions Mr. Bennett had discussions with Ms. Juergens by telephone and on August 30, 2005, Mr. Bennett discussed the conditions and details of the loan with Ms. Juergens.

Interrogatory #13: Detail each and every conversation you had with each and every co-Defendant or their agents, servants or employees (including the dates, times, places, subjects and participants of such conversations).

RESPONSE: Objection. This Interrogatory is overly broad. Notwithstanding this objection, Mr. Bennett state that he does not have a detailed recollection of each and every conversation he had with each defendant, their agents, servants or employees. Generally, however, Mr. Bennett does recall introducing the plaintiff to Mr. Dale Duncan.

Interrogatory #14: Detail each and every payment made by you or anyone acting on your behalf to Plaintiff or anyone on her behalf (including the dates, amounts, purposes and recipients of such payments).

RESPONSE:  See, Attachment A

Interrogatory #15: Detail each and every payment made by Plaintiff or anyone on her behalf to you or anyone acting on your behalf (including the amounts, purposes and recipients of such funds).

RESPONSE:  See, Attachment A

Interrogatory #16: If you contend that any document was signed by Plaintiff and notarized, provide the name, home address, work address, home telephone number, mobile telephone number, work telephone number and email address of the notary, the jurisdiction where the notary was licensed at the time of the notarization as well as a description of the document notarized and the date, time and place where the notarization occurred.

RESPONSE:   Ms. Juergens signature was witnessed by Dale Duncan.   Mr. Duncan's contact information was previously supplied.

Interrogatory #17: If you recorded any document or made any payment concerning 1230 23ʳ Street, N.W., Apt. 505, Washington, DC with the District of Columbia Recorder of Deeds, provide a description of the document recorded or the payment made and the date and time the recordation and/or occurred.

RESPONSE:  First Mount Vernon did not record any documents with the Recorder of Deeds.

Interrogatory #18: If you recorded any document or made any payment concerning the "1230 23ʳᵈ Street, LLC" with the Virginia State Corporation Commission, provide a description of the document recorded or the payment made and the date and time the recordation and/or occurred.

RESPONSE:  Documents recorded with the Virginia State Corporation Commission were recorded by Mr. Dale Duncan included the Registration Fee, and documents related to the creation of 1230 23ʳᵈ Street, LLC including the Certificate of Organization.

Interrogatory #19: For any loan you extended to Plaintiff or to the "1230 23ʳᵈ Street, LLC" state the terms of the loan, detail (by date, amount, recipient and purpose) any distribution you or anyone acting on your behalf made pursuant to the loan, and detail (by date, amount, recipient and purpose) any payment made by or on behalf of Plaintiff pursuant to the loan.

RESPONSE:  All documentation concerning the terms of the loan were attached in defendant's Motion to Dismiss and were provided  by Mr. Duncan's response to Plaintiff's Request for Documents.

Interrogatory #20: For any loan you extended to Plaintiff or to the "1230 23ʳᵈ Street, LLC" state whether you made any disclosure to Plaintiff required by Federal, State,

Commonwealth or District of Columbia law. For each such disclosure, state the date the disclosure was made, the person or entity to which the disclosure was made, the exact language used in making such disclosure and the reason why such disclosure was made.

RESPONSE:  A Commercial Loan Disclosure Statement was supplied to, reviewed and signed by the plaintiff.  See, Attachment B

Interrogatory #21:  Did you ever take any action on behalf of Plaintiff or the "1230 23rd Street, LLC?" If so, provide the authority upon which such action was taken, describe the action taken, state the date, time and place such action was taken and detail the purpose such action was taken.

RESPONSE:  Objection.  The phrase "take any action on behalf of Plaintiff or the 1230 23rd Street, LLC", is ambiguous, vague and subject to many interpretations and therefore, cannot be answered.

Interrogatory #22:  Did you ever obtain a credit report concerning Plaintiff or the "1230 23rd Street, LLC?" If so, state the date, time and place and from which credit reporting agency such report was obtained and detail the results of such report.

RESPONSE:  Yes.  A credit report was obtained on August 31, 2005.  The credit report was obtained from Equifax Mortgage Services.  The details of the credit report were provided by Mr. Duncan in his response to plaintiff's document requests.

Interrogatory #23:  Did you verify or attempt to verify any job held by, income received by, or assets held by Plaintiff or the "1230 23rd Street, LLC?" If so, state the date, time and place such verification was made or attempted and detail the results of such verification or attempted verification.

RESPONSE:  The information concerning plaintiff's employment was supplied to Mr. Bennett by the plaintiff.  The commercial loan advanced by First Mount Vernon was secured by real property, and not by the nature or the amount of income earned through plaintiff's employment.

Interrogatory #24:  Did you verify or attempt to verify that Plaintiff lived in the Commonwealth of Virginia? If so, state the date, time and place such verification was made or attempted and detail the results of such verification or attempted verification.

RESPONSE:   The information concerning the plaintiff's residence in the Commonwealth of Virginia was supplied to First Mount Vernon by the plaintiff. Moreover, documents mailed to the plaintiff at the Virginia address were never returned as unclaimed.  First Mount Vernon had every reason to believe that the Virginia address was a valid address for the plaintiff.

returned as unclaimed. First Mount Vernon had every reason to believe that the Virginia address was a valid address for the plaintiff.

