IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| MARY JUERGENS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action Number: 06-CA-1524 |
| ) | |
| URBAN TITLE SERVICES, INC., et al. ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF JUERGENS' MOTION TO AMEND COMPLAINT**

Pursuant to Rule 15 of the Federal Rules of Civil Procedure and for the reasons that follow, Plaintiff Mary Juergens, by and through her attorneys, J.P. Szymkowicz, John T. Szymkowicz and the Law Firm of Szymkowicz & Szymkowicz, LLP, respectfully requests that this Honorable Court grant her motion to amend her complaint:[1]

**MEMORANDUM OF POINTS AND AUTHORITIES**

**Factual Background**

1. This matter concerns two alleged loans on the condominium unit that Plaintiff Juergens has lived in for the past few years located at 1230 23rd Street, N.W., Apt. 505, Washington, DC  20037.

2. The first such loan was for approximately $60,000.00, was extended by a non-party named George Owen and was closed by Defendant Urban Title Services, Inc.

3. The second loan was extended by Defendant First Mount Vernon Industrial Loan Association Incorporated and was intended to pay off the $60,000.00 George Owen loan from the proceeds of a new $250,000.00 loan.

---

[1] Plaintiff Juergens' proposed 3rd amended complaint with exhibits is attached to this motion to amend complaint.

4. Plaintiff Juergens' proposed 3rd amended complaint sets forth various theories that Defendants connected with both loan transactions violated fair lending laws in extending loans to Plaintiff Juergens and in the settlement of these loans.

## Procedural Background

5. Pursuant to the Court's discovery schedule, the parties' discovery period is rapidly coming to a close.

6. Plaintiff Juergens has sat for deposition over almost three full days.

7. Each Defendant has likewise sat for deposition, albeit for a much shorter period of time.

8. The parties currently do not have any written discovery pending and have exchanged vast amounts of documents pursuant to document requests as well as information pursuant to interrogatories.

9. Along with this motion to amend complaint, Plaintiff Juergens is serving her two expert disclosures (one of a mortgage lender, the other of a settlement attorney) on opposing counsel.[2]

10. Opposing counsel must file their expert disclosures by September 2, 2008.

11. There is a settlement conference scheduled on September 8, 2008 and discovery closes on September 30, 2008.

12. Unfortunately, Plaintiff Juergens suffered a seizure on July 19, 2008 and a subsequent stroke and heart attack on July 28, 2008 and is presently in the George

---

[2] Copies of Gary W. Schiller's expert disclosure concerning the duties of a mortgage lender and Harvey Jacobs' expert disclosure concerning the duties of a settlement attorney are attached to this motion.

Washington University Hospital Intensive Care Unit and not capable of communicating on any substantive matter.

13. While Plaintiff Juergens' long-term prognosis is not known at present, her counsel does not believe that this unfortunate occurrence will affect any scheduled event, including trial, since he intends to introduce her video deposition at trial if her physical and cognitive condition do not permit her to testify.

## Nature of Amendments

14. Due to Plaintiff Juergens' condition, her counsel was forced to submit a proposed amendment to the complaint based solely upon evidence obtained in depositions and also interrogatory responses and document productions.

15. As a result of obtaining this evidence, Plaintiff Juergens' counsel was able to clarify the status of each one of the Defendants.

16. For example, Defendant Robert William Carney is not included in the proposed 3rd Amended Complaint due to his admission that he was only involved in this transaction as the attorney for the lender, George Owen, and not, as stated on the HUD-1 for the George Owen loan, the settlement agent.

17. Fortunately, Plaintiff Juergens agreed to the dismissal of Defendant Carney the week before her first seizure and Defendant Carney's counsel concurred with this result.

18. Additionally, the George Owen loan is properly characterized as a loan from George Owen and not a loan from Defendant Urban Title Services, Inc. or Defendant Bennett.

19.  Similarly, the First Mount Vernon ILA loan is properly described as a loan from Defendant First Mount Vernon Industrial Loan Association and not a loan from Defendant Bennett or Defendant Duncan.

20.  Other than these proper characterizations, the proposed amendment clarifies facts based primarily upon testimony given at deposition, and, for the most part, testimony given by Defendants during their depositions.

21.  Thus, the proposed amendments simply conform the pleadings to the evidence obtained during discovery.

### ARGUMENT

**I.  PLAINTIFF JUERGENS' MOTION FOR TO AMEND HER COMPLAINT SHOULD BE GRANTED.**

Plaintiff Juergens motion to amend her complaint should be granted since such amendments conform the pleadings to the evidence obtained during discovery, are in the interest of justice and Defendants will not suffer any prejudice as a result of the proposed amendment.

Respectfully submitted,

J.P. Szymkowicz (#462146)
SZYMKOWICZ & SZYMKOWICZ, LLP
1220 19th Street, N.W., Suite 400
Washington, DC  20036-2438
(202) 862-8500

Attorney for Plaintiff Mary Juergens

### Local Rule 7 (m) Certification

Pursuant to Local Civil Rule 7 (m), I hereby certify that I have discussed the foregoing motion for to amend complant with opposing counsel via email exchanges and/or telephone calls in a good faith effort to determine whether there is any opposition

to the relief sought, and, if there is opposition, to narrow the areas of disagreement. The results of these discussions are as follows:

1.    On a telephone call on July 31, 2008, Defendant Urban Title Services, Inc.'s and Defendant Bennett's attorney, Lindsey Lewis, Esquire, was not able to provide her client's consent.

2.    In person on July 21, 2008, Defendant Robert William Carney's attorney, Tillman Finley, Esquire, indicated that since his client is going to be dismissed from the proposed amended complaint, he consents to the proposed amendment.

3.    On a telephone call on July 31, 2008, Defendant First Mount Vernon Industrial Loan Association Incorporated's and Defendant Bennett's attorney, Dwight Murray, Esquire, stated that "because my co-counsel, Mr. Russo, objects, I cannot consent to the motion."

4.    In an email received on July 29, 2008, Defendant Brickshire Settlements, LLC's counsel, Deborah Besche, Esquire, indicated that he cannot provide her client's consent.

4.    I did not receive any response to my email sent on July 29, 2008 seeking consent from Defendant Duncan's attorney, James M. Towarnicky, Esquire, or Michael Russo, Esquire and therefore cannot presume their consent.

J.P. Szymkowicz (#462146)

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| MARY JUERGENS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action Number: <u>06-CA-1524</u> |
| ) | |
| URBAN TITLE SERVICES, INC., <u>et al</u>. ) | |
| ) | |
| Defendants. ) | |

**ORDER GRANTING PLAINTIFF JUERGENS'
MOTION TO AMEND COMPLAINT**

Upon consideration of Plaintiff Mary Juergens' motion to amend complaint and any response thereto, it is hereby ordered that the motion to amend complaint is GRANTED.

It is further ordered that the Clerk's Office shall place Plaintiff Juergens' 3rd amended complaint that was attached to her motion to amend complaint on the Court's docket as of the date of this order.

_____          _____
Date                                                  Colleen Kollar-Kotelly
                                                           United States District Judge