IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| MARY JUERGENS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action Number: <u>06-CA-1524</u> |
| ) | |
| URBAN TITLE SERVICES, INC., <u>et al</u>. ) | |
| ) | |
| Defendants. ) | |

### PLAINTIFF JUERGENS' OPPOSITION TO
### DEFENDANT FIRST MOUNT VERNON INDUSTRIAL LOAN ASSOCIATION
### INCORPORATED AND DEFENDANT ARTHUR G. BENNETT'S
### MOTION TO AMEND ANSWER AND ASSERT COUNTERCLAIM

### Oral Hearing Requested

Plaintiff Mary Juergens, by and through her attorneys, J.P. Szymkowicz, John T. Szymkowicz and the Law Firm of Szymkowicz & Szymkowicz, LLP, respectfully requests this Honorable Court to deny Defendant First Mount Vernon Industrial Loan Association Incorporated [hereinafter "FMVILA"] and Defendant Arthur G. Bennett's motion to amend answer and assert counterclaim for the reasons stated in the memorandum of points and authorities that follows. Plaintiff Juergens also requests oral hearing on this motion pursuant to Local Civil Rule 7 (f).

### Background

1. On August 29, 2006, Plaintiff Juergens filed her original complaint.

2. On June 15, 2007, Plaintiff Juergens filed her 2nd amended complaint.

3. After the Court's ruling on a variety of motions, Defendant FMVILA and Defendant Bennett filed their answer to Plaintiff Juergens' 2nd amended complaint.

4. Defendant FMVILA's and Defendant Bennett's answer to Plaintiff Juergens' 2nd amended complaint filed on July 12, 2007 did not include any counterclaim.

5. In their motion to amend answer and assert counterclaim, Defendant FMVILA and Defendant Bennett request permission to assert a counterclaim seeking an "equitable subrogation and equitable mortgage" in the event that the Court "sets aside the Articles of Organization creating 1230 23rd Street, LLC, the Deed from Plaintiff to 1230 23rd Street, LLC, or the Deed of Trust between the 1230 23rd Street, LLC and FMVILA."

**Argument**

**I. DEFENDANT FMVILA'S AND DEFENDANT BENNETT'S ANSWER TO PLAINTIFF JUERGENS' 2ND AMENDED COMPLAINT DID NOT INCLUDE ANY COUNTERCLAIM AND SINCE THESE DEFENDANTS' PROPOSED AMENDED ANSWER INCLUDES WHAT WAS A "COMPULSORY COUNTERCLAIM," SUCH AMENDMENT IS NOT PERMITTED PURSUANT TO F. R. CIV. P. 13 (A), AND THEREFORE, DEFENDANTS' MOTION SHOULD BE DENIED.**

Defendant FMVILA's and Defendant Bennett's answer to Plaintiff Juergens' 2nd amended complaint did not include any counterclaim and since these Defendants' proposed amended answer includes what was a "compulsory counterclaim," such amendment is not permitted pursuant to F. R. Civ. P. 13 (a), and therefore, Defendants' motion should be denied. F. R. Civ. P. 13 (a) states

(a) Compulsory Counterclaim.

(1) In General. A pleading must state as a counterclaim any claim that--at the time of its service--the pleader has against an opposing party if the claim:

(A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and

(B) does not require adding another party over whom the court cannot acquire jurisdiction.

    (2)    Exceptions.    The pleader need not state the claim if:

        (A)    when the action was commenced, the claim was the subject of another pending action; or

        (B)    the opposing party sued on its claim by attachment or other process that did not establish personal jurisdiction over the pleader on that claim, and the pleader does not assert any counterclaim under this rule.

Clearly, Defendants' request of permission to assert a counterclaim seeking an "equitable subrogation and equitable mortgage" in the event that the Court "sets aside the Articles of Organization creating 1230 23rd Street, LLC, the Deed from Plaintiff to 1230 23rd Street, LLC, or the Deed of Trust between the 1230 23rd Street, LLC and FMVILA" is time-barred since this was a "compulsory counterclaim" pursuant to F. R. Civ. P. 13 (a) and since Defendants did not assert this counterclaim when they filed their original answer on July 12, 2007.

## Conclusion

For the reasons previously stated, Plaintiff Mary Juergens respectfully requests this Honorable Court to deny Defendant First Mount Vernon Industrial Loan Association Incorporated and Defendant Arthur G. Bennett's motion to amend answer and assert counterclaim.

    Respectfully submitted,

/s/_____
J.P. Szymkowicz (#462146)
John T. Szymkowicz (#946079)
SZYMKOWICZ & SZYMKOWICZ, LLP
1220 19th Street, N.W., Suite 400
Washington, DC  20036-2438
(202) 862-8500

Attorney for Plaintiff Mary Juergens

3

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| MARY JUERGENS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action Number: <u>06-CA-1524</u> |
| ) | |
| URBAN TITLE SERVICES, INC., <u>et al</u>. ) | |
| ) | |
| Defendants. ) | |

**<u>ORDER DENYING</u>**
**<u>DEFENDANT FIRST MOUNT VERNON INDUSTRIAL LOAN ASSOCIATION</u>**
**<u>INCORPORATED AND DEFENDANT ARTHUR G. BENNETT'S</u>**
**<u>MOTION TO AMEND ANSWER AND ASSERT COUNTERCLAIM</u>**

Upon consideration of Defendant First Mount Vernon Industrial Loan Association Incorporated and Defendant Arthur G. Bennett's motion to amend answer and assert counterclaim and Plaintiff Juergens' opposition thereto, it is hereby ordered that Defendant First Mount Vernon Industrial Loan Association Incorporated and Defendant Arthur G. Bennett's motion to amend answer and assert counterclaim is DENIED.

_____                    _____
Date                                                            Colleen Kollar-Kotelly
                                                                     United States District Judge