IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARY JUERGENS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NUMBER 1:06-CV-01524 |
| | ) Honorable Colleen Kollar-Kotelly |
| URBAN TITLE SERVICES, INC., *et al.* | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS URBAN TITLE SERVICES, INC., FIRST MOUNT VERNON
INDUSTRIAL LOAN ASSOCIATION, INC., AND ARTHUR J. BENNETT'S
MOTION FOR A STAY OF PROCEEDINGS AND FOR
ENTRY OF A REVISED SCHEDULING ORDER**

COME NOW Defendants, Urban Title Services, Inc., First Mount Vernon Industrial Loan Association, Inc., and Arthur J. Bennett (hereinafter "Defendants") by and through their respective counsel, and respectfully request this Court to enter an order staying the proceedings in the above-captioned matter due to Plaintiff's incompetency as represented by Plaintiff's counsel. Defendants request that this Court enter a stay until such time as Plaintiff's competency has been evaluated and she is deemed competent to proceed with litigation or until a representative has been appointed who may proceed with litigation on Plaintiff's behalf. Defendants further request that a revised scheduling order be entered at the conclusion of this stay resetting the remaining discovery deadlines in this case and allowing Defendants the opportunity to conduct additional discovery that has not been possible due to Plaintiff's mental and physical condition.

In further support of its Motion, Defendant respectfully refers this Honorable Court to the Memorandum of Points and Authorities, attached hereto and incorporated herein by reference.

WHEREFORE, Defendant respectfully requests that its Motion be granted and that this Court enter an Order staying the proceedings until such time as Plaintiff is deemed competent to proceed with litigation or until such time as a representative has been appointed who may proceed with litigation on Plaintiff's behalf.

DATED: August 14, 2008.               Respectfully submitted,

                                        /s/ Heather S. Deane
                           Heather S. Deane (DC Bar # 471834)
                           Bonner Kiernan Trebach & Crociata, LLP
                           1233 20th Street, N.W., Suite 800
                           Washington, DC  20036
                           Tel:     (202) 712-7000
                           Fax:    (202) 712-7100
                           ***Counsel for Defendant Urban Title Services, Inc.***

                                        /s/  Dwight D. Murray
                           Dwight D. Murray, Esquire
                           Jordan, Coyne & Savits, LLP
                           1100 Connecticut Avenue, N.W., #600
                           Washington, DC  20036
                           (202) 496-2803 (voice)
                           (202) 496-2800 (fax)
                           ***Counsel for Defendants First Mount Vernon***
                           ***Industrial Loan Association Inc.***
                           ***and Arthur G. Bennett***

                                  /s/ *Michael N. Russo*
                           Michael N. Russo, Jr., Esquire
                           Council, Baradel, Kosmerl & Noland, P.A.
                           125 West Street, Fourth Floor
                           P.O. Box 2289
                           Annapolis, Maryland  21404
                           ***Co-counsel for First Mount Vernon Industrial Loan***
                           ***Association, Inc. and Arthur J. Bennett***

197062-1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARY JUERGENS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NUMBER 1:06-CV-01524 |
| ) | Honorable Colleen Kollar-Kotelly |
| URBAN TITLE SERVICES, INC., *et al.* ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS URBAN TITLE SERVICES, INC., FIRST MOUNT VERNON INDUSTRIAL LOAN ASSOCIATION, INC., AND ARTHUR J. BENNETT'S MOTION FOR A STAY OF PROCEEDINGS AND FOR ENTRY OF A REVISED SCHEDULING ORDER

COME NOW Defendants, Urban Title Services, Inc., First Mount Vernon Industrial Loan Association, Inc., and Arthur J. Bennett (hereinafter "Defendants") by and through their respective counsel, and in support of their Motion for a Stay of Proceedings and for Entry of a Revised Scheduling Order, state as follows:

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed the instant lawsuit on August 29, 2006, alleging various claims arising from two separate mortgage loan transactions involving Plaintiff's condominium unit. Pursuant to the Court's order, discovery in this matter closes on September 30, 2008. A settlement conference is currently scheduled for September 8, 2008.

