IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | | |
|---|---|---|
| MARY JUERGENS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action Number: 06-CA-1524 (CKK) |
| | ) | |
| URBAN TITLE SERVICES, INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF JUERGENS' OPPOSITION TO
DEFENDANTS' MOTION TO STAY
AND
PLAINTIFF JUERGENS' CROSS-MOTION TO STAY
HER OBLIGATIONS DUE TO HER INCAPACITY
UNTIL AFTER A CONSERVATOR IS APPOINTED
IN A HEARING SCHEDULED FOR SEPTEMBER 12, 2008**

Plaintiff Mary Juergens' counsel, J.P. Szymkowicz, John T. Szymkowicz and the Law Firm of Szymkowicz & Szymkowicz, LLP, respectfully requests that this Honorable Court deny the motion to stay filed by Defendants Urban Title Services, Inc., First Mount Vernon Industrial Loan Association, Inc., Arthur Bennett and Brickshire Settlements, LLC and, instead, grant Plaintiff Juergens' cross-motion to stay Plaintiff Juergens' obligations with regard to this litigation until 21 days after a conservator is appointed by the District of Columbia Superior Court, Probate Division, in accordance with District of Columbia Probate Rules 201, et seq., District of Columbia Probate Rules 301, et seq. and D.C. Code § 21-2001, et seq. Plaintiff Juergens' counsel expects that such appointment will be made in a hearing scheduled for September 12, 2008 at 12:00 p.m. in Courtroom A-51, District of Columbia Superior Court, Probate Division, 515 5th Street, N.W., Washington, DC 20001.

## MEMORANDUM OF POINTS AND AUTHORITIES

### Nature of Case

1.     This case involves two loans to Plaintiff Juergens - one for $60,000.00 that was extended by a non-party named George Owen and was closed by Defendant Urban Title Services, Inc. on October 20, 2003 and another in the amount of $250,000.00 that was extended by Defendant First Mount Vernon ILA and was closed by Defendant Duncan and Defendant Brickshire Settlements, LLC on August 31, 2005 and was intended to pay off the $60,000.00 George Owen loan.

2.     Since September 2007, Plaintiff Juergens has been making interest only payments on the $250,000.00 loan to Defendant First Mount Vernon ILA in the amount of $3,000.00 per month (in addition to her condominium fees, taxes and insurance that Plaintiff Juergens' counsel believes to be in excess of $500.00 per month).

### Plaintiff Juergens' Health Status and Conservatorship Proceeding

3.     On July 19, 2008, Plaintiff Juergens suffered a seizure and was transported by ambulance to the George Washington University Hospital, where she suffered a subsequent stroke and heart attack on July 28, 2008.

4.     As of August 12, 2008, Plaintiff Juergens remains in the George Washington University Hospital Stroke Unit and is an "incapacitated individual" pursuant to D.C. Code § 21-2011 (11) since she is an

> adult whose ability to receive and evaluate information effectively or to communicate decisions is impaired to such an extent that [she] lacks the capacity to manage all or some of [her] financial resources or to meet all or some essential requirements for [her] physical health, safety, habilitation, or therapeutic needs without court-ordered assistance or the appointment of a guardian or conservator.

5.    Therefore, on August 12, 2008, Plaintiff Juergens' counsel filed a "Petition for a General Proceeding" in the District of Columbia Superior Court, Probate Division, seeking the appointment of a guardian and conservator.  See "Petition for a General Proceeding" that is attached as Exhibit 1.

6.    The Probate Division assigned this intervention proceeding case number 2008-INT-259.

7.    This intervention proceeding is styled "In re:  Mary Lorinda Juergens."

8.    The Probate Division has scheduled an initial hearing on this intervention proceeding for September 12, 2008 at 12:00 p.m. in Courtroom A-51, District of Columbia Superior Court, Probate Division, 515 5th Street, N.W., Washington, DC 20001.

**Discovery in Juergens v. Urban Title Services, LLC, et al.**

9.    Discovery in this matter is substantially complete:

    a.    Defendants have responded to Plaintiff's Interrogatories and Requests for Production of Documents;

    b.    Plaintiff Juergens has responded to Defendants' Interrogatories and Requests for Production of Documents;

    c.    Depositions of all parties have been completed (including three days of Plaintiff Juergens' deposition, which was videotaped); and

    d.    Plaintiff Juergens has filed her two expert reports (one in mortgage lending, one in loan closings).

