UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARY JUERGENS                         *

     Plaintiff,                        *          Case No.: 1:06CV01524

v.                                    *          Judge: Colleen Kollar-Kotelly

URBAN TITLE SERVICES, LLC, et al.     *

     Defendants                        *

*    *    *    *    *    *    *    *    *    *    *    *

**DEFENDANTS FIRST MOUNT VERNON INDUSTRIAL LOAN ASSOCIATION
INCORPORATED AND ARTHUR G. BENNETT'S REPLY TO PLAINTIFF'S
OPPOSITION TO MOTION TO AMEND ANSWER AND ASSERT
COUNTERCLAIM**

Defendants First Mount Vernon Industrial Loan Association Incorporated and Arthur G. Bennett, by and through their attorneys, offer this Reply to Plaintiff's Opposition to Defendants' Motion to Amend Answer and Assert Counterclaim.

## I.      Introduction

On July 30, 2008, Defendants First Mount Vernon Industrial Loan Association Incorporated (FMVILA) and Arthur G. Bennett, filed a Motion to Amend Answer and assert a counterclaim for equitable subrogation and equitable mortgage.[1]  Defendants explained in their accompanying memorandum of law that in the event this Court grants Plaintiff's requested relief and sets aside the Deed of Trust between the 1230 23rd Street, LLC and FMVILA, equity requires the subject property be subject to a lien in favor of FMVILA.

---

[1] Defendants inadvertently failed to attach their proposed pleading to their Motion for Leave to Amend Answer.  Pursuant to Local Rule 7(i), Defendants attach hereto at Exhibit 1, their Amended Answer with Counterclaim and request it be deemed filed and served in the event this Honorable Court grants Defendants' motion for leave. The Amended Answer responds to the Second Amended Complaint.

On August 8, 2008, Plaintiff filed an Opposition to Defendants' Motion for Leave to Amend Answer.  The opposition was solely procedural in nature and argued that Defendants' counterclaim was untimely because it was not filed with Defendants' answer to Plaintiff's second amended complaint.  Plaintiff failed to argue that she would be prejudiced by the counterclaim.  In addition, Plaintiff failed to mention that she filed a Motion for Leave to file a Third Amended Complaint on August 1, 2008.  The Court has not yet ruled on Plaintiff's motion for leave.

**II.      Argument**

1.      Defendants' Counterclaim is permitted as justice so requires

Fed. R. Civ. P. 13(f) states, "[t]he court may permit a party to amend a pleading to add a counterclaim if it was omitted through oversight, inadvertence, or excusable neglect or if justice so requires." The United States Supreme Court has long held that the federal rules are to be liberally construed with the purpose of getting to the merits of the case. *See Forman v. Davis, 371 U.S. 178, 181-82 (1962) (citing Conley v. Gibson*, 355 U.S. 41, 48 (1957)).  This court interpreted the "when justice requires" prong of Rule 13(f) as follows:

> It calls for the court to examine the acts and motives of defendants in delaying the pleadings of their counterclaims, as well as any prejudice to plaintiff which might result if their amendment were allowed.  If the amendment is proposed at a very late stage in the proceedings, or appears designed primarily to delay adjudication of plaintiff's claims, leave to amend may be properly denied.  If, on the other hand, defendants' delay does not appear ill-intentioned and will not unduly interfere with the progress of the case, the federal rules' preference for consolidation where possible of all claims growing out of the same event or series of events favors allowing the amendment.

*Woodward v. De Palmero*, 98 F.R.D. 621, 624 (D.D.C. 1983).

In drawing its analysis, the *Woodward* court was persuaded by the writing of Professor Moore who wrote, "the court should be very liberal in allowing amendments to include compulsory counterclaims, and even permissive counterclaims where no prejudice would result . . ." 3 Moore's Federal Practice, ¶13.33, at 13-846 (2d ed. 1980). The *Woodward* court also noted that, "[i]ndeed refusal by the district court to allow amendment to add a counterclaim, where plaintiff has failed to show substantial prejudice, may be an abuse of discretion." 98 F.R.D. at 624.

