IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DRAFT

MARY JUERGENS,                 \*

                                  \*

        Plaintiff,            \*

                                    \*

      v.                    \*    **Case No.:  1:06CV01524 (CKK)**

                                  \*    Judge Colleen Kollar-Kotelly

URBAN TITLE SERVICES, INC.,   \*

et al.,                      \*

                                  \*

        Defendants.       \*

## AMENDED ANSWER TO THE SECOND AMENDED COMPLAINT

Defendant, First Mount Vernon Industrial Loan Association, Inc. ("First Mount Vernon ILA") and Arthur G. Bennett, by and through their undersigned counsel, hereby state the following as their Answer to the Second Amended Complaint:

### FIRST DEFENSE

The Second Amended Complaint fails to state any claim upon which relief may be granted as against these Defendants.

### SECOND DEFENSE

The relief sought in the Second Amended Complaint is, or may be, barred by the doctrines of unclean hands, waiver, consent, ratification, contributory negligence, estoppel, lack of standing, lack of reliance, failure to join an indispensable party, improper joinder, and such other defenses as the discovery record herein will support. These Defendants expressly reserve the right to amend or supplement this Answer based upon new or additional information.

### THIRD DEFENSE



In answer to the numbered paragraphs of the Second Amended Complaint, these Defendants state as follows:

1.      Admit only that the Plaintiff is an adult female. These Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the averment concerning Plaintiff's residency and, therefore, must deny same.

2.      These averments pertain to a Co-Defendant in an unrelated transaction and, therefore, no response is required.

3.      These averments pertain to a Co-Defendant in an unrelated transaction and, therefore, no response is required.

4.      These averments pertain to a Co-Defendant in an unrelated transaction and, therefore, no response is required.

5.      These averments pertain to a Co-Defendant in an unrelated transaction and, therefore, no response is required.

6.      Admitted.

7.      These averments pertain to a Co-Defendant and, therefore, no response is required.

8.      Admit that Plaintiff so alleges.

9.      Admit that Defendant Duncan is an adult male who works as an attorney in the Commonwealth of Virginia. These Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of the averments concerning Plaintiff's state of mind and, therefore, must deny same.

10.     Admit that Defendant Bennett is an adult male who works in the Commonwealth of Virginia. These Defendants lack knowledge or information sufficient

to form a belief as to the truth or accuracy of the averments pertaining to Plaintiff's state of mind and, therefore, must deny same.

11.        Admitted, upon information and belief.

12.        Admitted.

13.        These averments state a conclusion of law as to which no response is required.

14.        These averments state conclusions of law as to which no response is required.

15.        Denied.

16. - 45.    These averments pertain to Co-Defendants in an unrelated transaction and these Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of these averments and, therefore, must deny same.

46.        Admitted.  Plaintiff was referred by a previous client who also resided in "The Metropolitan".

47.        These Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of Plaintiff's state of mind and, therefore, must deny same. Plaintiff agreed to a commercial loan and was advised that this was the only type of loan provided by First Mount Vernon ILA.

48.        Admitted, upon information and belief.

49.        These Defendants admit only that Plaintiff was advised that the minimum commercial loan from First Mount Vernon ILA was $75,000.00.  The remaining averments are denied.

50.    These averments pertain to documents, which documents speak for themselves.

51.    These averments pertain to a document, which document speaks for itself.

52.    Denied.

53.    Denied.

54.    Denied.

55.    Denied.

56.    These Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of these averments and, therefore, must deny same.

57.    These Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of these averments and, therefore, must deny same.

58.    These Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of these averments and, therefore, must deny same.  The normal practice is to provide a copy, upon request.

