## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ANDREA SLOAN, as Guardian and )
Conservator on behalf of Mary Juergens, )
an incapacitated individual, in both )
Mary Juergens' individual capacity and )
as the sole member of "1230 23rd Street, )
LLC" 1350 Beverly Road, Suites 115-123 )
McLean, Virginia 22101-3961 )
                     )
        **Plaintiff,** )
                     )
      **v.** )     **CASE NUMBER 1:06-CV-01524**
                     )     **Honorable Colleen Kollar-Kotelly**
URBAN TITLE SERVICES, INC., *et al.*, )
                     )
        **Defendants.** )

### DEFENDANT URBAN TITLE SERVICES, INC.'S
### REPLY TO PLAINTIFF'S OPPOSITION TO
### DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
### AS TO COUNTS I, IV, VII, VIII, XII, AND XIII AND AS TO
### PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES

Defendant, Urban Title Services, Inc., ("Defendant" or "Urban Title") by and through

its counsel, Bonner Kiernan Trebach & Crociata, LLP, hereby submits the following reply

memorandum in support of its Motion for Summary Judgment as to Counts I, IV, VII, VIII,

XII, and XIII.

## I.    PRELIMINARY STATEMENT

In her Opposition to Defendant's Motion for Summary Judgment as to Counts I, IV,

VII, VIII, XII, and XIII, Plaintiff argues that Defendant's Motion should be denied because

there are material facts in dispute.  Importantly,  Plaintiff's argument is unsupported by the

record and Plaintiff fails to address the evidence and arguments proffered by Defendant.  The

record in this matter is devoid of any fact in dispute that is material to Plaintiff's claims or that would preclude the entry of summary judgment in favor of Defendant.[1]

Plaintiff's Opposition further reveals that the fact pattern supporting all of Plaintiff's claims, *i.e.*, Urban Title's withholding of loan proceeds in escrow – is also undisputed. While Urban Title may concede (for purposes of summary judgment) that its failure to disburse loan proceeds may support a cause of action for conversion, such conduct is legally insufficient to support Plaintiff's other tort claims and alleged statutory violations. Plaintiff's attempt to fashion a conversion claim into a variety of other causes of action should be rejected by this Court as a matter of law and summary judgment should be granted in favor of Defendant as to the Counts at issue.

## II.    LEGAL STANDARD FOR PARTY OPPOSING SUMMARY JUDGMENT

The party opposing summary judgment is "required to provide evidence that would permit a reasonable jury to find" in its favor. *Laningham v. United States Navy,* 813 F.2d 1236, 1242 (D.C.Cir.1987). Any factual assertions set forth in affidavits and other evidence in support of the moving party's motion for summary judgment shall be accepted as true unless the facts are controverted by the non-moving party through affidavits or other documentary evidence. *Dancy v. American Red Cross*, 972 F. Supp. 1, 3 (D.D.C 1997). (internal citations omitted). In order to defeat summary judgment, the non-moving party must have more than "a scintilla of evidence to support [its] claims." *Freedman v. MCI Telecommunications Corp.,* 255 F.3d 840, 845 (D.C.Cir. 2001); *see Ben-Kotel v. Howard University,* 319 F.3d 532, 536 (D.C.Cir. 2003).

---

[1] The litany of Plaintiff's admitted material facts is plainly set forth at the outset of her Opposition. (*See* Plaintiff's Opposition, pp. 2-7.)

### III.   ARGUMENT

**A.** ***Plaintiff Has Not Presented Disputed Material Facts To Preclude Summary Judgment On Her Claims For Breach of Contract, Fraud, Breach Of Fiduciary Duty, Negligence, Or Violation Of The D.C. Consumer Protection Procedures Act ("CPPA"), Nor Has She Produced Any Evidence Sufficient To Allow A Jury To Find In Her Favor With Regard To These Claims.***

Plaintiff's claims for breach of contract, fraud, breach of fiduciary duty, negligence, violation of the D.C. Consumer Protection Procedures Act ("CPPA"), and punitive damages are premised upon Urban Title's withholding of approximately $5,799.94[2] of the Owen loan proceeds in escrow until on or about September 11, 2008. (*See, generally*, Fourth Amended Complaint.) Defendant acknowledges that it withheld the escrowed funds, and has conceded liability with regard to Plaintiff's claim for conversion. However, Defendant's conduct is not actionable for claims other than conversion. In this case, Defendant has produced uncontroverted evidence that it withheld the escrowed funds because Mary Juergens immediately defaulted on the underlying Owen loan and because Urban Title did not receive authorization and/or permission from the lender to release the funds from escrow. (*See* Deposition of William Kenney, p. 28, ll. 19-22; p. 29, ll. 1-8; Deposition of Paul Erb, p. 56, ll. 7-21.) There are no genuine disputes as to any of the foregoing material facts.

