**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

ANDREA SLOAN, as Guardian and
Conservator on behalf of Mary Juergens, an
Incapacitated Individual, in both Mary
Juergens' individual capacity and as the sole
member of "1230 23rd Street, LLC,"

    Plaintiff,

    v.

URBAN TITLE SERVICES, INC., *et al.*,

    Defendants.

Civil Action No. 06-1524 (CKK)

**MEMORANDUM OPINION**
(April 7, 2010)

Presently pending before the Court are several motions filed by the parties with respect to the improper notarization of certain documents relating to the loan extended to Plaintiff[1] by Defendant First Mount Vernon Industrial Loan Association, Inc. ("FMVILA") with the assistance of Defendants Arthur Bennett, Dale Duncan, and Brickshire Settlements, LLC ("Brickshire") (collectively, "FMV Defendants"). Specifically, this Memorandum Opinion addresses: (1) Plaintiff's [160] Motion for Summary Judgment on the Issue of Improper Notarization and FMV Defendants' [181/182] Cross-Motion on the Issue of Improper Notarization, both of which the Court previously held in abeyance in part with respect to the question of whether the Deed and Deed

---

[1] Subsequent to filing the instant action, the original Plaintiff in this action, Ms. Mary Juergens, was found to be an "incapacitated individual," and Andrea Sloan was appointed as Guardian and Conservator on behalf of Ms. Juergens and has been substituted as Plaintiff for Ms. Juergens, in both her individual capacity and in her capacity as the sole member of 1230 23rd Street, LLC. *See* Docket No. [114] at 2; *see also* Fourth Am. Compl., Docket No. [120]. For convenience, the Court shall refer to Ms. Juergens and Ms. Sloan interchangeably as "Plaintiff."

of Trust should be stricken from the D.C. Recorder of Deeds; and (2) Defendant Brickshire and Duncan's [252] Motion for Partial Summary Judgment Regarding the Absence of Damages to the Plaintiff from the Lack of a Proper Notary of Certain Documents.

As indicated below, Plaintiff now concedes that her request for relief in the form of an order directing that the Deed and Deed of Trust be stricken from the D.C. Recorder of Deeds is moot. Accordingly, the Court shall DENY-IN-PART AS MOOT both the Plaintiff's [160] Motion for Summary Judgment on the Issue of Improper Notarization as well as the FMV Defendants' [181/182] Cross-Motion on the Issue of Improper Notarization insofar as each motion addresses the question of whether the Deed and Deed of Trust should be stricken from the D.C. Recorder of Deeds and shall DISMISS AS MOOT Plaintiff's request for relief, as set forth in the Fourth Amended Complaint, for an order directing the D.C. Recorder of Deeds to strike the Deed and Deed of Trust.

In addition, as Plaintiff also concedes that her allegations based on the defective notarization of certain documents are now moot as well, the Court shall DENY AS MOOT Brickshire and Duncan's [252] renewed Motion for Partial Summary Judgment Regarding the Absence of Damages to the Plaintiff from the Lack of a Proper Notary of Certain Document and shall DISMISS AS MOOT Plaintiff's claims for breach of contract (Count XXI), breach of fiduciary duty (Count XXII), and negligence (Count XXIII), to the extent each claim is based on the failure to properly notarize the Deed, Deed of Trust, and the Assignment of Contracts, Income, Lease, Rents and Profits.

The Court, however, declines on the present record to rule on the Defendants' arguments that Plaintiff's lawsuit is now moot in its entirety. To the extent the FMV Defendants maintain that

Plaintiff's lawsuit is now moot, they may file a motion for summary judgment on this issue pursuant to the schedule set forth below.

## BACKGROUND

The Court assumes familiarity with the factual background of this case, which is set forth in detail in this Court previous' opinions, *see Juergens v. UTS,* 652 F. Supp. 2d 51 (D.D.C. 2009); *Juergens v. UTS*, 246 F.R.D. 4 (D.D.C. 2007); *Juergens v, UTS*, 533 F. Supp. 2d 64 (D.D.C. 2008); *Juergens v, UTS*, 652 F. Supp. 2d 40 (D.D.C. 2009); *Juergens v, UTS*, 652 F. Supp. 2d 51 (D.D.C. 2009), and the Court therefore addresses herein only such facts as are necessary for resolution of the motions currently before the Court.

