UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**ANDREA SLOAN**, as Guardian and
Conservator on behalf of Mary Juergens, an
Incapacitated Individual, in both Mary
Juergens' individual capacity and as the sole
member of "1230 23rd Street, LLC,"

    *Plaintiff/Counter-Defendant*,

v.

**URBAN TITLE SERVICES, INC.**, *et al.*,

    *Defendants/Counter-Plaintiffs*.

Civil Action No. 06-01524 (CKK)

**MEMORANDUM OPINION**
(March 21, 2011)

Mary Juergens ("Juergens") commenced this action on August 29, 2006, challenging the legality of two loans extended to her, each of which was secured on a condominium located at 1230 23rd Street, N.W., Apartment 505, Washington, D.C. 20037 (the "Condo"). Subsequently, Juergens was found to be an "incapacitated individual" and Andrea Sloan ("Sloan"), who was appointed as Juergens' Guardian and Conservator, was substituted for Juergens as the plaintiff in this action.[1] Over the years, the claims and defendants in this action have been successively winnowed down by orders of this Court and by the agreement of the parties. Today, the defendants include Brickshire Settlements, LLC ("Brickshire"), First Mountain Vernon Industrial Loan Association, Inc. ("FMVILA"), Dale Duncan ("Duncan"), and Arthur G. Bennett (collectively, "Defendants"). Presently before the Court is Brickshire's [267] Supplemental Motion for Summary Judgment on **Counts XXI**, **XXII**, and **XXIII** ("Motion for Summary

---

[1] The Court shall refer to Juergens and Sloan interchangeably as "Plaintiff."

Judgment"), pursuant to which Brickshire argues that the law of the case doctrine warrants summary judgment in its favor on Plaintiff's claims for breach of contract, breach of fiduciary duty, and negligence (**Counts XXI**, **XXII**, and **XXIII**). Based upon the parties' submissions, the relevant authorities, and the record as a whole, the Court shall GRANT-IN-PART and DENY-IN-PART Brickshire's [267] Motion for Summary Judgment.

## I. BACKGROUND

The Court assumes familiarity with its prior opinions in this action, which set forth in detail the history of this case, and shall therefore only address the factual and procedural background necessary to address the discrete issues currently before the Court.

The only loan that remains at issue in this action was extended by or with the assistance of Defendants (the "Loan"). The heart of Plaintiff's lawsuit is her allegation that the Loan was intended to be, or should be construed as, a personal residential loan—not a commercial loan. *See Sloan v. Urban Title Servs., Inc.*, 689 F. Supp. 2d 123, 127 (D.D.C. 2010) (hereinafter, "*Sloan I*"). The relevant documents, taken at face value, characterize the Loan as a $250,000 commercial loan extended by FMVILA to 1220 23rd Street, LLC (the "LLC"), a limited liability company of which Plaintiff is the sole member. *Id.* at 127-28. Plaintiff nevertheless maintains that the Loan is, or should be construed as, a personal residential loan because (a) the documents relating to the Loan were fraudulently obtained by forgery and (b) the Loan is an illegal consumer residential loan disguised as a commercial loan in order to evade fair lending and disclosure requirements. *See* 4th Am. Compl., Docket No. [120], ¶¶ 89-92. Unsurprisingly, Defendants deny Plaintiff's allegations and assert that the Loan is a valid commercial loan extended to Plaintiff's LLC. *See id.* ¶¶ 94-96. By their account, Defendants assisted Plaintiff, at her request,

2

in establishing the LLC, the title to the Condo was transferred from Plaintiff to the LLC, and FMVILA extended a lawful commercial loan for $250,000, secured by the Condo, to the LLC. *See id.* ¶ 96. Therefore, as presented by the parties, the central question underlying this lawsuit is whether the Loan is or is not a legitimate commercial loan lawfully extended to the LLC.