ARTHUR G. BENNETT

STATE OF Virginia
CITY/COUNTY OF Alexandria , to wit:

I hereby certify that the foregoing Defendants' First Mount Vernon Industrial Loan Association, Inc. And Arthur G. Bennett Responses to Plaintiff Juergens' First Consolidated Discovery Request Consisting of Interrogatories and Requests for Production of Documents was acknowledged before me this 5 day of April, 2008 by Arthur G. Bennett.

Notary Public

My Commission expires: 2/28/10

Dwight D. Murray Bar #228932
1100 Connecticut Avenue, NW
Suite 600
Washington, DC 20036
(202) 496-2804
Fax: (202) 496-2800
E-mail: d.murray@jocs-law.com

Counsel for Defendants, First Mount Vernon Industrial Loan Association, Inc. and Arthur G. Bennett

## Requests for the Production of Documents

Document Request #1: Provide copies of all documents evidencing your registration as a business entity, or in the case of individual defendants, documents evidencing your authorization to conduct your business or profession, in the District of Columbia, the State of Maryland and/or the Commonwealth of Virginia (for the years 2003, 2004 and 2005 only).

RESPONSE: Objection. This request is overly broad. The loan transaction took place in the Commonwealth of Virginia, not the District of Columbia nor the State of Maryland.

8

RESPONSE: Objection. This request is also overly broad. The commercial loan advanced to the plaintiff was negotiated and executed in the Commonwealth of Virginia where First Mount Vernon was licensed to do business. A copy of its Virginia license will be supplied.

Document Request #3: All documents you intend to introduce at trial in this matter.

RESPONSE: Objection. Any and all documents that First Mount Vernon intends to Introduce at trial have not been selected as of this date. However, the plaintiff's attention is directed to the documents attached to the Motion to Dismiss and the documents produced by defendant Dale Duncan. Additional documents may be identified as trial exhibits as discovery proceeds.

Document Request #4: All documents referred to in your Answers to Interrogatories. [STANDARD DOCUMENT REQUEST M]

RESPONSE: Please see the response to Request # 3.

Document Request #5: All documents which refer or relate to the subjects addressed in Plaintiff's Complaint.

RESPONSE: Please see the response to Requests # 3 and 4.

Document Request #6: All documents which refer or relate to the subjects addressed in your responses to Plaintiff's Interrogatories.

RESPONSE: Objection. This request is too vague and overly broad. It is unknown by the defendants what the plaintiff means by the phrase "subjects addressed in your responses to Plaintiff's Interrogatories. However, without waiving it objection, First Mount Vernon and Arthur Bennett refer the plaintiff to the documents attached to the Motion to Dismiss and the documents produced by Mr. Duncan.

Document Request #7: All documents (including, but not limited to, correspondence, notes, memoranda, and journal entries) which relate to, describe, summarize, or memorialize any communication between you (and anyone acting on your behalf or under your authority) and Plaintiff (and anyone acting on its behalf or under its authority). [STANDARD DOCUMENT REQUEST #3].

RESPONSE: Please see the response to Document Request #7.

Document Request #8: All documents (including, but not limited to, correspondence, notes, memoranda, and journal entries) which relate to, describe, summarize, or memorialize any communication between you (and anyone acting on your behalf or under your authority) and each and every co-Defendant (and anyone acting on its behalf or under its authority). [STANDARD DOCUMENT REQUEST #3].

RESPONSE:  The documents described in Document Request #8 were produced either by First Mount Vernon as attachments to its Motion to Dismiss or by Mr. Dale Duncan in response to Plaintiff's Request for Documents.

Document Request #9: All documents (including, but not limited to, fee agreements, reports, and correspondence) provided to, received from, or prepared by each expert you intend to call as a witness at trial in this matter.

RESPONSE:  The documents described in Document Request #9 do not exist at this time.

These documents will be provided pursuant to Fed.R.Civ.P. 26(A)(2).

Document Request #10:  All documents that refer or relate to Plaintiff.

RESPONSE:  Objection.  This request is repetitive to Document Request # 7, #8, and #9.  Therefore, please see the responses to those requests.

Document Request #11:All documents that refer or relate to the property located at 1230 23rd Street, N.W., Apt. 505, Washington, DC.

RESPONSE:  Please see the documents produced by Mr. Duncan.

Document Request #12: All documents that refer or relate to loans secured by property located at 1230 23'd Street, N.W., Apt. 505, Washington, DC.

RESPONSE:  Please see the documents produced by Mr. Duncan

Document Request #13:  All documents you received from Plaintiff.

RESPONSE:  All documents received from the Plaintiff have already been produced.

Document Request #14:  All documents you provided to Plaintiff.

RESPONSE:  All documents provided to the Plaintiff have already been produced.

Document Request #15:    All documents you received from each and every co-Defendant.

RESPONSE:  All documents from co-defendant Duncan have already been produced.