On August 1, 2008, Plaintiff filed her Motion to Amend Complaint indicating that Plaintiff "suffered a seizure on July 19, 2008 and a subsequent stroke and heart attack on July 28, 2008."[1]  As a result, Plaintiff is "not capable of communicating on any substantive matter" and her "long-term prognosis is no known at present." *See* Plaintiff Juergens' Motion

---

[1] This Motion was Defendants' first notice of the change in Plaintiff's physical and mental conditions.

197062-1

to Amend Complaint, ¶¶ 12-13. Plaintiff's counsel has indicated that a guardian and conservator may be appointed to handle Plaintiff's personal and financial affairs, however, as of the date of the filing of this Motion, no personal representative has been appointed. Moreover, despite extensive discussions between Plaintiff's counsel and defense counsel, Plaintiff's counsel remains unwilling to move the Court to stay this matter.[2]

Based on Plaintiff's counsel's representations regarding his client's current mental status and prognosis, and Plaintiff's counsel's refusal to request his own stay, Defendants are left with no choice but to petition the Court themselves. In light of the rapidly approaching settlement conference and trial date, Plaintiff's inability to participate in this litigation causes significant and costly problems. At this time, additional discovery is needed; however, there is no one to respond on Plaintiff's behalf. Settlement offers and/or Offers of Judgment have been contemplated but no response to these offers can be ascertained, and thus the offers cannot be made. This leaves Defendant in the untenable position of continuing to spend litigation dollars including considerable expenses retaining expert witnesses for a case that may otherwise be amicably disposed of.

Finally, although Plaintiff is of the opinion that he can continue with this litigation without a client who is capable of making decisions or actively contributing to the development of the case, such is clearly inconsistent with the law of the District of Columbia, as well as an attorney's ethical obligations. Consequently, this Honorable Court must stay this matter until Plaintiff, or a duty-appointed representative, can actively take a role in this litigation.

---

[2] Plaintiff's counsel has refused to do so, as he "does not believe that this unfortunate occurrence will affect any scheduled event including trial." *See* Plaintiff Juergens' Motion to Amend Complaint, ¶ 13.

197062-1

**LEGAL STANDARD**

"A court has inherent power to stay proceedings in control of its docket, after balancing the competing interests." *Dellinger v. Mitchell*, 442 F.2d 782, 786 (D.C.Cir.1971). Indeed, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.,* 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936); *see also Hisler v. Gallaudet University,* 344 F.Supp.2d 29, 35 (D.D.C.2004)("The trial court has broad discretion to stay all proceedings in an action pending resolution of independent proceedings elsewhere."). However, the "suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." 299 U.S. at 255, 57 S.Ct. 163. In determining whether to grant a stay, "the court, in its sound discretion, must assess and balance the nature and substantiality of the injustices claimed on either side." *Gordon v. Fed. Deposit Ins. Corp.,* 427 F.2d 578, 580 (D.C.Cir.1970). "This is best done by the exercise of judgment, which must weigh competing interests and maintain an even balance." *GFL Advantage Fund, Ltd. V. Colkitt,* 216 F.R.D. 189, 193 (D.D.C.2003).

**ARGUMENT**

Although Plaintiff's counsel wishes to proceed to a trial of this matter despite Plaintiff's current condition, Plaintiff's lack of capacity to comply with discovery requests or to make any decisions regarding the progress of litigation is deeply problematic. First, Plaintiff's proposed Third Amended Complaint[3] includes new factual allegations and damages claims, requiring Defendants to issue new discovery requests to which only Plaintiff

---

[3] A Motion for Leave for the Filing of Plaintiff's Third Amended Complaint is currently pending.

197062-1

may be able to respond. For example, Plaintiff has now alleged that she suffered "mental anguish, physical injuries and emotional damage" as a result of the Defendant's alleged actions, thus entitling Defendants to request information from Plaintiff's health care providers. However, as Plaintiff is "unable to communicate on any substantive matter," she obviously will not be able to compile a list of her treating health care providers or execute and authorization for the release of medical records. Consequently, as the discovery deadline approaches, Defendants are severely prejudiced by the lack of a competent Plaintiff to proceed with litigation. Moreover, Defendants are completely unable to adequately evaluate whether additional medical and/or mental healthcare experts may be needed to defend these claims.