10.    According to this Honorable Court's scheduling order, as modified by the Court's order dated June 23, 2008, very little is left to be done with regard to discovery:

a.     Depositions of Plaintiff Juergens' experts are scheduled for August 25, 2008 and on August 28, 2008;

b.     Defendant Urban Title Services, LLC's counsel sent Plaintiff Juergens a letter on August 6, 2008 requesting "certain deficiencies in Plaintiff's Responses [to Requests for Admissions]" that had attached, a single Interrogatory and a single Request for Production of Document related to these alleged "deficiencies" and a letter on August 8, 2008 in which states that "I had also planned on issuing an Offer of Judgment prior to incurring the costs related to expert witnesses;"

c.     On August 7, 2008, Defendant Brickshire Settlements, LLC propounded nine Requests for Admissions concerning Plaintiff Juergens IRS records, credit reports and financial accounts;

d.     Defendants must disclose their experts by September 2, 2008;

e.     a Settlement Conference is scheduled before Magistrate Judge Kay on September 8, 2008;

f.     All discovery shall be completed by September 30, 2008; and

g.     a Status Conference is scheduled for October 30, 2008.

11.    While Plaintiff Juergens filed a Motion to Amend her Complaint on August 1, 2008, her counsel does not believe that this proposed amendment has changed the general nature of Plaintiff Juergens' claims in any way except to add a claim that Defendants'

conduct has caused Plaintiff Juergens to suffer personal injury and mental anguish, which led to her stroke and heart attack.[1]

### Defendants' Motions for a General Stay

12.    Defendants have filed a very general motion to stay this proceeding "until such time as Plaintiff is deemed competent to proceed with litigation, or until such time as a representative has been appointed who may proceed with litigation on her behalf."[2]

13.    As previously stated, Plaintiff Juergens' counsel expects that a conservator will be appointed on September 12, 2008, a mere 28 days from the filing of this cross-motion.

### Plaintiff Juergens' Proposed Motions for Summary Judgment

14.    Plaintiff Juergens' counsel believes that facts revealed during Defendants' depositions have clarified this case in a manner that will lead to summary judgment in Plaintiff Juergens' favor, specifically

a.    Defendant Urban Title Services, Inc. has, without justification, retained over $8,000.00 of Plaintiff Juergens' funds from settlement;

b.    After nearly two years of litigation and "hiding the ball" as to who was the individual who notarized the First Mount Vernon loan documents,

---

[1]    It is possible that Plaintiff Juergens' claim for personal injury and mental anguish will be withdrawn after consultation the conservator and medical experts, but this determination cannot be made at present.

[2]    Defendants claim in their motion that Plaintiff Juergens' counsel "refus[ed] to request his own stay." This is simply not true. Plaintiff Juergens' counsel, J.P. Szymkowicz, placed two calls to Defendant Urban Title Services, Inc.'s counsel, Heather Deane; one on Tuesday August 12, 2008 and another on Wednesday August 13, 2008, to inform her that he filed the petition for guardianship and to discuss his filing of a limited motion to stay since, as of now, there are several outstanding discovery requests directed toward Plaintiff Juergens. Attorney Deane never returned these calls, and instead, filed her own motion for a general stay without giving Attorney Szymkowicz the courtesy of discussing the technical details of what all concerned wanted to accomplish - some sort of stay (whether general, in Defendants' case, or limited, in Plaintiff Juergens' case).

Defendant Duncan has finally conceded that he was the person who signed the documents as notary and that he did not have a license to do so, and thus, these documents are void;

c.    Under Virginia Code § 6.1-237.6, Defendant First Mount Vernon ILA had no authority to issue what it contends was a "commercial loan" or a loan secured by property located outside the Commonwealth of Virginia.; and

d.    No consideration passed between the "1230 23rd Street, LLC" and Plaintiff Juergens prior to the alleged "sale" of Plaintiff Juergens' condominium unit from Plaintiff Juergens to the "1230 23rd Street, LLC."

15.    Plaintiff Juergens' counsel believes that the Court should, at the very least, permit Plaintiff Juergens to file such motions for summary judgment due to the fact that Plaintiff Juergens' participation in the filing of such motions is not required and since these motions are likely to dispose of many of the issues in this case.

16.    While Defendants claim that

    although Plaintiff is of the opinion that he can continue with this litigation
    without a client who is capable of making decisions or actively
    contributing to the development of the case, such is clearly inconsistent
    with the law of the District of Columbia, as well as an attorney's ethical
    obligations.