In the instant case, the parties engaged in written discovery and recently deposed Plaintiff. At her deposition, Plaintiff conceded that of the two hundred fifty thousand dollar ($250,000.00) loan that FMVILA made to 1230 23rd Street, LLC, sixty one thousand one hundred and ninety five dollars and eleven cents ($61,195.11) went to pay off a previous loan Plaintiff personally entered into with the George Owens Trust. An excerpt of her deposition testimony follows:

Q:      Okay. Now, is it fair to say that of that $250,000, approximately $60,000 would be paid to pay the Owen's Living Trust in full?

A:      Yes.

*See* Exhibit 2 attached hereto.

In addition, Plaintiff conceded that ninety-five thousand dollars ($95,000.00) of the loan was distributed to Plaintiff personally at closing in the form of a check which Plaintiff herself admitted to cashing. An excerpt of her deposition testimony follows:

Q:      Is it also fair to say that you received -- you ultimately received a check from First Mount Vernon made payable to you in the amount of $95,000?

A:      Made out to Mary Juergens for $95,000, that's correct.

Q:      That's you, right, Mary Juergens?

A:      Personally, yes.

Q:      Made payable to you, Mary Juergens?

A:      Yep.

Q:      Okay.  And did you cash or deposit that check?

A:      I deposited that check.

*See* Exhibit 2, attached hereto.

Furthermore, Plaintiff conceded that sixty seven thousand five hundred twenty six dollars and thirty one cents ($67,526.31) was escrowed as an interest reserve to FMVILA which served to pay the mortgage interest for eighteen (18) months. Plaintiff lived in the property rent and interest free for this eighteen month period.  An excerpt of her deposition testimony follows:

Q:      Isn't it true that the 18 monthly payment that you were required to make under your agreement with First Mount Vernon after settlement were actually paid out of monies that First Mount Vernon held in escrow consistent with the settlement agreement -- consistent with the settlement –

A:      Yes.

Q:      -- made on August 31 of 2005?

A:      But I did not know that they would be interest-bearing, yes.

Q:      All right.  You knew that 18 payments were made of $3,750 a piece out of that escrow account?

A:      Correct.

*See* Exhibit 2, attached hereto.

If Plaintiff is successful in her effort to set aside 1230 23rd Street, LLC's interest in the property, FMVILA would be left without a lien against the subject property and with title reverting back to Plaintiff.  Yet Plaintiff conceded that she and the property

benefited from the FMVILA monies loaned. Equity requires that Defendants have a lien against Plaintiff through equitable subrogation in the event the Court sets aside the Deed between Plaintiff and 1230 23rd Street, LLC, or the Deed of Trust between the 1230 23rd Street, LLC and FMVILA.

Plaintiff recently admitted at her deposition to receiving the benefits of the pay out amounts. In addition, Defendants' delay in filing its counterclaim was not ill-intentioned and will not interfere with the progress of this case. Discovery is not set to close until September 30, 2008, thus providing Plaintiff a sufficient amount of time to conduct additional discovery in response to the counterclaim. Furthermore, Plaintiff is currently hospitalized after suffering a stroke, thus obviating the possibility of a trial date anytime in the near future.

In addition, on August 1, 2008, Plaintiff filed a motion for leave requesting permission to file a Third Amended Complaint. The Third Amended Complaint was substantive in nature and included a number of new allegations and causes of law. If the Third Amended Complaint is permitted, Defendants will have a right to assert the counterclaim and this issue would be moot. Even if leave is not granted, it is only fair to permit Defendants to restructure its defense in the same manner as Plaintiff is permitted to restructure her case through the addition of new allegations and causes of action. *See Saes Getters v. Aeronex, Inc*., 219 F.Supp.2d 1081, 1085 ( S.D. Cal. 2002) (holding that although Fed. R. Civ. P. 13(f) adds additional factors which a court may consider, both the amendment of pleadings and the addition of counterclaims are to be equally permitted when justice so requires).