59.    These Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of these averments and, therefore, must deny same.

60.    Denied.

61.    These Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of these averments and, therefore, must deny same.

62.    These averments pertain to a document, which document speaks for itself.

63.    These averments pertain to a Co-Defendant and, therefore, no response is required.

64.    These averments pertain to a Co-Defendant and, therefore, no response is required.

65.    These averments pertain to a Co-Defendant and, therefore, no response is required.

66.    These Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of these averments and, therefore, must deny same.

67.    These Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of these averments and, therefore, must deny same.

68.    These averments pertain to a Co-Defendant and, therefore, no response is required.

69.    These averments pertain to a Co-Defendant and, therefore, no response is required.

70.    These averments pertain to a Co-Defendant and, therefore, no response is required.

71.    These averments pertain to a Co-Defendant and, therefore, no response is required.

72.    These averments pertain to a Co-Defendant and, therefore, no response is required.

73.    These Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of these averments and, therefore, must deny same.

74.    Admit only that the loan closing was so scheduled.

75.    These Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of these averments and, therefore, must deny same.

76.    These Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of these averments and, therefore, must deny same.

77.    These Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of these averments and, therefore, must deny same.

78.    Defendant Bennett denies that he was present at the closing.  The remaining averments pertain to a Co-Defendant and, therefore, no response is required.

79.    Defendant Bennett denies that he was present at the closing.  The remaining averments pertain to a Co-Defendant and, therefore, no response is required.

80.    These Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of these averments and, therefore, must deny same.

81.    These Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of these averments and, therefore, must deny same.

82.    These Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of these averments and, therefore, must deny same.

83.    These Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of these averments and, therefore, must deny same.

84.    These Defendants lack knowledge or information sufficient to form a belief

as to the truth or accuracy of these averments and, therefore, must deny same.

85.     These Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of these averments and, therefore, must deny same.

86.     These averments purport to state conclusions of law and, therefore, no response is required.

87.     These averments purport to state conclusions of law and, therefore, no response is required.

88.     These averments purport to state conclusions of law and, therefore, no response is required.

89.     These averments pertain to documents, which documents speak for themselves.

90.     These averments pertain to documents, which documents speak for themselves.

91.     These averments pertain to documents, which documents speak for themselves.

92.     Defendant Bennett denies that he was present at the closing but admits that he is not a notary in the Commonwealth of Virginia.  The remaining averments pertain to a Co-Defendant and, therefore, no response is required.

93.     These averments purport to state conclusions of law as to which no response is required.

94.     These averments pertain to a Co-Defendant and, therefore, no response is required.

95.    These averments purport to state conclusions of law as to which no response is required.

96.    These Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of these averments and, therefore, must deny same.

97.    Denied.

98.    These averments pertain to a document, which document speaks for itself.

99.    These averments purport to state legal conclusions and, therefore, no response is required.  Further, these averments purport to characterize a document, which document speaks for itself.

100.    Denied.

101.    Denied, as to these Defendants.

102.    Denied, as to these Defendants.

103.    These averments purport to characterize a document, which document speaks for itself.

104.    Denied, as to these Defendants.

105.    These averments purport to characterize a document, which document speaks for itself.

106.    These averments purport to characterize a document, which document speaks for itself.

107.    These Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of these averments and, therefore, must deny same.

108.    These Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of these averments and, therefore, must deny same.

109.    These Defendants lack knowledge or information sufficient to form a belief as to the truth or accuracy of these averments and, therefore, must deny same.

110.    Denied, as to these Defendants.

111.    Admitted, as to these Defendants, since the loan was a commercial loan.

112.    Admitted, as to these Defendants, since the loan was a commercial loan.

113.    Admitted, as to these Defendants, since the loan was a commercial loan.

114.    Admitted, as to these Defendants, since the loan was a commercial loan.

115.    Denied, as to these Defendants.

Count I - Breach of Contract
<u>(Defendant Urban Title Services, Inc. and Defendant Kenney)</u>

116. - 123.    These averments pertain to Co-Defendants in an unrelated transaction and, therefore, no response is required.

Count II - Conversion
<u>(Defendant Kenney and Defendant Carney)</u>

124. - 126.    These averments pertain to Co-Defendants in an unrelated transaction and, therefore, no response is required.

Count III - Fraud
<u>(Defendant Kenney)</u>

127. - 133.    These averments pertain to a Co-Defendant in an unrelated transaction and, therefore, no response is required.