1.    Plaintiff Has Failed to Proffer Evidence of "Sufficiently Definite" Contract Terms That Would Allow a Jury to Determine That a Breach Has Occurred.

Plaintiff's breach of contract claim is based upon Urban Title's failure to immediately disburse the escrowed loan proceeds to Mary Juergens, and the allegedly excessive closing costs/settlement fees charged to her. As set forth above, Defendant concedes it did not immediately disburse the escrowed funds. Additionally, while Defendant submits that the

---

[2] While Plaintiff disputes the amount of loan proceeds withheld in escrow, the parties have stipulated that the withheld amount was $5,799.94. (*See* Stipulation of Fact as to Amount of Loan Proceeds Withheld by Urban Title Services, Inc.)

settlement fees were not excessive given the nature of the loan (*i.e.*, an expedited, private lender loan), that issue is immaterial to determining whether Plaintiff can maintain a claim for breach of contract.

As Plaintiff concedes, a contract is only enforceable if it is "sufficiently definite so that the parties can be reasonably certain as to how they are to perform." *Duffy v. Duffy,* 881 A.2d 630, 638 (D.C. 2005). "[T]he terms of the contract [must be] clear enough for the court to determine whether a breach has occurred and to identify an appropriate remedy." *Affordable Elegance Travel, Inc. v. Worldspan, L.P.*, 774 A.2d 320, 327 (D.C. 2001). In this case, Plaintiff's breach of contract claim is based solely upon her contentions that Urban Title charged Ms. Juergens excessive settlement fees and withheld loan proceeds in escrow for too long a period of time. (*See* Fourth Amended Complaint, ¶¶ 187-188.) Those contentions, however, are unsupported because there is no evidence of any term or provision from the parties' alleged "contract" governing the cost of settlement services or mandating that the fees charged by Urban Title match those "reasonable or customary in the industry." Similarly, assuming, *arguendo*, that an escrow agreement existed between the parties, there is no evidence of any term or condition establishing a deadline for the disbursement of the escrowed funds to Ms. Juergens. Without evidence of an agreement as to these material terms, Plaintiff cannot prevail on a breach of contract claim and summary judgment should be entered in favor of Defendant.

2.          <u>Plaintiff Has Failed to Proffer Any Evidence of Urban Title's "Intent to Deceive" or of "Action Taken in Reliance" That Would Allow a Jury to Find In Plaintiff's Favor With Respect to Plaintiff's Fraud Claim.</u>

Plaintiff's fraud claim is premised solely upon a representation to Ms. Juergens set forth in letter from Urban Title dated March 9, 2004.  (See Fourth Amended Complaint, ¶ 207)  In that letter, Urban Title indicated that it would be disbursing to Ms. Juergens the remaining escrowed loan proceeds.  (*Id.*)  Assuming, *arguendo*, that Urban Title's representation was false at the time it was made, Plaintiff still has not presented any evidence to suggest that such statement was made with the intent to mislead or that Plaintiff relied on that statement to her detriment.  Absent such evidence, Plaintiff cannot prevail on her claim for fraud.

As the letter of March 9, 2004 reveals, Urban Title was prepared to return the remaining escrowed funds to Ms. Juergens.  (*Id.*)  However, as Paul Erb testified, Urban Title awaited instructions from the lender – and those instructions were never received. (*See* Deposition of Paul Erb, p. 56, ll. 7-21.)  The record in this matter is devoid of any evidence that Urban title intended to mislead Ms. Juergens, nor has Plaintiff shown that the circumstances at issue support an inference that Urban Title intended to mislead her.  Further, as Plaintiff necessarily conceded in her Opposition, she filed the instant lawsuit against Urban Title within the applicable statute of limitations. (*See* Plaintiff's Opposition at p. 13.) Accordingly, she did not "refrain from taking any action" to her detriment.  In sum, Plaintiff has failed to present even a *prima facie* claim for fraud, and certainly cannot satisfy the heightened standard of proof to survive summary judgment on her claim.  *See, e.g., Ago v. Begg, Inc.*, 705 F. Supp. 613, 616 -617 (D.D.C. 1988) (internal citations omitted) (holding

5

that  a count of fraud must be proven by "clear and convincing" evidence" not merely a

preponderance of evidence.)