On September 27, 2009, Plaintiff executed a special warranty deed selling the Condo at issue in this litigation to a third-party purchaser and paid Defendant FMVILA the net proceeds from that sale in exchange for FMVILA waiving its lien on the property. *See* Status Report, Docket No. [242]. In light of this change in circumstances, the Court held in abeyance in part Plaintiff's [160] Motion for Summary Judgment on the Issue of Improper Notarization and the FMV Defendants' [181/182] Cross-Motion on the Issue of Improper Notarization with respect to the question of whether the Deed and Deed of Trust should be stricken from the D.C. Recorder of Deeds. *See Juergens v. UTS*, 652 F. Supp. 2d 51, 67 (D.D.C. 2009). The Court ordered Plaintiff to file a notice advising the Court whether her request to strike the Deed and Deed of Trust had been rendered moot by the sale of the Condo. *Id.*

Plaintiff, in responding to the Court's Order, initially took the position that the sale of the Condo did not moot her request for relief to strike the Deed and the Deed of Trust from the D.C. Recorder of Deeds, as set forth in her Fourth Amended Complaint. *See* Status Report, Docket No.

3

[242]. Plaintiff, however, provided no factual or legal support for that position. Accordingly, by Order dated February 12, 2010, the Court directed Plaintiff to submit further supplemental briefing that "provid[ed] specific factual and legal support for her claim that the request [to strike the Deed and Deed of Trust from the D.C. Recorder of Deeds] is not moot." *See* Feb. 12, 2010 Order, Docket No. [250]. The Court also indicated that it would provide the FMV Defendants an opportunity to file a response to Plaintiff's notice. *See id.*

In addition, given the changed circumstances relating to the sale of the Condo, the Court's February 12, 2010 Order also denied without prejudice Defendant Brickshire and Duncan's [176] Motion for Partial Summary Judgment Regarding the Absence of Damages to the Plaintiff from the Lack of a Proper Notary of Certain Documents. *See* Feb. 12, 2010 Order, Docket No. [250], at 4-5. Defendants Brickshire and Duncan argued in relevant part that neither Plaintiff nor the LLC sustained any injury (*i.e.*, damages) as a result of the improper notarization on these loan documents. Because the motion was filed prior to the sale of the Condo, however, the parties' briefing did not address the impact of this sale on Plaintiff's claim that she was damaged by the improper notarization of the loan documents and the Court therefore declined to consider the motion without further briefing on the impact, if any, of the change in circumstances relating to the sale of the Condo. *See id.* The Court permitted Brickshire and Duncan to file a renewed motion on this issue.

The parties have since filed the required supplemental briefing. Specifically, on March 11, 2010, Plaintiff filed a supplemental response addressing her request to strike the Deed and Deed of Trust from the D.C. Recorder of Deeds. *See* Pl.'s Response, Docket No. [253]. As indicated therein, Plaintiff now concedes that, upon further review and consideration, the sale of the Condo has rendered moot her request to strike the Deed and Deed of Trust from the D.C. Recorder of

4

Deeds. *See id.* at 1 ("Upon further review of the facts and law at issue, Ms. Sloan now takes the position that the sale of Mary Juergens' condominium unit renders moot her request to strike the deed and deed of trust from the District of Columbia's Office of the Recorder of Deeds."). The FMV Defendants filed a supplemental response indicating that they agree with Plaintiff that her request to strike the Deed and Deed of Trust is now moot.[2] *See* Docket No. [259]. In addition, the FMV Defendants argue in their supplemental response — for the first time — that the sale of the Condo has also rendered moot Plaintiff's lawsuit in its entirety. *Id.*