As is relevant to the instant motion, the operative version of Plaintiff's Complaint includes the following causes of action against Brickshire: **Count XXI** (Breach of Contract); **Count XXII** (Breach of Fiduciary Duty); **Count XXIII** (Negligence); and **Count XXXI** (CPPA[2] Violation). *See* 4th Am. Compl. ¶¶ 375-398, 482-497.[3] The first three of these claims—breach of contract, breach of fiduciary duty, and negligence—are premised on identical factual allegations and essentially state alternative theories of recovery for the same conduct. *Id.* ¶¶ 375-398. As described below, some of those factual allegations have already been addressed by the Court, and others are the subject of the instant motion.

On March 6, 2009, Brickshire moved for partial summary judgment in connection with each of the four above-described claims. *See* Def.'s Mots. for Partial Summ. J., Docket Nos. [177]-[178]. Plaintiff filed a timely opposition. *See* Pl.'s Opp'n to Def.'s Mots. for Partial Summ. J., Docket Nos. [197]-[198]. Brickshire filed a reply. *See* Def.'s Reply in Supp. of Mots. for Partial Summ. J., Docket Nos. [216]-[217].

On February 12, 2010, this Court issued a Memorandum Opinion and Order addressing a series of motions and cross-motions raised by the parties, including Brickshire's motion for

---

[2] "CPPA" refers to the District of Columbia's Consumer Protection Procedures Act, D.C. Code § 28-3901 *et seq.*

[3] Plaintiff has asserted other claims against Brickshire that are not relevant to the instant motion.

partial summary judgment. *See generally Sloan v. Urban Title Servs., Inc.*, 689 F. Supp. 2d 123 (D.D.C. 2010) (hereinafter, "*Sloan II*"). In that decision, the Court addressed a discrete factual component common to Plaintiff's claims for breach of contract, breach of fiduciary duty, and negligence (**Counts XXI**, **XXII**, and **XXIII**)—namely, Plaintiff's allegation that Brickshire "fail[ed] to promptly fil[e] loan documents and loan releases" with the Recorder of Deeds. 4th Am. Compl. ¶¶ 377, 384, 392. While certain documents admittedly were not filed in a timely manner, Plaintiff suffered no damages from the delay and therefore the Court found that Brickshire was entitled to summary judgment on Plaintiff's claims for breach of contract, breach of fiduciary duty, and negligence insofar as those claims were predicated on the allegation that Brickshire failed to promptly file loan documents and loan releases. *See Sloan II*, 689 F. Supp. 2d at 133-35. Accordingly, that allegation is no longer at issue.

As is particularly relevant to the instant motion, the Court's February 12, 2010 decision also addressed the merits of Plaintiff's CPPA claim against Brickshire (**Count XXXI**), a claim predicated on the twin allegations that Brickshire (a) "fraudulently disguis[ed] the loan to [] Juergens as a commercial loan rather than, what was in reality, a personal consumer residential loan," and (b) "provid[ed] [] Juergens with a false, incomplete and deceptive HUD-1[4] settlement statement." 4th Am. Compl. ¶¶ 487-88. The Court's decision in this regard focused on Brickshire's limited role in the underlying transaction, the extent of its knowledge, and the implications of these considerations for the viability of Plaintiff's CPPA claim.

While the motion was sharply disputed by the parties, there was little genuine

---

[4] The HUD-1 is a standard form used to itemize services and fees charged to a borrower by a lender or broker.

disagreement about the underlying facts. The parties agreed that Brickshire had no role in the origination of the Loan or the creation of the LLC. *See Sloan II*, 689 F. Supp. 2d at 136. With the exception of the HUD-1 statement, Brickshire did not prepare any of the documents relating to the Loan; rather, Duncan drafted the documents and later provided them to Brickshire. *Id.* All the loan documents prepared by Duncan and provided to Brickshire referred to the Loan as a commercial loan; from the face of the documents, there was no indication that the Loan was consumer in nature. *Id.* at 138. Succinctly stated, "Brickshire's role was to order the title search, obtain the title insurance, prepare the [] release, disburse certain monies received after settlement and . . . prepare the HUD-1." *Id.* at 137. Even as to the HUD-1 statement, Brickshire relied on information provided by Duncan. *Id.* In its final form, it contained two purported inaccuracies, both of which Plaintiff's own expert essentially described as harmless. *Id.* at 137-38.