With regard to the documents from defendant Urban Title and others, these defendants do not have access to any of the other co-defendant documents other than what was previously produced by the parties prior to formal discovery.

Document Request #16: All documents you provided to each and every co-

Defendant.

RESPONSE:  The documents that were provided to each and every co-defendant were attached to First Mount Vernon and Arthur Bennett's Motion to Dismiss.  A copy of those documents was previously provided to the plaintiff as an attachment to the Motion to Dismiss.

Document Request #17: All documents that refer or relate to Plaintiff's Urban Title loan that is described more fully in her Complaint, including disbursements and payments made on that loan.

RESPONSE:  None

Document Request #18: All documents that refer or relate to the issuance of a policy of title insurance for Plaintiff's Urban Title loan that is described more fully in her Complaint, including any title notes, abstracts, reports of title, preliminary title insurance binders, correspondence with the title insurer, and final title insurance policy.


RESPONSE:  None.

Document Request #19: All documents that refer or relate to Plaintiff's First Mount Vernon loan that is described more fully in her Complaint, including disbursements and payments made on that loan.


RESPONSE:  Objection.  This request is repetitive.

Document Request #20: All documents that refer or relate to the issuance of a policy of title insurance for Plaintiff's First Mount Vernon loan that is described more fully in her Complaint, including any title notes, abstracts, reports of title, preliminary title insurance binders, correspondence with the title insurer, and final title insurance policy.

RESPONSE:  To be supplied

Document Request #21: All documents that refer or relate to payments made to you by Plaintiff or anyone acting on her behalf.

RESPONSE:  To be supplied

Document Request #22:   All documents that refer or relate to payments you made to Plaintiff or anyone acting on her behalf.

RESPONSE:  To be supplied

Document Request #23:   All documents that refer or relate to any credit report concerning Plaintiff or the "1230 23`d Street, LLC?"

11

**RESPONSE:**  Please see the attached credit report, Attachment C.  It should be mentioned that this same credit report was produced by Mr. Duncan in his response to plaintiff's document requests.

**Document Request #24:**    All documents that refer or relate to a verification of any job held by, income received by or assets held by Plaintiff or the "1230 23ʳᵈ Street, LLC?"

**RESPONSE:**  None

**Document Request #25:**    All documents that refer or relate to any verification of Plaintiff's residency in the Commonwealth of Virginia.

**RESPONSE:**  Please see plaintiff's loan application.  The information regarding the plaintiff's residency in the Commonwealth of Virginia was provided by the plaintiff.


Moreover, as previously stated, correspondence that was mailed to the plaintiff at the Virginia address was never returned.

**Document Request #26:**    All documents that refer or relate to any civil actions filed in any court of law within the past 10 years in which you were or are a party.

**RESPONSE:**  Objection.  This request is irrelevant and immaterial and will not lead to admissible evidence.

**Document Request #27:**    All documents that refer or relate to any allegation for which you were arrested or charged with the commission of a crime during the past twenty years.

**RESPONSE:**  Objection.  This request is irrelevant and immaterial and will not lead to admissible evidence.

RESPECTFULLY SUBMITTED,
By: _____
Dwight D. Murray
Bar #228932
1100 Connecticut Avenue, NW
Suite 600
Washington, DC  20036
(202) 496-2804
Fax:  (202) 496-2800
E-mail:  d.murray@jocs-law.com

Counsel for Defendants, First Mount Vernon Industrial Loan Association, Inc. and Arthur G. Bennett

12

**Certificate of Service**

I hereby certify that on the ___ of ___, 2008, I mailed (via Pt Class U.S. Mail, postage prepaid) and a copy of the foregoing Defendants' First Mount Vernon Industrial Loan Association, Inc. and Arthur G. Bennett Responses to Plaintiff's First Consolidated Discovery Request consisting of Interrogatories and Requests for Production of Documents to:

J.P. Szymkowicz, Esquire
John T. Szymkowicz, Esquire
SZYMKOWICZ & SZYMKOWICZ, LLP
Suite 400
1220 19th Street, NW
Washington, DC 20036-2438
 Counsel for Plaintiff

Daniel Marino, Esquire
Tillman J. Finley, Esquire
SUTHERLAND ASBILL & BRENNAN LLP
1275 Pennsylvania Avenue, NW
Washington, DC 20004
 Counsel for Robert William Carney

James M. Towarnicky, Esquire
JAMES M. TOWARNICKY, P.L.L.C.
Suite 1
3977 Chain Bridge Road
Fairfax, VA 22030
 Counsel for First Mount Vernon Mortgage, LLC and
 Dale E. Duncan

Michael M. Hicks, Esquire
Joan M. Anderson, Esquire
BONNER KIERNAN TREBACH & CROCIATA, LLP
Suite 800
1233 20th Street, NW
Washington, DC 20036
 Counsel for Urban Title Services, Inc.

14

Michael N. Russo, Jr., Esquire
COUNCIL, BARADEL, KOSMERL
   & NOLAN, P.A.
P.O. Box 2289
Annapolis, MD  21404-2289
  Co-Counsel for First Mount Vernon Industrial Loan
  Association, Inc.

Dwight D. Murray