Moreover, with discovery coming to a close and a settlement conference approaching, certain Defendants may be considering presenting Plaintiff an Offer of Judgment and/or settlement offer. However, Plaintiff's lack of mental capacity leaves her unable to consider and/or accept any such offer, and Plaintiff's counsel certainly is not permitted to make such a decision on Plaintiff's behalf. Defendants are thus prejudiced by their inability to resolve this litigation without continuing to incur unnecessary expenses, including expert's fees and mounting costs.

Third and finally, while Fed. R. Civ. Pr. 17 permits a representative to sue (and presumably, continue litigation) on behalf of an incompetent person, no such representative has been appointed in the instant case. Plaintiff's counsels' attempts to act on his client's behalf – i.e., Plaintiff's counsel's current proposal of filing various Motions for Summary Judgment without Plaintiff's consent – are, at best, misguided. Indeed, any actions taken by Plaintiff's counsel while Plaintiff is incapacitated or incompetent may not serve to bind

197062-1

Plaintiff, the real party in interest, as they are not actions taken by or on behalf of the present "real party in interest."

At the conclusion of any stay in the proceedings, Defendants are also requesting that the Court issue a newly amended scheduling Order to allow the Defendants to conduct additional discovery into any new claims, continue their investigation into the new matters raised, and, essentially make up for the time that has been lost trying to deal with Plaintiff's sudden and unexpected change in mental and physical condition. Defendants further request that the Settlement Conference before Magistrate Judge Kay, currently set for September 8, 2008 be removed from the docket.

WHEREFORE, Defendants respectfully request that this Motion be granted and that this Court enter an Order staying the proceedings until such time as Plaintiff is deemed competent to proceed with litigation, or until such time as a representative has been appointed who may proceed with litigation on her behalf.

DATED: August 14, 2008.    Respectfully submitted,

/s/ Heather S. Deane
Heather S. Deane (DC Bar # 471834)
Bonner Kiernan Trebach & Crociata, LLP
1233 20th Street, N.W., Suite 800
Washington, DC 20036
Tel:  (202) 712-7000
Fax:  (202) 712-7100
***Counsel for Defendant Urban Title Services, Inc.***

197062-1

                /s/ Dwight D. Murray
Dwight D. Murray, Esquire
Jordan, Coyne & Savits, LLP
1100 Connecticut Avenue, N.W., #600
Washington, DC 20036
(202) 496-2803 (voice)
(202) 496-2800 (fax)
**Counsel for Defendants First Mount Vernon**
**Industrial Loan Association Inc.**
**and Arthur G. Bennett**

                /s/ Michael N. Russo
Michael N. Russo, Jr., Esquire
Council, Baradel, Kosmerl & Noland, P.A.
125 West Street, Fourth Floor
P.O. Box 2289
Annapolis, Maryland 21404
**Co-counsel for First Mount Vernon Industrial Loan**
**Association, Inc. and Arthur J. Bennett**

197062-1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of Defendant Urban Title Services, Inc.'s Motion for a Stay of Proceedings was served upon all counsel on this 14th day of August, 2008, via electrically, to:

J.T. Szymkowicz, Esquire
John T. Szymkowicz, Esquire
Szymkowicz & Szymkowicz, LLP
1220 19th Street, N.W., Suite 400
Washington, DC 20036-2438
(202) 862-8500 (voice)
(202) 862-9825 (fax)
*Counsel for Plaintiff*

James M. Towarnicky, Esquire
3977 Chain Bridge Road, Suite #1
Fairfax, VA 22030
(703) 352-0022 (voice)
(703) 352-1516 (fax)
*Counsel for Defendant Dale E. Duncan*

Deborah Kathryn Besche, Esq.
Golberg, Pike & Besche, P.C.
100 S. Charles St., Tower 2, Suite 1001
Baltimore, MD 21201
(410) 468-1361 (voice)
(410) 539-2392 (fax)
*Counsel for Defendant Brickshire Settlements, LLC*

Tillman Finley (DC Bar # 477737)
Daniel Marino (DC # 416711)
SUTHERLAND ASBILL & BRENNAN LLP
1275 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 383-0162
*Counsel for Defendant Robert William Carney*

/S/ Heather S. Deane
Heather S. Deane

197062-1