Plaintiff Juergens' counsel believes that the taking of depositions of Plaintiff Juergens' experts and the filing of a motion for summary judgment (which, if successful, will stop the rapid outflow of money necessary to pay the usurious interest that Plaintiff Juergens is currently paying to Defendant First Mount Vernon ILA) is not only in Plaintiff Juergens' best interest, but also that up until literally the day before Plaintiff Juergens had

her fist seizure on July 19, Plaintiff Juergens was actively participating in her litigation and had provided all of the factual background and assistance necessary for her counsel to file the motion to amend the complaint and to draft the proposed third amended complaint and proposed motions for summary judgment.

17.    Thus, Plaintiff Juergens, as late as the day before her debilitating seizure, had not only provided consent to her counsel to file the documents described above, but also reviewed and approved drafts of these documents.

18.    Additionally, Plaintiff Juergens' counsel is outraged of Defendants' counsel's claims that he is not acting in an ethical manner by continuing to vigorously represent Plaintiff Juergens' interests and trying to achieve her objectives in an expeditious manner by filing summary judgment motions and continuing with discovery as much as he can without <u>factual</u> input from Plaintiff Juergens herself since he has filed the probate action and since his efforts in this litigation are clearly authorized by D.C. Rule of Professional Conduct 1.2 (a) since these are actions that are "impliedly authorized to carry out the representation."

<u>**ARGUMENT**</u>

**I.    PLAINTIFF JUERGENS' CROSS-MOTION FOR A LIMITED STAY SHOULD BE GRANTED, RATHER THAN DEFENDANTS' MOTION FOR A GENERAL STAY.**

Plaintiff Juergens' cross-motion for a limited stay of her obligations to respond to discovery and to any offer of settlement or offer of judgment should be granted rather than Defendants' motion for a general stay since her counsel expects that the District of Columbia Superior Court, Probate Division, will appoint a conservator at the hearing on September 12, 2008.  Currently, discovery ends on September 30, 2008.  There is no

reason why Defendants cannot submit any discovery requests they want by August 31, 2008 and these requests cannot be answered by Plaintiff Juergens' counsel and conservator by September 30.  Should Plaintiff Juergens' conservator want to pursue a personal injury claim, of course, Defendants will be able to obtain discovery on this issue, but due to Plaintiff Juergens' medical situation, the specifics of such a claim, if a claim is eventually pursued at all, cannot be determined at this time.  Moreover, there is absolutely no reason why the depositions of Plaintiff Juergens' experts cannot take place as scheduled on August 25 and August 28 or that Defendants cannot submit their own expert disclosures according to the Court's various scheduling orders by the September 2 deadline.

## Conclusion

Justice delayed is justice denied.  Plaintiff Juergens has been paying interest at a usurious rate for almost three years due to Defendants' conduct that violated a host of fair lending laws.  Plaintiff Juergens' counsel believes that the stress of potentially losing her home to foreclosure has caused or contributed to her serious medical problems.  Since she cannot work, she has no possibility of income sufficient to allow her to pay her condominium fees, taxes and insurance, much less any interest.  September 12 is not far away.  The conclusion of discovery is close at hand.  There is no reason why the conservator cannot make the determination of whether to pursue a personal injury claim or answer any other discovery requests submitted by the August 31 deadline for such requests by September 30.  Thus, Plaintiff Juergens' cross-motion for a stay limited to her discovery responses is the stay that should be entered as opposed to Defendants' motion

for a general stay which will have the effect of delaying Plaintiff Juergens' "day in court"

to a point where she will likely lose her home.

> Respectfully submitted,
>
> /s/_____
> J.P. Szymkowicz (#462146)
> SZYMKOWICZ & SZYMKOWICZ, LLP
> 1220 19th Street, N.W., Suite 400
> Washington, DC  20036-2438
> (202) 862-8500
>
> Attorney for Plaintiff Mary Juergens

II-A

# Superior Court of the District of Columbia
PROBATE DIVISION

RECEIVED

2008 AUG 12  A 10: 55

PROBATE DIVISION

In re:                                    Intervention Proceeding

MARY LORINDA JUERGENS                      No. 2008-INT-259

An Adult

## PETITION FOR A GENERAL PROCEEDING

[✓] Appointment of a guardian of an incapacitated individual
    [✓] General          [ ] Limited
    [ ] mental retardation    [ ] mental retardation
    [ ] other              [ ] other
[ ] Appointment of successor guardian
    [ ] General   [ ] Limited
[✓] Appointment of a conservator of a protected individual
    [✓] General   [ ] Limited
[ ] Appointment of a special conservator of a protected individual
[ ] Entry of a protective order