Lastly, Plaintiff failed to argue that she would be prejudiced by Defendants' filing of their counterclaim.   Under the holding in *Woodward*, it would be an abuse of discretion to deny Defendants' motion for leave to add counterclaim where Plaintiff has failed to allege prejudice.   Accordingly, Defendants should be permitted to amend their answer and file counterclaim because under justice so requires under Fed. R. Civ. P. 13(f).

2.     Defendants' Counterclaim is Permissive and not Compulsory

Plaintiff argues that Defendants' counterclaim was compulsory and, therefore, required to be filed with its answer.   To the contrary, Defendants' counterclaim is permissive and not required to be filed in this action.  Fed. R. Civ. P. 13(a) states that "[a] pleading must state as a counterclaim any claim that – **at the time of its service** – the pleader has against an opposing party."  (Emphasis added).  Neither at the time of service or at the present time does FMVILA have a claim against Plaintiff.  She has no claim in the subject property.  It was deeded away to 1230 23rd Street, LLC.  It is only if this Court sets aside the Deed that Defendants have an equitable subrogation claim against Plaintiff. Only if Defendants obtain a verdict in their favor, does the counterclaim become relevant. Thus, Defendants' counterclaim arises only after the conclusion of this litigation, is not compulsory, and may be filed at any time.

While Defendants' counterclaim is permissive, it is expedient and practical for this Court to decide all potential claims in this matter through a single litigation.  Judicial economy promotes this Court deciding all present and future claims in this matter.

### III.    Conclusion

WHEREFORE, Defendants First Mount Vernon Industrial Loan Association Incorporated and Arthur G. Bennett respectfully request this Honorable Court permit them to amend their Answer and assert a Counterclaim.

Respectfully submitted,

COUNCIL, BARADEL,
KOSMERL & NOLAN, P.A.

 /s/ Michael N. Russo, Jr.
Michael N. Russo, Jr. (D.C. Bar No. 424712)
125 West Street, Fourth Floor
Annapolis, Maryland 21404
Annapolis: 410-268-6600
Washington D.C.: 301-261-2247

*Attorneys for First Mount Vernon Industrial Loan Association*

JORDAN COYNE & SAVITS, LLP

/s/ David P. Durbin
David P. Durbin
/s/Dwight D. Murray
Dwight D. Murray
1100 Connecticut Ave., N.W., Suite 600
Washington, D.C. 20036

*Attorneys for First Mount Vernon Industrial Loan Association and Arthur Bennett*

7

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing Reply to Plaintiff's Opposition to Defendants' Motion to Amend Answer and Assert Counterclaim was mailed electronically via the CM/ECF system and/or first class mail, this 15th day of August , 2008 to:

J.P. Szymkowicz, Esq.
John T. Szymkowicz, Esq.
SZYMKOWICZ & SZYMKOWICZ, LLP
1220 19th Street, N.W., Suite 400
Washington, D.C. 20036
Counsel for Plaintiff

Daniel Marino, Esq.
Tilman Finley, Esq.
SUTHERLAND ASBILL & BRENNAN LLP
1275 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Counsel for Robert William Carney

James M. Towarnicky, Esq.
3977 Chain Bridge Road, suite 1
Fairfax, VA 22030
Counsel for Dale Duncan

Heather S. Deane, Esq.
Michael Hicks, Esq.
Bonner Kiernan Trebach & Crociata, LLP
1233 20th Street, NW
Suite 800
Washington, DC 20036

Deborah K. Besche, Esq.
Goldberg, Pike & Besche, PC
100 South Charles Street
Tower 2, Suite 1001
Baltimore, Maryland 21201
Counsel for Brickshire Settlements, LLC

_/s/ Michael N. Russo, Jr._
Michael N. Russo, Jr.