Count IV - Breach of Fiduciary Duty
<u>(Defendant Erb)</u>

134. - 138.   These averments pertain to a Co-Defendant in an unrelated transaction and, therefore, no response is required.

### Count V - Negligence
### (Defendant Erb)

139. - 143.   These averments pertain to a Co-Defendant in an related transaction and, therefore, no response is required.

### Count VI - Breach of Fiduciary Duty
### (Defendant Carney)

144. - 149.   These averments pertain to a Co-Defendant in an related transaction and, therefore, no response is required.

### Count VII - Negligence
### (Defendant Carney)

150. - 154.   These averments pertain to a Co-Defendant in an unrelated transaction and, therefore, no response is required.

### Count VIII - Civil Conspiracy
### (Defendant Kenney, Defendant Carney and Defendant Erb)

155. - 164.   These averments pertain to Co-Defendants in an unrelated transaction and, therefore, no response is required.

### Count IX - Violation of D.C. Code § 26-901, et seq.
### (Loan Shark Act)
### (Defendant Urban Title Services, Inc. and Defendant Kenney)

165. - 174.   These averments pertain to Co-Defendants in an unrelated transaction and, therefore, no response is required.

### Count X - Violation of D.C. Code § 26-1101, et seq.
### (Mortgage Lender and Broker Act)
### (Defendant Urban Title Services, Inc. and Defendant Kenney)

175. - 180.   These averments pertain to Co-Defendants in an unrelated

transaction and, therefore, no response is required.

Count XI - Violation of D.C. Code § 26-1151.01, et seq.
(Mortgage Loan Protection Act)
(Defendant Urban Title Services, Inc. and Defendant Kenney)

181. - 186.   These averments pertain to Co-Defendants in an unrelated

transaction and, therefore, no response is required.

Count XII - Violation of D.C. Code § 28-3904 (e, f, q and r)
(Unlawful Trade Practice Act)
(Defendant Urban Title Services, Inc. and Defendant Kenney)

187. - 200.   These averments pertain to Co-Defendants in an unrelated

transaction and, therefore, no response is required.

Count XIII - Violation of D.C. Code § 28-4601, et seq.
(Consumer Credit Service Organization Act)
(Defendant Urban Title Services, Inc. and Defendant Kenney)

201. - 206.   These averments pertain to Co-Defendants in an unrelated

transaction and, therefore, no response is required.

Count XIV - Respondeat Superior
(Defendant Carney)

207. - 209.   These averments pertain to a Co-Defendant in an unrelated

transaction and, therefore, no response is required.

Count XV - Respondeat Superior
(Defendant Kenney)

210. - 212.   These averments pertain to a Co-Defendant in an unrelated

transaction and, therefore, no response is required.

Count XVI - Respondeat Superior
(Defendant Urban Title Services, Inc.)

213. - 215.   These averments pertain to a Co-Defendant in an unrelated

transaction and, therefore, no response is required.

### Count XVII - Set Aside Deeds and Deed of Trust, Quiet Title and Declaratory Relief (Defendant Urban Title Services, Inc., Defendant Kenney and Defendant Carney)

216. - 217.   These averments pertain to a Co-Defendant in an unrelated

transaction and, therefore, no response is required.

### Count XVIII - Injunctive Relief (Defendant Urban Title Services, Inc., Defendant Kenney and Defendant Carney)

218. - 220.   These averments pertain to a Co-Defendant in an unrelated

transaction and, therefore, no response is required.

### Count XIX - Demand for an Accounting (Defendant Urban Title Services, Inc., Defendant Kenney and Defendant Carney)

221. - 223.   These averments pertain to a Co-Defendant in an unrelated

transaction and, therefore, no response is required.

### Count XX - Breach of Contract (First Mount Vernon Defendants)

224.   These Defendants incorporate by reference the responses to paragraphs

1-14 and 46-115 of the Second Amended Complaint.

225.   These Defendants admit only that the Plaintiff authorized transactions

whereby a limited liability corporation which she created received the benefit of a

$250,000.00 loan, which loan was the subject of appropriate documentation, which

documents speak for themselves.  The remaining averments are denied.