        3.            <u>Plaintiff Cannot Establish a  Breach of Fiduciary Duty</u>.

        Although Plaintiff contends that "Urban Title owed Mary Juergens several duties as a

settlement agent…such as the duty to properly account for and distribute funds received

course of a real estate settlement," she ignores both the case law of this jurisdiction and the

testimony set forth by her own expert settlement agent. (*See* Plaintiff's Opposition at p. 14.)

Plaintiff cannot dispute the proposition that a settlement agent's duty is to deal fairly which

each party to the transaction – including the lender.  *See, e.g., Aronoff v. Lenkin Co*., 618

A.2d 669, 687 (D.C., 1992) (citing *Keith v. Berry,* 64 A.2d 300, 302-03 (D.C.1949)).

Similarly, Plaintiff's expert acknowledges that the settlement agent must follow the <u>lender's</u>

instructions with regard to the disbursement of loan proceeds.  (*See,* Deposition of Plaintiff's

Expert Harvey Jacobs, p. 9, ll. 2-7.)  Based on the law in this jurisdiction and the testimony

of Plaintiff's own expert, there is no dispute that Urban Title appropriately awaited the

lender's authorization and/or permission to disburse the escrowed funds.  Accordingly,

Plaintiff's claim for breach of fiduciary duty must fail because it is premised solely upon

Urban Title's withholding of the escrowed Owen loan funds.

        4.            <u>Plaintiff Has Not Proffered Sufficient Evidence to Establish</u> <u>Negligence.</u>

        As set forth in Plaintiff's Opposition, Plaintiff proffered no specific evidence  or

arguments to support her negligence claim.  Instead, she adopted and incorporated her

arguments with respect to her breach of fiduciary duty claim.  Specifically, Plaintiff stated

that "[f]or the same reasons that Urban Title's motion for summary judgment as to Count VII

(Breach of Fiduciary Duty) should be dismissed, so should its motion for summary judgment

as to Count VIII (Negligence)." (See Plaintiff's Opposition at p. 15.)  Plaintiff's position

should be rejected by this Court because, as set forth above, Urban Title's withholding of the

escrowed funds was consistent with its fiduciary role as settlement agent.

Additionally, the applicable standard of care for negligence – as opposed to the

standard imposed by Urban Title's fiduciary relationship – is simply that of "reasonable

care." *Battle v. Thornton*, 646 A.2d 315, 319 (D.C. 1994).  Urban Title's uncontroverted

evidence is that it retained the loan proceeds in escrow because it awaited instructions from

the lender to disburse the funds and that such instruction was never received (in light of Ms.

Juergens' immediate default on the loan payments).  (*See* Deposition of William Kenney, p.

28, ll. 19-22; p. 29, ll. 1-8; Deposition of Paul Erb, p. 56, ll. 7-21.)  Plaintiff has not presented

any evidence to support a finding that Urban Title's actions were "unreasonable" or in

violation of that standard of care.  Plaintiff has similarly failed to present any evidence (or

plausible argument) that her asserted damages (*i.e.*, damages Ms. Juergens purportedly

sustained in obtaining and defaulting upon a subsequent $250,000 loan) were a "natural and

probable consequence" of Urban Title's failure to disburse approximately $5,799.94 in loan

proceeds.  Based on the record in this matter, Plaintiff cannot establish a breach of the

standard of care or damages proximately caused thereby and her claim for negligence must

be dismissed.

> ### B. *Plaintiff Has Not Presented Disputed Material Fact To Preclude Entry Of Summary Judgment On Her Claim for Violation of the D.C. Consumer Credit Services Organization Act.*

Plaintiff's claim under the D.C. Consumer Credit Services Organization Act is

premised upon testimony from the parties that Urban Title would "clean up" Ms. Juergens'

credit "by paying off the things [it] had collected for" and "getting things released from her

credit report." (*See*, Fourth Amended Complaint, ¶¶ 40, 313.) In support of her claim, Plaintiff asserts that such efforts render Urban Title a "consumer credit services organization." (*See*, Fourth Amended Complaint, ¶ 313.) However, the uncontested evidence is that any such efforts were merely part of Urban Title's role/duty as a settlement agent for the Owen loan. In her Opposition, Plaintiff's sole challenge to Defendant's evidence and the applicable law is a recitation of the statutory definition of a "consumer credit services organization," without any evidence or analysis as to how it applies to Urban Title. (*See* Plaintiff's Opposition at p. 16.)