Defendants Brickshire and Duncan have also, as permitted, filed a renewed Motion for Partial Summary Judgment Regarding the Absence of Damages to the Plaintiff from the Lack of a Proper Notary of Certain Document. *See* Docket No. [252]. Defendants Brickshire and Duncan contend that they are entitled to summary judgment on Plaintiff's claims for breach of contract (Count XXI), breach of fiduciary duty (Count XXII), and negligence (Count XXIII), to the extent each claim is based on the failure to properly notarize the Deed, Deed of Trust, and the Assignment of Contracts, Income, Lease, Rents and Profits. According to Brickshire and Duncan, neither Plaintiff nor the LLC sustained any injury (*i.e.*, damages) as a result of the improper notarization on these loan documents because the documents remain valid as between the parties, a fact which was confirmed by the recent sale of the Condo. Defendants therefore urge that Plaintiff's breach of contract, fiduciary duty, and negligence claims must fail to the extent each are premised on the lack of a proper notary. Plaintiff has since filed a response to Defendants Brickshire and Duncan's

---

[2] Although the supplemental response was initially filed only by Defendants FMVILA and Bennett, Defendants Brickshire and Duncan filed a motion for leave to join the supplemental response, which the Court has granted by minute order this same date. Accordingly, the Court shall treat the supplemental response as being filed on behalf of all the FMV Defendants.

motion. *See* Pl.'s Response, Docket No. [256]. As indicated therein, Plaintiff now indicates that, upon further review, she "concurs that the recent sale of the property at issue renders moot her allegations based on defective notarization." *Id.* at 1.

## DISCUSSION

A.  *Plaintiff's and the FMV Defendants' Cross-Motions on the Issue of Improper Notarization*

The Court turns first to Plaintiff's [160] Motion for Summary Judgment on the Issue of Improper Notarization and the FMV Defendants' [181/182] Cross-Motion on the Issue of Improper Notarization, both of which the Court previously held in abeyance in part pending further briefing on the issue of mootness. *See Juergens v. UTS*, 652 F. Supp. 2d 51, 67 (D.D.C. 2009). As set forth in Plaintiff's supplemental briefing, Plaintiff now concedes that the sale of the Condo has rendered moot her request to strike the Deed and Deed of Trust from the D.C. Recorder of Deeds. *See* Pl.'s Response, Docket No. [253], at 1 ("Upon further review of the facts and law at issue, Ms. Sloan now takes the position that the sale of Mary Juergens' condominium unit renders moot her request to strike the deed and deed of trust from the District of Columbia's Office of the Recorder of Deeds."). The FMV Defendants agree that Plaintiff's request to strike the Deed and Deed of Trust is now moot. *See* Docket No. [259]. Accordingly, based on Plaintiff's explicit concession that her request for relief to strike the Deed and Deed of Trust from the D.C. Recorder of Deeds is now moot, the Court shall DENY-IN-PART AS MOOT both the Plaintiff's [160] Motion for Summary Judgment on the Issue of Improper Notarization as well as the FMV Defendants' [181/182] Cross-Motion on the Issue of Improper Notarization insofar as each motion addresses the question of whether the Deed and Deed of Trust should be stricken from the D.C. Recorder of Deeds and shall

DISMISS AS MOOT Plaintiff's request for relief, as set forth in the Fourth Amended Complaint, for an order directing the D.C. Recorder of Deeds to strike the Deed and Deed of Trust.

As noted above, however, the FMV Defendants, in responding to Plaintiff's supplemental filing, also argue for the first time that the sale of the Condo at issue has rendered moot not only Plaintiff's specific request for relief to strike the Deed and the Deed of Trust but has also rendered moot her lawsuit in its entirety. This argument directly challenges the Court's subject matter jurisdiction and — if meritorious — appears to be dispositive of this case. Presently, however, the only discussion of this issue is contained in the FMV Defendants' supplemental filing. Given the significance of this argument, it is clear that more fulsome briefing on this issue is necessary and the Court therefore declines to make a ruling based solely on the limited present record. Rather, to the extent the FMV Defendants maintain that Plaintiff's lawsuit is now moot, they may file a motion for summary judgment — either jointly or separately — on this issue only by no later than April 23, 2010. Plaintiff shall then have until and including May 12, 2010, in which to file an opposition, and Defendants shall have until and including May 24, 2010, in which to file a reply, if any.