Based on the undisputed facts, the Court held in its February 12, 2010 decision that, even assuming that the Loan was actually a personal loan disguised as a commercial transaction, there was no evidence "suggest[ing] that Brickshire knew or had reason to know that the [] Loan was anything but a commercial loan." *Sloan II*, 689 F. Supp. 2d at 138. Therefore, the Court found that Plaintiff "ha[d] failed to proffer any fact from which a reasonable jury could conclude that Brickshire 'fraudulently disguis[ed]' the [] Loan as a commercial loan." *Id.* at 139. In addition, the Court held that no reasonable jury could find that the statements or omissions in the HUD-1 statement were "material with a tendency to mislead." *Id.* Based on these conclusions, the Court determined that Brickshire was entitled to summary judgment under two of the three CPPA subsections relied upon by Plaintiff. *Id.* at 140. Plaintiff subsequently withdrew her claim as it pertained to a third and final subsection. *See* Min. Order (Mar. 13, 2010). Accordingly,

Plaintiff's CPPA claim is no longer at issue in this litigation. Nonetheless, in support of the instant motion, Brickshire essentially argues that the Court's reasoning as to the CPPA claim applies with equal force to Plaintiff's claims for breach of contract, breach of fiduciary duty, and negligence.

During the pendency of this litigation, Plaintiff sold the Condo to third-party purchasers, prompting the Court to request supplemental briefing from the parties as to whether the sale had rendered moot a further factual component of Plaintiff's claims for breach of contract, breach of fiduciary duty, and negligence (**Counts XXI**, **XXII**, and **XXIII**)—namely, Plaintiff's allegation that Brickshire "fail[ed] to notarize and authenticate loan documents by a licensed notary." 4th Am. Compl. ¶¶ 377, 384, 393. On April 7, 2010, based on Plaintiff's explicit concession that the defective notarization issue was moot, the Court dismissed Plaintiff's claims for breach of contract, breach of fiduciary duty, and negligence insofar as those claims were based on allegations that Brickshire failed to properly notarize and authenticate loan documents by a licensed notary. *See Sloan v. Urban Title Servs., LLC*, 702 F. Supp. 2d 1, 4-5 (D.D.C. 2010) (hereinafter, "*Sloan III*"). Accordingly, that allegation is no longer at issue.

On April 26, 2010, Brickshire moved to file a supplemental motion for summary judgment on the limited issue of whether the law of the case doctrine requires that judgment be entered in its favor on Plaintiff's claims for breach of contract, breach of fiduciary duty, and negligence (**Counts XXI**, **XXII**, and **XXIII**). *See* Def.'s Mot. for Leave to File a Suppl. Mot. for Summ. J., Docket No. [266]. As characterized by Brickshire, the anticipated motion would "merely ask[] the Court to grant summary judgment regarding claims which have already been addressed by this Court" in its prior decision. *See* Defs.' Mem. in Supp. of Mot. for Leave to

File a Suppl. Mot. for Summ. J., Docket No. [266-1], at 2. Even though the motion was not contemplated by any scheduling order in the case, the Court granted Brickshire leave to file a motion for summary judgment on this discrete issue—specifically, the effect of the law of the case doctrine on Plaintiff's claims for breach of contract, breach of fiduciary duty, and negligence. *See* Min. Order (Apr. 23, 2010); Min. Order (Apr. 27, 2010).

On April 27, 2010, Brickshire filed its opening memorandum. *See* Def.'s Mem. in Supp. of Suppl. Mot. for Summ. J. ("Def.'s Mem."), Docket No. [267]. Plaintiff filed a timely opposition. *See* Pl.'s Opp'n to Def.'s Suppl. Mot. for Summ. J. ("Pl.'s Opp'n"), Docket No. [269]. Brickshire filed a reply. *See* Def.'s Reply in Supp. of Suppl. Mot. for Summ. J. ("Def.'s Reply"), Docket No. [271]. The matter is therefore fully briefed and ripe for adjudication.