1.   (a)    JOHN PAUL SZYMKOWICZ
                     (Name of the Petitioner)
             1220 19TH STREET, N.W., SUITE 400, WASHINGTON, DC 20036-2438 (202) 862-8500
                     (Address of the Petitioner)
    (c)    ATTORNEY IN U.S. DISTRICT COURT CASE (DC) JUERGENS V URBAN TITLE SERVICE
          (Petitioner's Relationship to Subject of Proceeding)

2.   (a)    MARY JUERGENS
                  (Name of Subject of Proceeding)
    (b)    45
                  (Age of Subject of Proceeding)
    (c)    PERMANENT ADDRESS - 1230 23RD STREET, N.W., APT 505, WASHINGTON DC 20037
         (Address and Residence of Subject of Proceeding)
         TEMPORARY ADDRESS - GEORGE WASHINGTON UNIVERSITY HOSPITAL
         900 23RD STREET, N.W., WASHINGTON, DC  20037

    (d)    PETITIONER DOES NOT SEEK APPOINTMENT AS GUARDIAN OR CONSERVATOR
         PETITIONER REQUESTS THAT THE COURT APPOINT A SUITABLE
         GUARDIAN AND CONSERVATOR
            (Name and address of Guardian and/or Conservator whose
            appointment is sought if other than Petitioner)

(c) The nominated guardian or conservator is entitled to serve because:

September 7 - Federal Court Settlement Conference
October 30 - Federal Court Judge's Status Conference

3.    The Court has jurisdiction over this proceeding because:

☑ (a)  The subject of the proceeding is  an incapacitated individual in the  District of Columbia.

☐ (b)  The subject while not a domiciliary of, nevertheless owns property located in the District of Columbia.

☐ (c)  Property is coming or has come into the control of a guardian or conservator who is subject to the laws of the District of Columbia.

4.    No guardian or conservator has been appointed for this person in any other jurisdiction, nor are any proceedings pending in any other jurisdiction for the appointment of a guardian or conservator, except N/A

5.    (a)  The Subject of the proceeding is incapacitated because said individual is an adult whose ability to receive and evaluate information effectively or to communicate decisions is impaired to such an extent that he or she lacks the capacity to actions necessary to
[Select appropriate box(es)]

☑    obtain, administer, dispose of real and personal property, intangible property, business property, benefits, and income
and/or

☑    provide health care, food, shelter, clothing, personal hygiene and other care without which serious physical injury or illness is more likely than not to occur
and/or

☑    acquire and maintain those life skills that enable him or her to cope more effectively with the demands of his or her own person and of his or her own environment and to raise the level of his or her physical, intellectual, social, emotional, and economic efficiency or meet all or some essential requirements for his or her therapeutic needs

(Select one)
☑    without court-ordered assistance
or
☑    the appointment of
☑    a guardian
☑    conservator

(b)    The specific reasons why the subject of this proceeding is incapacitated are:
MARY HAS HAD AT LEAST ONE STROKE IN THE LAST FEW WEEKS AND IS
UNABLE TO RECEIVE OR EVALUATE INFORMATION EFFECTIVELY.

(c)    The alleged incapacity of the subject of this proceeding
☐ does  ☑ does not arise out of mental retardation.

(d)    A comprehensive evaluation or habilitation plan ☐ does  ☑ does not exist.

6.  (a)  The name and address of the personal examiner [e.g. attending physician] of the subject of this proceeding is:
UNKNOWN DOCTOR, GEORGE WASHINGTON UNIV HOSPITAL

[ ] An existing examiner's report is attached hereto.

(b) [ ] Petitioner seeks appointment of said personal examiner as examiner and:

  (1) Petitioner has discussed such appointment with said personal examiner and advised the personal examiner of the duties of the examiner, and the right of the subject to cross-examine the examiner in court.

  (2) The Subject's personal examiner is willing to serve as examiner.

  (3) If the alleged incapacity arises out of mental retardation said personal examiner is a qualified mental retardation professional.

(c) [✓] Petitioner does not seek appointment of said personal examiner as examiner and requests the court to appoint another person as examiner.

(d) [ ] Petitioner waives appointment of an examiner.

7. (a) The name and address of a personal visitor [e.g. social worker] who is familiar with the case of the subject of this proceeding is DEBORAH ANNE AHERN, LICSW, SOCIAL CASE MANAGER, GW UNIV HOSPITAL, 900 23RD ST NW WASH, DC 20037 (202) 715-6095

(b) [ ] Petitioner seeks appointment of said person as visitor, and:

  (1) Petitioner has discussed such appointment with the nominated personal visitor and advised the nominee of the duties of the visitor, and the rights of the subject to cross-examine the visitor in court.