226.   Denied.

227.   Denied.

- 12 -

228.    Denied.

229.    Denied.

230.    Denied.

Count XXI - Breach of Contract
(Defendant Brickshire Settlements, LLC)

231. - 247.   These averments pertain to a Co-Defendant and, therefore, no response is required.

Count XXII - Breach of Fiduciary Duty
(Defendant Brickshire Settlements, LLC)

248. - 265.   These averments pertain to a Co-Defendant and, therefore, no response is required.

Count XXIII - Negligence
(Defendant Brickshire Settlements, LLC)

266. - 284.   These averments pertain to a Co-Defendant and, therefore, no response is required.

Count XXIV - Conversion
(First Mount Vernon Defendants, Defendant Duncan,
Defendant Bennett and Defendant Brickshire Settlements, LLC)

285.   These Defendants incorporate, by reference, their responses to paragraphs 1-14 and 46-115 of the Second Amended Complaint.

286.   These averments pertain to a document, which document speaks for itself.

287.   These averments state conclusions of law as to which no response is require.

288.   Denied, as to these Defendants.

289.   Denied, as to these Defendants.

290.   Denied, as to these Defendants.

291.   Denied, as to these Defendants.

292.   Denied, as to these Defendants.

293.   Denied, as to these Defendants.

294.   Denied, as to these Defendants.

Count XXV - Fraud
(First Mount Vernon Defendants, Defendant Duncan and Defendant Bennett)

295.   These Defendants incorporate, by reference, their responses to

paragraphs 1-14 and 46-115 of the Second Amended Complaint.

296.   Denied, as to these Defendants.

297.   Denied, as to these Defendants.

298.   Denied, as to these Defendants.

299.   These Defendants lack knowledge or information sufficient to form a belief

as to the truth or accuracy of these averments and, therefore, must deny same.

300.   Denied, as to these Defendants.

301.   Denied, as to these Defendants.

302.   Denied, as to these Defendants.

303.   Denied, as to these Defendants.

304.   Denied, as to these Defendants.

305.   Denied, as to these Defendants.

306.   Denied, as to these Defendants.

307.   Denied, as to these Defendants.

- 14 -

308.  Denied, as to these Defendants.

309.  Denied, as to these Defendants.

### Count XXVI - Civil Conspiracy
### (First Mount Vernon Defendants, Defendant Duncan and Defendant Bennett)

310.  These Defendants incorporate, by reference, their responses to paragraphs 1-14 and 46-115 of the Second Amended Complaint.

311.  Denied, as to these Defendants.

312.  Denied, as to these Defendants.

313.  Denied, as to these Defendants.

314.  Denied, as to these Defendants.

315.  Denied, as to these Defendants.

316.  Denied, as to these Defendants.

317.  Denied, as to these Defendants.

### Count XXVII - Violation of D.C. Code § 26-901, et seq.
### (Loan Shark Act)
### (First Mount Vernon Defendants, Defendant Duncan and Defendant Bennett)

318.  These Defendants incorporate, by reference, their responses to paragraphs 1-14 and 46-115 of the Second Amended Complaint.

319.  Denied, as to these Defendants.

320.  These averments pertain to a statute, which statute speaks for itself.

321.  These averments pertain to a statute, which statute speaks for itself.

322.  These averments pertain to a statute, which statute speaks for itself.

323.  These averments pertain to a statute, which statute speaks for itself.

324.  These averments pertain to a statute, which statute speaks for itself.

These Defendants admit that no such statement was furnished, as it was not required.

325.    These Defendants admit that no such receipt was furnished, as it was not required. The remaining averments are denied.

326.    Denied, as to these Defendants.

327.    Denied.

328.    This averment states a conclusion of law as to which no response is required.

Count XXVIII - Violation of D.C. Code § 26-1101, et seq.
(Mortgage Lender and Broker Act)
<u>(First Mount Vernon Defendants, Defendant Duncan and Defendant Bennett)</u>

329.    These Defendants incorporate, by reference, their responses to paragraphs 1-14 and 46-115 of the Second Amended Complaint.