On this issue, the evidence shows that any attempts to "clean up" Ms. Juergens' credit (and/or any negotiations with Ms. Juergens' creditors) were made solely at the behest of the lender. Specifically, the lender instructed Urban Title to hold funds in escrow to satisfy open collection accounts and to pay off anything that could affect title to the property. (*See* Deposition of William Kenney, p. 32, ll. 2-10; p. 33, ll. 12-22.) Plaintiff's own expert testified that a settlement agent is expected to ensure that any existing liens that could cloud title are released. (*See* Deposition of Harvey Jacobs, p. 9, ll. 8-11.)

Plaintiff has not presented any evidence to prove that Urban Title's actions with respect to Ms. Juergens' credit were independent of Urban Title's role in providing settlement services. Significantly, while Urban Title received payment for conducting the closing/settlement of the Owen loan, Plaintiff has not shown that Urban Title received "money or other valuable consideration" for "consumer credit services." D.C. Code § 28-4601(2)(A). Indeed, there is no evidence that Urban Title received additional consideration to improve Ms. Jeurgens' credit record or to obtain an extension of credit for Ms. Juergens.

Absent such evidence, Urban Title does not qualify as a "consumer credit services organization" and Plaintiff claim must be dismissed.

### C. Plaintiff Cannot Establish a Violation of the D.C. Consumer Protection Procedures Act

Although the D.C. Consumer Protection Procedures Act (CPPA) may "prohibit a long list of unlawful trade practices," Plaintiff's claim under the CPPA is premised solely upon two purported violations: (1) alleged misrepresentations of material fact regarding the disbursement of the Owen loan proceeds; and (2) a violation of the D.C. Consumer Credit Services Organization Act. (*See* Plaintiff's Opposition at pp. 18-19). Plaintiff's arguments in support of her CPPA claim mirror those set forth in support of her common law fraud claim and her statutory claim under the D.C. Consumer Credit Organizations Act, respectively. As set forth above, however, those arguments fail as a matter of law.

With respect to the allegedly fraudulent statements made by Urban Title, Plaintiff has not presented sufficient evidence upon which a reasonable jury could find that the representations made to Ms. Juergens regarding her escrowed loan proceeds were made with an intent to deceive. Nor can Plaintiff demonstrate that Ms. Juergens was misled by such statements to her detriment.

With respect to the alleged violation of the D.C. Consumer Credit Services Organization Act, Plaintiff has not proffered any evidence to suggest that the "consumer credit services" purportedly provided by Urban Title (*i.e.,* the "cleaning up" of Ms. Juergens' credit by paying off collections accounts) constituted anything more than services appurtenant to Urban Title's role as settlement agent for the Owen loan. Plaintiff also cannot show that Urban Title received additional consideration for such services. Accordingly,

because Plaintiff cannot prevail on either of these underlying claims, she cannot prevail on her claim for violation of the D.C. Consumer Protection Procedures Act .

### D.  Plaintiff Has Not Proffered Any Evidence To Support An Award Of Punitive Damages

As demonstrated by the record in this matter, the facts of the dispute between Plaintiff and Urban Title cannot support an award of punitive damages.  "Punitive damages may be awarded 'only if it is shown by clear and convincing evidence that the tort committed by the defendant was aggravated by egregious conduct and a state of mind that justifies punitive damages.' " *Chatman v. Lawlor*, 831 A.2d 395, 400 (D.C.2003) (quoting *Jonathan Woodner Co. v. Breeden*, 665 A.2d 929, 938 (D.C.1995)).  Here, there is no evidence to show that the withholding of loan proceeds in escrow was accomplished with an "evil motive, deliberate violence, oppression" or with a "willful disregard" for Ms. Juergens' rights.  *See, e.g. Robinson v. Sarisky*, 535 A.2d 901, 906 (D.C. 1988.)  Rather, the undisputed record evidence shows a "state of mind" of Urban Title that it was to wait for the lender's instructions prior to releasing the remaining loan proceeds held in escrow.  (*See* Deposition of William Kenney, p. 28, ll. 19-22; p. 29, ll. 1-8; Deposition of Paul Erb, p. 56, ll. 7-21.)  Authorization to disburse the escrowed funds was not forthcoming.  (*Id.*)  Therefore, the funds were withheld until it was discovered (during the course of this litigation) that the Owen loan had been paid in full. (*Id.*)