> B. *Defendants Brickshire and Duncan's Renewed Motion for Partial Summary Judgment Regarding the Absence of Damages to the Plaintiff from the Lack of a Proper Notary of Certain Document*

The Court turns next to Defendants Brickshire and Duncan's [252] renewed Motion for Partial Summary Judgment Regarding the Absence of Damages to the Plaintiff from the Lack of a Proper Notary of Certain Document. As explained above, Defendants Brickshire and Duncan contend that they are entitled to summary judgment on Plaintiff's claims for breach of contract (Count XXI), breach of fiduciary duty (Count XXII), and negligence (Count XXIII), to the extent each claim is based on the failure to properly notarize the Deed, Deed of Trust, and the Assignment

7

of Contracts, Income, Lease, Rents and Profits. According to Brickshire and Duncan, neither Plaintiff nor the LLC sustained any injury (*i.e.*, damages) as a result of the improper notarization on these loan documents because the documents remain valid as between the parties, a fact which was confirmed by the recent sale of the Condo. Defendants therefore urge that Plaintiff's breach of contract, fiduciary duty, and negligence claims must fail to the extent each are premised on the lack of a proper notary. As explained above, Plaintiff has filed a response to Defendants Brickshire and Duncan's motion, in which she now "concurs that the recent sale of the property at issue renders moot her allegations based on defective notarization." Pl.'s Response, Docket No. [256], at 1.

Given Plaintiff's explicit concession that her allegations based on the defective notarization are now moot, the Court shall DENY AS MOOT Brickshire and Duncan's [252] renewed Motion for Partial Summary Judgment Regarding the Absence of Damages to the Plaintiff from the Lack of a Proper Notary of Certain Document and shall DISMISS AS MOOT Plaintiff's claims for breach of contract (Count XXI), breach of fiduciary duty (Count XXII), and negligence (Count XXIII), to the extent each claim is based on the failure to properly notarize the Deed, Deed of Trust, and the Assignment of Contracts, Income, Lease, Rents and Profits.

## CONCLUSION

For the reasons set forth above, the Court shall DENY-IN-PART AS MOOT both the Plaintiff's [160] Motion for Summary Judgment on the Issue of Improper Notarization as well as the FMV Defendants' [181/182] Cross-Motion on the Issue of Improper Notarization insofar as each motion addresses the question of whether the Deed and Deed of Trust should be stricken from the D.C. Recorder of Deeds and shall DISMISS AS MOOT Plaintiff's request for relief, as set forth in the Fourth Amended Complaint, for an order directing the D.C. Recorder of Deeds to strike the

Deed and Deed of Trust.  In addition, the Court shall DENY AS MOOT Brickshire and Duncan's [252] renewed Motion for Partial Summary Judgment Regarding the Absence of Damages to the Plaintiff from the Lack of a Proper Notary of Certain Document and shall DISMISS AS MOOT Plaintiff's claims for breach of contract (Count XXI), breach of fiduciary duty (Count XXII), and negligence (Count XXIII), to the extent each claim is based on the failure to properly notarize the Deed, Deed of Trust, and the Assignment of Contracts, Income, Lease, Rents and Profits.  Finally, to the extent the FMV Defendants maintain that Plaintiff's lawsuit is now moot in its entirety, they may file a motion for summary judgment — either jointly or separately — on this issue only by no later than April 23, 2010.  Plaintiff shall then have until and including May 12, 2010, in which to file an opposition, and Defendants shall have until and including May 24, 2010, in which to file a reply, if any.  An appropriate Order accompanies this Memorandum Opinion.

Date: April 7, 2010

                                                                 */s/*
                                           **COLLEEN KOLLAR-KOTELLY**
                                           United States District Judge