## II. LEGAL STANDARDS & DISCUSSION

The Court's discussion here proceeds in two parts. First, the Court begins by identifying the factual allegations that remain at issue in connection with Plaintiff's claims against Brickshire for breach of contract, breach of fiduciary duty, and negligence (**Counts XXI**, **XXII**, and **XXIII**); simplifying matters considerably, Plaintiff, confining her opposition to the viability of three discrete factual allegations, has expressly conceded that several allegations are no longer at issue. *See infra* Part II.A. Second, after identifying the allegations that remain at issue, the Court shall explain why Brickshire has failed to establish that the law of the case doctrine bars Plaintiff from securing relief as to those allegations. *See infra* Part II.B.

Before proceeding to the merits of the instant motion, the Court pauses to make a few overarching observations about the nature of the parties' briefing. To put it mildly, both parties' submissions leave much to be desired. On the one hand, Brickshire's moving papers consist of

7

little more than extensive quotes from this Court's prior decisions coupled with wholly conclusory assertions that those decisions preclude Plaintiff from recovering in connection with her claims for breach of contract, breach of fiduciary duty, and negligence based on the law of the case doctrine. *See* Def.'s Mem.; Def.'s Reply. Brickshire simply offers no meaningful explanation or legal argument in support of its position. *See* Def.'s Mem.; Def.'s Reply. On the other hand, Plaintiff offers nothing in the way of a direct response to the only argument that Brickshire has tendered in support of the instant motion—namely, that the law of the case doctrine precludes certain relief. *See* Pl.'s Opp'n. Indeed, Plaintiff's opposition papers inexplicably do not even mention the law of the case doctrine. *See id.* Instead, as has become a recurring theme in this action, Plaintiff muddles the record by introducing extraneous facts that simply have no bearing on Brickshire's pure legal argument. The Court shall not belabor the point. It is the litigants' burden to crystallize the pertinent factual and legal landscape for the district court. *Herbert v. Architect of Capitol*, __ F. Supp. 2d __, 2011 WL 637549, at *1 (D.D.C. Feb. 23, 2011). In this case, the parties have fallen woefully short of discharging that burden.

### A. Plaintiff Has Conceded that Certain Factual Allegations Are No Longer at Issue in this Action

The Court begins by identifying the factual allegations that remain at issue in connection with Plaintiff's claims against Brickshire for breach of contract, breach of fiduciary duty, and negligence (**Counts XXI**, **XXII**, and **XXIII**). The parties are in agreement that these three claims are based on the same nine discrete factual allegations. *See* Def.'s Mem. at 1-2; Pl.'s

8

Opp'n at 2-3. The nine allegations[5] are as follows:

    (a)    Plaintiff's allegation that Brickshire "fail[ed] to use a proper and accurate accounting statement," 4th Am. Compl. ¶¶ 377, 385, 393;

    (b)    Plaintiff's allegation that Brickshire "fail[ed] to ensure that the loan documents complied with all relevant laws and statutes," 4th Am. Compl. ¶¶ 377, 385, 393;

    (c)    Plaintiff's allegation that Brickshire "fail[ed] to notarize and authenticate loan documents by a licensed notary," 4th Am. Compl. ¶¶ 377, 385, 393;

    (d)    Plaintiff's allegation that Brickshire "fail[ed] to promptly disburse funds associated with the loan," 4th Am. Compl. ¶¶ 377, 385, 393;

    (e)    Plaintiff's allegation that Brickshire "fail[ed] to promptly fil[e] loan documents and loan releases," 4th Am. Compl. ¶¶ 377, 385, 393;

    (f)    Plaintiff's allegation that Brickshire "fail[ed] to conduct the settlement in a manner in accordance with all relevant laws and statutes," 4th Am. Compl. ¶¶ 377, 385, 393;

    (g)    Plaintiff's allegation that Brickshire "us[ed] a HUD-1 statement that did not accurately reflect the nature of the transaction," 4th Am. Compl. ¶¶ 378, 386, 394;

    (h)    Plaintiff's allegation that Brickshire "pa[id] 'transfer' and 'recordation' taxes to the District of Columbia Recorder of Deeds with regard to the transfer of title between" Juergens and the LLC, 4th Am. Compl. ¶¶ 379, 387, 395; and

    (i)    Plaintiff's allegation that Brickshire "allowed [FMVILA] to fraudulently disguise the loan . . . as a commercial loan," 4th Am. Compl. ¶¶ 380, 388, 396.