  (2) The subject's personal visitor is willing to serve as visitor.

  (3) If alleged incapacity arises out of mental retardation said personal visitor is a qualified mental retardation professional.

(c) [✓] Petitioner does not seek appointment of said person as visitor and requests the court to appoint another person as visitor.

(d) [ ] Petitioner waives the appointment of a visitor.

3

**8.** Listed below are the names, addresses and telephone numbers of the persons to whom notice will be sent pursuant to SCR-PD 325:

MARY LORINDA JUERGENS, C/O GW HOSPITAL, 900 23RD ST NW WASH, DC 20037 (202) 715-6095

(b-other-

Name of Subject of Proceeding

NO SPOUSE OR ADULT CHILDREN

Spouse and adult children

*Jack Juergens (father)*
*6359 Cavalier Corrido-*
*Falls Church VA 22044*

*R. Louise Juergens (mother)*
*6359 Cavalier Corrido-*
*Falls Church VA 22044*

*J. Eric Juerg-*
*10212 Camper D*
*Lenexa KS*
*66215*

PETITIONER IS THE COUNSEL TO MARY JUERGENS

Any counsel to the subject known to petitioner

N/A

Persons nominated in subject's durable power of attorney to be guardian and conservator

N/A

Any previously appointed guardian and/or conservator

9. (a) ☑ Petitioner requests the court to appoint a Guardian *ad litem* for the subject of this proceeding for the following purpose(s):

    ☑ To assist the subject to determine his or her interests in regard to this proceeding.

    ☑ To determine the interests of the subject in regard to this proceeding because the subject is ☐ unconscious or ☑ otherwise wholly incapable of determining his or her interest in this proceeding even with assistance.

  (b)    ☐ Appointment of a Guardian *ad litem* is not required.

10. (a)    ☑ Appointment of a guardian is sought and is necessary as a means of providing continuing care and supervision of the subject of this proceeding

                and/or

  (b)    ☐ A protective order should be made

              or

  (c)    ☑ A conservator should be appointed because:

(Select appropriate box(es))

    ☑ the subject of the proceeding has property that will be wasted or dissipated unless property management is provided, and/or

    ☑ money is needed for the support, care and welfare of the subject, and/or

4

☐ money is needed for those entitled to the subject's support and protection is necessary or desirable to obtain and provide money. (If this box is checked, list names and addresses of all said persons:) _____

11. If entry of a protective order or appoint ment of a conservator is sought, describe generally the subject's property with an estimate of the value of that property including any compensation, insurance, pension, or allowance to which the subject is entitled. MARY IS THE SOLE MEMBER OF THE "1230 23RD STREET, LLC" WHICH IS THE REGISTERED

OWNER OF A CONDOMINIUM LOCATED AT 1230 23RD ST NW APT 505, WASH DC 20037 *that is valued at approximately $500,000. In addition Mary is the plaintiff in a US District Court (DC) case where she is alleging over $1,000,000.00 in damages resulting from an illegal loan*

12. Petitioner seeks the following relief: *involving her condominium. Mary has no*

☐ Entry of a protective order as follows: *other assets or income to Petitioner's knowledge.*

_____

☐ Appointment of guardian and/or conservator with Statutory powers as
   ☐ guardian
   ☑ conservator

                                  or

☐ greater powers
   (specify power sought and by what authority court may grant it.)

                                  or

☐ lesser powers
   (Note that if the conservator's bond is not to include securities and/or real estate, this box must be checked.)

13. Petitioner requests the following temporary relief pursuant to D.C.   Code §21-2044(d) or §21-2055(b) (1) pending the hearing of this petition:

EMERGENCY APPOINTMENT OF A CONSERVATOR TO PROTECT MARY JUERGENS' ASSETS
INCLUDING THE MAINTENANCE OF HER CONDOMINIUM AND PAYMENT OF HER
CONDOMINIUM EXPENSES AS WELL TO REPRESENT MARY JUERGENS' INTEREST IN THE
FEDERAL COURT CASE - JUERGENS V. URBAN TITLE SERVICES, LLC, ET AL.