330.    Denied, as to these Defendants.

331.    These averments state a conclusion of law as to which no response is required.

332.    These averments state a conclusion of law as to which no response is required.

333.    These averments purport to characterize a statute, which statute speaks for itself.

334.    Denied, as to these Defendants.

335.    Denied, as to these Defendants.

Count XXIX - Violation of D.C. Code § 26-1159.01, et seq.
(Mortgage Loan Protection Act)
<u>(First Mount Vernon Defendants, Defendant Duncan and Defendant Bennett)</u>

336. These Defendants incorporate, by reference, their responses to paragraphs 1-14 and 46-115 of the Second Amended Complaint.

337. Denied, as to these Defendants.

338. These averments purport to characterize a statute, which statute speaks for itself.

339. These averments state conclusions of law as to which no response is required.

340. Denied, as to these Defendants.

341. These averments purport to state conclusions of law as to which no response is required.

342. Denied, as to these Defendants.

Count XXX - Violation of D.C. Code § 28-3904 (e, f, q and r)
(Unlawful Trade Practice Act)
<u>(First Mount Vernon Defendants and Defendant Duncan)</u>

343. These Defendants incorporate, by reference, their responses to paragraphs 1-14 and 46-115 of the Second Amended Complaint.

344. This averment states a conclusion of law as to which no response is required.

345. This averment states a conclusion of law as to which no response is required.

346. This averment states a conclusion of law as to which no response is required.

347. Denied, as to these Defendants.

348.   Denied, as to these Defendants.

349.   Denied, as to these Defendants.

350.   Denied, as to these Defendants.

351.   Denied, as to these Defendants.

352.   Denied, as to these Defendants.

353.   Denied, as to these Defendants.

354.   These averments state conclusions of law as to which no response is required.

355.   Denied, as to these Defendants.

356.   Denied, as to these Defendants.

357.   Denied, as to these Defendants.

358.   Denied, as to these Defendants.

Count XXXI - Violation of D.C. Code § 28-4601, et seq.
(Consumer Credit Service Organization Act)
(First Mount Vernon Defendants, Defendant Duncan and Defendant Bennett)

359.   These Defendants incorporate, by reference, their responses to paragraphs 1-14 and 46-115 of the Second Amended Complaint.

360.   These averments state a conclusion of law as to which no response is required.

361.   These averments state conclusions of law as to which no response is required.

362.   Denied, as to these Defendants.

363.   Denied, as to these Defendants.

364.    Denied, as to these Defendants.

## Count XXXII - Respondeat Superior
### (First Mount Vernon Defendants)

365.    These Defendants incorporate, by reference, their responses to paragraphs 1-14 and 46-115 of the Second Amended Complaint.

366.    These averments state conclusions of law as to which no response is required.

367.    These averments state conclusions of law as to which no response is required.

368.    These averments state conclusions of law as to which no response is required.

## Count XXXIII - Respondeat Superior
### (Defendant Brickshire Settlements, LLC)

369.    These Defendants incorporate, by reference, their responses to paragraphs 1-14 and 46-115 of the Second Amended Complaint.

370. - 372.   These averments pertain to a Co-Defendant and, therefore, no response is required.

## Count XXXIV - Set Aside Deeds and Deed of Trust,
## Quiet Title and Declaratory Relief
### (First Mount Vernon Defendants, Defendant Duncan and Defendant Bennett)

373.    These Defendants incorporate, by reference, their responses to paragraphs 1-14 and 46-115 of the Second Amended Complaint.

374.    Denied, as to these Defendants.

## Count XXXV - Injunctive Relief
### (First Mount Vernon Defendants, Defendant Duncan and Defendant Bennett)

375.   These Defendants incorporate, by reference, their responses to paragraphs 1-14 and 46-115 of the Second Amended Complaint.

376.   Denied, as to these Defendants.

337.   These averments state conclusions of law as to which no response is required.

Count XXXVI - Demand for an Accounting
(First Mount Vernon Defendants and Defendant Duncan)

378.   These Defendants incorporate, by reference, their responses to paragraphs 1-14 and 46-115 of the Second Amended Complaint.