In her Opposition, Plaintiff emphasizes that Defendant has conceded liability on her claim for conversion and cites *Oliver v. Mustafa* for the proposition that punitive damages may be awarded in conversion actions. *Oliver*, 929 A.2d. 873, 878 n.2 (D.C. 2007). However, a careful reading of *Oliver* shows that the Court was itself citing to the case of *Parker v. Stein* 557 A.2d 1319, 1321 (D.C. 1989), the facts of which are wholly different

from the case *sub judice*.  The "conversion" at issue in *Stein* was a landlord's conversion of his tenant's property.  There, the Court reasoned that an award of punitive damages was a question for the jury where the tenant had presented evidence that his landlord entered his apartment at night and summarily disposed of the tenant's property without any notice or opportunity to save the tenant's belongings.  *Id.* There was also evidence that the landlord verbally assaulted the tenant and threatened to put out a "contract" on the tenant's life. *Id.* Given the foregoing, it is evident that the defendant landlord's actions in converting his tenant's property (actions which also formed the basis for an intentional infliction of emotional distress claim) bear no similarity to Urban Title's withholding Ms. Juergens' escrowed loan proceeds.  In the instant case, Urban Title's actions simply do not meet the standard for an award of punitive damages and Plaintiff's claims for such damages should be dismissed as a matter of law.

## IV.   CONCLUSION

Based on the record in this matter and for the reasons set forth in Defendant Urban Title Services, Inc.'s Motion for Summary Judgment as to Counts I, IV, VII, VIII, XII, and XIII, and those set forth herein, summary judgment should be granted in favor of Defendant, and Plaintiff's claims for breach of contract, fraud, breach of fiduciary duty, negligence, violation of the D.C. Consumer Protection Procedures Act, violation of the Consumer Credit Services Organization Act, and punitive damages should be dismissed with prejudice.

Dated:  April 24, 2009.

Respectfully Submitted,


Heather S. Deane, Esquire #471834
Lindsey A. Lewis, Esquire #979707
BONNER KIERNAN TREBACH & CROCIATA, LLP
1233 20th Street, N.W., Suite 800
Washington, DC 20036
(202) 712-7000 (voice)
(202) 712-7100 (fax)
hdeane@bktc.net
*Counsel for Defendant Urban Title Services, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that copies of *Defendant Urban Title Services, Inc.'s Reply to Plaintiff's Opposition to Defendant's Motion for Summary Judgment as to Counts I, IV, VII, VIII, XII, and XIII and as to Plaintiff's Claim for Punitive Damages* were served electronically, this 24th day of April, 2009 upon:

J.P. Szymkowicz (#462146)
1220 19th Street, N.W., Suite 400
Washington, DC  20036-2438
(202) 862-8500 (voice)
(202) 862-9825 (fax)
*Counsel for Plaintiff Andrea Sloan, as Guardian and Conservator of Mary Juergens*

Dwight D. Murray, Esquire
1100 Connecticut Avenue, N.W., #600
Washington, DC  20036
(202) 496-2803 (voice)
(202) 496-2800 (fax)
*Counsel for Defendants First Mount Vernon Industrial Loan Association Inc.
and Arthur G. Bennett*

James M. Towarnicky, Esquire
3977 Chain Bridge Road, Suite #1
Fairfax, VA 22030
(703) 352-0022 (voice)
(703) 352-1516 (fax)
*Counsel for Defendant Dale E. Duncan*

Deborah Kathryn Besche, Esq.
100 S. Charles St., Tower 2, Suite 1001
Baltimore, MD 21201
(410) 468-1361 (voice)
(410) 539-2392 (fax)
*Counsel for Defendant Brickshire Settlements, LLC*

Michael N. Russo, Jr., Esquire
125 West Street, Fourth Floor
P.O. Box 2289
Annapolis, Maryland  21404
*Co-counsel for Defendants First Mount Vernon Industrial Loan Association, Inc.*
*and Arthur J. Bennett*


Lindsey A. Lewis