Two of the nine allegations—allegations (c) and (e)—have already been directly considered and dismissed by the Court in the context of Plaintiff's claims against Brickshire for breach of contract, breach of fiduciary duty, and negligence, and therefore are no longer at issue.

---

[5] For purposes of clarity, the Court shall use the letter designations adopted by the parties. *See* Def.'s Mem. at 1-2; Pl.'s Opp'n at 3.

*See Sloan II*, 689 F. Supp. 2d at 133-35; *Sloan III*, 702 F. Supp. 2d at 4-5. As for the remaining seven allegations—allegations (a), (b), (d), (f), (g), (h), and (i)—Brickshire argues in its opening memorandum that further relief on those allegations is effectively precluded by virtue of the Court's February 12, 2010 decision. *See* Def.'s Mem. at 1-4. Specifically, Brickshire's argument is essentially that the Court's conclusions, although technically made in the context of resolving the merits of Plaintiff's CPPA claim, apply with equal force to Plaintiff's claims for breach of contract, breach of fiduciary duty, and negligence.

In opposition, Plaintiff does not contest Brickshire's argument that she may not secure relief in connection with four of the seven allegations identified by Brickshire—allegations (d), (f), (h), and (i)—in light of the Court's February 12, 2010 decision. *See* Pl.'s Opp'n. Indeed, under the heading "Claims Still at Issue with Regard to Breach of Contract, Breach of Fiduciary Duty and Negligence Counts," Plaintiff clearly states that the only claims at issue are allegations (a), (b), and (g). *Id.* Based on this explicit concession, the Court shall treat as conceded Brickshire's argument that recovery under allegations (d), (f), (h), and (i) is precluded in light of the Court's prior decision. *See Lewis v. District of Columbia*, No. 10-5275, 2011 WL 321711, at *1 (D.C. Cir. Feb. 2, 2011) ("'It is well understood in this Circuit that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded.'") (quoting *Hopkins v. Women's Div., Gen. Bd. of Global Ministries*, 284 F. Supp. 2d 15, 25 (D.D.C. 2003), *aff'd*, 98 F. App'x 8 (D.C. Cir. 2004)); *see also Sloan I*, 689 F. Supp. 2d at 121-22; *Sloan II*, 689 F. Supp. 2d at 134. Therefore, the Court shall GRANT Brickshire's [267] Motion for Summary Judgment as to Plaintiff's claims against Brickshire for breach of contract, breach of fiduciary

duty, and negligence (**Counts XXI**, **XXII**, and **XXIII**) insofar as such claims are based on Plaintiff's allegations that Brickshire "fail[ed] to promptly disburse funds associated with the loan," "fail[ed] to conduct the settlement in a manner in accordance with all relevant laws and statutes," "pa[id] 'transfer' and 'recordation' taxes to the District of Columbia Recorder of Deeds with regard to the transfer of title between" Juergens and the LLC, and "allowed [FMVILA] to fraudulently disguise the loan . . . as a commercial loan." 4th Am. Compl. ¶¶ 377, 379-80, 385, 387-88, 393, 396.

> **B.** *Brickshire Has Failed to Establish that the Law of the Case Doctrine Applies to the Remaining Three Allegations*

In light of Plaintiff's explicit concession, only three allegations remain at issue in connection with Plaintiff's claims against Brickshire for breach of contract, breach of fiduciary duty, and negligence (**Counts XXI**, **XXII**, and **XXIII**). Preserving the parties' original letter designations, those allegations are as follows:

> (a) Plaintiff's allegation that Brickshire "fail[ed] to use a proper and accurate accounting statement," 4th Am. Compl. ¶¶ 377, 385, 393;
>
> (b) Plaintiff's allegation that Brickshire "fail[ed] to ensure that the loan documents complied with all relevant laws and statutes," 4th Am. Compl. ¶¶ 377, 385, 393; and
>
> (g) Plaintiff's allegation that Brickshire "us[ed] a HUD-1 statement that did not accurately reflect the nature of the transaction," 4th Am. Compl. ¶¶ 378, 386, 394.