14. Bond is sought in the amount of TO BE DETERMINED BY THE COURT
   because the aggregate capital value of the property of the estate in the proposed conservator's control, plus one year's estimated income, and minus the value of securities deposited under arrangements requiring an order of the court for their removal and the value of any land that the fiduciary, by express limitation of

5

power, lacks power to sell or convey without court authorization is

_____

(If petitioner seeks reduced bond, list all securities and/or real estate for which court authorization for sale or conveyance will be sought:)

_____

_____

_John Paul Szy_
Petitioner

## **VERIFICATION**

I JOHN PAUL SZYMKOWICZ _____, being the first sworn, on oath, depose and say that I have read the foregoing pleadings by me subscribed and that the facts therein stated are true to the best of my knowledge, information and belief.

_John Paul Szy_
Petitioner

Subscribed and sworn before me this 12TH day of AUGUST ,20 08 .

_L E Kennel_
Notary Public

APROCW

**Acceptance** of
☐ guardian
☐ conservator

and

consent to jurisdiction

I do hereby accept the duties of the office of ☐ guardian ☐ conservator of _____ (subject of proceeding) and consent to personal jurisdiction in any action instituted in the District of Columbia by any interested person against me ☐ guardian ☐ conservator arising out of the duties of my office and if a non-resident, I do hereby irrevocably appoint the Register of Wills and successors in office as the person upon whom all notice and process issued by a competent court in the District of Columbia may be served with the same effect as personal service in relation to all suits or matters pertaining to the proceeding in which letters of ☐ guardianship ☐ conservatorship shall issue.

Petitioner(*sign only if seeking appointment*)

I AM NOT SEEKING APPOINTMENT
_____

Telephone Number

6

## CERTIFICATE OF SERVICE

I hereby certify that copy of the f~~~~~~~    ~ ~

CC:

MARY JUERGENS
C/O GEORGE WASHINGTON UNIVERSITY HOSPITAL
900 23RD STREET, N.W.
WASHINGTON, DC 20037
JOAN JUERGENS (FATHER)
6359 CAVALIER CORRIDOR
FALLS CHURCH, VIRGINIA 22044

R. LOUISE JUERGENS (MOTHER)
6359 CAVALIER CORRIDOR
FALLS CHURCH, VIRGINIA 22044

.I. ERIC JUERGENS (BROTHER)
LENEXA, KANSAS 66215

**II-J**

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

## PROBATE DIVISION

0000259-08

IN RE: Mary Lorinda Juergens                    Intervention Proceeding No. _____

*An Adult*

### NOTICE OF INITIAL HEARING PURSUANT TO 325

NOTICE IS HEREBY GIVEN that a Petition for appointment of

[    ]     Permanent Limited Guardian
[x ◻]    Permanent General Guardian
[    ]     Successor Guardian
      [   ] general  [   ] limited
[x  ]    Conservator
      [x ] general  [   ] limited
[    ]     Special Conservator
[    ]     Entry of a Protective Order

for :  Mary Lorinda Juergens

(Subject of the Proceeding)

RECEIVED 2008 AUG 12 A 11: 06

has been filed, a copy of which is attached hereto. Hearing has been set to consider the petition

on    September 12    , 20 08  at    12    o'clock P  M., in

**Courtroom** A-51 of the Superior Court of the District of Columbia, 515 5th Street, N.W.,

Washington, D.C. 20001, before the presiding Fiduciary Judge.

Dated    August 12 2008

John Paul Szymkowicz #462146
Petitioner/Attorney
1220 19th Street, N.W., Suite 400
Address
Washington, DC  20036-2438

**NOTE:**     Pursuant to SCR-PD 311(c) (3), this notice must be mailed no less than **17** days,
                 and/or personally delivered no less than 14 days, before the time set for the
                 hearing.

Copies to:

                 Parties to the above-captioned case and persons granted permission to
                 participate pursuant to SCR-PD 303 and persons who requested notice pursuant to
                 SCR-PD 304.

                 Proof of service required in accordance with SCR-PD 311(c)(6) in Form I-K

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA   II-J1

## PROBA'I'E DIVISION

IN RE: MARY LORINDA JUERGENS                    Intervention Proceeding No. _____

*An Adult*

## YOUR HEARING RIGHTS

As the subject of an intervention proceeding, you have the following rights:

1. To have your partial or total incapacity proved by clear and convincing evidence by the petitioner.

2. To an attorney of your own choice or to have an attorney appointed for you if you have not retained an attorney.

3. To be present at the hearing.

4. To present evidence on your own behalf.

5. To cross-examine witnesses who testify against you, and the right to cross-examine any examiner and visitor.

6. To have the hearing open or closed to the public at your election.

7. The right to appointment of an examiner unless a report on you has been submitted to the Court.

## GENERAL RIGHTS

1. Unless it is waived, notice of hearings in these proceedings must be given to each of the following:

   A. The subject of the petition and his or her spouse and adult children, or if none, parents:

   B. Any person who is serving as guardian or conservator, or who has the care and custody of the individual alleged to be incapacitated:

   C. In case no other individual is notified under paragraph (A) of this subsection, at least one of the nearest adult relatives, if any can be found; and

Form PD-1893/Sep. 89. Amended June 2008

7

THE RESPONDENT

At the hearing, a guardian may be appointed for your person, and/or a conservator for your estate. The appointment may affect or transfer to the guardian or conservator title to your property, your right to contract, to manage and control your property, to give informed consent for medical treatment, to fix your place of residence, and other important rights.

## GENERAL CONSEQUENCES

Persons with personal and/or financial dealings with you must be aware that appointment of a guardian or conservator may affect or transfer to the guardian or conservator title to consent to medical treatment, to fix the place of residence and other important rights.

Amended June 2008

8

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA    II-J1

## PROBA'I'E DIVISION

IN RE: Mary Lorinda Juergens

Intervention Proceeding No. 0000259-08

*An Adult*

### NOTICE OF INITIAL HEARING PURSUANT TO 325(b)
(to subject of proceeding only)

TO: Mary Lorinda Juergens

ADDRESS: 1230 23rd St NW #505

2008 AUG 12  A 11: RECEIVED

PROBATE DIV'S

You are notified that a petition has been filed, a copy of which is attached hereto, in which it is alleged that you are incapable of properly caring for yourself or of managing your financial affairs or both. The petition seeks the appointment of a guardian for your person or a conservator for your estate or both. The Court, being satisfied that there is good cause for the exercise of jurisdiction as to the matters alleged in said petition has set the matter for hearing on  *September 12*, 20 *08* at *12* o'clock *p* m. in Courtroom *A 51* of the Superior Court of the District of Columbia located at 515 5th Street, N.W., Washington, D.C. 20001.

The Court has appointed counsel to represent you whose name, address and telephone number are as follows: _____

_____ . Telephone: _____

A list of your rights in connection with the above described hearing is attached hereto.

John Paul Szymkowicz  *John Paul Sz*

Petitioner/Attorney
1220 19th Street, N.W., Suite 400
Washington, DC 20036-2438

Address

**NOTE:** Pursuant to 325(a) and 311(c)(3) this notice must be personally delivered at least 14 days before the time set for the hearing.

Copies to: Parties to the above captioned case and persons granted permission to participate pursuant to SCR-PD 303 and persons who requested notice pursuant to SCR-PD 304.

6

The petitioner must serve a copy of the petition upon the subject of the petition and his or her counsel, and to all other persons entitled to notice under D.C. Code §21-2042 by first class mail, within 3 days of the filing of the petition in accordance with SCR PR 331

(3) In case no other individual is notified under paragraph (1) of this subsection, at least 1 of the nearest adult relatives, if any can be found; and

(4) Any other person as directed by the Court.

Upon the filing of the petition the Court will appoint an attorney to represent the subject of the petition, unless the individual has chosen counsel.

At any point in the proceeding, the Court may appoint a guardian *ad litem* to prosecute or defend the interest of any individual if the Court determines that representation of the interest otherwise would be inadequate.

Upon the filing of the petition, the Court may appoint a visitor and an examiner pursuant to D.C. Code §§21-2041 or 21-2054. The examiner and visitor will be separate individuals. Each must file and serve on all parties written reports no later than 10 days before the date set for the hearing.

After the filing of the reports of the examiner and the visitor, the parties may file a joint stipulation that the proceeding is uncontested as to all issues.

The purpose of the proceeding is:

2

To determine whether the subject of the intervention proceeding is incapacitated because said individual is an adult whose ability to receive and evaluate information effectively or to communicate decisions is impaired to such an extent that he or she lacks the capacity to take actions necessary to:

*[Select appropriate box(es)]:*

(a) ☒    obtain, administer, and dispose of real and personal property, intangible property, business property, benefits, and income

(b) ☒    provide health care, food, shelter, clothing, personal hygiene, and other care without which serious physical injury or illness is more likely than not to occur

(c) ☒    acquire and maintain those life skills that enable him or her to cope more effectively with the demands of his or her own person and of his or her own environment and to raise the level of his or her own physical, intellectual, social, emotional, and economic efficiency to meet all or some essential requirements for his or her therapeutic needs

**[Select one]**

☐    without court-ordered assistance

or

☒    the appointment of

**[Select one]**

☒    a guardian

or

☒    a conservator.