379.   Denied, as to these Defendants.

380.   Denied, as to these Defendants.

FOURTH DEFENSE

These Defendants expressly deny any averment of fact not explicitly admitted herein and reserve the right to amend or supplement their Answer based upon new or additional information.

WHEREFORE, having fully answered the Second Amended Complaint, Defendants, First Mount Vernon Industrial Loan Association, Inc. and Arthur G. Bennett, respectfully pray that said Second Amended Complaint be dismissed, with prejudice, and that they be awarded all appropriate fees, costs and expenses.

COUNTERCLAIM

Defendants, First Mount Vernon Industrial Loan Association, Inc. and Arthur G. Bennett, bring this counterclaim against Plaintiff, Mary Juergens, as state as follows:

1.    The litigation against Defendants First Mount Vernon Industrial Loan Association, Inc. and Arthur G. Bennett arises out of a loan from First Mount Vernon Industrial Loan Association Incorporated ("FMVILA") to 1230 23rd Street, LLC in the amount of Two Hundred and Fifty Thousand Dollars ($250,000.00).

2.    The loan closing occurred on August 31, 2005. Loan proceeds were distributed as follows: sixty one thousand one hundred and ninety five dollars and eleven cents ($61,195.11) of the loan went to pay off a previous loan Plaintiff entered into with the George Owens Trust; ninety-five thousand dollars ($95,000.00) of the loan was given to Plaintiff at closing; and sixty seven thousand five hundred twenty six dollars and thirty one cents ($67,526.31) was escrowed as an interest reserve to FMVILA which served to pay the mortgage interest of 1230 23rd Street, LLC for approximately eighteen months. Plaintiff lived in the property rent and interest free for this eighteen month period.

3.    In her Second Amended Complaint, Plaintiff is seeking to declare the Deed of Trust between FMVILA and Plaintiff to be null and void. In addition, Plaintiff is seeking to declare Plaintiff's 1230 23rd Street, NW, Apartment 505, Washington, DC property to be free and clear of any mortgage or other encumbrance. Defendants adopt their Answer so as to illustrate its responses to the allegations in the Second Amended Complaint.

<u>COUNT I</u>

<u>Equitable Subrogation</u>

4.    Counter-Plaintiffs/Defendants hereby incorporate paragraphs 1 through 3

of this counterclaim as if fully set forth in writing herein.

5.    As indicated in *Eastern Savings Bank, FSB v. Pappas*, 829 A.2d 953,

958 (D.C. 2003), the doctrine of Equitable Subrogation provides as follows:

> "Since the equitable doctrine of subrogation was ingrafted on the English equity jurisprudence from the civil law, it has been steadily growing in importance, and widening its sphere of application. It is a creation of equity, and is administered in the furtherance of justice. It is applied to give the party who actually pays the debt the full benefit and advantage of such payment. It has been long settled, and it is not controverted, that the doctrine applies where a junior incumbrancer discharges the prior incumbrance, and where the surety pays the debt of his principal, and in cases of like character."

6.    FMVILA paid off the above mentioned loan to the George Owns Trust,

gave a cash payout to Plaintiff at closing.

7.    In the event this Court grants Plaintiff's relief as requested in its

Complaint, as amended, and sets aside the Articles of Organization creating 1230 23rd

Street, LLC, the Deed between Plaintiff and 1230 23rd Street, LLC, or the Deed of Trust

between the 1230 23rd Street, LLC and FMVILA, equity requires the subject property be

subject to a lien in favor of FMVILA in the amount of sixty one thousand one hundred

and ninety five dollars and eleven cents ($61,195.11)

WHEREFORE, in the event that this Court sets aside the Articles of Organization

creating 1230 23rd Street, LLC, the Deed between Plaintiff and 1230 23rd Street, LLC,

or the Deed of Trust between the 1230 23rd Street, LLC and FMVILA, First Mount

Vernon Industrial Loan Association and Arthur Bennett respectfully demand that this

Court enter a declaration that the subject property is subject to a lien in favor of First

Mount Vernon Industrial Loan Association in the amount of sixty one thousand one

hundred and ninety five dollars and eleven cents ($61,195.11) and provide any further relief as the Court may deem appropriate.