*See* Pl.'s Opp'n at 4; Def.'s Reply at 10. Brickshire argues that these allegations "were ruled on" by this Court in its February 12, 2010 decision. Def.'s Reply at 10. In support of this contention, Brickshire relies principally upon the Court's findings, made in the context of addressing the merits of Plaintiff's CPPA claim against Brickshire, that no reasonable fact finder could conclude

(i) that "Brickshire knew or had reason to know that the [] Loan was anything but a commercial loan," or (ii) that the statements or omissions in the HUD-1 statement were "material with a tendency to mislead." *Sloan II*, 689 F. Supp. 2d at 138-39. From this foundation, Brickshire posits—without any explanation—that Plaintiff's breach of contract, breach of fiduciary duty, and negligence claims concerning allegations (a), (b), and (g) are "unsupported" and that, "pursuant to the law of the case doctrine, these claims have already been decided in favor of Brickshire." Def.'s Reply at 4.

Brickshire's argument fails for at least two reasons. First, Brickshire misapprehends the nature of the law of the case doctrine, which, strictly speaking, does not even apply in this context. *See infra* Part II.B.1. Second, and more importantly, Brickshire makes no meaningful attempt to explain how the Court's prior decision applies to Plaintiff's claims for breach of contract, breach of fiduciary duty, and negligence, and therefore Brickshire has failed to carry its burden of establishing that it is entitled to judgment as a matter of law. *See infra* Part II.B.2.

1. **The Law of the Case Doctrine Does Not Apply**

The law of the case doctrine "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Pepper v. United States*, __ U.S. __, 131 S. Ct. 1229, 1250 (2011) (internal quotation marks omitted). The doctrine's reach extends to "issues decided both explicitly and by necessary implication." *PNC Fin. Servs. Grp., Inc. v. C.I.R.*, 503 F.3d 119, 126 (D.C. Cir. 2007) (internal quotation marks omitted). "Although failure to adhere to the law of the case doctrine may in some cases constitute abuse of discretion, adherence to the doctrine is not mandatory." *Moore v. Hartman*, 332 F. Supp. 2d 252, 256 n.6 (D.D.C. 2004). That is, while the doctrine "directs a

court's discretion, it does not limit the tribunal's power." *Arizona v. California*, 460 U.S. 605, 618 (1983). However, strictly speaking, the doctrine has no direct applicability where, as here, the underlying decision is interlocutory, as such a decision "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Simply put, under the well-established precedent of this Circuit, "[i]nterlocutory orders are not subject to the law of the case doctrine." *Langevine v. District of Columbia*, 106 F.3d 1018, 1023 (D.C. Cir. 1997); *accord Filebark v. U.S. Dep't of Transp.*, 555 F.3d 1009, 1013 (D.C. Cir.), *cert. denied*, __ U.S. __, 130 S. Ct. 487 (2009). Therefore, to the extent Brickshire's argument rests on the contention that the application of the law of the case doctrine is somehow mandatory or obligatory in this context, the argument is without merit.

### 2. Brickshire Has Failed to Establish that Plaintiff's Live Claims Present the "Same Issue" Counseling in Favor of the "Same Result"

Even though the law of the case doctrine does not apply with all its force in the present context, it is nonetheless true that "[i]nconsistency is the antithesis of the rule of law," and "the same issue presented a second time in the same case in the same court should lead to the same result." *LaShawn A. v. Barry*, 87 F.3d 1389, 1393 (D.C. Cir. 1996) (en banc), *cert. denied*, 520 U.S. 1264 (1997). Therefore, a district court, when presented with a parallel issue later in the same litigation, if not bound thereby, should nevertheless be guided by the general principles underlying the doctrine of the law of the case. *See, e.g.*, *Malewicz v. City of Amsterdam*, 517 F. Supp. 2d 322, 328 (D.D.C. 2007); *EAW Grp., Inc. v. Republic of Gambia*, No. 02 Civ. 2425, 2007 WL 1297180, at *2 (D.D.C. May 1, 2007). This is particularly true where, as here, the underlying decision is one resolving a motion for summary judgment. Were it otherwise, motions for summary judgment "could not perform their function of simplifying and narrowing

13

disputed issues." *Cruz v. Am. Airlines, Inc.*, 356 F.3d 320, 330 (D.C. Cir. 2004).