**Procedure**

Upon the filing of a petition for the appointment of a permanent limited or general guardian, the appointment of a successor limited or general guardian, the appointment of a general or limited conservator or special conservator, or the entry of a protective order, the Clerk will schedule a hearing on the petition. If a joint stipulation is filed, a hearing may be scheduled on an expedited basis.

Not later than 5 days before the hearing the parties may file responsive pleadings in accordance with SCR-PD 321.

3

## Significance

This proceeding does not operate to repeal, alter or amend the right of an individual who is the subject of a petition for civil commitment in any proceeding under Chapter 5 of Title 21, or the Mentally Retarded Citizens Constitutional Rights and Dignity Act of 1978 (D.C. Code, §6-1901 *et seq.)*

This proceeding does not affect guardians or conservators appointed by the Court prior to September 30, 1989, unless the prior proceedings are reinstituted under D.C. Code, Chapter 20 of Title 21 (1988 Supp.).

A finding of incapacity does not constitute a finding of legal incompetence. An individual found to be incapacitated retains all legal rights and abilities other than those expressly limited or curtailed in the order of appointment of a guardian or in a protective proceeding, or subsequent order of the Court.

In a guardianship or protective proceeding, the Court will exercise its authority so as to encourage the development of maximum self-reliance and independence of the incapacitated or protected individual, and make appointive, protective and other orders only to the extent necessitated by the incapacitated or protected individual's mental and adaptive limitations and other conditions warranting the procedure.

If a guardian is appointed, the guardian will be responsible for care, custody, and control of the incapacitated individual with powers as set forth at D.C. Code §21-2047 or with limited powers as set forth in the order of appointment.

Unless otherwise directed by the Court, the guardian will not have the power to consent to certain medical treatment as set forth at D.C. Code §21-2047(c), or to consent to the waiver of any substantive or procedural right of the incapacitated individual in any proceeding arising from an insanity acquittal, or to prohibit marriage or divorce, or consent to termination of parental rights.

While a petition for appointment of a conservator or other protective order is pending, and after preliminary hearing, and without notice to others, the Court may preserve and apply the property of the individual to be protected as may be required for support of the individual or dependents of the individual.

After hearing and upon determining that a basis for an appointment of a conservator or other protective order exists with respect to an individual, the Court has the power over the estate and business affairs that the individual could exercise if present and not incapacitated, except the power to make a will.

4

~~compensation for services rendered either~~ in a guardianship proceeding, protective proceeding or in connection with a guardianship or protective arrangement.

Upon payment of a fee, any interested person who desires to be notified before any order is made in any of these proceedings may file a request for notice with the Clerk of the Court and serve it on all parties in accordance with SCR-PD 304(a). ~~A request for notice is not sufficient to confer permission to participate.~~

The protected individual or any other interested person may petition the Court for removal of a guardian or conservator or termination of the proceeding. The guardian or conservator may resign upon petition and acceptance by the Court. The protected individual seeking termination is entitled to the same rights ~~and procedures as~~ for whom a conservator is appointed may petition for orders subsequent to appointment requiring action respecting bonding or other appropriate relief pursuant to D.C. Code §21-2062, or for enlargement or limitation of powers pursuant to D.C. Code §21-2072.

5

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | | |
|---|---|---|
| MARY JUERGENS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action Number: 06-CA-1524 (CKK) |
| | ) | |
| URBAN TITLE SERVICES, INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING PLAINTIFF JUERGENS' CROSS-MOTION TO STAY
AND DENYING DEFENDANTS' MOTION TO STAY**

Upon consideration of Defendants' motion to stay proceeding and Plaintiff Mary Juergens' cross-motion to stay, IT IS HEREBY ORDERED THAT Defendants' motion to stay proceeding is DENIED and Plaintiff Mary Juergens' cross-motion to stay is GRANTED.  It is further ordered that the discovery schedule is not modified in any way except to:

1.     stay Plaintiff Juergens' obligations to respond to Defendants' discovery, offers of settlement or offers of judgment until September 30, 2008;

2.     reschedule the settlement conference from September 8, 2008 to a date in early-October; and

3.     allow Plaintiff Juergens to file motions for summary judgment prior to October 1, 2008.


_____                    _____
Date                                   Colleen Kollar-Kotelly
                                       United States District Judge