## COUNT II

## EQUITABLE MORTGAGE

8.     Counter-Plaintiffs/Defendants hereby incorporate Paragraphs 1-3 of this counterclaim as if fully set forth in writing herein.

9.     FMVILA provided a benefit to Plaintiff by paying rent to 1230 23rd Street, LLC for approximately eighteen months.

10.     In the event this Court grants Plaintiff's relief as requested in its Complaint, as amended, and sets aside the Articles of Organization creating 1230 23rd Street, LLC, the Deed between Plaintiff and 1230 23rd Street, LLC, or the Deed of Trust between the 1230 23rd Street, LLC and FMVILA, equity requires the subject property be subject to a lien in favor of FMVILA in the amount of two hundred and fifty thousand dollars and zero cents ($250,000.00).  This amount consists of the following: sixty one thousand one hundred and ninety five dollars and eleven cents ($61,195.11) for the pay off Plaintiff's previous loan; ninety-five thousand dollars ($95,000.00) was given to Plaintiff at closing; sixty seven thousand five hundred twenty six dollars and thirty one cents ($67,526.31) was escrowed as an interest reserve to FMVILA which served to pay the mortgage interest of 1230 23rd Street, LLC; and for approximately eighteen months. Plaintiff lived in the property rent and interest free for this eighteen month period; and twenty six thousand two hundred and seventy eight dollars and fifty eight cents in ($26,278.58) in closing costs.

WHEREFORE, in the event that this Court sets aside the Articles of Organization creating 1230 23rd Street, LLC, the Deed between Plaintiff and 1230 23rd Street, LLC, or the Deed of Trust between the 1230 23rd Street, LLC and FMVILA, First Mount Vernon Industrial Loan Association and Arthur Bennett respectfully demand that this Court enter a declaration that the subject property is subject to a lien in favor of First Mount Vernon Industrial Loan Association in the amount of two hundred and fifty thousand dollars and zero cents ($250,000.00) and provide any further relief as the Court may deem appropriate.

Respectfully submitted,

COUNCIL, BARADEL,
KOSMERL & NOLAN, P.A.

 /s/ Michael N. Russo, Jr. 
Michael N. Russo, Jr. (D.C. Bar No. 424712)
125 West Street, Fourth Floor
Annapolis, Maryland 21404
Annapolis: 410-268-6600
Washington D.C.: 301-261-2247

*Attorneys for First Mount Vernon Industrial Loan Association*

JORDAN COYNE & SAVITS, LLP

/s/ David P. Durbin 
David P. Durbin
/s/Dwight D. Murray 
Dwight D. Murray
1100 Connecticut Ave., N.W., Suite 600
Washington, D.C. 20036

*Attorneys for First Mount Vernon Industrial Loan Association and Arthur Bennett*

- 24 -

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing Amended Answer was mailed electronically via the CM/ECF system and/or first class mail, this 15th of August, 2008 to:

J.P. Szymkowicz, Esq.
John T. Szymkowicz, Esq.
SZYMKOWICZ & SZYMKOWICZ, LLP
1220 19th Street, N.W., Suite 400
Washington, D.C. 20036
Counsel for Plaintiff

Daniel Marino, Esq.
Tilman Finley, Esq.
SUTHERLAND ASBILL & BRENNAN LLP
1275 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Counsel for Robert William Carney

James M. Towarnicky, Esq.
3977 Chain Bridge Road, suite 1
Fairfax, VA 22030
Counsel for Dale Duncan

Heather S. Deane, Esq.
Michael Hicks, Esq.
Bonner Kiernan Trebach & Crociata, LLP
1233 20th Street, NW
Suite 800
Washington, DC 20036
Counsel for Urban Title Services, LLC, Paul Erb and William Kenney