Brickshire's argument, distilled to its essence, is that the Court's reasoning as to the merits of Plaintiff's CPPA claim applies with equal force to Plaintiff's claims for breach of contract, breach of fiduciary duty, and negligence. *See* Def.'s Mem.; Def.'s Reply. While there may or may not be merit behind the argument, the problem is that Brickshire offers no meaningful explanation or legal argument in support of its position—none—and its chosen approach is patently inadequate to establish its claimed "entitle[ment] to judgment as a matter of law." Fed. R. Civ. P. 56(a). In support of its position, Brickshire offers little more than lengthy quotes from this Court's February 12, 2010 decision coupled with its *ipse dixit* that the Court's previous decision similarly precludes Plaintiff from recovering in connection with her claims for breach of contract, breach of fiduciary duty, and negligence under the law of the case doctrine. *See* Def.'s Mem.; Def.'s Reply. In order to prevail on its position that the principles underlying the law of the case doctrine have some bearing here, Brickshire must, at the bare minimum, show that the issues presented when the Court resolved the merits of Plaintiff's CPPA claim and the issues now relevant to the remaining three factual allegations supporting Plaintiff's claims for breach of contract, breach of fiduciary duty, and negligence are "the same," such that would counsel in favor of reaching "the same result." *LaShawn A.*, 87 F.3d at 1393. This Brickshire does not even attempt to do. Indeed, Brickshire does not even bother to identify the essential elements of the three causes of action at issue, let alone correlate the Court's prior reasoning with a specific element essential to supporting Plaintiff's claims.[6] *See* Def.'s Mem.; Def.'s Reply.

---

[6] Nor does Brickshire provide any choice-of-law analysis such that would allow the Court to discern whether the laws of the District of Columba or Virginia would apply. *See* Def.'s Mem.; Def.'s Reply.

To the extent Brickshire considers the connection obvious, it is mistaken. Simply by way of example, to state a claim for breach of contract, a plaintiff must allege (i) a valid contract between the parties, (ii) an obligation or duty arising out of the contract, (iii) a breach of that duty, and (iv) damages caused by that breach. *Tsintolas Realty Co. v. Mendez*, 984 A.2d 181, 187 (D.C. 2009); *see also Sunrise Continuing Care, LLC v. Wright*, 277 Va. 148, 154 (Va. 2009) (identifying substantially the same elements in articulating the standard for breach of contract under Virginia law). The three factual allegations that remain at issue in connection with Plaintiff's claim for breach of contract, taken together, essentially provide that Brickshire failed to prepare a HUD-1 statement accurately reflecting the nature of the transaction. 4th Am. Compl. ¶¶ 377-78, 385-96, 393-94. The two prior holdings of this Court upon which Brickshire relies in support of the instant motion are that no reasonable fact finder could conclude (i) that Brickshire "knew or had reason to know" that the Loan was anything but a commercial loan or (ii) that the statements in the HUD-1 statement were "material with a tendency to mislead." *See Sloan II*, 689 F. Supp. 2d at 138-39. Does Brickshire intend to suggest that the former finding precludes Plaintiff from establishing that Brickshire breached a contractual duty to Plaintiff? If so, Plaintiff independently alleges that the contract she entered into with Brickshire, *inter alia*, flatly required Brickshire to prepare "a proper and accurate accounting statement." 4th Am. Compl. ¶ 376. It is at least theoretically possible that Brickshire could still be liable for breach of contract even though it had no reason to know that the Loan was anything but a commercial loan—if providing an accurate HUD-1 statement was in fact part of the parties' agreement, then Brickshire's state of mind may be irrelevant. Or, alternatively, does Brickshire intend to suggest that the Court's conclusion that the inaccuracies in the HUD-1 statement were not "material with a tendency to

mislead" precludes Plaintiff from establishing that Brickshire breached a contractual duty to Plaintiff?  If that is the case, it is again at least theoretically possible that an inaccuracy that is "immaterial" for purposes of establishing liability under the CPPA may nevertheless be sufficiently "material" to establish a breach of contract.  Stated somewhat differently, Brickshire has made no attempt to show that the issues decided in the context of resolving Plaintiff's CPPA claim and the issues essential to Plaintiff's claim for breach of contract are coextensive, such that would warrant application of the general principles underlying the law of the case doctrine.