Deborah K. Besche, Esq.
Goldberg, Pike & Besche, PC
100 South Charles Street
Tower 2, Suite 1001
Baltimore, Maryland 21201
Counsel for Brickshire Settlements, LLC

_/s/ Michael N. Russo, Jr._____
Michael N. Russo, Jr._

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - -x
MARY JUERGENS,                    :
                                  :
          Plaintiff,              :
                                  :
     vs.                          : Case No.: 1:06CV01524
                                  :
URBAN TITLE SERVICES, INC.,       :
et al.,                           :
                                  :
          Defendants.             :
- - - - - - - - - - - - - - -x

                    VOLUME II

                    Washington, D.C.

                    Wednesday, May 21, 2008

Continued Videotape Deposition of

               MARY L. JUERGENS

     Plaintiff, taken on behalf of counsel for

Defendants First Mount Vernon Industrial Loan

Association, Inc., and Arthur G. Bennett in the

above-entitled matter, before Denise M. Brunet, RPR

and Notary Public in and for the District of Columbia,

taken at the offices of Jordan Coyne & Savits, L.L.P.,

1100 Connecticut Avenue, N.W.,, Suite 600,

Washington, D.C. 20036, commencing at 10:08 a.m., when

were present on behalf of the respective parties:

EXHIBIT
2
ALL-STATE LEGAL®

Page 438

```
 1        A       Yes.  I didn't really like it, but yes.

 2        Q       Okay.  Now, is it fair to say that of that

 3   $250,000, approximately $60,000 would be paid to pay

 4   the Owen's Living Trust in full?

 5        A       Yes.

 6        Q       Is it also fair to say that you received --

 7   you ultimately received a check from First Mount

 8   Vernon made payable to you in the amount of $95,000?

 9        A       Made out to Mary Juergens for 95,000,

10   that's correct.

11        Q       That's you, right, Mary Juergens?

12        A       Personally, yes.

13        Q       Made payable to you, Mary Juergens?

14        A       Yep.

15        Q       Okay.  And did you cash or deposit that

16   check?

17        A       I deposited that check.

18        Q       Where did you deposit that check?

19        A       Commerce Bank.

20        Q       Which Commerce Bank branch?

21        A       They're -- well, there's only one in the

22   District.  It's at Connecticut and the street before
```

Page 514

1    18 months after the settlement that you personally --

2    that all -- strike that.

3              That all payments made on the $3,750 loan

4    were paid from the escrow set up for that purpose at

5    the settlement on August 31, 2005?

6              MS. BESCHE:  $250,000.

7              BY MR. RUSSO:

8        Q    The $3,750 you had --

9              MR. TOWARNICKY:  Monthly payment --

10             MR. RUSSO:  All right, folks.  Let me back

11   up and start again.

12             BY MR. RUSSO:

13       Q    Isn't it true that the 18 monthly payments

14   that you were required to make under your agreement

15   with First Mount Vernon after settlement were actually

16   paid out of monies that First Mount Vernon held in

17   escrow consistent with the settlement agreement --

18   consistent with the settlement --

19       A    Yes.

20       Q    -- made on August 31 of 2005?

21       A    But I did not know that they would be

22   interest-bearing, yes.

                          .

Page 515

1      Q      All right.  You knew that 18 payments were

2   made of $3,750 a piece out of that escrow account?

3      A      Correct.

4      Q      So -- now looking at Exhibit 31, referring

5   you to the second to last page of that document, do

6   you recognize that as being your signature applied to

7   that document at the signature line?

8      A      No.

9      Q      How is that -- what about that signature

10  leads you to believe it is not characteristically or

11  is not consistent with your own personal signature?

12     A      I would not have signed this document.  I

13  don't recognize that.  The M is started twice.  I

14  would not have signed this document.

15     Q      I'm not concerned as to whether you signed

16  the document.  All I'm concerned about is the

17  appearance of that signature.

18            Do you recognize that signature to be

19  inconsistent with your knowledge of your own

20  signature?

21     A      I do, sir.

22     Q      Why?