This same defect carries throughout Brickshire's motion.  Despite the fact that its motion is predicated upon the doctrine of the law of the case, Brickshire inexplicably makes no effort to show that the issues previously resolved by the Court and the issues relevant to Plaintiff's claims for breach of contract, breach of fiduciary duty, and negligence are "the same," such that would counsel in favor of reaching "the same result." *LaShawn A.*, 87 F.3d at 1393.  Whatever its ultimate merits, the Court is left to guess as to the basis for Brickshire's motion.  Given that the application of the law of the case doctrine is discretionary even where it applies with full force, *see Arizona*, 460 U.S. at 618, the Court is disinclined to exercise its discretion in this case to hold that Plaintiff is precluded from recovering on the merits of three of her claims where Brickshire itself has failed to supply a basis for doing so.  In the final analysis, Brickshire has simply failed to establish its "entitle[ment] to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  As a result, the Court shall DENY Brickshire's [267] Motion for Summary Judgment as to Plaintiff's claims for breach of contract, breach of fiduciary duty, and negligence (**Counts XXI**, **XXII**, and **XXIII**) insofar as those claims are based on allegations that Brickshire "fail[ed] to use a proper and accurate accounting statement," "fail[ed] to ensure that loan documents complied with all

relevant laws and statutes," and "us[ed] a HUD-1 statement that did not accurately reflect the nature of the transaction." 4th Am. Compl. ¶¶ 377-78, 385-86, 393-94.

Before concluding, the Court pauses to make a final observation. While the inadequacy of the record created by the parties in connection with the instant motion has prevented the Court from truly probing the merits of the surviving aspects of Plaintiff's claims against Brickshire for breach of contract, breach of fiduciary duty, and negligence, without opining on their ultimate merits, it is nevertheless evident from the limited record that has been presented to the Court to date that there are significant weaknesses in each of these claims. Barring settlement, the parties will now be proceeding along the path to pretrial proceedings. At this stage in the proceedings, Plaintiff would be well-advised to take stock of the evidence she can expect to marshal in support of her claims in the event this action ultimately proceeds to trial.

### III. CONCLUSION

The Court has considered the remaining arguments tendered by the parties and has concluded that they are without merit. Therefore, and for the reasons set forth above, the Court shall GRANT-IN-PART and DENY-IN-PART Brickshire's [267] Motion for Summary Judgment. Specifically, the Court shall GRANT Brickshire's motion as to Plaintiff's claims against Brickshire for breach of contract, breach of fiduciary duty, and negligence (**Counts XXI**, **XXII**, and **XXIII**) insofar as such claims are based on Plaintiff's allegations that Brickshire (i) failed to promptly disburse funds associated with the Loan, (ii) failed to conduct the settlement in a manner in accordance with all relevant laws and statutes, (iii) paid "transfer" and "recordation" taxes to the Recorder of Deeds with regard to the transfer of title between Juergens and the LLC, and (iv) allowed FMVILA to fraudulently disguise the Loan as a commercial loan. The Court

shall DENY the motion insofar as such claims are based on Plaintiff's allegations that Brickshire (v) failed to use a proper and accurate accounting statement, (vi) failed to ensure that the Loan documents complied with all relevant laws and statutes, and (vii) used a HUD-1 statement that did not accurately reflect the nature of the transaction. An appropriate Order accompanies this Memorandum Opinion.


Date:   March 21, 2011

                                                       /s/
                                    **COLLEEN KOLLAR-KOTELLY**
                                    United States District Judge